ORIGINAL

RECEIVED

NOV - 6 1995

FILED

NOV - 6 1995

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  PRISON LAW OFFICE                     ROSEN, BIEN & ASARO
   DONALD SPECTER (#83925)               MICHAEL W. BIEN (#96891)
2  EVE SHAPIRO (#164709)                 DONNA PETTRINE
   General Delivery                      155 Montgomery Street
3  San Quentin, CA 94964                 San Francisco, CA 94104
   Telephone:  (415) 457-9144            Telephone: (415) 433-6830
4
   DISABILITY RIGHTS EDUCATION
5      AND DEFENSE FUND, INC.            McCUTCHEN, DOYLE, BROWN &
   ELAINE B. FEINGOLD (#99226)             ENERSEN
6  ARLENE B. MAYERSON (#79310)          WARREN E. GEORGE (#53588)
   JACQUELINE GARRETT                   CYNTHIA WOOLEY
7  2212 6th Street                      Three Embarcadero Center
   Berkeley, CA  94710                  San Francisco, CA  94111
8  Telephone: (510) 644-2555            Telephone: (415) 393-2000

9  Attorneys for Plaintiffs

10               UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12  JOHN ARMSTRONG, JAMES AMAURIC, RICHARD   )
    PONCIANO, JACK SWENSEN, BILLY BECK,      )
13  JUDY FENDT, WALTER FRATUS, GREGORY       )
    SANDOVAL, DARLENE MADISON, PETER         )
14  RICHARDSON, STEVEN HILL, and all others  )
    similarly situated,                      )
15                                           )
                  Plaintiffs,                )
16                                           )   No. C-94-2307 CW
           v.                                )
17                                           )
                                             )   AMENDED COMPLAINT
18  PETE WILSON, Governor of the State of    )   CLASS ACTION
    California, JOSEPH SANDOVAL, Secretary   )
19  of Youth and Corrections Agency, JAMES   )
    GOMEZ, Director of the Department of     )
20  Corrections,  KYLE S. MCKINSEY, Deputy   )
    Director for Health Care Services,       )
21  KEVIN CARRUTH, Deputy of the Planning    )
    and Construction Division, DAVID         )
22  TRISTAN, Deputy Director of the          )
    Institutions Division, MARISELA MONTES,  )
23  Deputy Director of the Parole and        )
    Community Services Division, JAMES       )
24  NIELSEN, Chairman of the Board of        )
    Prison Terms,                            )
25                  Defendants.              )
                                             )
26  _____

27

28

### A. NATURE OF ACTION

1.   This is a civil rights action, brought on behalf of state prisoners and parolees with certain disabilities, for declaratory and injunctive relief.  State officials have discriminated against plaintiffs and the class they represent by reason of their disability.  Defendants have constructed, renovated, purchased or leased facilities, including approximately twenty prisons, that are not accessible to prisoners or parolees with mobility impairments.  Defendants do not have adequate policies or practices that enable them to identify, assess or reasonably accommodate individuals with disabilities so that these individuals can participate in the programs and activities that they are otherwise qualified for. Defendants have failed to provide class members with visual, hearing and other impairments with auxiliary aids and services to ensure effective communication so that they can participate in programs and activities, including emergency services.

2.   Plaintiffs and the class they represent bring this action under 42 U.S.C. sections 12101 et seq. and 29 U.S.C. section 794 against California officials who have responsibility for, and complete control over, the programs and activities provided to plaintiffs, and who have responsibility for, and complete control over, the construction of prison facilities since 1968.  Defendants have repeatedly and persistently denied the plaintiff class the equal access to programs and activities run by defendants thereby subjecting them to unlawful discrimination.  Defendants have been and are engaging in a policy and practice of violating federal requirements in the

1  design and construction of its new, renovated and/or remodeled
2  facilities in California.  Defendants' conduct constitutes an
3  ongoing and continuous violation of federal law, and unless
4  restrained from doing so, defendants will continue to violate
5  federal law.  Therefore, plaintiffs seek declaratory and
6  injunctive relief to remedy the illegal conditions to which they
7  and the class of others similarly situated are subjected.

