FILED

JAN 11 1996

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN ARMSTRONG, et al.,

    Plaintiffs,

v.

PETE WILSON, et al.,

    Defendants.

NO.   C-94-2307 CW

ORDER DENYING
DEFENDANT NIELSEN'S
MOTION TO DISMISS

    Defendant James Nielsen's motion to dismiss came on for hearing on January 5, 1996. Having considered the papers filed by the parties and oral argument on the motion, the Court hereby DENIES Defendant's motion for the following reasons.

A.   Statement of Facts and Procedural History

    This is a class action on behalf of disabled prisoners and parolees, brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794. Plaintiffs allege that state officials have discriminated against

the class and against named Plaintiffs by reason of their disabilities.

After the class was certified, Plaintiffs amended the complaint to add as a new Defendant James Nielsen, Chairman of the Board of Prison Terms ("BPT"). The amended complaint alleges as follows, in relevant part. Plaintiff Billy Beck, paroled from Avenal State Prison on May 9, 1994, has a hearing impairment; this disability was not reasonably accommodated by Defendants in the parole revocation process. Plaintiff Peter Richardson, imprisoned at California State Prison at Solano, has a learning disability; this disability was not reasonably accommodated by Defendants in Plaintiff Richardson's parole suitability hearings. Defendants have failed generally to comply with the self-evaluation requirements of the ADA, to make individual assessments of Plaintiffs' ability to participate in services and programs offered by Defendants, to provide Plaintiffs with reasonable access to programs and services, and to provide Plaintiffs with auxiliary aids and services necessary to allow Plaintiffs access to Defendants' programs and services.

Defendant Nielsen answered the amended complaint on November 13, 1995. On November 22, 1995, Defendant Nielsen filed the instant motion to dismiss, on the ground that the Court lacks jurisdiction to consider Plaintiffs' claims against Nielsen because the individual Plaintiffs lack standing to assert the class claims, and on the further ground that the amended complaint fails to state claims upon which relief may be granted.

B. Legal Standard

A motion to dismiss for failure to state a claim will be denied unless it appears that the plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1435 (9th Cir. 1986), cert. denied, 479 U.S. 1064 (1987). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

On any other motion to dismiss under rule 12(b), the court may consider matters outside the pleadings, but must accept as true all material allegations of the complaint and construe the complaint in favor of the plaintiff. See Fed. R. Civ. P. 12; Warth v. Seldin, 422 U.S. 490, 501-02 (1975) (considering issue of standing).

C. Discussion

    1. Standing

Named plaintiffs in a class action must have standing to assert each of their claims, just as plaintiffs in individual actions must have. Warth v. Seldin, 422 U.S. 490, 502 (1975). Absent such standing as to a particular claim, the court lacks jurisdiction to consider the claim. Id. at 501-2.

For standing to exist, the named plaintiffs must show that they have sustained or are immediately in danger of sustaining some direct injury as a result of the challenged official

conduct. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101-2 (1983). The injury or threat of injury must be real and immediate, not conjectural or hypothetical. <u>Id.</u>

Thus, the named plaintiffs must show not only that they have been subject to injurious conduct of some kind, but also that they have been subjected to or are in immediate danger of being subjected to each claimed kind of injurious conduct. <u>Blum v. Yaretsky</u>, 457 U.S. 991, 999 (1982). In <u>Blum</u>, for example, each of the named plaintiffs was threatened with transfers to nursing home facilities providing lower levels of medical care, and each threatened transfer was initiated by a "utilization review committee" ("URC").[1] The Supreme Court concluded that the plaintiffs had standing to challenge all transfers to lower levels of care, whether or not URC-initiated, because the threat that facilities would themselves initiate such transfers based on URC decisions that such transfers were appropriate was "sufficiently substantial" to confer standing. <u>Id.</u> at 1000. In contrast, since no plaintiff had ever been threatened with

