

FILED
SEP 20 1996
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN ARMSTRONG, JAMES AMAURIC, RICHARD PONCIANO, JACK SWENSEN, BILLY BECK, JUDY FENDT, WALTER FRATUS, GREGORY SANDOVAL, DARLENE MADISON, PETER RICHARDSON, STEVEN HILL, and all others similarly situated,

    Plaintiffs,

v.

PETE WILSON, Governor of the State of California, JOSEPH SANDOVAL, Secretary of Youth and Corrections Agency, JAMES GOMEZ, Director of the Department of Corrections, KYLE S. MCKINSEY, Deputy Director for Health Care Services, KEVIN CARRUTH, Deputy of the Planning and Construction Division, DAVID TRISTAN, Deputy Director of the Institutions Division, MARISELA MONTES, Deputy Director of the Parole and Community Services Division, JAMES NIELSEN, Chairman of the Board of Prison Terms,

    Defendants.

No. C-94-2307 CW

REMEDIAL ORDER, INJUNCTION, AND CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

  The Court, having found the defendants have violated 42 U.S.C. § 12131 et seq. and § 504 of the Rehabilitation Act, hereby enters the following Remedial Order against defendants (except James Nielsen) pursuant to the Stipulation approved by the Court.

  The Court finds that this Remedial Order is narrowly drawn, extends no further than necessary to correct the violation of the rights at issue and is the least intrusive means necessary to

correct the violation of the rights.

    A.    <u>Self-Evaluation, Transition Plan, Guidelines, Policies, and Procedures</u>

    1.    Within 30 days of the date this Order is filed defendants shall submit the following to plaintiffs' counsel:

        a.    The California Department of Corrections' ("CDC") program, plan and procedures for implementation of its Disability Placement Plan ("DPP"). As a component of the DPP, CDC will cluster class members with certain disabilities at designated institutions and parole facilities. Plaintiffs do not object to the concentration of inmates and resources at particular institutions as long as such concentration is done in a manner consistent with the ADA.

        b.    A report of CDC's self-evaluation as required by 28 C.F.R. §35.105.

        c.    CDC's transition plan as required by 28 C.F.R. §35.150(d).

        d.    A general substantive outline setting forth the methods by which class members will be provided accommodations, access to programs and effective communications at the designated institutions and non-designated institutions.

    2.    Defendants shall also submit guidelines, policies, procedures or plans regarding the following within 45 days from the date this Order is filed, provided that defendants shall submit any of these items as soon reasonably possible and as soon as they are completed:

        a.    Disability grievance procedures;

        b.    Reception Center processing times for inmates with disabilities;

        c.    Accommodations and structural features for inmates with disabilities in emergency situations, including yard incidents, fire drills, and evacuations;

        d.    Allowable assistive aids for inmates with disabilities in administrative segregation, security housing units and reception centers;

    e.    Accessibility features of new construction and alterations;

    f.    Criteria for determining whether inmates are totally medically disabled or medically unassigned; and

    g.    School and job assignments for prisoners with disabilities.

3. Within 30 days of receiving the submittals referenced in paragraphs 1 through 2 above, plaintiffs may serve written objections on defendants. Within 20 days of the receipt of plaintiffs' objections, defendants shall respond in writing. Within 10 days of the defendants' response, the parties shall meet and confer and attempt to resolve any differences. If the conference fails to resolve the parties' differences, plaintiffs may file a notice within ten days requesting an evidentiary hearing. If the plaintiffs do not object to the submittals referenced in paragraphs 1 through 2 above, or any of them, the parties shall file a stipulation and proposed order in a form substantially as that which is set forth in Appendix D.

4. Defendants shall submit guidelines, policies, procedures, plans or evaluations for all institutions that are consistent with any stipulated order under paragraph 3, above or litigated order under paragraph C, below by a date mutually agreed to by the parties, or, in the absence of an agreement, by a date set by the Court.

5. Within 45 days of receiving the guidelines, policies, procedures, plans or evaluations referenced in paragraph 4 above, plaintiffs may serve written objections on defendants. Within 30 days of the receipt of plaintiffs' objections, defendants shall

respond in writing. Within 15 days of the defendants' response, the parties shall meet and confer and attempt to resolve any differences. If the conference fails to resolve the parties' differences, plaintiffs may file a notice within ten days requesting an evidentiary hearing. If the plaintiffs do not object to the guidelines, policies, procedures, plans or evaluations referenced in paragraph 4 above, or any of them, the parties shall file a stipulation and proposed order in a form substantially as that which is set forth in Appendix D.

    B. Discovery

Plaintiffs shall have a right to reasonable discovery after September 1, 1996, of facts that are relevant to proving whether defendants' guidelines, plans, policies, procedures and evaluations comply with the ADA or §504.

