FILED

SEP 20 1996

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN ARMSTRONG, JAMES AMAURIC, RICHARD PONCIANO, JACK SWENSEN, BILLY BECK, JUDY FENDT, WALTER FRATUS, GREGORY SANDOVAL, DARLENE MADISON, PETER RICHARDSON, STEVEN HILL, and all others similarly situated,

    Plaintiffs,

v.

PETE WILSON, Governor of the State of California, JOSEPH SANDOVAL, Secretary of Youth and Corrections Agency, JAMES GOMEZ, Director of the Department of Corrections, KYLE S. MCKINSEY, Deputy Director for Health Care Services, KEVIN CARRUTH, Deputy of the Planning and Construction Division, DAVID TRISTAN, Deputy Director of the Institutions Division, MARISELA MONTES, Deputy Director of the Parole and Community Services Division, JAMES NIELSEN, Chairman of the Board of Prison Terms,

    Defendants.

No. C-94-2307 CW

[Proposed]
FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having considered defendants' dispositive motion and the settled statement of facts submitted by the parties, the Court hereby makes the following findings of facts and conclusions of law pursuant to the Stipulation and Order for Procedures to Determine Liability filed in this action.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The California Department of Corrections has violated the rights of some members of the plaintiff class under the Americans with Disabilities Act and §504 the Rehabilitation Act of 1973.

2. The California Department of Corrections is a public entity within the meaning of 42 U.S.C. § 12131(1)(B). Defendants are state public officials, sued in their official capacity only, responsible for the operation of the California Department of Corrections.

3. Plaintiffs and members of the plaintiff class are qualified individuals with disabilities that substantially limit one or more of the major life activities of such individuals as those terms are used in 42 U.S.C. §12102(2) and 42 U.S.C. § 12131(2); and 29 U.S.C. §706(8).

4. The California Department of Corrections has excluded plaintiffs and some members of the plaintiff class, by reason of their disability, from participation in or denied them the benefits of the services, programs and activities operated by the Department of Corrections within the meaning of 42 U.S.C. § 12132 and 29 U.S.C. §794.

5. The California Department of Corrections has not operated all its services, programs and activities in existing facilities so as to render them readily accessible to and usable by plaintiffs and some members of the plaintiff class within the meaning of 28 C.F.R. §35.150.

6. The California Department of Corrections has not taken appropriate steps to ensure that communications with plaintiffs and some class members are as effective as communications with other prisoners and parolees pursuant to 28 C.F.R. § 35.160(a).

7. The California Department of Corrections has not furnished appropriate auxiliary aids and services where necessary to afford some class members with an equal opportunity to participate in, and enjoy the benefits of, services, programs or activities conducted by the Department pursuant to 28 C.F.R. § 35.160(b).

8. Although the California Department of Corrections is in the process of conducting a self-evaluation, it did not complete a self-evaluation regarding inmates and parolees within the time frames described in 28 C.F.R. § 35.105.

9. Although the California Department of Corrections is

        developing a transition plan, it did not complete a transition plan, as described at 28 C.F.R. § 35.150(d).

10. The California Department of Corrections did not provide class members with specific notice of the provisions of the ADA, and the ADA's applicability to the services, programs, or activities of the CDC, as such notice is described at 28 C.F.R. § 35.106 until April 15, 1995.

11. Some programs of the California Department of Corrections receive federal financial assistance as that term is used in 29 U.S.C. § 794.

12. Since January 26, 1992 the California Department of Corrections has not designed, constructed or altered all of its facilities in full compliance with 28 C.F.R. § 35.151.

13. The California Department of Corrections did not adopt and publish grievance procedures specifically for the purpose of resolving ADA complaints from inmates and parolees, as set forth in 28 C.F.R. § 35.107(b) before April 15, 1995.

Dated: SEP 20 1996

CLAUDIA WILKEN, JUDGE
UNITED STATES DISTRICT COURT

```
                                    Donald   Specter
                                    Prison Law Office
                                    General Delivery
                                    San Quentin,CA 94964   [94cv2307 ]


Elaine  Feingold                    George D. Prince
Disability Rights Education & Defense Fu  CA State Atty General's Office
2212 Sixth Street                   50 Fremont St Ste 300
Berkeley,CA 94710   [94cv2307 ]     San Francisco,CA 94105   [94cv2307 ]



Mary Beth Uitti                     Michael W. Bien
U.S. Attorney's Office              Rosen Bien & Asaro
450 Golden Gate Avenue Rm 115       155 Montgomery St 8th Flr
San Francisco,CA 94102   [94cv2307 ]  San Francisco,CA 94104   [94cv2307 ]




Sharon N. Perley                    Warren E. George
USDJ - Disability Rights Section    McCutchen Doyle Brown & Enersen LLP
P.O. Box 66738                      Three Embarcadero Center
Washington,DC 20035   [94cv2307 ]   San Francisco,CA 94111   [94cv2307 ]
```