FILED

MAR 26 1997

RECEIVED RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
MAR 26 1997       OAKLAND

CLAUDIA WILKEN
U.S. DISTRICT JUDGE

189

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN ARMSTRONG, et al.,          )     No. C-94-2307 CW
                                 )
          Plaintiffs,            )
                                 )     **STIPULATION AND ORDER FOR**
     v.                          )     **PERIODIC COLLECTION OF**
                                 )     **ATTORNEYS' FEES AND COSTS**
PETE WILSON, et al.,             )
                                 )
          Defendants.            )
_____)

          Section G of the Remedial Order and Injunction dated
September 20, 1996, requires the parties to negotiate an order
for the periodic collection of post-judgment attorneys fees and
costs.  The parties, by their undersigned counsel, do stipulate
and the Court, having considered the matter, hereby orders as
follows:

          1.   Plaintiffs' counsel will submit quarterly
statements to defendants' counsel for post-judgment attorneys'
fees and costs.  The statements will itemize the time spent,
subject activity, applicable attorney and other personnel billing
rates, and costs and expenses with sufficient particularity to



1.

1   allow the defendants and the Court to identify the efforts
2   undertaken and to determine whether the activity is appropriately
3   compensable.   The first quarterly statement of each year will
4   identify the billing rates plaintiffs' counsel seeks for that
5   year.   The billing statements submitted by plaintiffs' counsel
6   shall not include declarations or other supporting pleadings.
7   Such declarations or other supporting pleadings shall be prepared
8   only for and at the time of filing any motion to compel.

9            2.   Upon receipt of plaintiffs' statement each
10  quarter, defendants will have thirty days in which to respond
11  with their objections and the bases therefore.   As to disputed
12  items, including the proposed billing rates in the first
13  quarterly statement, plaintiffs' and defendants' counsel are
14  required to meet and confer within thirty (30) days after
15  defendants have notified plaintiffs of any disputed item(s).   If
16  the parties are able promptly to resolve any part or all of the
17  fee disputes, counsel shall immediately prepare a stipulated
18  order for payment of the fees not subject to defendants'
19  objections.   Both sides shall sign the order and present it to
20  the Court for entry.   Defendants shall have forty-five days from
21  the entry of the order to pay the undisputed fees.   Interest on
22  these fees and costs will run from the date the order is entered
23  by the Court, accruing at the rate provided by 28 U.S.C. § 1961.

24           3.   If defendants refuse to sign any stipulated
25  payment order, or unreasonably delay the process described in
26  paragraph 2, above, plaintiffs' counsel may submit directly to
27  the Court an unstipulated form of order for collection of fees
28  that are not disputed, together with a certification of counsel

1  under penalty of perjury setting forth the relevant facts and
2  circumstances.   Defendants' counsel may respond within five court
3  days of receipt of the proposed order and certification.
4  Plaintiffs' counsel may reply within two court days after receipt
5  of defendants' response, if any.   The Court will rule on
6  plaintiffs' application without conducting a hearing unless it
7  considers such a hearing necessary, and will issue plaintiffs'
8  proposed order or another appropriate order unless defendants
9  show a reasonable basis for disputing the fees and expenses
10 plaintiffs have claimed to be undisputed.   If any party
11 determines that systematic problems in the meet and confer
12 process have arisen, that party may move for further modification
13 of this process, by noticed motion made pursuant to the Federal
14 Rules of Civil Procedure and the Rules of this Court.

15         4.   Plaintiffs will file a yearly motion to compel
16 payment of disputed items, if necessary, not later than sixty
17 (60) days after the parties meet and confer with respect to the
18 statement covering the fourth quarter of each year.   If
19 defendants oppose any billing rates plaintiffs' counsel will
20 bring a motion to compel on this issue following the first
21 quarterly statement of each year.

22         5.   In the event that an unusually large number of
23 hours or a significant issue is in dispute, plaintiffs may bring
24 a quarterly motion to compel on those issues alone.   Any such
25 quarterly motion to compel will be filed no later than thirty
26 (30) days after the parties have met and conferred on the
27 quarterly statement at issue.   Such motions will be briefed and
28 heard on the usual schedule provided by the local rules.

1            6.    Plaintiffs reserve their right to seek pre-

2 judgment interest on any disputed amounts sought under paragraphs

3 4 and 5 above.  Post-judgment interest on any disputed amounts

4 will accrue at the rate provided by 28 U.S.C. § 1961 from the

5 date any order awarding such amounts is entered by the Court.

6            7.    The standard of review to be applied to disputed

7 billing items will be as follows:  plaintiffs shall be entitled

8 to be compensated for attorneys' fees and costs reasonably

9 necessary to ensure defendants' compliance with Section A of the

10 remedial order and injunction dated September 20, 1996.  However,

11 the parties dispute the standard of review applicable to all

12 further activity.  The parties' positions with regard to further

13 activity is as follows:

14            a.    It is plaintiffs' position that defendants are

15       obligated to pay plaintiffs' fees, costs, and reasonable

16       litigation expenses that are useful and necessary in

17       developing a remedy and monitoring compliance with the

18       Court's orders.  Plaintiffs' position is based on Section G

19       of the remedial order which states that "[p]laintiffs shall

20       be entitled to fees, litigation expenses and costs as

21       authorized by law to ensure compliance with this Order and

22       subsequent remedial orders, including those implementing the

23       guidelines, plans, procedures, policies and evaluations set

24       forth above, . . ."

25            b.    It is defendants' position that they are

26       obligated to pay plaintiffs' fees, costs, and reasonable

27       litigation expenses only if plaintiffs prevail in

28       demonstrating that the relief sought is mandated by the ADA

1    or Rehabilitation Act and only to the extent otherwise

2    required under the law applicable at the time of the

3    dispute.  Similarly, if plaintiffs seek a court order

4    requiring defendants to take any specific action in

5    implementing defendants' evaluations, guidelines, plans,

6    policies and procedures, it is defendants' position that

7    they are obligated to pay plaintiffs' fees, costs, and

8    reasonable expenses only if plaintiffs prevail in

9    demonstrating that the relief sought is mandated by the ADA

10   or Rehabilitation Act and only to the extent otherwise

11   required under the law applicable at the time of the

12   dispute.

13        8.   So long as the plaintiffs' counsel submit

14   quarterly billing statements to the defendants in a timely

15   fashion all compensable activities will be awarded, now and in

16   the future, at the rates current at the time the billing

17   statements are submitted to the defendants instead of at historic

18   rates.

19        9.   Defendants shall pay the full amounts ordered

20   paid, with any legal interest owing, no later than forty-five

21   (45) days after the date each payment order is entered by the

22   Court.  If payment is not voluntarily made by the 45th day,

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1  counsel for plaintiffs may obtain said amount by writ of

2  execution upon state funds and/or other appropriate accounts by

3  certification under penalty of perjury that voluntary payment has

4  not been made.

5          We do so stipulate.

6

7  Dated: March 25, 1997                    _____
                                            DONALD SPECTER
8                                           Counsel for Plaintiffs

9

10 Dated:    3/21/97                         _____
                                            JAMES M. HUMES
11                                          Counsel for Defendants

12

13

14         IT IS SO ORDERED.

15

16 Dated:    MAR 26 1997                     _____
                                            CLAUDIA WILKEN
17                                          United States District Judge

18

19

20

21

22

23

24

25

26

27

28

STIP & ORDER FOR PERIODIC COLLECTION
OF ATTYS FEES & COSTS C-94-2307-CW                6.