ORIGINAL

| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER, #83925<br>SARA NORMAN, #189536<br>DANIEL B. SIEGEL<br>General Delivery<br>San Quentin, CA 94964<br>Telephone: (415) 457-9144 | McCUTCHEN, DOYLE, BROWN &<br>ENERSEN<br>WARREN E. GEORGE, #53588<br>JOHN WADSWORTH, #166838<br>Three Embarcadero Center<br>San Francisco, CA 94111-4066<br>Telephone: (415) 393-2000 |
| DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>ARLENE MAYERSON<br>2212 6th Street<br>Berkeley, CA 94710<br>Telephone: (510) 644-2555 | ROSEN, BIEN & ASARO<br>MICHAEL W. BIEN, #96891<br>155 Montgomery St., 8th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 433-6830 |
| HOWARD, RICE, NEMEROVSKI,<br>CANADY, FALK & RABKIN<br>EVE SHAPIRO, #164709<br>Three Embarcadero Center, 7th Fl.<br>San Francisco, CA 94111<br>Telephone: (415) 434-1600 | LAW OFFICES OF ELAINE B.<br>FEINGOLD<br>ELAINE B. FEINGOLD, #99226<br>1524 Scenic Ave.<br>Berkeley, CA 94708<br>Telephone: (510) 848-8125 |

Attorneys for Plaintiffs

FILED DEC 4 3 14 PM '98
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO DIST OF CA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al.,<br>　　　Plaintiffs,<br>　　v.<br>PETE WILSON, et al.,<br>　　　Defendants. | No. C-94-2307-CW<br>NOTICE OF MOTION AND MOTION<br>TO MODIFY THE CLASS<br>Date: January 8, 1999<br>Time: 10:00 a.m.<br>Court: Judge Wilken |

### NOTICE OF MOTION AND MOTION

To all parties and their counsel of record:

PLEASE TAKE NOTICE that on January 8, 1999 at 10:00 a.m. or as soon thereafter as counsel may be heard in the Courtroom of the Honorable Claudia Wilken, United States District Judge, 1301 Clay Street, Oakland, California, plaintiffs will and do hereby

move for leave to modify the plaintiff class. This motion is made pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs also move by way of a separate motion for leave to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

Plaintiffs request that the Court modify the plaintiff class to include prisoners and parolees with developmental disabilities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

On January 13, 1995, this Court found that the Federal Rule of Civil Procedure 23 ("Rule 23") requirements for class certification were met. The Court's Order established a class of present and future California prisoners and parolees with various types of disabilities, including mobility, sight, hearing, learning and kidney impairments.[1] However, plaintiffs have learned through ongoing investigation that another group of disabled prisoners/parolees, those with developmental disabilities, face the same type of problems with defendant as the current class members. Plaintiffs therefore request that the class definition be modified to include these additional disabled prisoners.

The modification will allow for the inclusion of new class members represented by David Badillo (California Department of

---

[1] See Plaintiff's Memorandum of Points and Authorities in Support of filing the Second Amended Complaint for additional case history.

Correction ("CDC") No. H49189) and James Simmons (CDC No. C79287), who are developmentally disabled. Mr. Badillo is currently incarcerated at Wasco State Prison Reception Center ("Wasco"). He is 35 years old and has an I.Q. less than 70. He cannot read and has difficulty spelling his own name. CDC clinical staff have concluded that Mr. Badillo is mildly to moderately retarded, describing his cognitive abilities as restricted, poor and simplistic. Because of his disability, Mr. Badillo is unable adequately to comprehend parole proceedings, often attempts to compensate for his disability by pretending to understand others, is influenced by suggestion and cannot adequately represent his own interests. Because of his disability, Mr. Badillo requires assistance from someone knowledgeable about the limitations of a developmentally disabled person's abilities in order to participate as non-disabled inmates do in Board of Prison Term proceedings relating to parole revocation. However, Mr. Badillo has not received the assistance he needs over the course of numerous parole proceedings.

Similarly, Mr. Simmons has an IQ less than 70. He is 46 and is currently housed at California Men's Colony. Mr. Simmons has appeared numerous times before the Board of Prison Terms for sentencing and parole consideration, but has been denied reasonable consideration for parole or reduction of his sentence because defendant has, in various ways, refused to accommodate his developmental disability.

The Court has the authority to make a modification to the class certification order to include inmates such as Mr. Badillo and Mr. Simmons with developmental disabilities. The Rule 23

requirements for class certification will continue to be met. Further, defendant will not be unreasonably prejudiced by the proposed minor modification of the class definition. The Court should therefore modify the class definition to include prisoners and parolees with developmental disabilities.

