ORIGINAL

| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER, #83925<br>SARA NORMAN, #189536<br>DANIEL B. SIEGEL<br>General Delivery<br>San Quentin, CA 94964<br>Telephone: (415) 457-9144 | McCUTCHEN, DOYLE, BROWN &<br>    ENERSEN<br>WARREN E. GEORGE, #53588<br>JENNIFER A. JONAK<br>Three Embarcadero Center<br>San Francisco, CA 94111-4066<br>Telephone: (415) 393-2000 |
| DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>ARLENE MAYERSON<br>2212 6th Street<br>Berkeley, CA 94710<br>Telephone: (510) 644-2555 | ROSEN, BIEN & ASARO<br>MICHAEL W. BIEN, #96891<br>WILLIAM FERNHOLZ<br>155 Montgomery St., 8th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 433-6830 |
| HOWARD, RICE, NEMEROVSKI,<br>CANADY, FALK & RABKIN<br>EVE SHAPIRO, #164709<br>Three Embarcadero Center, 7th Fl.<br>San Francisco, CA 94111<br>Telephone: (415) 434-1600 | LAW OFFICES OF ELAINE B.<br>    FEINGOLD<br>ELAINE B. FEINGOLD, #99226<br>1524 Scenic Ave.<br>Berkeley, CA 94708<br>Telephone: (510) 848-8125 |

Attorneys for Plaintiffs

FILED DEC 28 1998 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA OAKLAND

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PETE WILSON, et al.,<br><br>    Defendants. | No. C-94-2307-CW<br><br>REPLY TO DEFENDANT'S OPPOSITION TO MOTIONS TO AMEND THE COMPLAINT AND MODIFY THE CLASS<br><br>Date:  January 8, 1999<br>Time:  10:00 a.m.<br>Court: Hon. Claudia Wilken |

ARGUMENT

I. THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO FILE THE SECOND AMENDED COMPLAINT

Plaintiffs have sought leave of the Court to file a Second Amended Complaint. Among other things,[1] the new complaint adds developmentally disabled prisoners as plaintiffs, changes the class definition to include prisoners and parolees with developmental disabilities and adds a due process cause of action. Defendant Nielsen does not dispute the legal standards governing this motion, but argues that the motion should be denied because there has been an excessive delay in making this motion and that he will be prejudiced. Because neither argument has any merit, the Court should grant the motion.

1. Defendant Does Not Show Prejudice from the Amended Complaint

Defendant alleges generally that he will be unduly prejudiced if the Court grants plaintiffs leave to file the amended complaint. Defendant's argument fails first because he has not met his burden of proving undue prejudice. Defendant must make specific allegations of prejudice which are sufficient for the Court to assess its scope and potential impact. Defendant's vague and general allegations of prejudice are not sufficient. A-C Reorganization Trust v. DuPont De Nemours & Co, 968 F.Supp. 423, 432 (E.D. Wis. 1997).

Next, defendant contends that he will be prejudiced because he must now respond to another theory of liability. Again

---

1. Defendant does not complain about the substitution of new class representatives or of defendants who are successors in office.

defendant does not explain how adding a due process claim to the case will cause him any specific prejudice. "[A] change in theory . . . [is] not sufficient to justify denial of leave to amend under the principles of Foman [v. Davis, 371 U.S. 178, 182 (1962)] and Davis [v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)]. A change in the theory of recovery may obviously sometimes cause substantial prejudice to a defendant, justifying denial of a motion to amend to assert that theory. But the fact that an amendment changes the plaintiff's theory of the case will not suffice as a reason for denial absent a showing of prejudice, bad faith, futility or dilatoriness associated with the motion." Ward Electronics Service, Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); see also, Seifert v. Solem, 387 F.2d 925, 929 (7th Cir. 1967) (complaint amended to include claim for punitive damages on first day of trial).

In the present case, the additional cause of action will not significantly alter the litigation. The two existing causes of action under the disability statutes remain, and many of the same facts relevant to proving discrimination against the disabled at parole hearings also will show that the proceedings were not consistent with the Due Process Clause. For example, plaintiffs intend to prove counsel was not appointed to represent mentally retarded parolees at revocation hearings. The failure to provide assistance to these parolees is both unlawful discrimination under the ADA and a violation of due process. See Gagnon v. Scarpelli, 411 U.S. 778 (1973) (due process requires that counsel be appointed in certain circumstances). Thus, the only burden on defendant from this amendment will be to analyze the same facts

under a different theory. This small burden is insufficient to defeat a motion to amend the complaint. Marcera v. Chinlund, 91 F.R.D. 579, 581 (W.D. NY 1982).

