FILED
9 16 AM '99
RICH...

1  PRISON LAW OFFICE
   DONALD SPECTER, #83925
2  SARA NORMAN, #189536
   DANIEL B. SIEGEL
3  General Delivery
   San Quentin, CA  94964
4  Telephone: (415) 457-9144

   McCUTCHEN, DOYLE, BROWN &
     ENERSEN
   WARREN E. GEORGE, #53588
   JENNIFER A. JONAK
   Three Embarcadero Center
   San Francisco, CA  94111-4066
   Telephone: (415) 393-2000

5

6  DISABILITY RIGHTS EDUCATION
   AND DEFENSE FUND, INC.
7  ARLENE MAYERSON
   2212 6th Street
8  Berkeley, CA  94710
   Telephone: (510) 644-2555

   ROSEN, BIEN & ASARO
   MICHAEL W. BIEN, #96891
   WILLIAM FERNHOLZ
   155 Montgomery St., 8th Floor
   San Francisco, CA  94104
   Telephone: (415) 433-6830

9

10 HOWARD, RICE, NEMEROVSKI,
   CANADY, FALK & RABKIN
11 EVE SHAPIRO, #164709
   Three Embarcadero Center, 7th Fl.
12 San Francisco, CA  94111
   Telephone: (415) 434-1600

   LAW OFFICES OF ELAINE B.
     FEINGOLD
   ELAINE B. FEINGOLD, #99226
   1524 Scenic Ave.
   Berkeley, CA 94708
   Telephone: (510) 848-8125

13 PILLSBURY, MADISON & SUTRO LLP
   SHAWN A. HANSON
14 CAROLINE MITCHELL
   P.O. Box 7880
15 San Francisco, CA  94102
   Telephone:  (415) 983-1000

16

17 Attorneys for Plaintiffs

18            IN THE UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA

20

21 JOHN ARMSTRONG, et al.,          No. C-94-2307-CW

22      Plaintiffs,                 Second Amended Complaint
                                    Class Action
23      v.

24 GRAY DAVIS, et al.,

25      Defendants.

26

27

28                    **A. NATURE OF ACTION**

        1.    This is a civil rights action, brought on behalf of

   state prisoners and parolees with certain disabilities, for

1  declaratory and injunctive relief.  State officials and the
2  California Board of Prison Terms (BPT) discriminate against
3  plaintiffs and the class they represent by reason of their
4  disability.  Defendants have constructed, renovated, purchased or
5  leased facilities, including approximately twenty prisons, that
6  are not accessible to prisoners or parolees with mobility
7  impairments.  Defendants do not have adequate policies or
8  practices that enable them to identify, assess or reasonably
9  accommodate individuals with disabilities so that these
10  individuals can participate in the programs and activities that
11  they are otherwise qualified for.  Defendants have failed to
12  provide class members with visual, hearing and other impairments
13  with auxiliary aids and services to ensure effective
14  communication so that they can participate in programs and
15  activities, including emergency warnings.  Defendants BPT and
16  Nielsen have failed to provide class members with adequate
17  assistance at parole hearings so that they have adequate notice
18  of the proceedings and the issues therein and can effectively
19  participate in the hearings.

20      2.    Plaintiffs and the class they represent bring this
21  action under 42 U.S.C. sections 1983, 12101 et seq. and 29 U.S.C.
22  section 794 and the Due Process Clause of the Fourteenth
23  Amendment against California officials who have responsibility
24  for, and complete control over, the programs and activities
25  provided to plaintiffs, and who have responsibility for, and
26  complete control over, the construction of prison facilities
27  since 1968.  Defendants have repeatedly and persistently denied
28  the plaintiff class equal and sufficient access to programs and

1  activities run by defendants thereby subjecting them to unlawful

2  discrimination and a denial of due process.  Defendants have been

3  and are engaging in a policy and practice of violating federal

4  requirements in the design and construction of its new, renovated

5  and/or remodeled facilities in California.  Defendants' conduct

6  constitutes an ongoing and continuous violation of federal law,

7  and unless restrained from doing so, defendants will continue to

8  violate federal law.  Therefore, plaintiffs seek declaratory and

9  injunctive relief to remedy the illegal conditions and practices

10 to which they and the class of others similarly situated are

11 subjected.

