FILED
MAR 25 1999
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al., | No. C 94-02307 CW |
| Plaintiffs, | ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |
| v. | |
| GRAY DAVIS, et al., | |
| Defendants. | |

Defendants James Nielsen and the Board of Prison Terms (BPT) move to dismiss Plaintiffs' second amended complaint for failure to exhaust alternative judicial remedies as required by Heck v. Humphrey. In the alternative, Defendants Nielsen and the BPT move to dismiss the § 1983 claim against the BPT on the ground that Plaintiffs fail to state a claim on which relief can be granted because the BPT is not a "person" within the scope of § 1983. In addition, in a separate motion, all Defendants move to dismiss or strike Plaintiffs' second amended complaint on the grounds that Plaintiffs may not assert new or amended claims against Defendants as to whom liability previously has been settled by this Court's orders. Defendants also seek to leave to file a motion for summary judgment and for continuance of the trial date.

Plaintiffs request that the Court reconsider its January 8, 1999 order, and request that the Court set a date by which Defendants must assert any challenges to the negotiated aspects of the remedial plan, in the event that Defendants believe those provisions go further than the ADA requires.

The Court denies Defendants Nielsen and the BPT's motion to dismiss the entire second amended complaint, but grants the motion as to Plaintiffs' § 1983 claims asserted against Defendant BPT. The Court grants Defendants' motion to strike Plaintiffs' second amended complaint as to the California Department of Corrections Defendants Cal A. Terhune, Susanne Steinberg, Judith McGillivray, David Tristan, and Midge Carroll, but denies that motion as to Defendants Governor Gray Davis and the Secretary of the California Youth and Corrections Agency (YACA), Robert Presley. The Court denies Plaintiffs' motion for reconsideration. Finally, the Court denies Defendants' motion for leave to file a motion for summary judgment and for continuance of the trial date.

## DISCUSSION

I.  Defendants Nielsen and the BPT's Motion to Dismiss

Defendants James Nielsen and the BPT move to dismiss Plaintiffs' § 1983 claim in their second amended complaint as to the BPT for failure to state a claim upon which relief can be granted, on the grounds that the BPT is not a "person" within the scope of § 1983. Plaintiffs withdrew their § 1983 action against the BPT in their opposition to Defendants' motion. The Court therefore grants Defendant Nielsen and BPT's motion to dismiss Plaintiffs' § 1983 claims asserted against the BPT.

2

1    Defendants also move to dismiss on the ground that Plaintiffs
2 failed to exhaust alternative judicial remedies and are therefore
3 barred from bringing their claims under § 1983 by the Supreme
4 Court's holding in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).
5    In Heck, the Supreme Court held that a prisoner's claim under
6 § 1983 was not cognizable if it would invalidate a conviction or
7 sentence that had not otherwise been reversed, expunged, declared
8 invalid by a State tribunal, or called into question by a federal
9 court's writ of habeas corpus.  512 U.S. at 486-87.  In Edwards v.
10 Balisok the Court held that in cases in which prisoners sought to
11 challenge the procedures used, rather than the resulting conviction
12 or sentence, the determination of whether the claim is cognizable
13 under § 1983 turns on whether "the nature of the challenge to the
14 procedures [is] such as necessarily imply the invalidity of the
15 [resulting] judgment."  Edwards v. Balisok, 520 U.S. 641; 117 S.
16 Ct. 1584, 1587 (1997).
17    In Edwards, a prisoner asserted a § 1983 claim for damages and
18 declaratory relief for denial of due process in a disciplinary
19 hearing that led to the loss of good time credits.  The Supreme
20 Court found that the claim was barred by Heck, because the
21 plaintiff's specific allegations of bias and deceit were the type
22 of claims that would "necessarily imply the invalidity of the
23 punishment imposed."  Id. at 1589.
24    Defendants assert that Plaintiffs' challenge to the procedures
25 used by the BPT similarly "necessarily implies the invalidity" of
26 the fact or length of Plaintiffs' confinement.  Defendants are
27 incorrect.

