PRISON LAW OFFICE
DONALD SPECTER, #83925
SARA NORMAN, #189536
General Delivery
San Quentin, CA 94964
Telephone: (415) 457-9144

McCUTCHEN DOYLE BROWN &ENERSEN
WARREN E. GEORGE, #53588
JENNIFER A. JONAK, #191323
Three Embarcadero Center
San Francisco, CA 94111-4066
Telephone: (415) 393-2000

DISABILITY RIGHTS EDUCATION AND DEFENSE FUND, INC.
ARLENE MAYERSON, #79310
2212 6th Street
Berkeley, CA 94710
Telephone: (510) 644-2555

ROSEN, BIEN & ASARO
MICHAEL W. BIEN, #96891
WILLIAM FERNHOLZ, #168278
155 Montgomery St., 8th Floor
San Francisco, CA 94104
Telephone: (415) 433-6830

HOWARD, RICE, NEMEROVSKI, CANADY, FALK & RABKIN
EVE SHAPIRO, #164709
Three Embarcadero Center, 7th Fl.
San Francisco, CA 94111
Telephone: (415) 434-1600

LAW OFFICES OF ELAINE B. FEINGOLD
ELAINE B. FEINGOLD, #99226
1524 Scenic Ave.
Berkeley, CA 94708
Telephone: (510) 848-8125

PILLSBURY, MADISON & SUTRO LLP
SHAWN A. HANSON, #109321
CAROLINE MITCHELL, #143124
235 Montgomery Street
San Francisco, CA 94120-7880
Telephone: (415) 983-1000

Attorneys for Plaintiffs

411

FILED

APR - 7 1999

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al.,<br>Plaintiffs,<br>v.<br>GRAY DAVIS, et al.,<br>Defendants. | No. C-94-2307-CW<br><br>Third Amended Complaint<br>Class Action |

**A. NATURE OF ACTION**

1. This is a civil rights action, brought on behalf of state prisoners and parolees with certain disabilities, for

declaratory and injunctive relief. State officials and the California Board of Prison Terms (BPT) discriminate against plaintiffs and the class they represent by reason of their disability. Defendants have constructed, renovated, purchased or leased facilities, including approximately twenty prisons, that are not accessible to prisoners or parolees with mobility impairments. Defendants do not have adequate policies or practices that enable them to identify, assess or reasonably accommodate individuals with disabilities so that these individuals can participate in the programs and activities that they are otherwise qualified for. Defendants have failed to provide class members with visual, hearing and other impairments with auxiliary aids and services to ensure effective communication so that they can participate in programs and activities, including emergency warnings. Defendants BPT and Nielsen have failed to provide class members with adequate assistance at parole hearings so that they have adequate notice of the proceedings and the issues therein and can effectively participate in the hearings.

2. Plaintiffs and the class they represent bring this action under 42 U.S.C. sections 1983, 12101 et seq. and 29 U.S.C. section 794 and the Due Process Clause of the Fourteenth Amendment against California officials who have responsibility for, and complete control over, the programs and activities provided to plaintiffs, and who have responsibility for, and complete control over, the construction of prison facilities since 1968. Defendants have repeatedly and persistently denied the plaintiff class equal and sufficient access to programs and

activities run by defendants thereby subjecting them to unlawful discrimination and a denial of due process. Defendants have been and are engaging in a policy and practice of violating federal requirements in the design and construction of its new, renovated and/or remodeled facilities in California. Defendants' conduct constitutes an ongoing and continuous violation of federal law, and unless restrained from doing so, defendants will continue to violate federal law. Therefore, plaintiffs seek declaratory and injunctive relief to remedy the illegal conditions and practices to which they and the class of others similarly situated are subjected.

## B. PARTIES

(1) Plaintiffs

3. Plaintiffs and the class they represent are individuals, under the custody and control of the California Department of Corrections, who have mobility, sight, hearing, learning and kidney and developmental impairments, that substantially limit one or more of their major life activities. They have been denied access to the programs, services and activities run by defendants and have been confined in or use facilities operated by and under the control of the California Department of Corrections. All plaintiffs are "individuals with disabilities" as that term is defined in Section 504 of the Rehabilitation Act of 1973 [hereinafter referred to as "Section 504"], 29 U.S.C. section 706(8), and the Americans With Disabilities Act [hereinafter referred to as the "ADA"], 42 U.S.C. section 12102(2).

