

FILED
FEB 24 2000
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

553

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al., | No. C 94-02307 CW |
| Plaintiffs, | ORDER DENYING DEFENDANTS' EX PARTE REQUEST FOR AN ORDER SHORTENING TIME AND DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR A STAY |
| v. | |
| GRAY DAVIS, et al., | |
| Defendants. | |

Defendants move for a stay of the Court's December 23, 1999 permanent injunction, and move ex parte for an order shortening time for the holding of a hearing on the motion for a stay. Having considered the papers filed in support of the ex parte request, the Court finds that Defendants have not demonstrated good cause for hearing the motion for a stay on shortened time, and therefore DENIES the ex parte request (Docket No. 546).

The Court further finds that Defendants' motion for a stay fails to set forth a basis for a stay of the entire permanent injunction. Defendants argue that certain aspects of the permanent injunction raise serious questions on the merits and that the balance of hardships tips in their favor. However, although their arguments are addressed only to certain portions of the Court's conclusions of law, Defendants seek a stay of the entire permanent

injunction. Because the questions on the merits that Defendants assert are serious could at best support a partial stay of the injunction, the Court DENIES without prejudice Defendants' motion for a stay (Docket No. 545). Defendants may file a renewed motion for a stay, but shall identify in their motion the specific portions of the permanent injunction that arise from the conclusions of law that Defendants assert raise serious questions on the merits. Defendants should also specifically identify those portions of the permanent injunction the implementation of which pending appeal would cause the State significant hardship. Absent a further showing of good cause for hearing the motion on shortened time, any renewed motion for a stay shall be filed as a regularly noticed motion.

In light of the standard applicable to motions for stays, the State in any such renewed motion must make an appropriate showing on both elements--serious questions on the merits and hardship caused by implementation--to obtain a stay of any portion of the injunction. The Court notes that Defendants appear, in part, to argue that requiring them to implement certain portions of the injunction would be oppressive, regardless of their likelihood of success on the merits of their appeal. See Motion for Stay at 5 ("the enormity of the task facing the BPT--even were there no question of the court's interpretation of the ADA's requirements--suggests the propriety of appellate review") & 6 n.6 (discussing, without mention of the likelihood of success on the merits of Defendants' appeal, the hardships that Defendants would suffer if forced to implement several portions of the injunction). Absent a

2

showing of at least serious questions on the merits, the hardship caused by implementation would not warrant staying any particular portion of the injunction.[1]

IT IS SO ORDERED.

Dated: FEB 2 4 2000

CLAUDIA WILKEN
United States District Judge

Copies mailed to counsel as noted on the following page

---

[1] However, upon an appropriate motion, "a court which issues an injunction retains jurisdiction to modify the terms of the injunction if a change in circumstances so warrants." Nicacio v. INS, 797 F.2d 700, 706; Fed. R. Civ. P. 60(b)(6) (upon such terms as are just, courts may relieve parties from obligations imposed by a final judgment); cf. Bellevue Manor Assocs. v. United States, 165 F.3d 1249, 1256-57 (9th Cir. 1999) (discussing Rule 60(b)(5) and holding that "courts may properly consider such factors as the greater interest in finality posed by a purely commercial case and the broader impact of a sweeping public-interest-type litigation injunction in determining whether to modify or vacate prior relief"); but see United States v. Alpine Land & Reservoir, Co., 984 F.2d 1047, 1049 (9th Cir. 1993) (Rule 60(b)(6) is used "sparingly" and typically only "to prevent manifest injustice").

scc

United States District Court
for the
Northern District of California
February 24, 2000

* * CERTIFICATE OF SERVICE * *

Case Number:4:94-cv-02307

Armstrong

vs

Wilson

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 24, 2000, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mary Beth Uitti, Esq.
U.S. Attorney's Office
1301 Clay St., Ste. 340 South
Oakland, CA  94612-5217

Sharon N. Perley, Esq.
USDJ - Disability Rights Section
Civil Rights Division
P.O. Box 66738
Washington, DC  20035-6738

Sara Linda Norman, Esq.
Prison Law Office
General Delivery
San Quentin, CA  94964

Donald Specter, Esq.
Prison Law Office
General Delivery
San Quentin, CA  94964

Eve H. Shapiro, Esq.
Howard Rice Nemerovski Canady Falk & Rabin
Three Embarcadero Ctr 7th Flr
San Francisco, CA  94111

Arlene B. Mayerson, Esq.
Disability Rights Education & Defense Fund, Inc
2212 Sixth Street
Berkeley, CA  94710

Shawn A. Hanson, Esq.
Pillsbury Madison & Sutro LLP
50 Fremont St
5th Flr
San Francisco, CA  94105

Caroline N. Mitchell, Esq.
Pillsbury Madison & Sutro LLP
50 Fremont St
5th Flr
San Francisco, CA  94105

Morris Lenk, Esq.
CA State Attorney General's Office
455 Golden Gate Ave
Suite 11000
San Francisco, CA  94102-3664

George D. Prince, Esq.
CA State Attorney General's Office
455 Golden Gate Ave
Suite 11000
San Francisco, CA  94102-3664

Danette E. Valdez, Esq.
CA State Attorney General's Office
455 Golden Gate Ave
Suite 11000
San Francisco, CA  94102-3664

James M. Humes, Esq.
CA State Attorney General's Office
455 Golden Gate Ave
Suite 11000
San Francisco, CA  94102-3664

David P. Druliner, Esq.
CA State Attorney General's Office
455 Golden Gate Ave
Suite 11000
San Francisco, CA  94102-3664

Warren E. George, Esq.
McCutchen Doyle Brown & Enersen LLP
Three Embarcadero Ctr
San Francisco, CA  94111

Jennifer A. Jonak, Esq.
McCutchen Doyle Brown & Enersen LLP
Three Embarcadero Ctr
San Francisco, CA  94111

Michael W. Bien, Esq.
Rosen Bien & Asaro

155 Montgomery St 1 Flr
San Francisco, CA 94104

William Fernholz, Esq.
Rosen Bien & Asaro
155 Montgomery St 8th Flr
San Francisco, CA 94104

Elaine Feingold, Esq.
Elaine B. Feingold Law Offices
1524 Scenic Avenue
Berkeley, CA 94708

Richard W. Wieking, Clerk

BY: _____
Deputy Clerk