**B. PARTIES**

9       (1) <u>Plaintiffs</u>
10       3.    Plaintiffs and the class they represent are
11  individuals, under the custody and control of the California
12  Department of Corrections, who have disabilities, including but
13  not limited to, mobility, sight, hearing, learning and kidney
14  impairments, that substantially limit one or more of their major
15  life activities.  They have been denied access to the programs,
16  services and activities run by defendants and are confined in or
17  use facilities operated by and under the control of the
18  California Department of Corrections, including but not limited
19  to, San Quentin State Prison, Pelican Bay State Prison, Central
20  California's Women's Facility, Avenal State Prison, California
21  Medical Facility, California State Prison at Solano, California
22  Men's Colony, Corcoran State Prison, Wasco State Prison, all of
23  the reception centers, and parole offices.  All plaintiffs are
24  "individuals with disabilities" as that term is defined in
25  Section 504 of the Rehabilitation Act of 1973 [hereinafter
26  referred to as "Section 504"], 29 U.S.C. section 706(8), and the
27  Americans With Disabilities Act [hereinafter referred to as the
28  "ADA"], 42 U.S.C. section 12102(2).

1        4.    Plaintiff John Armstrong, E-46263, is currently housed

2    at California Medical Facility at Vacaville.  Mr. Armstrong has a

3    visual impairment.

4        5.    Plaintiff James Amauric, J-12387, was housed in the

5    reception center at San Quentin State Prison, and is now housed

6    at the California Institution for Men.  Mr. Amauric uses a

7    wheelchair because his legs are paralyzed.

8        6.    Plaintiff Richard Ponciano, J-11227, is currently

9    housed at California Medical Facility at Vacaville.  Mr. Ponciano

10   uses a wheelchair because his legs are paralyzed.

11       7.    Plaintiff Jack Swensen, H-52899, was housed at Avenal

12   State Prison in the "Well-Handicapped Program," and is currently

13   on parole.  Mr. Swensen uses a leg prosthesis because his right

14   leg has been amputated.

15       8.    Plaintiff Billy Beck, H-55030, was housed at Avenal

16   State Prison in the "Well-Handicapped Program" before he paroled

17   on May 9, 1994.  Mr. Beck has a hearing impairment that

18   defendants did not reasonably accommodate, _inter alia_, during the

19   parole revocation process.

20       9.    Plaintiff Judy Fendt, W-25026, is currently housed at

21   Central California Women's Facility.  Ms. Fendt uses a wheelchair

22   and/or a leg prosthesis because her right leg has been amputated.

23       10.   Plaintiff Walter Fratus, H-41663, is currently housed

24   at Corcoran State Prison.  Mr. Fratus uses a wheelchair because

25   his legs are paralyzed.  Mr. Fratus also has partial paralysis of

26   his arms.

27

28

1      11.   Plaintiff Gregory Sandoval, D-86282, is currently

2   housed at California State Prison at Solano.  Mr. Sandoval has a

3   hearing impairment.

4      12.   Plaintiff Darlene Madison, W-46939, was housed at

5   Central California Women's Facility, and is currently on parole.

6   Ms. Madison uses a wheelchair because she has partial paralysis

7   of her left side.

8      13.   Plaintiff Peter Richardson, B-77974, is currently

9   housed at California State Prison at Solano.  Mr. Richardson has

10  a learning disability that defendants did not reasonably

11  accommodate, <u>inter alia</u>, during his parole suitability hearings.

12     14.   Plaintiff Steven Hill, J-09830, was housed in the

13  reception center at San Quentin State Prison, and is currently on

14  parole.  Mr. Hill has chronic renal failure requiring regular

15  kidney dialysis.

16     2)   <u>Defendants</u>

17     15.   Pete Wilson is the Governor of the State of California

18  and the Chief Executive of the state government.  He is sued

19  herein in his official capacity.  As Governor he is obligated

20  under state law to supervise the official conduct of all

21  executive and ministerial officers and to see that all offices

22  are filled and their duties lawfully performed.  Defendant Wilson

23  has control over the monies allocated to California Department of

24  Corrections by submitting a budget and by exercising his

25  authority to veto or sign legislation appropriating funds for

26  prison construction and renovation and prison and parole

27  programs.  Defendant Wilson has the authority to appoint and

28  remove the subordinate defendants named herein.  Defendant Wilson

1    retains the ultimate state authority over the care and treatment

2    of the plaintiff class, and is responsible for ensuring that all

3    programs, activities and services operated by and under the

4    control of the California Department of Corrections comply with

5    Section 504 and the ADA.

6         16.   Defendant Joseph Sandoval is Secretary of the Youth

7    and Corrections Agency of the State of California and is sued

8    herein in this capacity.  The Youth and Corrections Agency

9    supervises the operation of the California Department of

10   Corrections.

11        17.   Defendant James Gomez is the Director of the

12   California Department of Corrections and is sued herein in that

13   capacity.  The Department of Corrections is responsible for the

14   operation of the California state prison and parole system,

15   including the construction of prison facilities and the provision

16   of accessible programs and activities to individuals with

17   disabilities.