---

[1] Federal Medicaid regulations require nursing homes to establish URCs made up of physicians to assess periodically whether each recipient-patient is receiving the appropriate level of care. The primary purpose of the assessment is to ensure that Medicaid funds are not improperly spent on unnecessary care. If the URC determines that dismissal or transfer from a facility is appropriate, it is required to notify the state agency administering Medicaid funds, which takes steps to cause the recipient-patient to be transferred. The plaintiffs in <u>Blum</u> raised a due process challenge to the procedures provided to contest a URC-initiated dismissal or transfer from a nursing home facility. At issue before the Supreme Court was whether the plaintiffs had standing to challenge URC-initiated transfers to <u>higher</u> levels of care and/or transfers initiated not by the URC but by the nursing home itself.

4

transfer to higher levels of care, the theory that one might some day be so threatened was mere "speculation and conjecture;" the threat of that type of injury was not "of sufficient immediacy and reality" to confer standing. Id. at 1001.

Under this standard, Plaintiffs Beck and Richardson clearly have standing to assert claims of disability discrimination against Defendant Nielsen, as they allege that the Bureau of Prison Terms has inflicted a direct injury on each. Beck was allegedly injured by the failure to accommodate his disability in his parole revocation proceedings. Richardson was allegedly injured by the failure to accommodate Richardson's disability in his parole suitability hearings. These alleged injuries are neither conjectural nor hypothetical, but real.

Defendant Nielsen argues that the named Plaintiffs lack standing to bring the instant claim against him on behalf of others who were subject to "different forms of alleged discrimination" than the named Plaintiffs suffered. However, Defendant does not identify any form of alleged discrimination not suffered by the named Plaintiffs. Each instance of alleged harmful conduct of Defendants, such as the failure to comply with the affirmative duties imposed by the ADA, is alleged to have caused the discriminatory failure to accommodate suffered by the named Plaintiffs.

It is true that Plaintiffs do not allege that the discrimination allegedly suffered by the named Plaintiffs has already been actually suffered by each member of the Plaintiff class. Defendants appear to suggest that it is the class itself, rather

5

than the named Plaintiffs, which lacks standing. However, the BPT has jurisdiction over all parole suitability hearings, see California Penal Code §§ 3041.5 et seq., and all parole revocation hearings, see California Penal Code § 4016.5. Plaintiffs allege that the BPT has failed system-wide to meet its obligation to evaluate its own programs and procedures, identify barriers to ready accessibility, and make and implement a plan to provide such accessibility. See 28 C.F.R. §§ 35.105, 35.130, 35.149, 35.150(d). Plaintiffs further allege that these failures have resulted in the actual denial of accessibility to the named Plaintiffs. Taking these allegations as true, as this Court must on a motion to dismiss, Plaintiffs allege a "sufficiently substantial" threat to the whole class of disabled prisoners and parolees subject to the BPT's jurisdiction that they will be injured by the BPT's failure to make its programs and procedures accessible to them.

    Defendant Nielsen further argues that the named Plaintiffs lack standing to bring the instant claim against him on behalf of others who have disabilities different than theirs or who are otherwise dissimilarly situated from them. Defendant contends disability claims under the ADA and Section 504 necessarily involve individualized inquiries not suitable for classwide determination, citing Mantolete v. Bolger, 767 F.2d 1416, 1425 (9th Cir. 1985) and Chandler v. City of Dallas, 2 F.3d 1385, 1396 (5th Cir. 1993), cert. denied, 114 S. Ct. 1386 (1994). This argument confuses the issue of standing with the issue of the suitability of the class action mechanism. Both cases cited by

6

Defendant, in fact, address only the suitability of the class action mechanism, not standing.[2]

The Court concludes that the named Plaintiffs do have standing to assert the class claim against Defendant Nielsen.