    C. Standards for Judicial Review

At any hearing held pursuant to section A above, the Court's review of defendants' self-evaluation, transition plan, disability placement plan and various specified guidelines, plans, policies and procedures shall be limited to determining whether they comply with the Americans with Disabilities Act and §504 of the Rehabilitation Act of 1973. If the Court finds that any aspect of the guidelines, plans, procedures or self-evaluations do not comply with the ADA or §504 it may order defendants to make appropriate modifications to their guidelines, plans, policies, procedures or evaluations, provided that those orders shall be limited to ensuring that the guidelines, plans, procedures or evaluations comply with the ADA and § 504 and are otherwise proper under existing law.

D. <u>Monitoring</u>

Plaintiffs shall be entitled to reasonable access to information sufficient to monitor defendants' compliance with the guidelines, plans, policies and procedures that have been approved by the Court. Such monitoring shall include access to relevant documents, receiving reports from defendants on subjects specified in § A of this Order, tours of the institutions with and without their consultants and experts, interviews or depositions of institution and departmental staff and scheduled interviews with inmates. Brief interviews with inmates may be conducted during the tours, which may be conducted no more than every quarter at each institution or facility.

E. <u>Enforcement</u>

The Court shall retain jurisdiction to enforce the terms of this Order and any order approving the guidelines, policies, procedures, plans or evaluations set forth above.

If plaintiffs' counsel have reason to believe that defendants are not complying with the terms of this Order or their guidelines, policies, procedures, plans or evaluations, they shall notify defendants. The parties shall attempt to resolve the issue informally before pursuing any judicial remedy.

Upon appropriate motion the Court may issue any order permitted by law, including contempt, necessary to ensure that defendants comply with the guidelines, policies, procedures, plans and evaluations set forth above.

F. <u>Termination</u>

Defendants may move the Court to vacate an order on the ground that they have substantially complied with its provisions

and the guidelines, policies, procedures, plans and evaluations for a period of two years, provided that such motion may not be made earlier than one year after all the initial plans, policies, procedures and evaluations have been approved by the Court. This motion shall be filed pursuant to Rule 60(b)(5), of the Federal Rules of Civil Procedure or other applicable law.

G. <u>Attorneys Fees</u>

Plaintiffs are the prevailing party and are entitled to reasonable attorneys fees, litigation expenses and costs as provided by 42 U.S.C. § 12205 and 29 U.S.C. §794a for work performed in this matter prior to the entry of this Remedial Order and Injunction. The amount of such fees, expenses and costs shall be decided upon duly noticed motion to the Court according to law. Except for the determination that plaintiffs are the prevailing party, defendants reserve any and all defenses to a fee award.

Plaintiffs shall be entitled to fees, litigation expenses and costs as authorized by law to ensure compliance with this Order and subsequent remedial orders, including those implementing the guidelines, plans, procedures, policies and evaluations set forth above, for the period until this Order is terminated as set forth in the previous subsection. The amount of such fees shall be determined according to law upon duly noticed motion. The parties shall negotiate an order for the periodic collection of attorneys fees and costs similar to that filed in <u>Madrid v. Gomez</u>, C-90-3094 TEH.

H. <u>Certification of Interlocutory Appeal</u>

After a review of the parties' stipulation, the Court hereby finds that the issue of whether the ADA and §504 of the Rehabilitation Act apply to the programs, services and activities provided by a state department of corrections to state prisoners and parolees is a controlling issue of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this Order may materially advance the ultimate termination of this litigation within the meaning of 28 U.S.C. § 1292(b).

Dated: SEP 20 1996

CLAUDIA WILKEN, JUDGE
UNITED STATES DISTRICT COURT

```
                                        Donald  Specter
                                        Prison Law Office
                                        General Delivery
                                        San Quentin,CA 94964   [94cv2307 ]


Elaine  Feingold                        George D. Prince
Disability Rights Education & Defense Fu CA State Atty General's Office
2212 Sixth Street                       50 Fremont St Ste 300
Berkeley,CA 94710   [94cv2307 ]         San Francisco,CA 94105   [94cv2307 ]




Mary Beth Uitti                         Michael W. Bien
U.S. Attorney's Office                  Rosen Bien & Asaro
450 Golden Gate Avenue Rm 115           155 Montgomery St 8th Flr
San Francisco,CA 94102   [94cv2307 ]    San Francisco,CA 94104   [94cv2307 ]




Sharon N. Perley                        Warren E. George
USDJ - Disability Rights Section        McCutchen Doyle Brown & Enersen LLP
P.O. Box 66738                          Three Embarcadero Center
Washington,DC 20035   [94cv2307 ]       San Francisco,CA 94111   [94cv2307 ]
```