**II. THE COURT SHOULD MODIFY THE CLASS CERTIFICATION ORDER TO INCLUDE THE DEVELOPMENTALLY DISABLED.**

    A. <u>The Court Has The Authority To Modify the Class Order</u>

Even after a Rule 23 class certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation. *General Telephone Company of the Southwest v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 2372 (1982). An order "may be altered or amended before the decision on the merits." Fed. Rule Civ. Proc. 23(c)(1). The Court can modify a class certification order because it is "inherently tentative." *Falcon, supra*, 457 U.S. at 160, 102 S.Ct. at 2372. As there has yet to be either a decision on the merits or notice to class members, modification of the class certification order is still appropriate. *See id*.

Plaintiffs request that the Court add developmental disability to the class definition, which includes many other types of disabilities. The current class consists of "all present and future California state prisoners and parolees with mobility, sight, hearing, learning and kidney disabilities that substantially limit one or more of their major life activities, except those prisoners with mobility impairments housed at the California Medical Facility." *See* Order dated January 13, 1995.

There is no question that those with a developmental disability require a similar degree of assessment and accommodation by defendant as prisoners/parolees with learning disabilities, which are already included in the class definition. Decl. of Nancy Cowardin, ¶¶ 5, 7-9. The learning disabled have normal intelligence but an impaired ability to understand or use language, while the developmentally disabled have a lower level of intelligence. Cowardin decl., ¶¶ 2-5. Both of these disabilities involve impairment of mental ability. Cowardin decl., ¶¶ 2-5. Both groups require similar assessments and assistance by someone with knowledge of their disability in order to have the same opportunity to participate in Board of Prison Term proceedings as non-disabled inmates and parolees. Cowardin decl., ¶¶ 7-9. The developmentally disabled are therefore just as in need of a remedy due to defendant's discrimination as the learning disabled.

      B.    <u>The Requested Modification Will Not Alter The Court's Finding That The Rule 23 Requirements Are Met</u>

The addition of developmental disability to the list of disabilities in the class definition does nothing to alter the Court's finding that the Rule 23 requirements for class certification are met. In fact, the Northern District has already found that these requirements were met for a class consisting solely of developmentally disabled California prisoners in a disability lawsuit not involving defendant. See Exh. A (*Clark v. State of California, et al.*, No. C 96-1486 FMS (February 26, 1997)(Order Granting Motion For Class Certification).

The proposed modification meets the Rule 23(a)(1) requirement that the number of plaintiffs be so numerous that joinder of all members is impracticable. The addition of the developmentally disabled only adds to the numbers already found adequate by this court. However, even a class consisting solely of developmentally disabled prisoners has been found to meet the numerosity requirement. *See id.* As courts have held that as few as fifty inmates sufficiently satisfy the numerosity requirement, there can be no question that this requirement is met here. *See Inmates of Lycoming County Prison v. Strode*, 79 F.R.D. 228, 231 (M.D. Pa. 1978).

The proposed modification still meets the Rule 23(a)(2) requirement that questions of law and fact be common to all members of the class. The developmentally disabled share the same issues as the other class members, including the standards of relief under the Americans With Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794. The developmentally disabled also share the same issue under these acts as to whether their impairments substantially limit one or more of their major life activities. In addition, they share the issue of whether defendant impermissibly discriminate against them due to their disability. This discrimination includes the failure to make individualized assessments of disabled prisoners' ability to meaningfully participate in the hearings conducted by defendant.

The Rule 23(a)(3) requirement that the claims of the representative parties are typical of the claims of the class also would continue to be met under the modified definition.

Plaintiff David Badillo is currently housed at Wasco State Prison Reception Center and is developmentally disabled. Plaintiff James Simmons is currently housed at California Men's Colony. Defendant failed to provide reasonable modifications for their disability at each of their parole hearings. As with the other class members in this case, Mr. Badillo and Mr. Simmons have suffered deprivations stemming from defendant's deficient, system-wide policies and procedures concerning individuals with disabilities. By challenging these policies and procedures, the entire class will benefit from their action. *See Ellis v. Naval Air Rework Facility Alameda, California*, 404 F.Supp. 391, 396 (N.D. Cal. 1975)(Rule 23(a)(3) met where all class members would benefit), *rev'd on other grounds*, 608 F.2d 1308 (9th Cir. 1979). In addition, all of Mr. Badillo's and Mr. Simmons' claims for relief are based on the defendant's violation of the ADA and Section 504, just like the other class members. *See Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1189 (10th Cir. 1975)(fact situations may vary if all claims based on same legal or remedial theory). Therefore, the typicality requirement is met.

Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class. This requirement continues to be met since Mr. Badillo's and Mr. Simmons' interest in bringing defendant's policies and practices up to lawful statutory standards is coextensive with and not antagonistic to the interests of the other class members who are being or will be subjected to the same policies and practices. *See Noren v. Straw*, 578 F. Supp. 1, 3 (D. Mont. 1982)(named plaintiffs, adult male prisoners, fairly represented interests of

females and juveniles for claims of violations of privacy). In addition, the Court has already found plaintiffs' counsel to be fully competent to prosecute the action as a class action. *See* Order dated January 13, 1995. The Rule 23(a)(4) requirements are therefore met.