Defendant also argues that he will be prejudiced by a modification of the plaintiff class. Modification of the class, by itself, does not establish sufficient prejudice to deny a motion to amend the compliant. Cf. Bertrand v. Sava, 535 F.Supp. 1020, 1023 (S.D. N.Y. 1982) rev'd on other grounds 684 F.2d 204 (2d Cir. 1982) (transforming individual action into class action is not by itself prejudicial). The class of prisoners and parolees with mental retardation will not "'interject entirely disparate issues into and tend to obfuscate'" the existing case. Ibid. Discrimination against the mentally retarded is but one more example of the application of the same policies and procedures employed by the BPT. Moreover, the form of discrimination experienced by mentally retarded prisoners is closely related to that experienced by prisoners and parolees with learning disabilities, who are current members of the plaintiff class. See Declaration of Nancy Cowardin, Ph.D., dated December 3, 1998, at ¶ 9.

Finally, defendant complains about perceived delays in discovery. Any delay by plaintiffs in fully responding to defendant's contention interrogatories occurred with at least the tacit consent of defendant.[2/] In response to plaintiff's

---

2. On August 10, 1998 plaintiffs responded to the interrogatories by objecting on the basis that they were premature since the case had only recently become active. Plaintiffs reserved the right to supplement these interrogatories in the future when they developed further information. Pursuant to an informal agreement between the

objection that the interrogatories were premature, defendant did not move to compel further responses to his interrogatories, and, in fact, agreed to receive additional responses before December 25, 1998. Declaration of Donald Specter at ¶ 3. These supplemental responses contain information about all of the plaintiffs named in the proposed amended complaint. Id. at Exhibit A.

Defendant's failure to attempt to compel discovery and his acquiescence in not receiving further information until the present undermines his claim that he has been prejudiced in the past and that he will be prejudiced in the future.

    2.    The Amendments are Offered in Good Faith

Defendant argues that the motion is not made in good faith because plaintiffs' counsel should know that defendant is not violating plaintiffs' rights. First, that is obviously not the correct standard. See Motion to Amend at 6. Second, plaintiffs dispute defendant's assertion and have alleged facts to the contrary in their complaint. See Second Amended Complaint at ¶¶ 1, 18-19, 42. If the motion is granted the Court will determine who is right after a trial. The merits are not at issue at this stage of the process.

    3.    There Has Not Been Undue Delay in Bringing this Motion

Defendant complains that plaintiffs waited too long to bring this motion. "This argument lacks merit because prejudice to the opposing party, not the diligence of the moving party, is the

---

parties on December 23, 1998 plaintiffs subsequently served on defendant a supplemental response containing more detailed information. Declaration of Donald Specter at ¶¶ 2-3 , filed herewith.

crucial factor in determining whether or not to grant leave to amend." Smith v. Costa Lines, Inc., 97 F.R.D. 451, 453 (N.D. Cal. 1983). As noted above, defendant has failed to establish such prejudice.

Defendant also takes issue with the fact that plaintiffs waited until after the trial date was continued to bring this motion. Plaintiffs waited until the trial date had been continued, in part, because defendant would have been able to make a stronger case for prejudice if plaintiffs moved to amend so close to trial. Plaintiffs waited to file their motion until they were assured that there would be sufficient time for defendant to conduct discovery. Such minimal delay that had the effect of protecting defendant's rights does not militate in favor of denying the motion.

4. The Proposed Amendments are Not Futile

Defendant concedes that the new due process claim set forth in the proposed complaint is arguable. Defs. Opp. at 8. Since defendant does not dispute that a claim is futile only if it is completely ineffective and would "beyond doubt" be dismissed for failure to state a claim (see Pltfs. Motion to Amend at 7), defendant's concession defeats his argument on this point.

II. **THE COURT SHOULD MODIFY THE CLASS TO INCLUDE PRISONERS AND PAROLEES WHO ARE DEVELOPMENTALLY DISABLED**

Defendant James Nielsen's opposition fails to provide a valid basis to challenge plaintiffs' motion to modify the class to include developmentally disabled prisoners and parolees. Contrary to defendant's assertions, the requested modification would not interfere with Clark v. State of California, C96-1486

(N.D. Cal.), as the two cases *involve different defendants*. Plaintiffs also have provided sufficient allegations and evidence to support a finding that the Rule 23 class certification requirements continue to be met after the modification.

    1.    The Proposed Modification of the Class Would Not Interfere With the Clark Case.

Defendant mistakenly asserts that the modification of the class would cause this case to interfere with the Clark case. In fact, there is no interference because while both cases would include developmentally disabled prisoners, the defendants differ in each case. The only defendant going to trial in this action is James Nielsen, as chairman of the Board of Prison Terms ("BPT"). Neither Mr. Nielsen nor the BPT is a defendant in the Clark case. The California Department of Corrections ("CDC"), originally named in this action, has already reached a settlement with plaintiffs in both this action and in Clark and is unaffected by the proposed modification. The remediation plan being developed in Clark does not address BPT behavior and the remaining unlitigated claims in this action do not involve the CDC.

The fact that many individuals would be part of both classes is meaningless. There is no limit to the number of classes to which an individual can be a member, whether against different defendants or even the same defendant when there are different claims. For example, one could be a class member of separate securities and product defect actions against the same defendant.