12                          **B. PARTIES**

13      (1) <u>Plaintiffs</u>

14      3.    Plaintiffs and the class they represent are

15 individuals, under the custody and control of the California

16 Department of Corrections, who have mobility, sight, hearing,

17 learning and kidney and developmental impairments, that

18 substantially limit one or more of their major life activities.

19 They have been denied access to the programs, services and

20 activities run by defendants and have been confined in or use

21 facilities operated by and under the control of the California

22 Department of Corrections.  All plaintiffs are "individuals with

23 disabilities" as that term is defined in Section 504 of the

24 Rehabilitation Act of 1973 [hereinafter referred to as "Section

25 504"], 29 U.S.C. section 706(8), and the Americans With

26 Disabilities Act [hereinafter referred to as the "ADA"], 42

27 U.S.C. section 12102(2).

28

1      4.    Plaintiff John Armstrong, E-46263, is currently housed
2   at California Medical Facility at Vacaville.  Mr. Armstrong has a
3   visual impairment.

4      5.    Plaintiff Judy Fendt, W-25026, is currently housed at
5   Central California Women's Facility.  Ms. Fendt uses a wheelchair
6   and/or a leg prosthesis because her right leg has been amputated.

7      6.    Plaintiff Walter Fratus, H-41663, is currently housed
8   at High Desert State Prison.  Mr. Fratus uses a wheelchair
9   because his legs are paralyzed.  Mr. Fratus also has partial
10  paralysis of his arms.

11     7.    Plaintiff Gregory Sandoval, D-86282, was housed at
12  California State Prison at Solano and is currently on parole.
13  Mr. Sandoval has a hearing impairment.

14     8.    Plaintiff Peter Richardson, B-77974, was housed at
15  California State Prison at Solano.  Mr. Richardson had a learning
16  disability that defendants BPT and Nielsen did not reasonably
17  accommodate, _inter alia_, during his parole suitability hearings.

18     9.    Plaintiff David Rose, J-10638, is currently housed at
19  Deuel Vocational Institution.  Mr. Rose has a hearing impairment.
20  Defendants BPT and Nielsen failed to provide reasonable
21  modifications for his disability and equally effective
22  communication during the parole revocation process.

23     10.   Plaintiff David Blessing, H-45928, is currently housed
24  at the Wasco State Prison Reception Center.  Mr. Blessing is
25  hearing impaired.  Defendants BPT and Nielsen failed to provide
26  reasonable modifications for his disability and equally effective
27  communication during the parole revocation process.

28

1    11. Plaintiff Elio Castro, D-36836, is currently housed at
2  Avenal State Prison.  Mr. Castro is hearing impaired.  Defendants
3  BPT and Nielsen failed to provide reasonable modifications for
4  his disability and equally effective communication at his parole
5  suitability and other lifer hearings.

6    12. Plaintiff Elmer Umbenhower, D-45928, is currently
7  housed at Deuel Vocational Institution.  Mr. Umbenhower is
8  mobility impaired.  Defendants BPT and Nielsen failed to provide
9  reasonable modifications for his disability during the parole
10  revocation process.

11    13. Plaintiff Raymond Hayes, C-82229, is currently housed
12  at Salinas Valley State Prison.  Mr. Hayes is mobility impaired.
13  Defendants BPT and Nielsen failed to provide reasonable
14  modifications for his disability at his parole suitability and
15  other lifer hearings.

16    14. Plaintiff Gene Horrocks, C-08859, is currently housed
17  at Avenal State Prison.  Mr. Horrocks is mobility impaired.
18  Defendants BPT and Nielsen failed to provide reasonable
19  modifications for his disability at his parole suitability and
20  other lifer hearings.

21    15. Plaintiff Kiah Mincey, C-74063, is currently on parole.
22  Mr. Mincey is vision impaired.  Defendants BPT and Nielsen
23  failed to provide reasonable modifications for his disability
24  during the parole revocation process.