3

Plaintiffs' ability to pursue their claims pursuant to § 1983 before exhausting other remedies turns on the nature of Plaintiffs' claims, and not on the type of relief sought. See <u>Edwards</u>, 117 S. Ct. at 1587. The Supreme Court has recognized that not all procedural challenges necessarily imply the invalidity of the underlying conviction or sentence. See <u>Heck</u>, 512 U.S. at 482; <u>Edwards</u>, 117 U.S. at 1287. In <u>Heck</u>, and later in <u>Edwards</u>, the Court referred to <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974) as an example of a case in which a procedural challenge did not implicate the rule in <u>Heck</u>.

In <u>Wolff</u>, a prisoner brought a § 1983 action challenging the procedures used to deprive prisoners of good time credits and seeking restoration of his credits and damages for the deprivation of his civil rights. <u>Id.</u> at 554. The Supreme Court found that although the plaintiff's claim for good-time credits was foreclosed, the damages claim was not, and required a determination of the validity of the procedures the plaintiff challenged. <u>Id.</u>

The Supreme Court in <u>Heck</u> later distinguished <u>Wolff</u> on the grounds that the claim in <u>Wolff</u> did not necessarily vitiate the denial of the plaintiff's good-time credit and, thus, did not necessarily call into question the plaintiff's confinement. 512 U.S. at 482. The Supreme Court in <u>Edwards</u> likewise cited <u>Wolff</u> to underscore that whether a procedural challenge necessarily implies the invalidity of an underlying judgment depends on the nature of the claim, not simply whether the claim challenged the procedures or the result. 117 S. Ct. at 1587-88. In her concurrence in <u>Edwards</u>, Justice Ginsburg noted that although the decision in

4

Edwards was based on specific allegations of wrongdoing that necessarily implied the invalidity of the plaintiff's sentence, cognizable claims for other procedural defects could still be brought under Wolff. Id. at 1589.

In this case, Plaintiffs state such a cognizable claim. Plaintiffs do not seek to invalidate their underlying parole denials or revocations. Neither do they seek damages for violations related to particular hearings. Rather, Plaintiffs claim that Defendants failed reasonably to modify the policies, practices, and procedures used in BPT hearings so that disabled prisoners and parolees could participate fully in those hearings. Plaintiffs seek prospective injunctive and declaratory relief pursuant to those claims.

As in Wolff, the specific procedural defects raised in Plaintiffs' claims, if proven, do not "necessarily imply the invalidity" of Plaintiffs' underlying parole denials or revocations, nor do such procedural defects vitiate the results of Plaintiffs' prior BPT hearings.

Defendants assert that Plaintiffs' challenges to the BPT hearing procedures necessarily imply the invalidity of Plaintiffs' confinement because the purpose of the BPT, and of BPT hearings, is to determine whether, and for how long, prisoners should remain in custody. The validity of a § 1983 challenge under Heck does not turn on the entity to which the procedures apply, but, rather, on whether the nature of the claim itself implies the invalidity of Plaintiffs' confinement.

5

Defendants rely on <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir. 1996), for the assertion that challenges to parole hearings implicate, per se, the validity of confinement. However, the claim asserted in <u>Butterfield</u> differs substantively from the claims asserted by Plaintiffs in the instant case. Butterfield alleged that the parole board relied on false information to find him ineligible for parole, and challenged the procedures used by the board. Although the Ninth Circuit noted in dicta that challenges to parole hearings directly implicated the validity of confinement, the court ultimately found that Butterfield's claim was barred by <u>Heck</u> because it "amounts to a collateral attack on his denial of parole and subsequent incarceration." <u>Id.</u> at 1024. As the court wrote, Butterfield "would not [have] challenge[d] the alleged procedural defects if he did not believe that, were those procedural defects remedied, he would be paroled." <u>Id.</u> at 1025. Unlike Butterfield, Plaintiffs do not assert the claims in this case to attack collaterally their parole denials or revocations.