4. Plaintiff John Armstrong, E-46263, is currently housed at California Medical Facility at Vacaville. Mr. Armstrong has a visual impairment.

5. Plaintiff Judy Fendt, W-25026, is currently housed at Central California Women's Facility. Ms. Fendt uses a wheelchair and/or a leg prosthesis because her right leg has been amputated.

6. Plaintiff Walter Fratus, H-41663, is currently housed at High Desert State Prison. Mr. Fratus uses a wheelchair because his legs are paralyzed. Mr. Fratus also has partial paralysis of his arms.

7. Plaintiff Gregory Sandoval, D-86282, was housed at California State Prison at Solano and is currently on parole. Mr. Sandoval has a hearing impairment.

8. Plaintiff Flora Abrams, W-46127, is currently on parole. Ms. Abrams has a learning disability that defendants BPT and Nielsen did not reasonably accommodate, inter alia, when she waived her right to parole revocation hearings on numerous occasions.

9. Plaintiff Joey Gough, C-18465, is currently housed at the California Men's Colony. Mr. Gough has a learning disability that defendants BPT and Nielsen did not reasonably accommodate, inter alia, at his screening offers, parole revocation hearings, and related procedures.

10. Plaintiff Timothy Whisman, D-66127, is currently on parole. Mr. Whisman has a learning disability that defendants BPT and Nielsen failed to reasonably accommodate: he did not understand many of the documents he signed for the BPT and when

he requested an attorney, the BPT denied the request despite having knowledge of his learning disability.

11. Plaintiff David Rose, J-10638, is currently housed at Deuel Vocational Institution. Mr. Rose has a hearing impairment. Defendants BPT and Nielsen failed to provide reasonable modifications for his disability and equally effective communication during the parole revocation process.

12. Plaintiff David Blessing, H-45928, is currently housed at the Wasco State Prison Reception Center. Mr. Blessing is hearing impaired. Defendants BPT and Nielsen failed to provide reasonable modifications for his disability and equally effective communication during the parole revocation process.

13. Plaintiff Elio Castro, D-36836, is currently housed at Avenal State Prison. Mr. Castro is hearing impaired. Defendants BPT and Nielsen failed to provide reasonable modifications for his disability and equally effective communication at his parole suitability and other lifer hearings.

14. Plaintiff Elmer Umbenhower, D-45928, is currently housed at Deuel Vocational Institution. Mr. Umbenhower is mobility impaired. Defendants BPT and Nielsen failed to provide reasonable modifications for his disability during the parole revocation process.

15. Plaintiff Raymond Hayes, C-82229, is currently housed at Salinas Valley State Prison. Mr. Hayes is mobility impaired. Defendants BPT and Nielsen failed to provide reasonable modifications for his disability at his parole suitability and other lifer hearings.

16. Plaintiff Gene Horrocks, C-08859, is currently housed at Avenal State Prison. Mr. Horrocks is mobility impaired. Defendants BPT and Nielsen failed to provide reasonable modifications for his disability at his parole suitability and other lifer hearings.

17. Plaintiff Kiah Mincey, C-74063, is currently on parole. Mr. Mincey is vision impaired. Defendants BPT and Nielsen failed to provide reasonable modifications for his disability during the parole revocation process.

18. Plaintiff Clifton Feathers, C-63845, is currently housed at the California Institution for Men. Mr. Feathers is vision impaired. Defendants BPT and Nielsen failed to provide reasonable modifications for his disability at his parole suitability hearings and other lifer hearings.

19. Plaintiff Willie Johnson, E-81930, is currently housed at Avenal State Prison. Mr. Johnson is vision impaired. Defendants BPT and Nielsen failed to provide reasonable modifications for his disability at his parole documentation hearings.

20. Plaintiff David Badillo, H-49189, is currently housed at Wasco State Prison. Plaintiff is developmentally disabled. Defendants BPT and Nielsen failed to provide reasonable modifications for his disability at parole revocation proceedings.

21. Plaintiff James Simmons, C-79287, is currently housed at California Mens Colony. Plaintiff is developmentally disabled. Defendants BPT and Nielsen failed to provide

reasonable modifications for his disability at life parole consideration hearings.