18        18.   Defendant Kyle S. McKinsey is the Deputy Director for

19   Health Care Services for the California Department of Corrections

20   and is sued in that capacity.  As Deputy Director, Mr. McKinsey

21   is responsible for supervising the development and implementation

22   of a system of individual assessment of a prisoner's disability,

23   including his or her ability to perform daily living tasks and

24   job responsibilities.  Mr. McKinsey was the Deputy Director of

25   the Planning and Construction Division for the California

26   Department of Corrections from 1984 to 1992.  As Deputy Director,

27   Mr. McKinsey was responsible for the construction of

28   approximately fifteen new institutions, five major renovations to

1   existing facilities and about twenty to twenty-five conservation

2   camps throughout the state of California.

3        19.   Defendant Kevin Carruth is Deputy Director of the

4   Planning and Construction Division for the California Department

5   of Corrections and is sued in that capacity.  As Deputy Director,

6   Mr. Carruth is responsible for supervising the planning and

7   construction of new prisons and for renovations of existing

8   prisons.  Mr. Carruth failed to perform his responsibilities

9   under Section 504 and the ADA.

10       20.   Defendant David Tristan is Deputy Director of the

11  Institutions Division for the California Department of

12  Corrections and is sued in that capacity.  As Deputy Director,

13  Mr. Tristan is responsible for ensuring that all programs,

14  activities and services operated by and under the control of the

15  California Department of Corrections comply with Section 504 and

16  the ADA.

17       21.   Defendant Marisela Montes is Deputy Director of the

18  Parole and Community Services Division for the California

19  Department of Corrections and is sued in that capacity.  As

20  Deputy Director, Ms. Montes is responsible for ensuring that all

21  programs, activities and services operated by and under the

22  control of the California Department of Corrections for parolees

23  comply with Section 504 and the ADA.

24       22.   Defendant James Nielsen is the Chairman of the Board

25  of Prison Terms (Board) and is sued in that capacity.  As

26  Chairman, Mr. Nielson is responsible for the operations of the

27  Board and must ensure that all programs, activities and services

28  operated by the Board comply with Section 504 and the ADA.

## C. JURISDICTION

23.  This case is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. section 12101 et seq. and the Rehabilitation Act of 1973 section 504, 29 U.S.C. section 794. This court has jurisdiction under 28 U.S.C. sections 1331 and 1343.  Plaintiffs seek declaratory and injunctive relief under 28 U.S.C. sections 1343, 2201 and 2202, 29 U.S.C. section 794(a) and 42 U.S.C. section 12117(a).

## D. VENUE

24.  Venue is appropriate in this Court under 28 U.S.C. section 1391(b), because a substantial part of the events or omissions giving rise to plaintiffs' claims occurred within the Northern District of California.

## E. CLASS ACTION ALLEGATIONS

25.  Plaintiffs bring this action on their own behalf and, pursuant to Rule 23(b)(1) and Rule 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all prisoners and parolees with mobility, sight, hearing, learning and kidney disabilities, as defined in 29 U.S.C. section 706(8)(A) and 42 U.S.C. section 12102, who are now, or will in the future be, under the custody of the California Department of Corrections, except those prisoners with mobility-impairments that are housed at the California Medical Facility at Vacaville.

(a)  The exact size of the class is unknown to the plaintiffs but they believe there are hundreds of class members and the size of the class is so numerous that joinder of all members is impracticable;

1      (b)   The conditions, practices and omissions that form

2   the basis of this complaint are common to all members of the

3   class and the relief sought will apply to all of them.

4      (c)   The claims of the plaintiffs are typical of the

5   claims of the entire class.

6      (d)   The prosecution of separate actions by individual

7   members of the class would create a risk of inconsistent and

8   varying adjudications which would establish incompatible

9   standards of conduct for the defendants.

10      (e)   The prosecution of separate actions by individual

11   members of the class would create a risk of adjudications with

12   respect to individual members which would, as a practical matter,

13   substantially impair the ability of other members to protect

14   their interests.