### 2. Sufficiency of Complaint to State a Claim

Defendant Nielsen asserts that Plaintiffs' allegations are conclusory and insufficient to state a claim. The allegation of mere conclusions, unsupported by facts, is insufficient to state a claim. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977) (complaint sufficient because the plaintiff pleaded one overt act in support of discrimination claim). However, plaintiffs are not required to "set out in detail the facts" upon which their claims are based. Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Rather, the Federal Rules of Civil Procedure require only "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47. The Rules contemplate that liberal discovery and other pretrial procedures will provide the

---

[2] Even if the propriety of the certification of the class were at issue in this motion, Defendant fails to demonstrate that the action is not suitable for classwide determination. Chandler and Mantolete do not stand for the broad proposition that disabled persons may never constitute a class. In those employment discrimination cases, class actions were inappropriate because whether the plaintiffs were "otherwise qualified" individuals required individualized determinations of each plaintiff's fitness for a given position. Here, in contrast, Plaintiffs' claims involve system-wide discrimination against the class, and there is no true issue whether individual members of the class are "qualified" to be subjected to the BPT's jurisdiction and procedures.

7

defendant with the evidentiary facts and the precise contours of the plaintiff's claims. Id.

The requirement that a complaint be a "short and plain statement" is designed for the protection of the defendant, to enable the defendant to prepare a response. Washington v. Baenziger, 673 F. Supp. 1478, 1482 (N.D. Cal. 1987). The Court notes that Defendant Nielsen was able to and has in fact filed an answer to the amended complaint, the sufficiency of which is challenged in this motion.

Defendant Nielson argues that the amended complaint fails to give him or the PTB notice of what overt act they are accused of having committed. The Court disagrees. The complaint, while terse, alleges the overt acts of conducting an inaccessible parole suitability hearing for Plaintiff Richardson and an inaccessible parole revocation proceeding for Plaintiff Beck. Obviously, the precise contours of this claim must be disclosed in discovery and other pretrial proceedings. However, these allegations are sufficient to notify Defendant Nielsen of the nature of the claim against him. Moreover, it cannot be said that the Plaintiffs can prove no set of facts in support of this claim which would entitle them to relief.

The complaint further alleges a series of failures to comply with mandatory duties imposed by law, such as the duty to conduct a self-evaluation of accessibility of programs and services. Where a party has an affirmative duty to take an action, its failure to take that action constitutes an "overt act" sufficient

to state a claim. The ADA and Section 504 impose such affirmative duties.

Defendant Nielsen seems to suggest that a heightened pleading standard should be imposed in this case. Defendant cites <u>Washington v. Baenziger</u> for the proposition that the allegations must be sufficiently precise to protect a party from pretextual charges and to allow the party to prepare a defense. <u>Id.</u>, 673 F. Supp. at 1482. However, the heightened standard thus explained in <u>Washington</u> is applicable only to fraud claims. Defendant cites no authority extending that heightened standard to ADA claims.

The Court therefore finds that Plaintiffs have stated a cognizable claim.

D. Conclusion

For the reasons stated above, the Court denies Defendant Nielsen's motion to dismiss in its entirety.

IT IS SO ORDERED.

Dated: JAN 11 1996

CLAUDIA WILKEN
United States District Judge

Copies mailed as noted on attached sheet

```
Brian Douglas Carey                          Donald  Specter
Avenal State Prison                          Prison Law Office
P.O. Box 9                                   General Delivery
Avenal, Ca 93204   [94cv2307 ]               San Quentin, CA 94964   [94cv2307 ]


Elaine  Feingold                             George D. Prince
Disability Rights Education & Defense Fu     CA State Atty General's Office
2212 Sixth Street                            50 Fremont St Ste 300
Berkeley, CA 94710   [94cv2307 ]             San Francisco, CA 94105   [94cv2307 ]


Michael W. Bien                              Morris  Lenk
Rosen Bien & Asaro                           CA State Atty General's Office
155 Montgomery St 8th Flr                    50 Fremont St Ste 300
San Francisco, CA 94104   [94cv2307 ]        San Francisco, CA 94105   [94cv2307 ]


Warren E. George
McCutchen Doyle Brown & Enersen
Three Embarcadero Ctr 28th Flr
San Francisco, CA 94111   [94cv2307 ]
```