The proposed modification also has no impact on the Court's previous finding that three of the Rule 23(b) criteria are met, although only one needs to be fulfilled. First, the prosecution of separate actions by individual members of the class would still create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class. Rule 23(b)(1)(A). Second, adjudications with respect to individual members of the class would still as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Rule 23(b)(1)(B). Third, defendant has still acted or refused to act on grounds generally applicable to the class, making final injunctive relief appropriate with respect to the class as a whole. Rule 23(b)(2). All of the Rule 23 requirements therefore continue to be met.

C. <u>Defendant Is Not Unreasonably Prejudiced By The Modification To The Class Definition</u>

As with the amendment to the complaint, the proposed modification to the class order will not unreasonably prejudice defendant. In fact, there is no prejudice to defendant. To date, besides general contention interrogatories that plaintiffs have yet to respond to, defendant has not conducted any

discovery. Plaintiffs will respond to these interrogatories. Plaintiffs understand that defendant intends to depose plaintiffs and members of the plaintiff class. Plaintiffs intend to cooperate with defendant on these depositions and make available the substitute plaintiffs. Plaintiffs will, of course, make Mr. Badillo and Mr. Simmons available for deposition as well. In short, since very little discovery has been conducted to date and plaintiffs will waive the discovery cut-off for further depositions, defendant will not be prejudiced by a modification of the class.

### III. CONCLUSION

For the foregoing reasons, plaintiffs request that the Court amend the January 13, 1995 class certification order to include developmentally disabled prisoners and parolees among the class members.

Dated: December 3, 1998

PRISON LAW OFFICE

By: *Donald Specter*
Donald Specter
Attorney for Plaintiffs

# EXHIBIT A

ORIGINAL FILED
FEB 26 1997
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DERRICK CLARK, et al. )
)
    Plaintiffs, )   No. C 96-1486 FMS
)
vs. )   ORDER GRANTING
)   MOTION FOR CLASS
STATE OF CALIFORNIA, et al. )   CERTIFICATION
)
    Defendants. )
_____)

    Plaintiffs' motion for class certification was heard before the Honorable Fern M. Smith on February 21, 1997. Plaintiffs and defendants were represented by their respective counsel of record. The Court, having read the papers and the pleadings on file herein, has found good cause to grant plaintiffs' motion for class certification. After considering the moving and opposition papers, the arguments of counsel, and all other matters presented to the Court, the Court makes the following findings of fact:

    A.    The prerequisites to maintenance of class action set forth in Federal Rule of Civil Procedure 23(a)(1-4) are met:

        (1)    The class of all present and future individuals with developmental disabilities who are under the control of the California Department of Corrections is so numerous that joinder of all members is impracticable;

        (2)    There are questions of law and fact common to all members of the class;

        (3)    The claims of the representative parties are typical of the claims of the class; and

(4) The representative parties will fairly and adequately protect the interests of the class.

B. A class action is maintainable under Federal Rule of Civil Procedure 23(b)(2) in that:

In maintaining its current policies and practices with respect to prisoners with developmental disabilities, defendants have acted or refused to act on grounds generally applicable to the class.

Plaintiffs' motion for class certification is therefore GRANTED. The class shall consist of all present and future individuals with developmental disabilities who are under the control of the California Department of Corrections. The term "developmentally disabled" is applied and used as defined in California Welfare & Institutions Code section 4512(a).

SO ORDERED.

Dated: February 26, 1997

FERN M. SMITH
United States District Judge

Docket No. C-94-2307-CW

PROOF OF SERVICE BY MAIL

I, <u>Suddie E. Scott</u>, hereby declare:

1. I am over the age of 18 years and am not a party to the within cause. I am employed by Pillsbury Madison & Sutro LLP in San Francisco, California.

2. My business address is 235 Montgomery Street, San Francisco, California. My mailing address is P.O. Box 7880, San Francisco, CA 94120-7880.

3. On December 4, 1998, I served a true copy of the attached document titled exactly NOTICE OF MOTION AND MOTION TO MODIFY THE CLASS; NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT; DECLARATION OF NANCY COWARDIN, Ph.D., IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT AND MODIFY CLASS; [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTIONS TO AMEND THE COMPLAINT AND MODIFY THE CLASS by placing it in a sealed envelope and depositing it in the United States mail, first class postage fully prepaid, addressed to the following:

George D. Prince
Deputy Attorney General
Office of the Attorney General
50 Fremont Street, Suite 300
San Francisco, CA 94105-2239

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of December, 1998, at San Francisco, California.

*Suddie E. Scott*
Suddie E. Scott