Defendant's argument about potential conflicts with other class actions would not have merit even if there was some overlap

with the Clark case. The class certified in Coleman v. Wilson, No. CIV S-90-0520 LKK-JFM (E.D. Cal.), included inmates with serious mental disorders who were housed at Pelican Bay. The Madrid v. Gomez, No. C90-3094-THE (N.D. Cal.), class included all inmates at Pelican Bay and focused on adequacy of medical care and conditions of confinement. The courts had no difficulty taking both cases through trial, despite the existence of overlapping classes.

This Court rejected this same argument regarding supposed class conflicts made in plaintiffs' original motion for class certification. See Defendants' Brief in Opposition to Motion for Class Certification, 10/7/94, pp. 16-17; Order dated 1/13/95. It should do so again.[3]

2. Plaintiffs Have Provided the Court With a Sufficient Basis to Find That the Rule 23 Requirements Are Still Met After the Modification.

Defendant also asserts that plaintiffs' motion to modify the class should be denied due to lack of evidence "of other potential class members or of any pattern of systemic discrimination." Plaintiff's Motion at p. 2. Defendant provides no case support for this assertion. In fact, plaintiffs have provided more than the required evidentiary showing as to whether the Rule 23 class certification requirements will continue to be met after the proposed modification.

First, the Court must accept the allegations of the

---

3. In order to remove any remaining concerns that this class modification would interfere with Clark, the court's order regarding plaintiffs' motions could even reiterate that the modification only pertains to claims against Mr. Nielsen and the BPT.

complaint as true for purposes of ruling on class certification. In Re Intelcom Group, Inc. Securities Litigation, 169 F.R.D. 142 (D. Col. 1996). Second, only a minimal amount of additional evidence is required:

> [A class certification] determination does not permit or require a preliminary inquiry into the merits [citation]; thus the district judge is necessarily bound to some degree of speculation by the uncertain state of the record on which he must rule. An extensive evidentiary showing . . . is not required. So long as he has sufficient material before him to determine the nature of the allegations, and rule on compliance with the Rule's requirements, and he bases his ruling on that material, his approach cannot be faulted because plaintiffs' proof may fail at trial.

Blackie v. Barrack, 524 F.2d 891, 901 (9th Cir. 1975).

Plaintiffs have asserted in detail in the proposed second amended complaint how the two named individuals as well as the sub-class of current and future developmentally disabled prisoners and parolees have suffered discrimination by defendant related to their BPT hearings. Proposed Second Amended Complaint, ¶¶ 18-19, 27-28, 36, 42-43. These assertions are further supported by the declaration of Dr. Nancy Cowardin, who explains at length how the developmentally disabled and learning disabled have comparable disabilities, face comparable discrimination by the BPT, and require comparable types of accommodations and assistance. Cowardin decl., ¶¶ 2-9. Besides these allegations and evidence, a class consisting of prisoners with learning disabilities has already been found in the Clark case to meet the Rule 23 requirements. The Court therefore has an ample basis to find that these requirements are met when the class is modified to include the developmentally disabled.

One particular evidentiary concern raised by defendant is

that proof of the numerosity requirement of Rule 23(a)(1) has not been provided. Yet this court already found that there were adequate numbers of class members before adding in developmentally disabled individuals. Order dated January 13, 1998. The <u>Clark</u> order further demonstrates that there are large numbers of developmentally disabled inmates, who face the same type of discrimination described in Dr. Cowardin's declaration and alleged by Mr. Badillo and Mr. Simmons. As even further proof that the numerosity requirement would be met by the sub-class of developmentally disabled inmates alone, attached as exhibit A is an excerpt from the declaration of Dr. Craig Haney from the <u>Clark</u> case stating that there are currently between 3600 and 8300 developmentally disabled inmates in California prisons. <u>See</u> Exh. A (Trial Decl. of Mark Haney dated June 7, 1998, pp. 20-25.) As this class would also include future developmentally disabled inmates, the numbers are even larger. The numerosity requirement therefore has been met. <u>See</u> Fed. R. Civ. P. 23(a)(1).

Defendant also asserts that plaintiffs should have alleged that the two proposed class representatives, Messrs. Badillo and Simmons, were discriminated against due to a denial of counsel. Plaintiff's Motion at p. 2-3. In fact, whether the appointment of counsel is an adequate accommodation for each group of disabled prisoners concerns the merits of this case, not the class certification requirements. The appointment of counsel is not the exclusive remedy sought by plaintiffs. For example, counsel is of little use if the hearing room is not accessible, or if the attorney is not capable of effectively communicating with the deaf or developmentally disabled inmate. Plaintiffs

therefore have provided all the requisite allegations and evidence required under Rule 23 for the requested modification. See Fed. R. Civ. P. 23.

### III. CONCLUSION

For all of the foregoing reasons, and for all the reasons set forth in plaintiffs' Memorandums in Support of Motion to Amend and Modify the Class, the Court should grant plaintiffs leave to file the Second Amended Complaint and modify the class to include developmentally disabled prisoners and parolees.

Dated: December 28, 1998

Respectfully submitted,

_____
DONALD SPECTER
Attorney for Plaintiffs