25    16. Plaintiff Clifton Feathers, C-63845, is currently
26  housed at the California Institution for Men.  Mr. Feathers is
27  vision impaired.  Defendants BPT and Nielsen failed to provide
28

Second Amended Complaint
Armstrong v. Davis, No. C-94-2307 CW          5

1   reasonable modifications for his disability at his parole

2   suitability hearings and other lifer hearings.

3       17.  Plaintiff Willie Johnson, E-81930, is currently housed

4   at Avenal State Prison.  Mr. Johnson is vision impaired.

5   Defendants BPT and Nielsen failed to provide reasonable

6   modifications for his disability at his parole documentation

7   hearings.

8       18.  Plaintiff David Badillo, H-49189, is currently housed

9   at Wasco State Prison.  Plaintiff is developmentally disabled.

10  Defendants BPT and Nielsen failed to provide reasonable

11  modifications for his disability at parole revocation

12  proceedings.

13      19.  Plaintiff James Simmons, C-79287, is currently housed

14  at California Mens Colony.  Plaintiff is developmentally

15  disabled.  Defendants BPT and Nielsen failed to provide

16  reasonable modifications for his disability at life parole

17  consideration hearings.

18      2)  <u>Defendants</u>

19      20.  Gray Davis is the Governor of the State of California

20  and the Chief Executive of the state government.  He is sued

21  herein in his official capacity.  As Governor he is obligated

22  under state law to supervise the official conduct of all

23  executive and ministerial officers and to see that all offices

24  are filled and their duties lawfully performed.  Defendant Davis

25  has control over the monies allocated to California Department of

26  Corrections by submitting a budget and by exercising his

27  authority to veto or sign legislation appropriating funds for

28  prison construction and renovation and prison and parole

1  programs.  Defendant Davis has the authority to appoint and
2  remove the subordinate defendants named herein.  Defendant Davis
3  retains the ultimate state authority over the care and treatment
4  of the plaintiff class, and is responsible for ensuring that all
5  programs, activities and services operated by and under the
6  control of the California Department of Corrections comply with
7  Section 504 and the ADA.

8      21.  Defendant Robert Presley is Secretary of the Youth and
9  Corrections Agency of the State of California and is sued herein
10 in this capacity.  The Youth and Corrections Agency supervises
11 the operation of the California Department of Corrections.

12     22.  Defendant Cal A. Terhune is the Director of the
13 California Department of Corrections and is sued herein in that
14 capacity.  The Department of Corrections is responsible for the
15 operation of the California state prison and parole system,
16 including the construction of prison facilities and the provision
17 of accessible programs and activities to individuals with
18 disabilities.

19     23.  Defendant Susanne Steinberg, M.D. is the Deputy
20 Director for Health Care Services for the California Department
21 of Corrections and is sued in that capacity.  As Deputy Director,
22 Dr. Steinberg is responsible for supervising the development and
23 implementation of a system of individual assessment of a
24 prisoner's disability, including his or her ability to perform
25 daily living tasks and job responsibilities.

26     24.  Defendant Judith McGillivray is Deputy Director of the
27 Planning and Construction Division for the California Department
28 of Corrections and is sued in that capacity.  As Deputy Director,

1  Ms. McGillivray is responsible for supervising the planning and
2  construction of new prisons and for renovations of existing
3  prisons.  Ms. McGillivray failed to perform his responsibilities
4  under Section 504 and the ADA.

5      25.  Defendant David Tristan is Deputy Director of the
6  Institutions Division for the California Department of
7  Corrections and is sued in that capacity.  As Deputy Director,
8  Mr. Tristan is responsible for ensuring that all programs,
9  activities and services operated by and under the control of the
10 California Department of Corrections comply with Section 504 and
11 the ADA.

12     26.  Defendant Midge Carroll is Deputy Director of the
13 Parole and Community Services Division for the California
14 Department of Corrections and is sued in that capacity.  As
15 Deputy Director, Ms Carroll is responsible for ensuring that all
16 programs, activities and services operated by and under the
17 control of the California Department of Corrections for parolees
18 comply with Section 504 and the ADA.