Defendants nevertheless argue that a decision in this case could be collaterally applied in other cases which, in turn, could imply the invalidity of the fact or length of Plaintiffs' confinement. This is not the situation prohibited by <u>Heck</u>. Allowing Plaintiffs' procedural challenges to proceed under § 1983 in this case does not relieve them of the requirement under <u>Heck</u> to exhaust alternative judicial remedies prior to bringing § 1983 actions to challenge the terms of their confinement. The fact that <u>Heck</u> would properly apply to such challenges does not transform the

6

procedural challenges asserted in this case into those to which Heck's requirements apply.

The Court thus finds that Plaintiffs' claims do not necessarily imply the invalidity of the judgments against them, and that the requirement under Heck that Plaintiffs exhaust alternative judicial remedies prior to bringing the § 1983 claims asserted in this case does not apply.  Accordingly, the Court denies Defendant Nielsen's motion to dismiss Plaintiffs' second amended complaint against him.

II.  Defendants' Motion to Dismiss Second Amended Complaint

All Defendants move, collectively, to dismiss or strike Plaintiffs' second amended complaint on the ground that it asserts new or amended claims as to parties against whom issues of liability have been conclusively resolved.  Defendants argue that because the stipulation, settlement, and remedial orders issued by the Court in this case resolved liability as to all Defendants, except James Nielsen and the BPT,[1] Plaintiffs are estopped from reasserting claims covered by the settlement agreement, see MWS Wire Indus., Inc. v. California Fine Wire Co., Inc., 797 F.2d 799, 802 (9th Cir. 1986), and that any complaint alleging such claims is

---

[1] The Court entered an order on the parties' stipulation in this case on July 6, 1996, in part to "resolve the litigation between plaintiffs and the Governor and state prison officials" involved in the case.  The settlement specified that it did "not resolve any issues between plaintiffs and the Board of Prison Terms or defendant Nielsen."  On September 20, 1996, pursuant to the terms of the stipulation, the Court entered a remedial order, resolving all claims of liability against all Defendants other than Nielsen and the BPT.  Finally, in its January 8, 1999 order, the Court resolved most of the remedial issues in this case.

1  mooted by that agreement.  See Arnold v. United States, 816 F.2d
2  1306, 1309 (9th Cir. 1987).
3      In their opposition to Defendants' motion Plaintiffs agreed to
4  dismiss the new claims and additional class members' claims as
5  against California Department of Corrections Defendants Cal A.
6  Terhune, Susanne Steinberg, Judith McGillivray, David Tristan, and
7  Midge Carroll.  The Court therefore grants Defendants' motion to
8  dismiss the second amended complaint as to those Defendants.
9      Plaintiffs contend that Governor Gray Davis and the Secretary
10 of the California YACA, Robert Presley, are properly subject to the
11 new causes of action, and the claims of the expanded Plaintiff
12 class, in their supervisory capacity over Defendants Nielsen and
13 the BPT.  The Court agrees.
14     The addition of new class members and additional claims in the
15 second amended complaint does not constitute the reassertion of
16 claims previously resolved by the settlement agreement, which
17 covered actions against the California Department of Corrections,
18 and not Defendants Nielsen or the BPT.  Governor Davis and
19 Secretary Presley may therefore be included in their supervisory
20 capacities over Defendants Nielsen and the BPT.
21     The cases cited by Defendants do not require otherwise.  MWS
22 Wire involved the validity of an agreement in which the defendant
23 acknowledged the validity of the plaintiff's trademark and agreed
24 to stop infringing the plaintiff's rights in exchange for the
25 plaintiff's promise not to sue the defendant for past infringement.
26 In a subsequent action for breach of contract and trademark
27 infringement, the Ninth Circuit held that the district court

erroneously considered the merits of the trademark infringement claim without first determining if the agreement was a binding contract. 797 F.2d at 802. <u>Arnold</u> likewise involved whether a settlement agreement had been breached such that the plaintiff could raise the merits of the claims underlying that agreement. 816 F.2d at 1307, 1309.