2) <u>Defendants</u>

22. Gray Davis is the Governor of the State of California and the Chief Executive of the state government. He is sued herein in his official capacity. As Governor he is obligated under state law to supervise the official conduct of all executive and ministerial officers and to see that all offices are filled and their duties lawfully performed. Defendant Davis has control over the monies allocated to California Department of Corrections by submitting a budget and by exercising his authority to veto or sign legislation appropriating funds for prison construction and renovation and prison and parole programs. Defendant Davis has the authority to appoint and remove the subordinate defendants named herein. Defendant Davis retains the ultimate state authority over the care and treatment of the plaintiff class, and is responsible for ensuring that all programs, activities and services operated by and under the control of the California Department of Corrections comply with Section 504 and the ADA.

23. Defendant Robert Presley is Secretary of the Youth and Corrections Agency of the State of California and is sued herein in this capacity. The Youth and Corrections Agency supervises the operation of the California Department of Corrections.

24. Defendant Cal A. Terhune is the Director of the California Department of Corrections and is sued herein in that capacity. The Department of Corrections is responsible for the operation of the California state prison and parole system,

including the construction of prison facilities and the provision
of accessible programs and activities to individuals with
disabilities.

25. Defendant Susanne Steinberg, M.D. is the Deputy Director for Health Care Services for the California Department of Corrections and is sued in that capacity. As Deputy Director, Dr. Steinberg is responsible for supervising the development and implementation of a system of individual assessment of a prisoner's disability, including his or her ability to perform daily living tasks and job responsibilities.

26. Defendant Judith McGillivray is Deputy Director of the Planning and Construction Division for the California Department of Corrections and is sued in that capacity. As Deputy Director, Ms. McGillivray is responsible for supervising the planning and construction of new prisons and for renovations of existing prisons. Ms. McGillivray failed to perform his responsibilities under Section 504 and the ADA.

27. Defendant David Tristan is Deputy Director of the Institutions Division for the California Department of Corrections and is sued in that capacity. As Deputy Director, Mr. Tristan is responsible for ensuring that all programs, activities and services operated by and under the control of the California Department of Corrections comply with Section 504 and the ADA.

28. Defendant Midge Carroll is Deputy Director of the Parole and Community Services Division for the California Department of Corrections and is sued in that capacity. As Deputy Director, Ms Carroll is responsible for ensuring that all

programs, activities and services operated by and under the control of the California Department of Corrections for parolees comply with Section 504 and the ADA.

29. Defendant California Board of Prison Terms (BPT) is responsible for conducting various types of hearings to determine whether and under what conditions a prisoner or parolee should remain or be released on parole, be incarcerated in a prison or be involuntarily confined at a treatment facility after serving a sentence of imprisonment.

30. Defendant James Nielsen is the Chairman of the BPT and is sued in that capacity. As Chairman, Mr. Nielson is responsible for the operations of the BPT and must ensure that all programs, activities and services operated by the BPT comply with Section 504 and the ADA.

**C. JURISDICTION**

31. This court has jurisdiction under 28 U.S.C. sections 1331 and 1343. Plaintiffs seek declaratory and injunctive relief under 28 U.S.C. sections 1343, 2201 and 2202, 29 U.S.C. section 794(a) and 42 U.S.C. sections, 1983, 12117(a).

**D. VENUE**

32. Venue is appropriate in this Court under 28 U.S.C. section 1391(b), because a substantial part of the events or omissions giving rise to plaintiffs' claims occurred within the Northern District of California.

**E. CLASS ACTION ALLEGATIONS**

33. Plaintiffs bring this action on their own behalf and, pursuant to Rule 23(b)(1) and Rule 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of all prisoners and parolees with

mobility, sight, hearing, learning, kidney and developmental disabilities, as defined in 29 U.S.C. section 706(8)(A) and 42 U.S.C. section 12102, who are now, or will in the future be, under the custody of the California Department of Corrections.

(a) The exact size of the class is unknown to the plaintiffs but they believe there are thousands of class members and the size of the class is so numerous that joinder of all members is impracticable;

(b) The conditions, practices and omissions that form the basis of this complaint are common to all members of the class and the relief sought will apply to all of them.