15      (f)   Defendants have acted or refused to act on

16   grounds generally applicable to the class, making appropriate

17   injunctive and declaratory relief with respect to the class as a

18   whole, or to particular subclasses.

19      (g)   There are questions of law and fact common to the

20   members of the class including defendants' violations of the

21   Americans with Disabilities Act and Section 504 of the

22   Rehabilitation Act of 1973, because of denial of the benefit of

23   and discrimination in access to programs and activities for

24   individuals with disabilities.

25      (h)   The named plaintiffs are capable, through

26   counsel, of fairly and adequately representing the class and

27   protecting its interests because they are individuals with

28   disabilities who suffer from, among other things, defendants'

Amended Complaint
Armstrong v. Wilson, C-94-2307 CW    9

1   violations of the Americans with Disabilities Act and Section 504

2   of the Rehabilitation Act of 1973, as set forth in plaintiffs'

3   statement of Class Claims.

4                   **F.   STATEMENT OF CLASS CLAIMS**

5        26.   The California Department of Corrections receives

6   federal financial assistance as that term is used in 29 U.S.C.

7   section 794(b)(1)(A).

8        27.   The California Department of Corrections has spent

9   billions of public dollars since the 1960's building new prisons

10  and renovating its existing facilities.  Defendants built and

11  renovated almost every existing prison since state accessibility

12  laws were passed in the 1960's and since federal accessibility

13  laws were passed in the 1970's.  The Planning and Construction

14  Division of the California Department of Corrections is

15  responsible for the planning and construction of these

16  institutions.

17       28.   Both Section 504 and the ADA require that all new

18  building and any renovation or remodeling comply with federal

19  accessibility standards.   29  U.S.C. section 794(a); 42 U.S.C.

20  sections 12132, 12133 and 12134(b); 28 C.F.R. sections 35.149,

21  35.151, 41.57(B) and 41.58(a).  Defendants built and renovated

22  prisons that fail to comply with these standards found in the

23  Uniform Federal Accessibility Standards [hereinafter referred to

24  as "UFAS"].  41 C.F.R. Pt.101-19.6.  As a result of their failure

25  to comply with federal law, defendants have expended billions of

26  dollars to build facilities that must be renovated in order to

27  meet federal accessibility standards.  28 C.F.R. section 35.151

28

1    (a)-(c).  This waste of public monies was both unnecessary and

2    unconscionable.

3        29.  As a result of defendants' unlawful failure to comply

4    with federal accessibility standards, plaintiffs have been

5    delayed in their transfer to institutions that can accommodate

6    their disabilities and have been excluded from the educational,

7    vocational, work furlough and work credit, recreational,

8    visiting, classification, disciplinary and emergency programs and

9    services that defendants offer to individuals under their custody

10   and control.

11       30.  Despite the clear mandate of Section 504 and the ADA,

12   defendants have failed to adequately evaluate the Department's

13   and the Board's current services, policies and practices to

14   determine the extent to which modification of its services,

15   policies and practices is required, and have failed to develop

16   policies and practices for implementing such modifications.  29

17   U.S.C. section 794(a); 42 U.S.C. section 12134(b); 28 C.F.R.

18   sections 35.105, 35.150(d), 41.5(b)(2), 41.57(c) and 42.505(c).

19       31.  For those individuals with disabilities who have self-

20   identified, defendants have failed to make individualized

21   assessments of their ability to participate in work, educational,

22   vocational, and recreational programs and services offered by

23   defendants, and, as a result, have excluded individuals who were

24   otherwise qualified to participate in these programs by reason of

25   their disabilities and not their abilities in violation of

26   federal law.  29 U.S.C. section 794(a); 42 U.S.C. sections

27   12112(b) and 12132; 28 C.F.R. sections 35.130 (a)-(b)(8) and

28   41.51.

1    32.    Defendants have failed to make reasonable

2    accommodations to individuals with disabilities in the programs,

3    activities, services, benefits, and jobs they offer to

4    individuals under their custody and control.  29 U.S.C. section

5    794(a); 42 U.S.C. sections 12111(9) and 12132; 28 C.F.R. sections

6    35.150(b)(7) and 41.53.

7    33.    Defendants continue to engage in a policy and practice

8    of violating federal accessibility requirements in the design and

9    construction of its current projects, including new and renovated

10   prison facilities in California.  Defendants continue to engage

11   in a policy and practice of failing to develop adequate policies

12   and practices for providing the plaintiff class with reasonable

13   access to programs, activities and services available generally

14   to other individuals under their custody and control.