19     27.  Defendant California Board of Prison Terms (BPT) is
20 responsible for conducting various types of hearings to determine
21 whether and under what conditions a prisoner or parolee should
22 remain or be released on parole, be incarcerated in a prison or
23 be involuntarily confined at a treatment facility after serving a
24 sentence of imprisonment.

25     28.  Defendant James Nielsen is the Chairman of the BPT and
26 is sued in that capacity.  As Chairman, Mr. Nielson is
27 responsible for the operations of the BPT and must ensure that

28

1  all programs, activities and services operated by the BPT comply
2  with Section 504 and the ADA.

C. JURISDICTION

4      29.   This court has jurisdiction under 28 U.S.C. sections
5  1331 and 1343.   Plaintiffs seek declaratory and injunctive relief
6  under 28 U.S.C. sections 1343, 2201 and 2202, 29 U.S.C. section
7  794(a) and 42 U.S.C. sections, 1983, 12117(a).

D. VENUE

9      30.   Venue is appropriate in this Court under 28 U.S.C.
10  section 1391(b), because a substantial part of the events or
11  omissions giving rise to plaintiffs' claims occurred within the
12  Northern District of California.

E. CLASS ACTION ALLEGATIONS

14     31.   Plaintiffs bring this action on their own behalf and,
15  pursuant to Rule 23(b)(1) and Rule 23(b)(2) of the Federal Rules
16  of Civil Procedure, on behalf of all prisoners and parolees with
17  mobility, sight, hearing, learning, kidney and developmental
18  disabilities, as defined in 29 U.S.C. section 706(8)(A) and 42
19  U.S.C. section 12102, who are now, or will in the future be,
20  under the custody of the California Department of Corrections.

21         (a)   The exact size of the class is unknown to the
22  plaintiffs but they believe there are thousands of class members
23  and the size of the class is so numerous that joinder of all
24  members is impracticable;

25         (b)   The conditions, practices and omissions that form
26  the basis of this complaint are common to all members of the
27  class and the relief sought will apply to all of them.

28

1    (c)   The claims of the plaintiffs are typical of the
2   claims of the entire class.

3    (d)   The prosecution of separate actions by individual
4   members of the class would create a risk of inconsistent and
5   varying adjudications which would establish incompatible
6   standards of conduct for the defendants.

7    (e)   The prosecution of separate actions by individual
8   members of the class would create a risk of adjudications with
9   respect to individual members which would, as a practical matter,
10  substantially impair the ability of other members to protect
11  their interests.

12   (f)   Defendants have acted or refused to act on grounds
13  generally applicable to the class, making appropriate injunctive
14  and declaratory relief with respect to the class as a whole, or
15  to particular subclasses.

16   (g)   There are questions of law and fact common to the
17  members of the class including defendants' violations of the
18  Americans with Disabilities Act, and Section 504 of the
19  Rehabilitation Act of 1973  because of denial of the benefit of
20  and discrimination in access to programs and activities for
21  individuals with disabilities.

22   (h)   The named plaintiffs are capable, through counsel,
23  of fairly and adequately representing the class and protecting
24  its interests because they are individuals with disabilities who
25  suffer from, among other things, defendants' violations of the
26  Americans with Disabilities Act, Section 504 of the
27  Rehabilitation Act of 1973 and the Due Process Clause, as set
28  forth in plaintiffs' statement of Class Claims.

1                **F.   STATEMENT OF CLASS CLAIMS**

2      32.   The California Department of Corrections and the Board

3  of Prison Terms receives federal financial assistance as that

4  term is used in 29 U.S.C. section 794(b)(1)(A).

5      33.   The California Department of Corrections has spent

6  billions of public dollars since the 1960's building new prisons

7  and renovating its existing facilities.  Defendants built and

8  renovated almost every existing prison since state accessibility

9  laws were passed in the 1960's and since federal accessibility

10 laws were passed in the 1970's.  The Planning and Construction

11 Division of the California Department of Corrections is

12 responsible for the planning and construction of these

13 institutions.

14     34.   Both Section 504 and the ADA require that all new

15 building and any renovation or remodeling comply with federal

16 accessibility standards.  29  U.S.C. section 794(a); 42 U.S.C.