In contrast, Plaintiffs in the instant action neither seek to enforce the settlement agreement against Defendants who are party to that agreement, nor do Plaintiffs seek to try the merits of the claims underlying the settlement agreement which, by its terms, does not pertain to Defendants Nielsen or the BPT. The Court therefore denies Defendants' motion to dismiss as to Governor Davis and Secretary Presley.

III. Plaintiffs' Motion for Reconsideration

Plaintiffs move for reconsideration of the Court's January 8, 1999 order directing Defendants to comply with the Remedial Plan. In that Order, the Court found that the aspects of the plan originally proposed by Defendants (pursuant to the Remedial Order of September 20, 1996), and those that the Court ordered Defendants to alter, satisfied the requirements of the Prison Litigation Reform Act (PLRA). The Court did not make such a finding regarding the negotiated aspects of the plan, and instead held that Defendants could move for relief from those aspects of the plan at any time if those provisions go further than required by the ADA.

Plaintiffs contend that the negotiated sections of the plan cannot easily be identified because they are integrated with the rest of the plan and that allowing Defendants to challenge the

9

negotiated provisions of the plan at any time undermines the enforceability of the plan.  Plaintiffs therefore request that the Court set a firm deadline by which time Defendants must make a motion for relief from any aspect of the plan they believe goes further than the ADA requires.

Defendants erroneously assert that the Court lacks jurisdiction to hear this motion while an appeal is pending.  See Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997).  Pursuant to Federal Rule of Procedure 62(c), the Court may issue orders to enforce its judgments during the pendency of an appeal.  See Fed. R. Civ. Proc. 62(c); Hoffman v. Beer Drivers, 536 F.2d 1268, 1276 (9th Cir. 1976).  Under Rule 62(c) the Court retains jurisdiction as part of its duty to preserve the status quo while an appeal is pending; however, the Court may not "adjudicate anew the merits" of the issue on appeal or "finally adjudicate substantial rights involved in the appeal."  McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731, 734 (9th Cir. 1982).

In this case, Plaintiffs' request does not require that the Court adjudicate the merits of the issues on appeal nor the substantive rights of the parties.  The requested modification would thus be permissible under Rule 62(c) and within the Court's enforcement power under McClatchy.  However, the Court finds that it would be both arbitrary and premature to set a date by which Defendants would be required to assert any and all motions challenging the negotiated provisions of the plan.  To establish any such requirement would force the parties into a dispute over aspects of the plan about which no dispute may arise during the

10

implementation of the plan. In addition, to establish this requirement would undermine the Court's directive in the January 8, 1998 order that the parties attempt to resolve disputes informally prior to pursuing a judicial remedy.

The Court should therefore denies Plaintiffs' motion for reconsideration.

IV. Motion for Summary Judgment and to Continue Trial Date

Defendants seek leave to file a motion for summary judgment, and request that the trial be continued to accomodate that motion and ongoing discovery. Defendants assert that the Court should grant their request to file a motion for summary judgment after the case dispositive motion cut-off date because the complaint was amended to modify the class in January, 1999 which, in turn, complicated filing a case dispositive motion prior to the cut-off date. Defendants also argue that the motion for summary judgment will narrow the issues that proceed to trial. The Court disagrees. First, Defendants had time between the January 8, 1999 amendment and the February 23, 1999 cut-off date to at least notify the Court that it sought to file a motion for summary judgment. Second, Defendants' proposed motion for summary judgment addresses issues included in the previous complaint, and issues raised by the modification of the class and amendment of the complaint are not central to Defendants' motion.

Defendants did not indicate that they desired a continuance in the event that the Court did not grant Defendants leave to file a motion for summary judgment. Neither do Defendants present compelling reasons for continuing the trial date, nor claim they

would be prejudiced by this Court's denial of a continuance. In addition, as the Court informed the parties at the hearing on these motions, the trial date is already likely to be moved forward due to criminal trials pending in this Court.

The Court therefore denies Defendants' motion seeking leave to file a motion for summary judgment and to continue the trial date.