(c) The claims of the plaintiffs are typical of the claims of the entire class.

(d) The prosecution of separate actions by individual members of the class would create a risk of inconsistent and varying adjudications which would establish incompatible standards of conduct for the defendants.

(e) The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members which would, as a practical matter, substantially impair the ability of other members to protect their interests.

(f) Defendants have acted or refused to act on grounds generally applicable to the class, making appropriate injunctive and declaratory relief with respect to the class as a whole, or to particular subclasses.

(g) There are questions of law and fact common to the members of the class including defendants' violations of the

Americans with Disabilities Act, and Section 504 of the Rehabilitation Act of 1973 because of denial of the benefit of and discrimination in access to programs and activities for individuals with disabilities.

(h) The named plaintiffs are capable, through counsel, of fairly and adequately representing the class and protecting its interests because they are individuals with disabilities who suffer from, among other things, defendants' violations of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973 and the Due Process Clause, as set forth in plaintiffs' statement of Class Claims.

**F. STATEMENT OF CLASS CLAIMS**

34. The California Department of Corrections and the Board of Prison Terms receives federal financial assistance as that term is used in 29 U.S.C. section 794(b)(1)(A).

35. The California Department of Corrections has spent billions of public dollars since the 1960's building new prisons and renovating its existing facilities. Defendants built and renovated almost every existing prison since state accessibility laws were passed in the 1960's and since federal accessibility laws were passed in the 1970's. The Planning and Construction Division of the California Department of Corrections is responsible for the planning and construction of these institutions.

36. Both Section 504 and the ADA require that all new building and any renovation or remodeling comply with federal accessibility standards. 29 U.S.C. section 794(a); 42 U.S.C. sections 12132, 12133 and 12134(b); 28 C.F.R. sections 35.149,

35.151, 41.57(B) and 41.58(a). Defendants built and renovated prisons that fail to comply with these standards found in the Uniform Federal Accessibility Standards [hereinafter referred to as "UFAS"]. 41 C.F.R. Pt.101-19.6. As a result of their failure to comply with federal law, defendants have expended billions of dollars to build facilities that must be renovated in order to meet federal accessibility standards. 28 C.F.R. section 35.151 (a)-(c). This waste of public monies was both unnecessary and unconscionable.

37. As a result of defendants' unlawful failure to comply with federal accessibility standards, plaintiffs have been delayed in their transfer to institutions that can accommodate their disabilities and have been excluded from the educational, vocational, work furlough and work credit, recreational, visiting, classification, disciplinary and emergency programs and services that defendants offer to individuals under their custody and control.

38. Despite the clear mandate of Section 504 and the ADA, defendants have failed to adequately evaluate the BPT's current services, policies and practices to determine the extent to which modification of its services, policies and practices is required, and have failed to develop policies and practices for implementing such modifications. 29 U.S.C. section 794(a); 42 U.S.C. section 12134(b); 28 C.F.R. sections 35.105, 35.150(d), 41.5(b)(2), 41.57(c) and 42.505(c).

39. For those individuals with disabilities who have self-identified, defendants have failed to make individualized assessments of their ability to participate in work, educational,

vocational, and recreational programs and services offered by defendants, and, as a result, have excluded individuals who were otherwise qualified to participate in these programs by reason of their disabilities and not their abilities in violation of federal law. 29 U.S.C. section 794(a); 42 U.S.C. sections 12112(b) and 12132; 28 C.F.R. sections 35.130 (a)-(b)(8) and 41.51.

40. Defendants have failed to make reasonable accommodations to individuals with disabilities in the programs, activities, services, benefits, and jobs they offer to individuals under their custody and control. 29 U.S.C. section 794(a); 42 U.S.C. sections 12111(9) and 12132; 28 C.F.R. sections 35.150(b)(7) and 41.53.

41. Defendants continue to engage in a policy and practice of violating federal accessibility requirements in the design and construction of its current projects, including new and renovated prison facilities in California. Defendants continue to engage in a policy and practice of failing to develop adequate policies and practices for providing the plaintiff class with reasonable access to programs, activities and services available generally to other individuals under their custody and control. Defendants' conduct constitutes an ongoing and continuous violation of Section 504 and the ADA and, unless restrained from doing so, defendants will continue to violate the law.