15   Defendants' conduct constitutes an ongoing and continuous

16   violation of Section 504 and the ADA and, unless restrained from

17   doing so, defendants will continue to violate the law.

18   34.    Defendants have failed to furnish appropriate

19   auxiliary aids and services where necessary to afford plaintiffs

20   and members of the plaintiff class the opportunity to participate

21   in the programs, activities, services, benefits, and jobs they

22   offer to individuals under their custody and control.  29 U.S.C.

23   section 794(a); 42 U.S.C. sections 12132 and 12134(b); 28 C.F.R.

24   sections 35.160-35.163.  In addition to being denied access to

25   many of defendants' programs, plaintiffs and members of the

26   plaintiff class have been endangered during emergencies in the

27   prison as a result of defendants' failure to take appropriate

28

1  steps to ensure that communications with them are as effective as

2  communications with other prisoners.  Id.

3       35.  By denying plaintiffs and the plaintiff class with

4  meaningful access to programs and facilities that they are

5  otherwise qualified to participate in, and by denying plaintiffs

6  and the plaintiff class the benefits of participation in programs

7  and activities that they are otherwise qualified to participate

8  in, and by failing to reasonably accommodate plaintiffs and the

9  plaintiff class, thereby subjecting them to discrimination,

10  defendants have violated Section 504 and the ADA.

11       36.  By repeatedly and persistently denying plaintiffs and

12  the plaintiff class with facilities that comply with federal

13  accessibility standards, defendants have violated Section 504 and

14  the ADA.

15                    **G.   PRAYER FOR RELIEF**

16            WHEREFORE, plaintiffs pray that this Court:

17            A.   Declare the suit is maintainable as a class

18  action pursuant to Federal Rule of Civil Procedure 23(b)(1) and

19  23(b)(2);

20            B.   Adjudge and declare that the conditions,

21  practices, and omissions described above are in violation of the

22  rights of the plaintiffs and the class they represent under

23  Section 504 of the Rehabilitation Act of 1973 and the Americans

24  with Disabilities Act of 1991.

25            C.   Preliminarily and permanently enjoin defendants,

26  their agents, employees and all persons acting in concert with

27  them, from subjecting plaintiffs and the class they represent to

28  the illegal conditions, practices and omissions described above;

1          D.    Order defendants to end their practices of

2    denying individuals with disabilities the benefits of, excluding

3    them from participation in, and subjecting them to discrimination

4    under programs and activities provided by the California

5    Department of Corrections;

6          E.    Order defendants to reasonably accommodate the

7    special needs of individuals with disabilities;

8          F.    Order defendants to makes its existing and future

9    facilities in California readily accessible to and usable by

10   individuals with disabilities as required under Section 504 of

11   the Rehabilitation Act of 1973 and the Americans with

12   Disabilities Act of 1991 and the regulations promulgated

13   thereunder;

14         G     Award plaintiffs, pursuant to 29 U.S.C. section

15   794(b) and 42 U.S.C. section 12205, the costs of this suit and

16   reasonable attorneys' fees and litigation expenses;

17         H.    Retain jurisdiction of this case until defendants

18   have fully complied with the orders of this Court, and there is a

19   reasonable assurance that defendants will continue to comply in

20   the future absent continuing jurisdiction; and

21         I.    Award such other and further relief as the Court

22   deems just and proper.

23        Dated:   November 3, 1995

24

25                         PRISON LAW OFFICE

26

27                         _Donald Specter_
                           DONALD SPECTER

28                         Attorneys for Plaintiffs

Amended Complaint
Armstrong v. Wilson, C-94-2307 CW    14

DECLARATION OF SERVICE BY MAIL

Case Name:  Armstrong v. Wilson          No. C-94-2307 CW

I am employed in the County of Marin, California.  I am over the
age of 18 years and not a party to the within entitled cause:  my
business address is Prison Law Office, General Delivery, San
Quentin, California  94964.


On November 3, 1995, I served the attached

**AMENDED COMPLAINT CLASS ACTION**

in said cause, placing, or causing to be placed, a true copy
thereof, enclosed in a sealed envelope with postage thereon fully
prepaid in the United States Mail at San Rafael, California,
addressed as follows:


James Humes
Deputy Attorney General
50 Fremont Street
San Francisco, CA 94105-2239




I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct, and that this
declaration was executed at San Rafael, California on November 3,
1995.

_____
            Bonnie Cash