17 sections 12132, 12133 and 12134(b); 28 C.F.R. sections 35.149,

18 35.151, 41.57(B) and 41.58(a).  Defendants built and renovated

19 prisons that fail to comply with these standards found in the

20 Uniform Federal Accessibility Standards [hereinafter referred to

21 as "UFAS"].  41 C.F.R. Pt.101-19.6.  As a result of their failure

22 to comply with federal law, defendants have expended billions of

23 dollars to build facilities that must be renovated in order to

24 meet federal accessibility standards.  28 C.F.R. section 35.151

25 (a)-(c).  This waste of public monies was both unnecessary and

26 unconscionable.

27     35.   As a result of defendants' unlawful failure to comply

28 with federal accessibility standards, plaintiffs have been

1   delayed in their transfer to institutions that can accommodate
2   their disabilities and have been excluded from the educational,
3   vocational, work furlough and work credit, recreational,
4   visiting, classification, disciplinary and emergency programs and
5   services that defendants offer to individuals under their custody
6   and control.

7       36.   Despite the clear mandate of Section 504 and the ADA,
8   defendants have failed to adequately evaluate the BPT's current
9   services, policies and practices to determine the extent to which
10  modification of its services, policies and practices is required,
11  and have failed to develop policies and practices for
12  implementing such modifications.   29 U.S.C. section 794(a); 42
13  U.S.C. section 12134(b); 28 C.F.R. sections 35.105, 35.150(d),
14  41.5(b)(2), 41.57(c) and 42.505(c).

15      37.   For those individuals with disabilities who have self-
16  identified, defendants have failed to make individualized
17  assessments of their ability to participate in work, educational,
18  vocational, and recreational programs and services offered by
19  defendants, and, as a result, have excluded individuals who were
20  otherwise qualified to participate in these programs by reason of
21  their disabilities and not their abilities in violation of
22  federal law.   29 U.S.C. section 794(a); 42 U.S.C. sections
23  12112(b) and 12132; 28 C.F.R. sections 35.130 (a)-(b)(8) and
24  41.51.

25      38.   Defendants have failed to make reasonable
26  accommodations to individuals with disabilities in the programs,
27  activities, services, benefits, and jobs they offer to
28  individuals under their custody and control.   29 U.S.C. section

1    794(a); 42 U.S.C. sections 12111(9) and 12132; 28 C.F.R. sections
2    35.150(b)(7) and 41.53.

3        39.   Defendants continue to engage in a policy and practice
4    of violating federal accessibility requirements in the design and
5    construction of its current projects, including new and renovated
6    prison facilities in California.   Defendants continue to engage
7    in a policy and practice of failing to develop adequate policies
8    and practices for providing the plaintiff class with reasonable
9    access to programs, activities and services available generally
10   to other individuals under their custody and control.
11   Defendants' conduct constitutes an ongoing and continuous
12   violation of Section 504 and the ADA and, unless restrained from
13   doing so, defendants will continue to violate the law.

14       40.   Defendants have failed to furnish appropriate auxiliary
15   aids and services where necessary to afford plaintiffs and
16   members of the plaintiff class the opportunity to participate in
17   the programs, activities, services, benefits, and jobs they offer
18   to individuals under their custody and control.   29 U.S.C.
19   section 794(a); 42 U.S.C. sections 12132 and 12134(b); 28 C.F.R.
20   sections 35.160-35.163.   In addition to being denied access to
21   many of defendants' programs, plaintiffs and members of the
22   plaintiff class have been endangered during emergencies in the
23   prison as a result of defendants' failure to take appropriate
24   steps to ensure that communications with them are as effective as
25   communications with other prisoners.   Id.

26       41.   By denying plaintiffs and the plaintiff class with
27   meaningful access to programs and facilities that they are
28   otherwise qualified to participate in, and by denying plaintiffs

1 | and the plaintiff class the benefits of participation in programs
2 | and activities that they are otherwise qualified to participate
3 | in, and by failing to reasonably accommodate plaintiffs and the
4 | plaintiff class, thereby subjecting them to discrimination,
5 | defendants have violated Section 504 and the ADA.