CONCLUSION

The Court denies Defendant Nielsen's motion (Docket No. 371) to dismiss the second amended complaint against him, but grants the Defendant BPT's motion to dismiss Plaintiffs' § 1983 claims asserted against it. The Court grants in part Defendants' motion to strike Plaintiffs' second amended complaint (Docket No. 355), dismissing the claims against California Department of Corrections Defendants Cal A. Terhune, Susanne Steinberg, Judith McGillivray, David Tristan, and Midge Carroll, but denying dismissal of the claims against Defendants Governor Gray Davis and Secretary of the California YACA, Robert Presley. The Court denies Plaintiffs' motion for reconsideration of the January 8, 1999 order (Docket No. 375). Finally, the Court denies Defendants' motion for leave to file a motion for summary judgment and for continuance of the trial date (Docket No. 389).

Dated: MAR 25 1999

CLAUDIA WILKEN
United States District Judge

Copies mailed to counsel as noted on the following page

```
                                                                    scc
```

United States District Court
for the
Northern District of California
March 25, 1999

\* \* CERTIFICATE OF SERVICE \* \*

Case Number: 4:94-cv-02307

Armstrong

  vs

Wilson

_____

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 25, 1999, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

✓ Mary Beth Uitti, Esq.
  U.S. Attorney's Office
  Rm 115
  450 Golden Gate Ave 10th Flr
  P.O. Box 36055
  San Francisco, CA  94102

✓ Sharon N. Perley, Esq.
  USDJ - Disability Rights Section
  Civil Rights Division
  P.O. Box 66738
  Washington, DC  20035-6738

  Sara Linda Norman, Esq.
  Prison Law Office
  General Delivery
  San Quentin, CA  94964

✓ Donald Specter, Esq.
  Prison Law Office
  General Delivery
  San Quentin, CA  94964

✓ Eve H. Shapiro, Esq.
  Howard Rice Nemerovski Canady Falk & Rabin

Three Embarcadero Ctr 7th Flr
San Francisco, CA  94111

Arlene B. Mayerson, Esq.
Disability Rights Education & Defense Fund, Inc
2212 Sixth Street
Berkeley, CA  94710

Shawn A. Hanson, Esq.
Pillsbury Madison & Sutro LLP
235 Montgomery St
P O Box 7880
San Francisco, CA  94120-7880

Shawn Hanson, Esq.
Pillsbury Madison & Sutro LLP
235 Montgomery St
P O Box 7880
San Francisco, CA  94120-7880

Morris Lenk, Esq.
CA State Attorney General's Office
50 Fremont Street
Room 300
San Francisco, CA  94105

George D. Prince, Esq.
CA State Attorney General's Office
50 Fremont Street
Room 300
San Francisco, CA  94105

James M. Humes, Esq.
CA State Attorney General's Office
50 Fremont Street
Room 300
San Francisco, CA  94105

David P. Druliner, Esq.
CA State Attorney General's Office
50 Fremont Street
Room 300
San Francisco, CA  94105

Warren E. George, Esq.
McCutchen Doyle Brown & Enersen LLP
Three Embarcadero Ctr
San Francisco, CA  94111

Jennifer A. Jonak, Esq.
McCutchen Doyle Brown & Enersen LLP
Three Embarcadero Ctr
San Francisco, CA  94111

Michael W. Bien, Esq.
Rosen Bien & Asaro
155 Montgomery St 8th Flr
San Francisco, CA  94104

William Fernholz, Esq.

Rosen Bien & Asa[...]
155 Montgomery St 5th Flr
San Francisco, CA  94104

✓ Elaine Feingold, Esq.
Elaine B. Feingold Law Offices
1524 Scenic Avenue
Berkeley, CA  94708

✓ Caroline N. Mitchell, Esq.
Pillsbury Madison & Sutro LLP
235 Montgomery Street
P.O. Box 7880
San Francisco, CA  94120-7880

Elaine B. Feingold, Esq.
Law Office of Elaine B. Feingold
1524 Scenic Avenue
Berkeley, CA  94708

Richard W. Wieking, Clerk

BY: _____
    Deputy Clerk