42. Defendants have failed to furnish appropriate auxiliary aids and services where necessary to afford plaintiffs and members of the plaintiff class the opportunity to participate in the programs, activities, services, benefits, and jobs they offer

to individuals under their custody and control. 29 U.S.C. section 794(a); 42 U.S.C. sections 12132 and 12134(b); 28 C.F.R. sections 35.160-35.163. In addition to being denied access to many of defendants' programs, plaintiffs and members of the plaintiff class have been endangered during emergencies in the prison as a result of defendants' failure to take appropriate steps to ensure that communications with them are as effective as communications with other prisoners. Id.

43. By denying plaintiffs and the plaintiff class with meaningful access to programs and facilities that they are otherwise qualified to participate in, and by denying plaintiffs and the plaintiff class the benefits of participation in programs and activities that they are otherwise qualified to participate in, and by failing to reasonably accommodate plaintiffs and the plaintiff class, thereby subjecting them to discrimination, defendants have violated Section 504 and the ADA.

44. Defendants BPT and Nielsen have failed to provide reasonable modifications to policies, practices, and procedures for disabled prisoners and parolees in Board of Prison Terms hearing processes. Hearing processes include, but are not limited to, notices and other documents received prior to the hearing, the actual hearing, any hearing waiver offer, any preparation by the prisoner or parolee for the hearing, any conditions or recommendations made by the BPT at the hearing and any appeal or grievance submitted regarding the hearing. Defendant's discriminatory actions include, but are not limited to, a failure to ensure equally effective communication, a failure to provide auxiliary aids and services, a failure to

ensure accessible hearing locations and a failure to provide effective assistance at the hearings.

45. By repeatedly and persistently denying plaintiffs and the plaintiff class with appropriate assistance prior to, during and after the hearings, defendants BPT and Nielsen have violated the Due Process Clause of the Fourteenth Amendment.

46. By repeatedly and persistently denying plaintiffs and the plaintiff class with facilities that comply with federal accessibility standards, defendants have violated Section 504 and the ADA.

## G. PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court:

A. Declare the suit is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(b)(1) and 23(b)(2);

B. Adjudge and declare that the conditions, practices, and omissions described above are in violation of the rights of the plaintiffs and the class they represent under Section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1991.

C. Preliminarily and permanently enjoin defendants, their agents, employees and all persons acting in concert with them, from subjecting plaintiffs and the class they represent to the illegal conditions, practices and omissions described above;

D. Order defendants to end their practices of denying individuals with disabilities the benefits of, excluding them from participation in, and subjecting them to discrimination

under programs and activities provided by the California Department of Corrections and the Board of Prison Terms;

E. Order defendants to reasonably accommodate the special needs of individuals with disabilities;

F. Order defendants to makes its existing and future facilities in California readily accessible to and usable by individuals with disabilities as required under Section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1991 and the regulations promulgated thereunder;

G. Order defendants BPT and Nielsen to provide adequate assistance to plaintiffs and the plaintiff class in a manner consistent with the Due Process Clause of the Fourteenth Amendment;

H. Award plaintiffs, pursuant to 29 U.S.C. section 794(b), 42 U.S.C. sections 1988 and 42 U.S.C. section 12205, the costs of this suit and reasonable attorneys' fees and litigation expenses;

H. Retain jurisdiction of this case until defendants have fully complied with the orders of this Court, and there is a reasonable assurance that defendants will continue to comply in the future absent continuing jurisdiction; and

I. Award such other and further relief as the Court deems just and proper.

Dated: April 6, 1999

Donald Specter

DONALD SPECTER
Attorneys for Plaintiffs

DECLARATION OF SERVICE BY MAIL

Case Name: Armstrong v. Davis No. C-94-2307-CW

I am employed in the County of Marin, California. I am over the age of 18 years and not a party to the within entitled cause: my business address is Prison Law Office, General Delivery, San Quentin, California 94964.

On April 6, 1999, I served the attached

**THIRD AMENDED COMPLAINT CLASS ACTION**

in said cause, placing, or causing to be placed, a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Rafael, California, addressed as follows:

George Prince
Office of the Attorney General
50 Fremont Street, Suite 300
San Francisco, CA 94105-2239

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at San Rafael, California on April 6, 1999.

Edie DeGraff

Edie DeGraff