6 |     42.   Defendants BPT and Nielsen have failed to provide
7 | reasonable modifications to policies, practices, and procedures
8 | for disabled prisoners and parolees in Board of Prison Terms
9 | hearing processes.  Hearing processes include, but are not
10 | limited to, notices and other documents received prior to the
11 | hearing, the actual hearing, any hearing waiver offer, any
12 | preparation by the prisoner or parolee for the hearing, any
13 | conditions or recommendations made by the BPT at the hearing and
14 | any appeal or grievance submitted regarding the hearing.
15 | Defendant's discriminatory actions include, but are not limited
16 | to, a failure to ensure equally effective communication, a
17 | failure to provide auxiliary aids and services, a failure to
18 | ensure accessible hearing locations and a failure to provide
19 | effective assistance at the hearings.

20 |     43.   By repeatedly and persistently denying plaintiffs and
21 | the plaintiff class with appropriate assistance prior to, during
22 | and after the hearings, defendants BPT and Nielsen have violated
23 | the Due Process Clause of the Fourteenth Amendment.

24 |     44.   By repeatedly and persistently denying plaintiffs and
25 | the plaintiff class with facilities that comply with federal
26 | accessibility standards, defendants have violated Section 504 and
27 | the ADA.

28 |

1

### G.   PRAYER FOR RELIEF

2     WHEREFORE, plaintiffs pray that this Court:

3     A.   Declare the suit is maintainable as a class action

4  pursuant to Federal Rule of Civil Procedure 23(b)(1) and

5  23(b)(2);

6     B.   Adjudge and declare that the conditions,

7  practices, and omissions described above are in violation of the

8  rights of the plaintiffs and the class they represent under

9  Section 504 of the Rehabilitation Act of 1973 and the Americans

10  with Disabilities Act of 1991.

11     C.   Preliminarily and permanently enjoin defendants,

12  their agents, employees and all persons acting in concert with

13  them, from subjecting plaintiffs and the class they represent to

14  the illegal conditions, practices and omissions described above;

15     D.   Order defendants to end their practices of denying

16  individuals with disabilities the benefits of, excluding them

17  from participation in, and subjecting them to discrimination

18  under programs and activities provided by the California

19  Department of Corrections and the Board of Prison Terms;

20     E.   Order defendants to reasonably accommodate the

21  special needs of individuals with disabilities;

22     F.   Order defendants to makes its existing and future

23  facilities in California readily accessible to and usable by

24  individuals with disabilities as required under Section 504 of

25  the Rehabilitation Act of 1973 and the Americans with

26  Disabilities Act of 1991 and the regulations promulgated

27  thereunder;

28

1          G.    Order defendants BPT and Nielsen to provide

2    adequate assistance to plaintiffs and the plaintiff class in a

3    manner consistent with the Due Process Clause of the Fourteenth

4    Amendment;

5          H.    Award plaintiffs, pursuant to 29 U.S.C. section

6    794(b), 42 U.S.C. sections 1988 and 42 U.S.C. section 12205, the

7    costs of this suit and reasonable attorneys' fees and litigation

8    expenses;

9          H.    Retain jurisdiction of this case until defendants

10   have fully complied with the orders of this Court, and there is a

11   reasonable assurance that defendants will continue to comply in

12   the future absent continuing jurisdiction; and

13         I.    Award such other and further relief as the Court

14   deems just and proper.

15         Dated:   January 7, 1999

16

17

18

19                                                    

20                            DONALD SPECTER
                              Attorneys for Plaintiffs

21

22

23

24

25

26

27

28

<u>DECLARATION OF SERVICE BY MAIL</u>

Case Name:  Armstrong v. Wilson            No. C-94-2307-CW

I am employed in the County of Marin, California.  I am over the age of 18 years and not a party to the within entitled cause:  my business address is Prison Law Office, General Delivery, San Quentin, California  94964.

On January 7, 1999 I served the attached

**SECOND AMENDED COMPLAINT CLASS ACTION**

in said cause, placing, or causing to be placed, a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Rafael, California, addressed as follows:

George Prince
Office of the Attorney General
50 Fremont Street, Suite 300
San Francisco, CA  94105-2239

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at San Rafael, California on January 7, 1999.

Edie DeGraff