ORIGINAL

1

2  PRISON LAW OFFICE
   DONALD SPECTER, #83925
3  SARA NORMAN, #189536
   General Delivery
4  San Quentin, CA 94964
   Telephone: (415) 457-9144
5

6  DISABILITY RIGHTS EDUCATION
   AND DEFENSE FUND, INC.
7  ARLENE MAYERSON, #79310
8  2212 6th Street
   Berkeley, CA 94710
9  Telephone: (510) 644-2555

10

11 LAW OFFICES OF ELAINE B.
   FEINGOLD, #99226
12 1524 Scenic Ave.
   Berkeley, CA 94708
13 Telephone: (510) 848-8125

14

15 Attorneys for Plaintiffs

16

McCUTCHEN, DOYLE, BROWN &
ENERSEN
WARREN E. GEORGE, #53588
JENNY JONAK, #191323
Three Embarcadero Center
San Francisco, CA  94111-4066
Telephone: (415) 393-2000

ROSEN, BIEN & ASARO
MICHAEL W. BIEN, #96891
WILLIAM FERNHOLZ, #168278
155 Montgomery St., 8th Floor
San Francisco, CA  94104
Telephone: (415) 433-6830

PILLSBURY, MADISON & SUTRO LLP
CAROLINE MITCHELL, #143124
50 Fremont Street
San Francisco, California  94105
Telephone:  (415) 983-1000

FILED
AUG - 4 2000
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

RECEIVED
AUG X 3 2000
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

629

17              IN THE UNITED STATES DISTRICT COURT

                NORTHERN DISTRICT OF CALIFORNIA

18

19

20  JOHN ARMSTRONG, et al.,

21          Plaintiffs,                     No. C-94-2307 CW

22          v.                              Stipulation and Order Approving Defendants'
                                            Policies and Procedures
23  GRAY DAVIS, et al.,

24          Defendants.

25

26      The Court issued a Permanent Injunction on December 22, 1999 (hereafter "Injunction"),

27 requiring, among other things, that defendants develop and implement "sufficiently specific

28

Stip & Order Approving Defs.' Policies
Armstrong v. Davis, C-94-2307 CW

1  policies and procedures that will ensure continuous compliance with all of the requirements of this

2  injunction." Injunction ¶ 10. The parties hereby stipulate, and the Court hereby finds, that the

3  policies and procedures attached as Attachment A were developed by defendants pursuant to

4  paragraphs 10-12 of the Injunction and fulfill the policy development obligations of those

5  paragraphs.

6      If defendants want to modify the policies in Attachment A they shall provide the proposed

7  modifications to plaintiffs and the parties shall have 30 days to meet and confer. Plaintiffs shall

8  file objections, if any, through regularly noticed motion within 30 days from the end of the meet

9  and confer process. If the Injunction, or any part of it, is terminated, the policies adopted pursuant

10  to the terminated sections of the Injunction shall no longer be subject to these notification and

11  meet and confer obligations.

12      IT IS SO STIPULATED.

13

14  Dated: July 28, 2000

15      SARA NORMAN
    Attorney for plaintiffs

16

17

18  Dated: Aug. 1, 2000

19      FRANCES GRUNDER
    Attorney for defendants

20

21

22      IT IS SO ORDERED.

23

24  Dated: _____AUG – 4 2000_____

25

26

27      CLAUDIA WILKEN
    UNITED STATES DISTRICT JUDGE

28

    Stip & Order Approving Defs.' Policies
    Armstrong v. Davis, C-94-2307 CW                    2

ATTACHMENT A

**BOARD OF PRISON TERMS**
**PROPOSED POLICIES AND PROCEDURES**

### TABLE OF CONTENTS

Page

**I.    DEFINITIONS**

    A.  Disability ... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

       1.  Physical impairment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

       2.  Mental/psychological impairment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.  Behaviors excluded.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    C.  Substantially limits.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    D.  Major life activities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    E.  Reasonable accommodation.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    F.  Equal access . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    G.  Equally effective communication.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    H.  Parole proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**II.    IDENTIFICATION AND VERIFICATION... . . . . . . . . . . . . . . . . . . . . . . . . . . 4**

**III.   RESPONSIBILITY IN ENSURING EFFECTIVE**
**COMMUNICATION AND/OR EQUAL ACCESS.. . . . . . . . . . . . . . . . . . . . . . . 4**

**IV.   NOTICE AND REQUEST FOR REASONABLE**
**ACCOMMODATION (BPT 1073) – GENERAL  . . . . . . . . . . . . . . . . . . . . . . . 5**

**V.    TRACKING BPT 1073 FORMS ... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6**

**VI.   PAROLE VIOLATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7**

    A.  Discovery of Alleged Parole Violation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    B.  Violation Report . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# BOARD OF PRISON TERMS
## PROPOSED POLICIES AND PROCEDURES

### TABLE OF CONTENTS
#### Page 2

Page

**VII.   PAROLE REVOCATION PROCESS** .... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

   A.  Special Procedures for Parolees with Identified Disabilities. . . . . . . . . . . . . . . . . . **8**

   B.  Revocation Screening . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**

   C.  Service of Notice of Rights and Screening Offer . . . . . . . . . . . . . . . . . . . . . . . **11**

   D.  Procedures to be Followed When Providing Prisoners/Parolees
      with a BPT Form 1073 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **13**

   E.  Special Procedures for Parolees with Mental/Psychological Disorders . . . . . . . . . . **17**

   F.  The BPT Staff Review Following Service of Hearing Rights
      for all Parolees Pending Revocation Proceedings. . . . . . . . . . . . . . . . . . . . . . **18**

   G.  Parole Revocation Hearing. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **20**

   H.  Revocation Extension Hearings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **22**

**VIII.   LIFE PRISONERS AND SERIOUS OFFENDERS** . . . . . . . . . . . . . . . . . . . . . . . **23**

   A.  Notice and Request for Reasonable Accommodation – BPT 1073. . . . . . . . . . . . . . **23**

   B.  Procedures To Be Followed When Providing Mentally Disordered Offenders With
      BPT 1073 and BPT 1074.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **24**

   C.  Life Prisoner and Serious Offender Hearings. . . . . . . . . . . . . . . . . . . . . . . . . **27**

**IX.   MENTALLY DISORDERED OFFENDERS (MDO)** .. . . . . . . . . . . . . . . . . . . . . . **29**

   A.  Notice and Request for Reasonable Accommodation – BPT 1073 . . . . . . . . . . . . . . **29**

   B.  Procedures To Be Followed When Providing Mentally Disordered Offenders With
      BPT 1073 . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **31**

   C.  Certification .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **34**

   D.  Mentally Disordered Offender Hearings.. . . . . . . . . . . . . . . . . . . . . . . . . . . **36**

   E.  Post Hearing.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **39**

BOARD OF PRISON TERMS
PROPOSED POLICIES AND PROCEDURES

TABLE OF CONTENTS
Page 3

Page

X.  SEXUALLY VIOLENT PREDATOR (SVP) . . . . . .. . . . . . . . . . . . . . . . . . 39

  A.  Notice and Request for Reasonable Accommodation – BPT 1073 . . . . . . . . . . . . . 39
  B.  Probable Cause Hearings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

XI.  GRIEVANCE PROCEDURES. . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . 42

  A.  General.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . 42

  B.  Request for Reasonable Accommodation – Grievance Process – BPT 1074 .. . . . . . . 43

XII.  APPEALS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

XIII.  TRAINING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

XIV.  ACCOMMODATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

  A.  Auxiliary Aids and Services. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46
  B.  Accommodations for the Mobility Impaired  . . . . . . . . . . . . . . . . . . . . . . . . 48
  C.  Methods of Communication for the Hearing Impaired . . . . . . . . . . . . . . . . . . . 49
  D.  Accommodations for the Vision Impaired . . . . . . . . . . . . . . . . . . . . . . . . . . 49
  E.  Speech Impairments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50
  F.  Mental/Psychological Disorders  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50
  G.  Learning Disabilities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51

Rev. 7/28/00

**PROPOSED BOARD OF PRISON TERMS PAROLE REVOCATION PROCESS PURSUANT TO ARMSTRONG INJUNCTION ISSUED DECEMBER 23, 1999**

The procedures contained in this document reflect the Board of Prison Terms (BPT) proposed processes to implement the Armstrong Injunction.

It is the policy of the BPT to provide equal access to all parole proceedings to prisoners/parolees with disabilities, with or without reasonable accommodation. It is the BPT's objective to ensure that its communications with prisoners/parolees with disabilities are as effective as communications with prisoners/parolees without disabilities. Effective communication is imperative in assuring due process and equal access.

Commencing immediately at the next normal face-to-face contact, all case-carrying parole agents shall initiate the BPT form 1073 (Notice and Request for Reasonable Accommodation, Attachment A) for all parolees under their supervision. New releases shall have the BPT 1073 initiated at the initial interview. The BPT and the California Department of Corrections (CDC) will work to develop a tracking system, which captures Central File (C-File) and Medical File information regarding disabilities covered by the Americans with Disabilities Act (ADA). The BPT will provide guidelines for Unit Supervisor (US) review of the parole violation report. Cases, which are subsequently referred for revocation, will follow the process outlined under Section VII, page 8 (Parole Revocation Process).

I. **DEFINITIONS:**

    A.    The ADA defines a person with a "**disability**" as someone who has (1) a *physical* or *mental impairment* that substantially limits one or more major life activities; (2) or has a record of such an impairment; (3) or is regarded as having such an impairment.

        1.    **"Physical impairment"** is defined as:

            a.    Any physiological disorder or condition, cosmetic disfigurement or anatomical loss affecting one or more of the following body systems; neurological, musculoskeletal, special sense organs, respiratory, speech organs, cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin and endocrine.

                1).    Examples of physical impairments:
-   Orthopedic
-   Visual
-   Speech
-   Hearing

1

Rev. 7/28/00

❖ Cerebral palsy
❖ Epilepsy
❖ Muscular Dystrophy
❖ Multiple Sclerosis
❖ Cancer
❖ Heart diseases
❖ Diabetes
❖ HIV disease (symptomatic or asymptomatic)
❖ Tuberculosis
❖ Drug addiction (person must not be engaged in the current use of illegal drugs; for BPT purposes, prisoner/parolee must be drug free for at least six months)
❖ Alcoholism
❖ Other chronic health problems

2. **"Mental or psychological"** impairment is defined as:

a. Any disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

1). Examples of mental and psychological disorders :

• Mental retardation
• Organic brain syndrome
• Emotional or mental illness
• Specific learning disabilities
• Language impairments

B. Behaviors **excluded** from the definition of "disability" under the ADA:

1. Active use of illegal drugs, eye or hair color, age, sexual orientation, or cultural/economic disadvantages.

2. Sexual behaviors such as: transvestism, transexuals, pedophelia, voyeurism, and gender identity disorders

3. Compulsive gambling, kleptomania, or pyromania

4. Psychoactive substance use disorders resulting from current illegal use of drugs

2

Rev. 7/28/00

C.  **"Substantially Limits"** means an individual must be unable to perform, or be significantly limited in the ability to perform an activity compared to an average person in the general population.  Factors to take into consideration are:

- The nature and severity of the impairment;
- The duration or expected duration of the impairment;
- The permanent or long-term impact, or expected permanent or long-term impact of, or resulting from the impairment.

D.  Section 504 of the Rehabilitation Act defines "**major life activities**" as those basic activities that the average person in the general population can perform with little or no difficulty.  Such activities include *caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.*

E.  **"Reasonable accommodation"** is a modification or adjustment that will provide qualified individuals equal access to programs activities and services. Reasonable accommodation will be provided to prisoners/parolees with a disability when requested via BPT 1073 to ensure equally effective communication and equal access to any and all parole proceedings.  The prisoner's/parolee's request will be given primary consideration.  The BPT will make the final determination regarding the accommodation.

F.  **"Equal access"**: Parole proceedings must be accessible to prisoners/parolees with disabilities.  Equal access can be achieved by the use of an accommodation or by ensuring that the physical site is accessible to the disability.

G.  **"Equally effective communication"**: BPT and CDC staff shall ensure that their communications with prisoners/parolees with disabilities are as effective as communications with prisoners/parolees without disabilities.  Effective communication can be achieved by the use of appropriate auxiliary aids and/or services.

H.  "**Parole proceedings**" include: service of parole conditions, service of rights and screening offers, revocation/revocation-extension hearings, psychiatric evaluations, Sexually Violent Predator (SVP) hearings, Mentally Disordered Offender (MDO) hearings and life prisoner hearings (documentation hearings, initial/subsequent, progress hearings, rescission and In re Stanworth hearings).  Parole proceedings also include preparation for hearings, C-File reviews, obtaining letters of support, and developing lifer parole plans.

Rev. 7/28/00

## II.    IDENTIFICATION AND VERIFICATION:

A.    Pertinent documents maintained in the C-file or Medical-file shall provide information for identifying prisoners/parolees with disabilities or verifying if a prisoner/parolee qualifies under Title II of the ADA.  The documents include but are not limited to the following forms:

    1. BPT 1073      -   Request for Reasonable Accommodation

    2. CDC 611       -   Release Program Study (includes medical, psychiatric, and educational information

    3. CDC 1845      -   Inmate Parolee Disability Verification (addresses certain physical disabilities)

    4. CDC 128C      -   Chrono – medical, psych, dental (identifies special concerns such as documented mental or physical limitations and health care needs

    5. CDC 128C1     -   Chrono – medical, psych, dental (identifies inmates with general medical/psychological condition while in Reception Center)

    6. CDC 128C2     -   Chrono – identifies inmates having a developmental disability

## III.    RESPONSIBILITY IN ENSURING EFFECTIVE COMMUNICATION AND/OR EQUAL ACCESS

A.    It is the responsibility of the prisoner/parolee to request a reasonable accommodation in order to ensure effective communication and/or equal access by correctly completing the BPT 1073.  When a prisoner's/parolee's disability impedes his/her ability to request an accommodation, it is the responsibility of BPT and/or CDC staff who are aware or should reasonably be aware of such disability to request reasonable accommodation on his/her behalf.

B.    In such cases where a prisoner/parolee is unable to complete the form due to his/her disability, it is the responsibility of BPT and/or CDC staff who are aware or should reasonably be aware of such disability to assist/complete the BPT 1073 for the prisoner/parolee.

.4

Rev. 7/28/00

## IV.   NOTICE   AND   REQUEST   FOR   REASONABLE   ACCOMMODATION (BPT 1073) - GENERAL

A.   Prisoners/parolees (includes lifers, MDOs and SVPs) with qualified disabilities shall be provided with the opportunity to request a reasonable accommodation via a BPT 1073 in order to ensure effective communication and/or equal access to all parole proceedings.

    1.   Parole Agents, District Hearing Agents (DHAs), Classification and Parole Representative (C&PR), Correctional Counselors (CCs) of the CDC, and/or employees of the BPT, shall provide prisoners/parolees with the BPT 1073 using equally effective communication.

    2.   A BPT 1073 shall be provided to all prisoners/parolees prior to any parole proceeding or initial contact in order to identify the need for an accommodation if applicable. -

        a.   In order to ensure consistency among staff and to assure that the prisoner/parolee fully understands his/her rights pursuant to the ADA, the staff serving the BPT 1073 shall read the following statement:

"The Americans with Disabilities Act (ADA) is a law that protects people with disabilities.  If you have a disability, you cannot be left out of places, hearings, or other events because of it.  If you cannot understand something because of your disability, staff must help you. An ADA disability can be a problem with **seeing, hearing, walking, talking, breathing, learning, thinking, working, or taking care of your self**.  Qualified people have problems so great that they cannot manage without help.  If you have a disability, you have the right to ask for help at any parole proceeding.  You may ask for help using the BPT 1073.  If you do not get the help you need, you can complain by using the BPT 1074.  Your request will be reviewed to be sure your problem is covered by the ADA law.   Do you understand that you can ask for help at a parole proceeding?  Do you know you can get help by using the BPT 1073? Do you need help using the form now?"

    3.   If the prisoner/parolee was previously provided with BPT 1073, the BPT or CDC staff shall review the BPT 1073 with the prisoner/parolee and verify if there are any changes since the prisoner/parolee was last provided with the opportunity to request a reasonable accommodation.  The review shall be documented on a BPT 1073(a) (BPT 1073 Review, Attachment B).

Rev. 7/28/00

4.    Prisoners/parolees shall be advised that BPT documents are available in alternative formats upon request (e.g., Braille, large print, audio-cassette, or simple English).

5.    Staff shall ensure that the BPT 1073 is **thoroughly completed** and that all pertinent documents (i.e., CDC 611, CDC 128C, CDC 128C1, and/or CDC 128C2) are attached.

6.    Staff shall forward all BPT 1073 forms along with supporting documents (if applicable) to the BPT ADA Coordinator whether or not a disability is claimed.

   a.    In cases where a disability is claimed, staff shall fax a completed copy of the BPT 1073 forms and supporting documents to the BPT ADA Unit at (916) 324-7603.

   b.    If a disability is not being claimed, staff shall mail a completed copy of the BPT 1073 to:

Board of Prison Terms
1515 K Street, Suite 600
Sacramento, CA  95814
Attention:  BPT ADA Coordinator

## V.    TRACKING BPT 1073 FORMS

A.    The BPT ADA Unit will maintain a tracking system of all BPT 1073 forms submitted whether a disability is claimed or not.  The tracking system will include, but not be limited to, the following information:

1.    Name and CDC Number
2.    Date of the request
3.    Whether a disability is claimed
4.    Disabilities claimed
5.    Documents verifying or refuting a disability
6.    Accommodation(s) requested
7.    Accommodation or alternative method provided
8.    Grievance, date received and submitted
9.    Issue grieved
10.   Grievance decision

6

Rev. 7/28/00

## VI.   PAROLE  VIOLATIONS

### A.   Discovery of alleged parole violation

1. Arrest

2. Placement of hold

3. Unit Supervisor ensures:

    a.   A CDC form 1676 (Revocation Tracking Form) is initiated

    b.   Notice of reasons for hold (CDC 1676) is forwarded to the Revocation Unit (RU) to initiate a Revocation Tracking System (RTS) record with the BPT 1073 and/or other documents supporting evidence of known disability (CDC 611, CDC 1845, CDC 128C, CDC 128C1 and/or CDC 128C2) attached, if available

    c.   CDC 1676 and notice of rights to appeal hold is initiated within one working day of arrest.  If possible, the AOR obtains parolee's statement regarding charges prior to completing violation report

        1).   If a disability has been observed, documented or self-identified, the DHA, in concert with the BPT ADA Coordinator, shall provide documents in alternative format or another means to achieve effective communication regarding the charges (refer to Section XV, page 44, Accommodations)

    d.   If the decision is to continue on parole at the unit level, a copy of the CDC form 1502, Activity Report, and a CDC 1676 with "Continue on Parole" clearly marked on it will be forwarded to the Regional RU to close the record in the RTS

### B.   Violation Report

1. The AOR submits the violation report by the end of the 6th working day after placement of hold

    a.   The AOR shall include the following information, if available, with or in the parole violation report: 1) psychiatric issues; 2) Grade Point Level (GPL) and Test of Adult Basic Education (TABE) score; 3) medical issues; 4) comprehension barriers (developmental disabilities, learning disabilities, cognitive disabilities, etc.), and/or language barriers.  In the event there is no information in the field file, the AOR shall so note and make a declarative statement as to whether or not the parolee has a

7

previously identified disability or appears to demonstrate a disability. This statement shall be noted prior to citing supporting evidence of alleged violations.

2.    The US reviews violation report and, if approved, signs within eight working days of placement of parole hold.

3.    The US forwards violation report, including BPT 1073, to Regional RU, which updates the RTS.

4.    The RU prepares revocation package and BPT form 1132 (Control Log) for review at next day's screening calendar.

5.    The revocation package and BPT 1132 is forwarded from the RU to BPT staff for screening.

6.    The RU checks daily list of cases in RTS without violation reports.

    a.    The RU flags cases that have had parole hold placed 10 working days or more and no action has been taken by US or violation report has not been submitted

7.    The RU forwards list to US requesting action:

    a.    Continue on parole or
    b.    Forward violation report

8.    When reply is received from US, RU updates status in RTS.

## VII.   PAROLE REVOCATION PROCESS

### A.   Special Procedures for Parolees with Identified Disabilities

1.    Parolees with previously identified disabilities that require accommodation to ensure effective communication will be served with the CDC 1676 by a DHA within six working days of arrest.

    a.    The DHA, in conjunction with the BPT ADA Coordinator, will ensure that the known appropriate accommodation or the BPT documents in alternative format (assistive listening devices, large print or Braille forms, etc.) are made available prior to meeting with the parolee.

Rev. 7/28/00

    b.    If the parolee's disability precludes the parolee from understanding and/or effectively communicating, the BPT will be notified regarding the need for counsel or another accommodations.

## B.    Revocation Screening

1.    The BPT Deputy Commissioner (DC) shall review the revocation package to determine if the parolee's conduct and progress warrants a revocation proceeding. Public safety and due process are the DC's concerns when making a decision to continue with revocation proceedings. The DC shall do the following:

    a.    Complete the BPT form 1104 (Summary of Revocation Decision: Hearing Waived/Screening Offer) – 15 calendar days from Parole Hold

    b.    Review all relevant documents, contained in the revocation package including the BPT 1073, CDC 611, CDC 1845, CDC 128C, CDC 128C1 and/or CDC 128C2 to assess whether the parolee has a disability that would require accommodation.

    c.    May phone the DC assigned to the Central Office Calendar function at Case Records North or South for a review of the C-File and discuss his or her findings with the DC conducting the screening calendar, if information (other than the documents listed above) elicits concerns regarding possible disabilities.

    d.    Review the parolee's medical file in cases where it appears that there may be insufficient C-File information regarding the need for an accommodation.

        1).    All medical file information shall be regarded as confidential and the purpose of the review shall be solely to determine possible disabilities for a parolee facing possible parole revocation.

        2).    The medical file review is solely to assess the indication of a cognitive disability, mental illness, hearing or vision impairment, or other disability that would prevent effective communication or participation in the hearing process.

    e.    Reviews for the following disabilities affecting ability of parolee to effectively represent him or herself:

Rev. 7/28/00

1)  Mental health concerns (Correctional Clinical Case Management System {CCCMS}, Enhanced Outpatient Program {EOP}, psych meds/history etc).

2)  Literacy Barriers (GPL and/or TABE {Test of Adult Basic Education} score of fourth grade level or lower {whether or not they have a qualified disability}, non-reader, non-English speaking, deaf and hard of hearing, developmental disabilities, learning disabilities)

3)  Language Barriers (speech impairment, vision impaired, hearing impaired, and other communication barriers)

4)  Mental/Psychological Disorders (mental retardation, cerebral palsy, epilepsy, autism, any disabling condition closely related to mental retardation or requiring similar treatment)

5)  Learning Disabilities (developmental speech and language disorders, motor skills disorders, attention disorders such as ADHD, and academic skill disorders such as dyslexia)

6)  All communication or comprehension barriers (any condition whether physical, psychological, or physiological that prevents effective communication)

2.  Upon review of the revocation package, the DC shall have the following options:

a.  Place a hold on Not in Custody (NIC) cases

b.  Schedule a NIC for a revocation hearing

c.  Remove a hold and schedule for NIC hearing

d.  Retain a hold and make a screening offer or order a revocation hearing

e.  Remove hold

f.  Dismiss charges

g.  Refer for attorney assignment based on initial determination of colorable claim of innocence or mitigation, complexity of charges, and/or communication/comprehension barriers

10

Rev. 7/28/00

h.   If an attorney is required, RU staff will ensure that the revocation screening package is sent to the attorney appointed by the BPT to represent the prisoner/parolee. Attorney guidelines will include the following responsibilities:

1).   The attorney shall complete the service and communicate the decision to the RU within 10 calendar days of the screening.

2).   The attorney will also be responsible for requesting witnesses on behalf of the parolee and informing the BPT of the selection.

3).   BPT staff shall review the request for witnesses, approve the witnesses and forward to the RU, which will contact witnesses in accordance with established procedures.

4).   If an attorney is provided as an accommodation, he/she will be informed that he/she will be expected to convey information or written materials to a parolee that a nondisabled parolee would ordinarily be expected to read or understand without assistance.

5).   The BPT shall inform the attorney that he or she may receive compensation for additional time necessary to provide such accommodations.

6).   Where additional accommodations are necessary, the BPT shall inform the attorney of the specific accommodations requested by the prisoner/parolee and/or approved by the BPT ADA Unit.  The Board Coordinating Parole Agent (BCPA) or DHA will coordinate the appropriate accommodation with the attorney.

7).   If the attorney discovers that the approved accommodation does not achieve effective communication or participation, the attorney shall contact the BPT ADA Coordinator for an alternative accommodation.

C.   **Service of Notice of Rights and Screening Offer**

1.   The service of rights and screening offer shall be conducted on or about the 20th day after the parole hold.  A parolee scheduled for a hearing as a NIC shall be served with hearing rights as soon as possible after the Deputy Commissioner's action to schedule for a hearing.

Rev. 7/28/00

2.     Prior to conducting service of rights and screening offer, the DHA will review the violation package and pertinent documents to determine if an accommodation is required for effective communication with the parolee (refer to Section XV, page 44, Accommodations).

3.     Reasonable accommodation shall be afforded to prisoners/parolees with qualified disabilities as defined under Title II of the ADA when necessary to ensure equally effective communication during all parole proceedings.

4.     **Interpreter assistance**: The BPT will make every effort to schedule a qualified interpreter when needed to assist a parolee to understand his/her rights when served with such rights prior to a face-to-face review (see #5 below) with the BCPA and prior to a hearing.

   a.     The BPT Scheduling Unit shall coordinate the services for sign language interpreters through an independent communication service.

   b.     CDC/BPT staff or jail staff shall not be used as interpreters for the service of rights and screening offers.

5.     The DHA shall individually provide the parolee with the following with as much privacy as circumstances permit:

   a.     The appropriate accommodation if applicable (BPT documents in the appropriate alternative format, qualified sign language interpreters, etc.)

   b.     An opportunity to request an accommodation due to a disability (BPT 1073) if the parolee has not previously requested or been provided an accommodation. The DHA shall follow the BPT 1073 procedures outlined in Section IV, page 5 and Section VII, D, page 13

   c.     A review of the BPT 1073 previously completed.  The review shall be documented on the BPT form 1073(a)

   d.     Right to grieve a decision to deny a request for an accommodation via the BPT 1074 process (Attachment C) as outlined in Section XI, page 42 for grievance procedures

   e.     A copy of the violation report and police report (if applicable) or any other supporting documents

   f.     BPT form 1040, BPT Appeals Process and instructions on how to submit an BPT 1040

Rev. 7/28/00

      g.    Notification of Rights (BPT form 1100)

      h.    Screening offer (BPT form1104)

6.    The DHA shall advise the parolee that he or she will be given at least 72 hours to decide whether to request an attorney, to accept or reject the screening offer, and to consider what witnesses he or she might request. The parolee will be advised that a BCPA will be conducting the in-person interview with him/her to obtain his/her decision and any other pertinent information.

7.    If the DHA observes obvious impairments not previously detected, or is advised by the parolee orally or by way of an updated BPT 1073 of his or her disabilities that may affect the ability of the parolee to effectively prepare or present his or her case, and if the parolee has not previously been provided with counsel and/or an accommodation for his or her disability, the DHA shall document and forward the information on a BPT 1073 or on a BPT 1073(a) form to the BPT ADA Coordinator (refer to procedures noted below).

**D.    Procedures to be Followed When Providing Prisoners/Parolees with a BPT 1073**

1.    Prisoners/parolees with qualified disabilities shall be provided with the opportunity to request a reasonable accommodation via a BPT 1073 in order to ensure effective communication and/or equal access to all parole proceedings.

2.    When providing a BPT 1073, staff shall , follow the procedures as outlined in Section IV and specifically number 2 and number 4, page 5

3.    If a prisoner/parolee indicates he/she **does not have a disability** as defined under the ADA or does have a disability but waives reasonable accommodation, the C&PR/CCI, DHA, or BPT employee shall do the following:

      a.    Provide equally effective communication

      b.    Ensure that the prisoner/parolee completes the form accurately

      c.    Provide assistance to the prisoner/parolee in completing the form if necessary

      d.    Advise the prisoner/parolee that the BCPA will provide him/her a copy of the completed BPT 1073 form at the time of face-to-face review

Rev. 7/28/00

e.    Mail a copy of the BPT 1073 form along with supporting documents (if applicable) to the BPT ADA Coordinator at 1515 K Street, Suite 600, Sacramento, CA  95814

f.    Place the original BPT 1073 in the prisoner's C-file or in the case of parolees, route the original BPT 1073 form to the appropriate parole records office to be placed in the BPT section of the parolee's C-file

g.    Route a copy to the Agent of Record (AOR) to place in the parolee's field file

Note: If the prisoner/parolee has a disability and waives reasonable accommodation and staff believes that the disability may preclude the parolee from participating or effectively communicating at any parole proceeding without an accommodation, staff shall request an accommodation via the BPT 1073 form on behalf of the prisoner/parolee and shall follow the steps provided below).

4.    If the prisoner/parolee indicates he/she **has a disability** as defined under the ADA and requests reasonable accommodation, the C&PR/CC, DHA, or BPT staff shall do the following:

a.    Provide equally effective communication

b.    Ensure that the prisoner/parolee completes the form accurately

c.    Provide assistance to the prisoner/parolee in completing the form if necessary

d.    Review and attach all relevant documents (CDC 611, CDC 1845, CDC 128C, CDC 128C1 and/or CDC 128C2), to the BPT 1073 to verify or refute the existence of an ADA defined disability

e.    Document any additional information and/or personal observations on the BPT 1073 that would assist the ADA Coordinator in making an accurate determination regarding the request for accommodation

f.    Sign and date appropriate sections

g    Advise the prisoner/parolee that the BCPA will provide him/her a copy of the completed BPT 1073 form at the time of face-to-face review

Rev. 7/28/00

h Advise the parolee that he/she will have the right to grieve the decision (if adverse) within 72 hours of receipt of the denial of the request via a BPT 1074 for reasonable accommodation and advise parolee that a decision will be made prior to a scheduled hearing or parole proceeding (refer to Section XI, page 42 for grievance procedures)

i Forward completed BPT 1073 form along with any documentation via facsimile to the ADA Coordinator at BPT headquarters (916) 324-7603 as soon as possible and prior to any parole proceeding

j. Place the original BPT 1073 in the prisoner's C-file or in case of parolees, route the original BPT 1073 form to the appropriate parole records office to be placed in the BPT section of the parolee's C-file

k. Route a copy to the AOR to place in the parolee's field file

5. Upon receiving a completed BPT 1073, the <u>BPT ADA Unit/Coordinator</u> shall do the following:

a. Ensure that the information from the BPT 1073 is entered into the database for tracking purposes

b. Review BPT 1073 and all relevant documentation (CDC 611, CDC 1845, CDC 128C, CDC 128C1, and/or CDC 128C2, etc.) if provided, to either verify or refute the existence of an ADA defined disability

c. Contact the appropriate parties if additional information is required

d. Determine whether the prisoner/parolee is a qualified person with a disability as defined under ADA and provide careful consideration to whether the request for accommodation is necessary for the prisoner/parolee to overcome any barriers for effective communication and/or equal access to any parole proceeding

e. Document the decision to Grant, Grant w/ Modifications, or Deny the request on a BPT 1073 (page 4)

f. Grant (if qualified and applicable) the prisoner's/parolee's expressed choice of accommodation unless an equally effective means of communication and/or participation is available

Rev. 7/28/00

g.      Return the completed BPT 1073 (page 4) along with a copy of the BPT 1073 (pages 1-3) for action or filing to the C&PR/CCI, AOR, or to the appropriate RU or Records Office within five working days from date the BPT received the BPT 1073 forms

h       If the BPT 1073 form indicates a mobility impairment that would require an accessible facility, the ADA Coordinator must ensure that the parole proceedings are held in an accessible facility

i       Coordinate accommodations with C&PR/CC, DHA, or BPT staff

6.      Upon receiving the completed BPT 1073 from the ADA Coordinator, the C&PR/CC, DHA, or BPT staff shall do the following:

a.      Provide the prisoner/parolee with a copy of the BPT 1073 forms

b.      Coordinate the accommodation with the ADA Unit if applicable

c.      Advise the prisoner/parolee of his/her right to grieve the decision (if adverse) within 72 hours of receipt of the denial for the request for reasonable accommodation/modification

d.      Ensure the prisoner/parolee checks the appropriate box indicating whether he/she wishes to grieve the decision and ensure he/she signs and dates that section

e.      Place the original BPT 1073 in the prisoner's C-file or in the case of parolees, route the original BPT 1073 to the appropriate parole records office to be placed in the BPT section of the parolee's C-file

f.      Mail the completed BPT 1073 to the ADA Unit at 1515 K Street, Suite 600, Sacramento 95814, if the prisoner/parolee **does not wish to grieve** the decision

g.      Forward the completed BPT 1073 forms to the ADA Unit via facsimile at (916) 324-7603 if the prisoner **wishes to grieve** the decision. The ADA Unit will enter the information into a database and will forward the BPT 1073 forms to the BPT Chief Deputy Commissioner for a decision

h.      The Chief Deputy Commissioner will render a decision on a BPT 1074 (refer to Section XI, page 42 for grievance procedures)

Rev. 7/28/00

**E.    Special Procedures for Parolees with Mental/Psychological Disorders**

1.    Parolees with verified mental/psychological disorders will be assigned counsel. It will be counsel's responsibility to serve the parolee with his or her hearing rights and revocation screening offer.

    a.    The RU staff shall ensure that the hearing package is sent to the attorney appointed by BPT to represent the prisoner/parolee.

    b.    The attorney shall be advised of any disabilities and the type of accommodation required and approved. The accommodation will be coordinated by the DHA, or ADA Unit staff.

    c.    The attorney shall complete the service and communicate the decision to the RU within 10 calendar days of the screening.

    d.    The attorney shall assist the parolee in requesting witnesses.

    e.    The attorney shall forward a list of witnesses, if any, to the BPT.

    f.    The BCPA shall review the list of witnesses requested by the attorney. If there is a question about expected testimony, the BCPA may ask the attorney to summarize the testimony and indicate how it would be relevant and non-cumulative.

        1).    The BCPA may add witnesses (even if not required by the AOR, parolee and/or attorney) that he/she determines may have important information of an exculpatory nature that should be heard by the DC in the evidentiary (fact-finding) phase of the hearing

        2).    The BCPA shall document the reasons for refusing to notify or call a witness. The parolee and/or attorney will be notified of the refusal and the reasons prior to the hearing

        3).    The BPT will forward the list of witnesses, if any, to the RU

    g.    The RU shall contact witnesses in accordance with established procedures.

    h.    Where additional or an alternative accommodation is needed, the attorney shall contact the ADA Unit. The ADA Unit will determine the need based on the information provided by the attorney and by any supporting documents or information substantiating additional accommodations

Rev. 7/28/00

F.   **The BPT Staff Review Following Service of Hearing Rights for all Parolees Pending Revocation Proceedings**

1.   At least 72 hours after the parolee is served with the screening offer by the DHA, the BPT BCPA will conduct a **face-to-face review**.

2.   If the staff previously determined that the parolee requires accommodation for a disability, the BCPA shall ensure that a qualified person or appropriate accommodation is provided to assist the parolee at the review and to ensure effective communication.

3    **Interpreter assistance**: The BPT will make every effort to schedule a qualified interpreter when an interpreter is needed to assist a parolee understand his/her rights when served with such rights at the face-to-face review.

     a.   The BPT Scheduling Unit shall coordinate the services for sign language interpreters through an independent provider of communication services

     b.   BPT/CDC staff or jail staff shall not be used as interpreters for the face-to-face review

4.   At the review, the BCPA  shall do the following:

     a.   Review the BPT 1073 forms with the parolee (refer to Section IV, page 5)

     b.   Provide the parolee with an opportunity to request an accommodation due to a disability if he/she has not previously made such a request.

          1)   If the parolee presents the BCPA with a previously unanswered BPT 1073, the BCPA shall contact the ADA Coordinator for an immediate decision whether to provide an accommodation based on review of pertinent documents and the violation package as well as staff observations of the parolee

          2)   If the BPT ADA Coordinator had denied the request for accommodation, the BCPA shall advise the parolee of his/her right to grieve the decision via the BPT form 1074 (refer to Section XI, page 42 for grievance procedures)

     c.   Ask the parolee a set of questions calculated to determine if the parolee understands the situation/process and can make a knowing, intelligent, and voluntary decision

18

Rev. 7/28/00

    1).    If the BCPA determines that the parolee cannot make a knowing, intelligent, and voluntary decision without an accommodation, the BCPA will arrange for the appropriate accommodation

    2).    The BCPA will contact the ADA Coordinator for assistance

    3).    The BCPA shall forward any new information via a BPT 1073 to the ADA Unit identifying a disability that had not been previously identified, for tracking purposes

d.    Advise the parolee of his/her due process rights

e.    Conduct an attorney determination pursuant to BPT form 1083

    1).    The parolee may waive his right to counsel except in cases where the parolee's comprehension or communication barriers render the parolee unable to provide a knowing and intelligent waiver (see b, 1) above)

5.    The parolee has the following options with regard to the screening offer:

a.    Sign an unconditional waiver

b.    Sign an optional waiver accepting the screening offer pending completion of criminal proceedings and request a hearing. If the parolee activates the waiver when criminal proceedings have been completed and requests a hearing, the DHA or an attorney (if applicable) shall serve the parolee with the hearing package and follow the procedures as outlined in Section C, page 9

c.    Reject the offer, request a hearing and submit a request for witnesses to be reviewed by BPT staff for approval (BPT staff shall inquire if any of the witnesses requested have a disability under ADA)

6.    At the conclusion of the review, the BPT BCPA may make any of the following recommendations based on new information and/or as a result of the face-to-face interview:

a.    Recommend removal of hold and schedule for NIC hearing

b.    Recommend finding of no probable cause with removal of parole hold by the end of the next working day

c.    Recommend dismissal of charges and removal of hold

Rev. 7/28/00

    d.    Provide the necessary paperwork to a parolee who accepts the screening offer

    e.    Recommend status quo or no change

    f.    Complete witness list approval and forward to the RU for appropriate notification by subpoena or other means

    g.    Arrange with the BPT Scheduling Unit to have a sign language interpreter at the hearing if applicable

    h.    Advise the BPT Scheduling Unit if a parolee or a witness is known to have a physical impairment that may require scheduling the hearing in an alternate location if the original site is known to be inaccessible.

        1).    In cases in which witnesses are required, the alternate site shall be within 50 miles of where the alleged violation occurred.

**G.**    **Parole Revocation Hearing**

    1.    **CDC staff** clerking the hearing shall have the following responsibilities:

        a.    Complete the hearing packet to include Parole Revocation Hearing and Witness Determination (CDC 1654) and Summary of Revocation Hearing and Decision (BPT 1103).

        b.    Ensure that an accommodation (if applicable) has been arranged for disabled parolees and/or witnesses, if necessary in order to ensure that they are able to participate in any parole proceeding to the best of the disabled individual's ability.

    2.    The **Deputy Commissioner** shall have the following responsibilities:

        a.    At commencement of hearing, using effective communication, the DC shall review the BPT 1073 forms with the parolee to ensure the following:

            1).    That the parolee understands his/her rights under Title II of the ADA

            2).    That any recommended accommodation has been provided, and if provided, that the accommodation is adequate

        b.    Ensure that parolees requiring sign language interpreters will have wrist/arm restraints removed at commencement of hearing. Any

Rev. 7/28/00

exceptions must be authorized by the Chairman or his/her delegate (Chief Deputy Commissioner or Associate Chief Deputy Commissioner) and must be based on an individualized written determination that the parolee/prisoner would pose a direct threat, unless restrained, and that no reasonable alternatives are available to protect against the threat.

c.    Ensure that the hearings shall not be postponed based on the prisoner's/parolee's disability except under extraordinary circumstances.

    1).    If the recommended accommodation has not been provided, the DC shall ensure that the DHA facilitating the hearing shall attempt to secure such services immediately.

    2).    If equally effective communication cannot be achieved because of the absence of an accommodation, the hearing will be postponed and immediately rescheduled for another date not to exceed 14 calendar days.

    3).    The accommodation must be provided at the new scheduled hearing.

d.    Ensure that the hearing is taped. A taped recording of the hearing shall constitute the official record.

e.    Ensure that at the conclusion of the hearing, the parolee is informed of his/her right to appeal any adverse decision. If the parolee has been found to require an accommodation on account of a disability, the DC shall inform the parolee of his/her right to an accommodation for the purpose of filing an appeal.

3.    At the completion of the hearing, DHA staff will distribute copies of the BPT 1103 to the parolee and the AOR.

a.    The original shall be forwarded to the appropriate case records office.

b.    The BPT copy with the audio-tape and BPT 1073 forms shall be mailed to BPT.

Rev. 7/28/00

**H.   Revocation Extension Hearings**

1.   Revocation extension hearings as a result of a violation while in custody in a **CDC facility**.

   a.   The CDC (institution) staff is responsible for preparing the reports when violations occur in CDC facilities

   b.   Prior to conducting service of rights and screening offer, the CCI shall review the violation package and pertinent documents to determine if an accommodation is required for effective communication prior to meeting with the parolee

   c.   The CCI shall effectively communicate to the parolee his or her rights, the screening offer, and an opportunity to request a reasonable accommodation via the BPT 1073 in accordance with Section IV, page 5 and Section VII, D, page 13

      1).   If a BPT 1073 was previously completed, the CCI shall review the BPT 1073 and document the review on a BPT 1073(a)

   d.   The CCI shall advise the prisoner of BPT documents available in alternative format or another appropriate reasonable accommodation

   e.   The CCI shall advise the parolee that he or she will given at least 72 hours to decide whether to request an attorney and to accept or reject the screening offer

   f.   At least 72 hours after the parolee is served with the screening offer by the CCI, the CCI will conduct an in-person interview in accordance with Section F, page 18

2.   Revocation extension hearings as a result of a violation while in custody in **non-CDC facility:**

   a.   The AOR is responsible for preparing the reports when violations occur in a non-CDC facility.

   b.   Prior to conducting service of rights and screening offer, the DHA shall review the violation package and pertinent documents to determine if BPT documents in alternative format or another specific accommodation is required for effective communication with the parolee.

22

Rev. 7/28/00

    c.    The DHA shall effectively communicate to the parolee his or her rights, the screening offer, and the opportunity to request reasonable accommodation in accordance with Section IV, page 5 , and Section VII, D, page 13

        1).    If a BPT 1073 was previously completed, the DHA shall review the BPT 1073 and document the review on a BPT 1073(a)

    d.    The DHA shall advise the prisoner of BPT documents available in alternative format or another appropriate reasonable accommodations

    e.    The DHA shall advise the parolee that he or she will be given at least 72 hours to decide whether to request an attorney and to accept or reject the screening offer

    f.    At least 72 hours after the parolee is served with the screening offer by the DHA, the BPT BCPA will conduct an in-person interview in accordance with Section F, page 18.

3.    **Interpreter assistance**: The BPT will make every effort to schedule a qualified interpreter when needed at a CDC facility or at a non-CDC facility, to assist a parolee to understand his/her rights when served with such rights prior to a face-to-face review and prior to a hearing.

    a.    The BPT Scheduling Unit shall coordinate the services for sign language interpreters through an independent provider of communication services

    b.    CDC or BPT staff shall not be used as interpreters for the service of rights and screening offer, and for a face-to-face review

## VIII.   LIFE PRISONERS AND SERIOUS OFFENDERS

### A.   Notice and Request for Reasonable Accommodation - BPT 1073

1.    Prisoners with qualified disabilities shall be provided with the opportunity to request a reasonable accommodation via a BPT 1073 in order to ensure effective communication and/or equal access to all parole proceedings.

2.    Prisoners with disabilities will be provided reasonable accommodation(s) to prepare for hearings, including but not limited to, C-File reviews, obtaining letters of support and developing parole plans.

3.    When providing a BPT 1073, staff shall , follow the procedures as outlined in Section IV and specifically number 2 and number 4, pages 5 and 6

Rev. 7/28/00

4. **Interpreter assistance**: The BPT will make every effort to schedule a qualified interpreter when needed at a CDC facility or at a non-CDC facility, to assist a parolee to understand his/her rights when served with such rights prior to a face-to-face review and prior to a hearing.

   a. The BPT Scheduling Unit shall coordinate the services for sign language interpreters through an independent provider communication services

   b. CDC or BPT staff shall not be used as interpreters at lifer parole proceedings

5. BPT 1073 shall be served by the C&PR or his/her designee 30 days prior to hearing.   The C&PR or his/her designee shall review the C-file prior to performing the service to determine if any accommodation is required to effectively communicate with the prisoner and shall make any necessary reasonable accommodation.

B. **Procedures to be Followed When Providing Life Prisoners and Serious Offenders with BPT 1073 and BPT 1074.**

   1. If a prisoner indicates he/she **does not have a disability** as defined under the ADA or does have a disability but waives reasonable accommodation, the Classification and Parole Representative (C&PR) or the Correctional Counselor I (CCI) shall do the following:

      a. Provide equally effective communication

      b. Ensure that the prisoner completes the BPT 1073 accurately

      c. Provide assistance to the prisoner in completing the form if necessary

      d. Provide the prisoner with a completed copy of the BPT 1073

      e. Mail the BPT 1073 forms to the BPT ADA Coordinator at 1515 K Street, Suite 600, Sacramento, CA  95814

      f. File the original BPT 1073 in the BPT section of the prisoner's C-File along with the other pre-hearing documents

      g. Place a copy of the BPT 1073 in the lifer packet provided to the BPT hearing panel at the lifer hearings

Rev. 7/28/00

Note: If the prisoner has a disability and waives reasonable accommodation and staff believes that the disability may preclude the prisoner from participating or effectively communicating at any parole proceeding without an accommodation, staff shall request an accommodation via the BPT 1073 on behalf of the prisoner and shall follow the steps provided below.

2.  If the life prisoner indicates he/she **has a disability** as defined under the ADA and requests a reasonable accommodation, the <u>C&PR/CCI</u> shall do the following:

    a.  Provide equally effective communication

    b.  Ensure that the prisoner completes the BPT 1073 accurately

    c.  Provide assistance to the prisoner in completing the BPT 1073 if necessary

    d.  Review all relevant documents (CDC 611, CDC 1845, CDC 128C, CDC 128C1, and/or CDC 128C2, etc.) which may either verify or refute the existence of an ADA defined disability

    e.  Document any additional information and/or personal observations on the BPT 1073 (page 2) that would assist the ADA Coordinator in making an accurate determination regarding the request for accommodation

    f.  Sign and date Page 2 of the BPT 1073

    g.  Provide the prisoner with a completed copy of Pages 1 and 2 of BPT 1073

    h.  Advise the prisoner of his/her right to grieve the decision (if adverse) within 72 hours of receipt of the denial of the request for reasonable accommodation via the BPT 1074A and advise prisoner that a decision will be made prior to a scheduled hearing or parole proceeding (refer to Section XI, page 42 for grievance procedures)

    i.  Forward completed BPT 1073 along with any supporting documentation via facsimile to the ADA Coordinator at BPT headquarters, at (916) 324-7603 as soon as possible and prior to any parole proceeding

    j.  File the original BPT 1073 in the BPT section of the prisoner's C-File along with the other pre-hearing documents

Rev. 7/28/00

    k.    Place a copy of the BPT 1073 in the lifer packet provided to the BPT hearing panel at the lifer hearing

3.    Upon receiving a completed BPT 1073, the <u>BPT ADA Unit/Coordinator</u> shall do the following:

    a.    Ensure that the information from the BPT 1073 is entered into the database for tracking purposes

    b.    Review BPT 1073 forms and all relevant documentation (CDC 611, CDC 1845, CDC 128C, CDC 128C1, and/or CDC 128C2, etc.) if provided, to either verify or refute the existence of an ADA defined disability

    c.    Contact the appropriate parties if additional information is required

    d.    Determine whether the prisoner/parolee is a qualified person with a disability as defined under ADA and provide careful consideration to whether the request for accommodation is necessary for the prisoner/parolee to overcome any barriers for effective communication and/or equal access to any parole proceeding

    e.    Document the decision to grant, grant w/ modifications, or deny the request on a BPT 1073 (page 3)

    f.    Grant (if qualified and applicable) the prisoner's/parolee's expressed choice of accommodation unless an equally effective means of communication and/or participation is available

    g.    Return the completed BPT 1073 forms along with a copy of the BPT 1073 for action or filing to the C&PR/CCI, AOR, or to the appropriate RU or Records Office within five working days from date the BPT received the BPT 1073

    h    If the BPT 1073 form indicates a mobility impairment that would require an accessible facility, the ADA Coordinator must ensure that the parole proceedings are held in an accessible facility

    i.    Coordinate accommodations with C&PR/CC, DHA, or BPT staff

4.    Upon receiving the completed BPT 1073 from the ADA Coordinator, the <u>C&PR/CCI</u> shall do the following:

    a.    Provide the prisoner with a copy of the BPT 1073 forms

    b.    Coordinate the accommodation with the ADA Unit if applicable

Rev. 7/28/00

c.   Advise the prisoner of his/her right to grieve the decision via a BPT 1074 (if adverse) within 72 hours of receipt of the denial for the request for reasonable accommodation/modification

d.   Ensure the prisoner checks the appropriate box indicating whether he/she wishes to grieve the decision and ensure he/she signs  and dates that section

e.   Place the original BPT 1073 in the prisoner's C-file or in the case of parolees, route the original BPT 1073 to the appropriate parole records office to be placed in the BPT section of the parolee's C-file

f.   Mail the completed BPT 1073 forms to the ADA Unit at 1515 K Street, Suite 600, Sacramento 95814 , if the prisoner **does not wish to grieve** the decision

g.   Forward the completed BPT 1073 forms to the ADA Unit via facsimile at (916) 324-7603 if the prisoner **wishes to grieve** the decision.  The ADA Unit will enter the information into a database and will forward the BPT 1073 forms to the BPT Chief Deputy Commissioner for decision

h.   The Chief Deputy Commissioner will render a decision on a BPT 1074 (refer to Section XI, page 42 for grievance procedures)

## C.   Life Prisoner and Serious Offender Hearings

1.   The hearing panel shall have the following responsibilities:

a.   At commencement of hearing, using effective communication, the hearing panel shall review the BPT 1073 forms with the prisoner to ensure the following:

1).   That the prisoner understands his/her rights under Title II of the ADA

2).   That the appropriate accommodation has been provided, and if provided, whether the accommodation is adequate

b.   Shall ensure that prisoners requiring sign language interpreters will have wrist/arm restraints removed at commencement of hearing.   Any exceptions must be authorized by the Chairman or his/her delegate (Chief Deputy Commissioner or Associate Chief Deputy Commissioner) and must be based on an individualized written determination that the

Rev. 7/28/00

prisoner would pose a direct threat, unless restrained, and that no reasonable alternatives are available to protect against the threat.

c.   Shall ensure that hearings shall not be postponed based on the prisoner's disability except under extraordinary circumstances.

  1).   If the recommended accommodation has not been provided, the hearing panel shall attempt to secure such services immediately.

  2).   If equally effective communication cannot be achieved because of the absence of an accommodation, the hearing panel shall postpone the hearing immediately and reschedule the hearing for another date not to exceed 30 days from the date of the original hearing.

  3).   Ensure with the C&PR that the accommodation is provided at the new scheduled hearing.

d.   Shall not recommend that prisoners participate in programs that are not available to them by reason of their disability and shall not rely on the failure of the prisoners to participate in programs not available to them by reason of their disabilities as a factor supporting denial of a parole date or multi-year denial

  1).   Pursuant to CDC's policy, qualified inmate (life prisoner) or parolee with a disability as defined in Title II of the ADA shall not, because of their disability, be excluded from participation in or denied the benefits of services, programs, or activities of the Department or be subjected to discrimination. All institutions/facilities housing inmates with disabilities will ensure that housing and programming are appropriate in a manner consistent with their mission and CDC policy.

  2).   In the event the Commissioners or DCs, as part of a life prisoner hearing, request a life prisoner participate in a particular program (work, vocational, academic, or drug/alcohol, etc.), CDC staff will include specific information in the life prisoner's Board Report regarding the life prisoner's attempts to access the required program and CDC's determination, if any, regarding whether that program is available to that prisoner

e.   The prisoner may file an appeal within 90 days of receiving a copy of the written decision (refer to Section XII, page 44 for appeals policy).

  1).   The appeal shall be submitted using the BPT 1040. The BPT 1073 forms and BPT 1074 must be attached to the BPT 1040

Rev. 7/28/00

2). The prisoner's appeal shall be forwarded to the BPT's Office of Policy and Appeals for review and a response

3). The Office of Policy and Appeals shall respond to the appeal within 30 days of receipt

4). The filing of an ADA related appeal does not preclude the prisoner from filing an appeal on non-ADA issues

## IX.   MENTALLY DISORDERED OFFENDERS (MDO)

### A.   Notice and Request for Reasonable Accommodation - BPT 1073

1. **Interpreter assistance**: The BPT will make every effort to schedule a qualified interpreter when needed at a CDC facility or at a non-CDC facility, to assist a parolee to understand his/her rights when served with such rights prior to a face-to-face review and prior to a hearing

   a   The BPT Scheduling Unit shall coordinate the services for sign language interpreters through an independent provider of communication services

   b   CDC staff or jail staff may not be used as interpreters for the service of rights and screening offer, and for a face-to-face review

2. All seriously mentally ill prisoners who are being evaluated for MDO shall be provided with the opportunity to request a reasonable accommodation via a BPT 1073 in order to ensure effective communication and/or equal access in MDO proceedings. Institution staff shall serve the BPT 1073 at the time the certification hearing rights are presented.

   a.   CDC or BPT employees shall provide the MDO with the BPT 1073 using effective communication

   b.   Prior to any parole proceeding institution staff shall ensure that the MDO is advised that under Title II of the ADA he/she has the right to request a reasonable accommodation based on a qualified disability

   c.   Staff shall read the following statement:

       "The Americans with Disabilities Act (ADA) is a law that protects people with disabilities. If you have a disability, you cannot be left out of places, hearings, or other events because of it. If you cannot

Rev. 7/28/00

understand something because of your disability, staff must help you. An ADA disability can be a problem with **seeing, hearing, walking, talking, breathing, learning, thinking, working, or taking care of your self**. Qualified people have problems so great that they cannot manage without help. If you have a disability, you have the right to ask for help at any parole proceeding. You may ask for help using the BPT 1073. If you do not get the help you need, you can complain by using the BPT 1074. Your request will be reviewed to be sure your problem is covered by the ADA law. Do you understand that you can ask for help at any parole proceeding? Do you know you can get help by using the BPT 1073 form? Do you need help using the form now?"

d.   If the MDO was previously provided with a BPT 1073, the BPT or CDC staff shall review the BPT 1073 with the MDO and verify if there are any changes since he/she was last provided with the opportunity to request a reasonable accommodation. The BPT 1073 review shall be documented on a BPT form 1073(a)

e.   The MDO shall be advised that BPT documents are available in alternative formats upon request (e.g. Braille, large print, audio-cassette, or simple English)

f.   Staff shall ensure that the BPT 1073 forms are **thoroughly** completed and all supporting documents (i.e., CDC 611, CDC 128C, CDC 128C1, and/or CDC 128C2) are included

g.   Staff shall forward all BPT 1073 forms to the BPT ADA Coordinator whether or not a disability is claimed

   1).   In cases where a disability is claimed, staff shall fax a completed copy to the BPT ADA Unit at (916) 324-7603.

   2).   If a disability is not being claimed, staff shall mail a completed copy to:

   Board of Prison Terms
   1515 K Street, Suite 600
   Sacramento, CA  95814
   Attention:  BPT ADA Coordinator

30

Rev. 7/28/00

B.   **Procedures to be Followed When Providing Mentally Disordered Offenders with BPT 1073**

1.   If a seriously mentally ill prisoner who is being evaluated for MDO indicates he/she **does not have a disability** (other than a mental disability) as defined under the ADA or does have a disability but waives reasonable accommodation, the **C&PR/CCI** shall do the following:

   a.   Provide equally effective communication

   b.   Ensure that the mentally ill prisoner completes the BPT 1073 accurately

   c.   Provide assistance to the mentally ill prisoner in completing the BPT 1073 if necessary

   d.   Provide the mentally ill prisoner with a completed copy of the BPT 1073 forms

   e.   Mail a copy of the BPT 1073 forms to the BPT ADA Coordinator at 1515 K Street, Suite 600, Sacramento, CA 95814

   f.   File the original in the BPT section of the mentally ill prisoner's C-File.

   Note:  If the mentally ill prisoner has a disability and waives reasonable accommodation and staff believes that the disability may preclude the he/she from participating or effectively communicating at any parole proceeding without an accommodation, staff shall request an accommodation via the BPT 1073 on behalf of the mentally ill prisoner and shall follow the steps provided in below.

2.   If the mentally ill prisoner indicates he/she **has a disability** (other than a mental disability) as defined under the ADA and requests a reasonable accommodation, the **C&PR/CC** shall do the following:

   a.   Provide equally effective communication

   b.   Ensure that the mentally ill prisoner completes the form accurately

   c.   Provide assistance to the mentally ill prisoner in completing the form if necessary

   d.   Review all relevant documents (CDC 611, CDC 1845, CDC 128C, CDC 128C1, and/or CDC 128C2, etc.) which may either verify or refute the existence of an ADA defined disability

Rev. 7/28/00

    e.    Document any additional information and/or personal observations on the BPT 1073 (page 2) that would assist the ADA Coordinator in making an accurate determination regarding the request for accommodation

    f.    Sign and date BPT 1073 (page 2)

    g.    Provide the mentally ill prisoner with a completed copy of the BPT 1073 forms

    h.    Advise the mentally ill prisoner of his/her right to grieve the decision (if adverse) within 72 hours of receipt of the denial of the request for reasonable accommodation via the BPT 1074 and advise the prisoner that a decision will be made prior to a scheduled hearing or parole proceeding (refer to Section XI, page 42 for grievance process)

    i.    Forward completed BPT 1073 forms along with any supporting documents via facsimile to the ADA Coordinator at BPT headquarters (916) 324-7603 as soon as possible and prior to any parole proceeding

    j.    File the original in the BPT section of the mentally ill prisoner's C-File along with the other pre-hearing documents

3.    Upon receiving a completed BPT 1073, the <u>BPT ADA Unit/Coordinator</u> shall do the following:

    a.    Ensure that the information from the BPT 1073 is entered into the database for tracking purposes

    b.    Review BPT 1073 forms and all relevant documentation (CDC 611, CDC 1845, CDC 128C, CDC 128C1, and/or CDC 128C2, etc.) if provided, to either verify or refute the existence of an ADA defined disability

    c.    Contact the appropriate parties if additional information is required

    d.    Determine whether the prisoner/parolee is a qualified person with a disability as defined under ADA and provide careful consideration to whether the request for accommodation is necessary for the prisoner/parolee to overcome any barriers for effective communication and/or equal access to any parole proceeding

    e.    Document the decision to grant, grant w/ modifications, or deny the request on a BPT 1073 (page 3)

Rev. 7/28/00

  f. Grant (if qualified and applicable) the prisoner's/parolee's expressed choice of accommodation unless an equally effective means of communication and/or participation is available

  g. Return the completed BPT 1073 forms along with a copy of the BPT 1073 for action or filing to the C&PR/CCI, AOR, or to the appropriate RU or Records Office within five working days from date the BPT received the BPT 1073

  h. If the BPT 1073 form indicates a mobility impairment that would require an accessible facility, the ADA Coordinator must ensure that the parole proceedings are held in an accessible facility

  i. Coordinate accommodations with C&PR/CC, DHA, or BPT staff

4. Upon receiving the completed BPT 1073 from the ADA Coordinator, the C&PR/CCI shall do the following:

  a. Provide the prisoner with a copy of the BPT 1073 forms

  b. Coordinate the accommodation with the ADA Unit if applicable

  c. Advise the prisoner of his/her right to grieve the decision via a BPT 1074 (if adverse) within 72 hours of receipt of the denial for the request for reasonable accommodation/modification

  d. Ensure the prisoner checks the appropriate box indicating whether he/she wishes to grieve the decision and ensure he/she signs and dates that section

  e. Place the original BPT 1073 in the prisoner's C-file or in the case of parolees, route the original BPT 1073 to the appropriate parole records office to be placed in the BPT section of the parolee's C-file

  f. Mail the completed BPT 1073 forms to the ADA Unit at 1515 K Street, Suite 600, Sacramento 95814 , if the prisoner **does not wish to grieve** the decision

  g. Forward the completed BPT 1073 forms to the ADA Unit via facsimile at (916) 324-7603 if the prisoner **wishes to grieve** the decision. The ADA Unit will enter the information into a database and will forward the BPT 1073 forms to the BPT Chief Deputy Commissioner for decision

  h. The Chief Deputy Commissioner will render a decision on a BPT 1074 (refer to Section XI, page 42 for grievance procedures)

Rev. 7/28/00

**C.   Certification**

1.   If the prisoner is found to meet statutory criteria, he or she will be certified by BPT and MDO special conditions of parole are imposed. Institution staff will serve the prisoner with a CDC 1515, Notice of Conditions of Parole specifying treatment by DMH ensuring effective communication.

2.   When an MDO has agreed to his/her special condition, the institution staff/parole agent shall provide the MDO with a BPT 1073 (refer to Section IV, page 5 and Section VII, D, page 13) and BPT forms 1410 and 1410A (Notice of Rights to Certification Hearing and Acknowledgement), ensuring effective communication.

3.   When an MDO is located at a prison and refuse to sign his/her special condition for MDO treatment, institution staff shall do the following:

   a.   The C&PR at the institution where the prisoner is located shall immediately notify the BPT MDO Coordinator.

   b.   The C&PR will place a parole hold pursuant to Penal Code (PC) Section 3060.5.

   c.   Within two weeks of notification of the prisoner's refusal to sign MDO special condition, the MDO Coordinator shall appoint an attorney to consult with the prisoner. The attorney will assist the prisoner in deciding whether to accept or refuse the special condition for MDO treatment. Attorneys appointed for this purpose shall receive appropriate training.

   d.   The MDO Coordinator shall confirm in writing the attorney's appointment and shall provide the attorney with a copy of the BPT certification package, including the clinical evaluations

   e.   The attorney will consult with the prisoner by presenting the following information:

      1).   An explanation of the MDO special condition

      2).   The nature of treatment provided under the MDO special condition

      3).   The State hospital environment

      4).   The rights of State hospital patients

      5).   The ability of treatment to reduce future re-offense

34

Rev. 7/28/00

6). The consequences of refusing to sign MDO special conditions

    a). Revocation and remain in prison

    b). Extension of the parole term

    c). Re-evaluation and possible MDO special conditions at end of revocation period

f. If after the attorney consultation the prisoner decides to sign the special condition for MDO treatment:

    1). The C&PR will prepare a Miscellaneous Decision (BPT 1135) recommending that BPT's action to schedule a revocation hearing for failure to sign special conditions be rescinded

    2). The C&PR will fax the Miscellaneous Decision to BPT Central Office Calendar for review and approval

    3). The institution staff shall arrange for transfer of the prisoner to the appropriate State hospital

    4). Upon admission to the State hospital, the assigned parole agent will prepare a BPT 1430 (Mentally Disordered Offender Scheduling Request) and fax to the BPT Offender Screening Section

    5). Upon receipt of the BPT 1430, the BPT shall schedule a certification hearing

g. If after attorney consultation the prisoner continues to refuse to sign his/her special condition for MDO treatment:

    1). The C&PR shall notify the BPT MDO Coordinator

    2). The MDO Coordinator shall arrange for a clinician (licensed psychologist or psychiatrist) to assess whether the prisoner's severe mental disorder has impaired his/her ability to make a knowing and intelligent decision to accept or refuse the MDO special condition or parole

    3). The clinician shall prepare a written report and forward to the BPT MDO Coordinator

    4). The BPT MDO Coordinator shall forward the report to the BCPA

Rev. 7/28/00

5). If the clinical evaluation determines that the prisoner's severe mental disorder has impaired his/her ability to make a knowing and intelligent decision:

    a). The BCPA will prepare a Miscellaneous Decision recommending that BPT's action to schedule a revocation hearing for failure to sign special conditions be rescinded.

    b). The BCPA will submit the Miscellaneous Decision to Central Office Calendar for review and approval.

    c). The institution staff shall arrange for transfer of the prisoner to the appropriate State hospital.

    d). Upon admission to the State hospital, the assigned parole agent will prepare a BPT 1430 (Mentally Disordered Offender Scheduling Request) and fax to the BPT Offender Screening Section.

    e). Upon receipt of the BPT 1430, the BPT shall schedule a certification hearing.

6). If the clinical evaluation determines the prisoner has the ability to make a knowing and intelligent decision, the revocation process will proceed in accordance with Section G, page 20 (Parole Revocation Hearing process).

## D.  Mentally Disordered Offender Hearings

1. The (MDO) statute requires a series of due process hearings (certification, placement and annual review) to be conducted by the BPT once an individual is found to meet MDO criteria resulting in a special parole condition requiring mental health treatment by the Department of Mental Health. Due to the presence of a severe mental disorder, the BPT automatically conducts certification hearings. Waivers are accepted for the placement and annual review hearings.

2. Attorney representation will be automatically provided to the MDO for any BPT hearing. All attorneys appointed by the BPT for MDO hearings shall receive the appropriate training.

3. **Pre-hearing:** Institution staff/parole agent shall present the MDO with the following forms, using effective communication:

36

Rev. 7/28/00

a.   BPT form 1420 (Notice of Right to Placement Hearing) and BPT Form 1420(a) (Notice of Right to Placement Hearing Acknowledgement), or

b.   BPT form 1460 (Notice of Right to Annual Review Hearing) and BPT Form 1460 (Notice of Right to Annual Review Hearing Acknowledgement), and

c.   BPT 1073 (Notice and Request for Reasonable Accommodation).

1).   If the MDO was previously provided with a BPT 1073, the BPT or CDC staff shall review the BPT 1073 with the MDO and verify if there are any changes since he/she was last provided with the opportunity to request a reasonable accommodation. The review shall be documented on a BPT 1073(a)

2).   If the MDO was not previously provided with a BPT 1073 staff shall read the following statement.

"The Americans with Disabilities Act (ADA) is a law that protects people with disabilities. If you have a disability, you cannot be left out of places, hearings, or other events because of it. If you cannot understand something because of your disability, staff must help you. An ADA disability can be a problem with **seeing, hearing, walking, talking, breathing, learning, thinking, working, or taking care of your self**. Qualified people have problems so great that they cannot manage without help. If you have a disability, you have the right to ask for help at any parole proceeding. You may ask for help using the BPT 1073. If you do not get the help you need, you can complain by using the BPT 1074. Your request will be reviewed to be sure your problem is covered by the ADA law. Do you understand that you can ask for help at any parole proceeding? Do you know you can get help by using the BPT 1073? Do you need help using the form now?"

3).   Whether or not the MDO claims an additional disability (i.e., hearing, vision impairment, etc), the agent shall review the prisoner's central and medical files for any documentation (CDC 611, CDC 1845, CDC 128C, CDC 128C1, and/or CDC 128C2) or any other information indicating or verifying the existence of further disabilities. The agent shall note any additional information or observations on the BPT 1073.

4).   Refer to Section IV, page 5 and Section VII, D, page 13, for further BPT 1073 process.

Rev. 7/28/00

d. At commencement of hearing, using effective communication, the hearing panel shall review the BPT 1073 along with the parolee and his/her attorney to ensure the following:

    1). That the parolee understands his/her rights to the best of their ability under Title II of the ADA.

    2). That any recommended accommodation (other than attorney representation) has been provided, and if provided, whether the accommodation is adequate.

e. Hearings shall not be postponed based on the prisoner's/parolee's disability except under extraordinary circumstances.

    1). If the recommended accommodation (other than attorney representation) has not been provided, the DC shall ensure that the DHA facilitating the hearing shall attempt to secure such services immediately.

    2). If equally effective communication cannot be achieved because of the absence of an accommodation, the hearing will be postponed and immediately rescheduled for another date not to exceed 14 calendar days.

    3). The accommodation must be provided at the rescheduled hearing.

f. Parolees requiring sign language interpreters will have wrist/arm restraints removed at commencement of hearing. Any exceptions must be authorized by the Chairman or his/her delegate (Chief Deputy Commissioner or Associate Chief Deputy Commissioner) and must be based on an individualized written determination that the parolee/prisoner would pose a direct threat, unless restrained, and that no reasonable alternatives are available to protect against the threat.

g. A tape recording of the hearing shall constitute the official record.

h. At the conclusion of the hearing, the parolee shall be informed of his right to appeal any adverse decision. If the parolee has been found to require an accommodation on account of a disability, the DC shall inform the parolee of his right to an accommodation for the purpose of filing an appeal.

Rev. 7/28/00

**E.   Post-hearing**

1.   The MDO may file an appeal within 90 days of receiving a copy of the written decision (refer to Section XV, page 42 for appeals policy).

2.   The appeal shall be submitted using the BPT 1040.  The BPT 1073 forms and BPT 1074 must be attached to the BPT 1040.

3.   The MDO may be provided with an accommodation to assist in completing the BPT 1040.

4.   The MDO's appeal shall be forwarded to the BPT's Office of Policy and Appeals for review and a response.

5.   The Office of Policy and Appeals shall respond to the appeal within 30 days of receipt.

6.   The filing of an ADA related appeal does not preclude the prisoner from filing an appeal on non-ADA issues.

7.   If an appeal is granted, the hearing will be reheard on the next available calendar, as determined by the BPT's MDO unit.

**X.   SEXUALLY VIOLENT PREDATOR (SVP)**

**A.   Notice and Request for Reasonable Accommodation – BPT 1073**

1.   **Interpreter assistance**: The BPT will make every effort to schedule a qualified interpreter when needed at a CDC facility or at a non-CDC facility, to assist a parolee to understand his/her rights when served with such rights prior to a face-to-face review and prior to a hearing

a.   The BPT Scheduling Unit shall coordinate the services for sign language interpreters through an independent provider of communication services

b.   CDC staff or jail staff may not be used as interpreters for the service of rights and screening offer, and for a face-to-face review

39

Rev. 7/28/00

2.   If the SVP candidate was previously provided with a BPT 1073, the institutional staff/regional hearing coordinator shall review the BPT 1073 with the prisoner and verify if there are any changes since he/she was last provided the opportunity to request a reasonable accommodation. The review shall be documented on a BPT 1073(a).

3.   If the SVP candidate **was not** previously provided with a BPT 1073, the C&PR/CCI, or RHC shall advise he/she that under Title II of the ADA, he/she has the right to request a reasonable accommodation based on a qualified disability.

   a.   Staff shall read the following:

   "The Americans with Disabilities Act (ADA) is a law that protects people with disabilities. If you have a disability, you cannot be left out of places, hearings, or other events because of it. If you cannot understand something because of your disability, staff must help you. An ADA Disability can be a problem with **seeing, hearing, walking, talking, breathing, learning, thinking, working, or taking care of your self**. Qualified people have problems so great that they cannot manage without help. If you have a disability, you have the right to ask for help at any parole proceeding. You may ask for help using the BPT 1073. If you do not get the help you need, you can complain by using the BPT 1074. Your request will be reviewed to be sure your problem is covered by the ADA law. Do you understand that you can ask for help at any parole proceeding? Do you know you can get help by using the BPT 1073? Do you need help using the form now?"

4.   Prisoners shall be advised that BPT documents are available in alternative formats upon request (e.g. Braille, large print, audio-cassette, or simple English).

5.   Staff shall forward all BPT 1073 forms to the BPT ADA Coordinator whether or not a disability is claimed.

   a.   In cases where a disability is claimed, staff shall fax a completed copy to the BPT ADA Unit at (916) 324-7603.

   b.   If a disability is not being claimed, staff shall mail a completed copy to:

                   Board of Prison Terms
                   1515 K Street, Suite 600
                   Sacramento, CA  95814
                   Attention:  BPT ADA Coordinator

40

Rev. 7/28/00

**B.    Probable Cause Hearings**

1.    Upon notice/determination that a probable cause hearing is needed, the Board's SVP Hearing Coordinator will:

    a.    Determine the date/time and place of the hearing and make needed scheduling arrangements with the Board's Hearing Division

    b.    Notify institution staff/regional hearing coordinator of the schedule for conducting the hearing

    c.    Collect pertinent documents needed to conduct the hearing, hire an attorney, and fax all hearing documents to the institution/regional hearing coordinator for presentation to the hearing officer who will conduct the hearing

    d.    The SVP Hearing Coordinator in conjunction with the BPT ADA Coordinator, will ensure that the known appropriate accommodation or the BPT documents in alternative format (assistive listening devices, large print or Braille forms, etc.) are made available prior to meeting with the parolee.

2.    The institution staff/regional hearing coordinator shall serve the SVP candidate with BPT form 1100c (Notice of Probable Cause Hearing), BPT form 1100d (Notice of Probable Cause Hearing – Acknowledgement, Notice to Parolees Subject to the Sexually Violent Predator Act) to be signed by the parolee, and complete BPT form 1080, (Notice of Date, Time and Place of Hearing).

3.    All SVP candidates are automatically afforded legal representation for their BPT probable cause hearings.   However, the SVP candidate will be required to complete a BPT 1073 in order to request reasonable accommodation for a disability.

    a.    The staff serving the prisoner with the BPT 1073 shall document any additional information or personal observations on the BPT 1073.

    b.    The BPT ADA Coordinator shall decide immediately whether to grant the request and shall forward the decision on the BPT 1073 (page 3) to the institution for delivery to the prisoner.

    c.    If the prisoner remains unsatisfied with the ADA Coordinator's decision, he/she will be advised that he/she can grieve the decision to the Chief Deputy Commissioner using a BPT 1074 (refer to Section XI, page 42 for grievance process).

Rev. 7/28/00

d.   The parole agent shall verify prior to the scheduled date of the hearing whether the request for accommodation is granted or denied.

e.   If after the hearing, the prisoner believes that he/she were not provided with a fair hearing because he/she were not provided with the appropriate accommodation, the prisoner can appeal by attaching a copy of the previously submitted BPT 1073 forms and BPT 1074 to the BPT 1040 and forwarding it to the BPT Appeals Unit (Refer to Section XV, page 42 for appeals policy).

f.   If an appeal is granted, the Board's probable cause hearing will be reheard within two weeks from the decision to grant the appeal.  If a rehearing is granted and probable cause is found, the calculation of the 45-day hold will be from the original date of release from prison.

## XI.   GRIEVANCE PROCEDURES

### A.   General

1.   Prisoners/parolees may wish to file a grievance based on the denial of their request for accommodation on a BPT 1073.  All ADA-related complaints of denials of requests for accommodations shall be handled via the grievance process  (BPT  1074). **All grievances requesting reasonable accommodations shall be decided prior to a scheduled hearing**.

2.   The Chief Deputy Commissioner shall render a decision within five working days from the date the BPT received the copy of the BPT 1073 and BPT 1074 forms and/or other relevant information.

a.   When making a determination regarding the request, consideration shall be given to whether the request for accommodation is necessary for the prisoner/parolee to overcome any barriers for effective communication and/or equal access to any parole proceeding.

b.   Prisoners/parolees will be advised by BPT or CDC staff of the BPT 1074 decision and their right to appeal the decision via a BPT 1040

Rev. 7/28/00

**B.   Request for Reasonable Accommodation – Grievance Process (BPT 1074)**

1.   Upon receiving a copy of the completed BPT 1073 and BPT 1074 forms, the BPT <u>Chief Deputy Commissioner</u> shall do the following:

   a.   Ensure the information from the BPT 1073 form is entered into the database for tracking purposes

   b.   Review BPT 1073 form along with any other supporting documentation to either verify or refute the existence of an ADA defined disability

   c.   Ensure the appropriate parties are contacted if additional information is required

   d.   Determine whether the prisoner/parolee is a qualified person with a disability as defined under ADA and whether reasonable accommodation is required to provide effective participation at any parole proceeding

   e.   Document the decision to Grant, Grant with Modification, or Deny the request on a BPT 1074 (Attachment C)

   f.   Grant (if qualified and applicable) the prisoner's/parolee's expressed choice of accommodation unless an equally effective means of communication or participation is available

   g.   Direct that the appropriate reasonable accommodation be provided if necessary

   h.   Return the completed BPT 1074 to the ADA Unit to update the database and route the completed BPT 1074 and relevant documents to the appropriate institution or parole records office for distribution and filing within five working days from date the BPT received the BPT 1073 and BPT 1074

   i.   If the BPT 1073 form indicates a mobility impairment that would require an accessible facility, the ADA Coordinator must ensure that the parole proceedings are held in an accessible facility

   j.   Ensure that the ADA Unit coordinates the accommodation (if applicable) with the C&PR/CC, DHA, or BPT staff if necessary.

2.  Upon receiving a copy of the completed BPT 1074, the C&PR/CCI, DHA, or BPT staff shall do the following:

    a.  Provide a copy of the BPT 1074 to the prisoner/parolee

    b.  Coordinate the accommodation with the ADA Unit if applicable

    c.  Advise the prisoner/parolee that the grievance process has been exhausted

    d.  Advise the prisoner/parolee that a DC will review the BPT 1073 forms and any other relevant documents (i.e., BPT 1074 if applicable) with him/her on record at the beginning of a hearing

    e.  Advise the prisoner/parolee that if there is new information, the DC may grant the accommodation requested if reasonable

    f.  Advise the prisoner/parolee that if there is no new information the DC will proceed with the hearing and that if he/she wishes to pursue the matter he/she may submit an appeal after the hearing using the BPT 1040 with the BPT 1073 forms and BPT 1074 attached

    g.  Advise the prisoner/parolee that he/she must file the appeal to the BPT's Office of Policy and Appeals within 90 days of the date of the hearing or a parole proceeding

    h.  Advise the prisoner/parolee that the Office of Policy and Appeals will answer the appeal within 30 days from the date the appeal was received

## XII.  APPEALS

A.  Any prisoner/parolee under the BPT's jurisdiction may appeal any decision of the BPT, which affects that person, except a decision to schedule a hearing or the denial of an appeal by the second level reviewers.

B.  All administrative appeals alleging in substance violations of the ADA or its implementing regulations shall be treated as ADA grievances (refer to Section XI, page 42 for grievance procedures), and any successive appeal on the non-ADA merits of a decision shall not be deemed barred due to the filing of the ADA-related grievance or grievances.

C.  All ADA-related appeals shall be decided within 30 days of the BPT's receipt of the appeal form.

Rev. 7/28/00

    1.    The appeal shall be submitted using the BPT 1040. The BPT 1073 forms and 1074 must be attached to the BPT 1040.

    2.    The prisoner's appeal shall be forwarded to the BPT's Office of Policy and Appeals for review and a response.

    3.    The Office of Policy and Appeals shall respond to the appeal within 30 days of receipt.

D.    Prisoners and parolees with disabilities who cannot use or understand the appeal process or prepare an appeal themselves by reason of their disability shall be provided with effective assistance (staff or counsel or other accommodation) in preparing a BPT appeal.

## XIII. TRAINING

A.    The BPT will coordinate and provide training to all BPT and CDC personnel who have direct or supervisory responsibility for communicating with or making decisions affecting prisoners and parolees in connection with parole proceedings.

B.    Training provided will include:

    1.    Title II of ADA

    2.    Disability Awareness

    3.    Determining whether prisoner with a disability adequately understands verbal and written communication

    4.    Circumstances that gave rise to the injunction and its requirements

    5.    BPT's policies and procedures relative to the injunction

C.    The BPT will have the discretion to appoint attorneys as an accommodation.

    1.    Attorneys who have been trained to provide accommodations may be hired to represent prisoners/parolees with disabilities to convey written information or read written materials to a prisoner/parolee that a nondisabled prisoner/parolee would ordinarily be expected to read or understand without assistance.

    2.    The BPT may make available training to interested attorneys on how to serve as an accommodation.

Rev. 7/28/00

## XIV.  ACCOMMODATIONS

It is the BPT's policy to ensure that prisoners/parolees are provided with equal access to all parole proceedings. The type of auxiliary aid or service necessary to achieve effective communication will vary from case to case and will vary in accordance with the length and complexity of the communication involved.

Prisoners/parolees with disabilities defined under ADA will have the opportunity to request an accommodation via the BPT 1073.  The BPT will make the final decision regarding the accommodation.   A prisoner's/parolee's request for a specific accommodation will be given primary consideration.

### A.   Auxiliary Aids and Services

1.   In order to provide equal access, the BPT shall make available appropriate auxiliary aids and services where necessary to ensure effective communication. When determining the appropriate accommodation, BPT will consider the following:

- Whether the disability qualifies under Title II of the ADA
- Whether the accommodation will ensure effective communication
- Whether the accommodation enables the prisoner/parolee to have access/participate in the parole proceeding

2.   Type of auxiliary aids and services that may be available to prisoners/parolees with disabilities:

- Qualified interpreters
- Staff assistance
- Notetakers
- Computer-aided transcription services
- Written materials
- Telephone handset amplifiers
- Assistive listening systems
- Telephones compatible with hearing aids
- Closed caption decoders
- Open and closed captioning
- Telecommunications devices for deaf persons (TDD's)
- Videotext displays
- Qualified Readers
- Exchange of written notes
- Large print
- Reading machines (available in designated institutions
- Braille

46

3. **BPT ADA Unit**

    a. The BPT ADA Unit will maintain a list of sources of auxiliary aids that can be made available on short notice

    b. The ADA Unit will maintain assistive listening devices, magnifying devices, and TTY/TDDs at BPT Headquarters and will be made available upon request. The ADA Unit will be responsible for the following:

        1). Ensure that auxiliary aids/equipment are forwarded by overnight mail to the appropriate Regional Hearing Coordinator (RHC), or BCPA.

        2). Maintaining a system to track the type of equipment requested and the location of the auxiliary aids/equipment.

        3). Testing the equipment regularly to ensure equipment is operable. The ADA Unit will make all efforts to avoid postponements of parole proceedings due to maintenance or repairs of equipment.

    c. The ADA Unit will make available BPT forms in alternative formats when necessary:

- Braille
- Large print
- Audio-cassettes
- Simple English

    d. If a BPT 1073 indicates a mobility impairment that would require an accessible facility, the ADA Coordinator shall ensure that the parole proceedings be held in a facility accessible to the prisoner/parolee

4. **BPT Scheduling Unit**

    a. The BPT Scheduling Unit shall coordinate the hiring of communication services for BPT proceedings. Communication services will be provided through a professional agency that provides the services necessary to ensure effective communication with deaf, hard of hearing, or deaf-blind people.

    b. Communication services include:
- Real time captioning
- Sign Language
- Oral

Rev. 7/28/00

- Tactile
- Intermediary interpreting
- Emergency interpreting

5. **Institutions**

    a.    Institution staff shall provide the services and/or equipment deemed appropriate via the BPT 1073 process

    b.    BPT documents in alternative formats (large print, Braille, and/or audio-tapes) will be provided upon request

    c.    Designated institutions shall have available reading machines such as the Galileo machine

    d.    If the CDC institution is unable to provide a recommended accommodation, the C&PR or CCI shall immediately notify the BPT ADA Unit. The BPT ADA Unit shall provide appropriately trained staff, or obtain the services of a qualified person and/or provide equipment

6. **Non-CDC Facilities**

    a.    Auxiliary aids and services will be maintained by the BPT ADA Unit and will be made available to non-CDC facilities where a need is identified. Some non-CDC facilities may have certain auxiliary aids that are available if necessary (e.g. TTY/TDD, assistive listening devices, telephone handset amplifiers. etc)

**B. Accommodations for the Mobility Impaired**

1. Prisoners/parolees cannot be denied equal access to any parole proceeding as a result of their disability.

    a.    A list of inaccessible and accessible facilities will be available to CDC staff.

    b.    Parole proceedings for prisoners/parolees with disabilities impacting access will not be conducted at facilities that are inaccessible.

Rev. 7/28/00

**C.   Methods of Communication for the Hearing Impaired**

1.   Because of the critical importance of communication involving due process, the standard for equally effective communication is higher when these interests are involved.   The auxiliary aid or service necessary for effective communication will depend on the degree of the hearing impairment.

2.   For prisoners or parolees whose primary communication method is by sign language, BPT shall make every effort to provide a qualified interpreter at any parole proceeding.   CDC/BPT or local jail personnel shall not serve as interpreters in parole proceedings.

3.   For prisoners or parolees who do not understand sign language, lip reading and written language may be the communication method.   Any written notes used by staff to assist in effective communication shall be attached to the BPT forms used in the relevant parole proceedings.   Staff shall also document that method used to effectively communicate on the notice of hearing rights form applicable to a particular hearing; e.g., written note by prisoner/parolee indicating process was understood

**D.   Accommodations for the Vision Impaired**

Vision impairment ranges from partial vision to total loss of vision (blind).   The auxiliary aid or service necessary for the inmate/parolee to effectively communicate will depend on the degree of vision impairment. The first choice in deciding what accommodation to provide is the method requested by the inmate.

1.   The following guidelines shall be used to assist staff in determining and obtaining the most appropriate accommodation to ensure effective communication:

a.   The interviewer shall ask the prisoner/parolee if he/she is able to read the document(s).

b.   If the inmate/parolee is not able to read the document(s), the interviewer shall inquire how he/she communicates in the community.

c.   The interviewer shall inform the inmate/parolee of the available accommodations and allow him/her to express a preference.

d.   The prisoner/parolee shall be advised he/she has the right to grieve the denial of a request for reasonable accommodation

49

Rev. 7/28/00

e.   The following auxiliary aids and services may be available for prisoners/parolees with vision impairments to ensure effective communication:

- Audio-tape
- Large print
- Magnifying devices
- Staff assistance
- Electronic equipment (reading machines)
- Qualified Reader
- Braille

## E.   Speech Impairments 

Speech impairments range from mild to severe and are characterized by stuttering and/or difficulty in producing sounds and/or difficulty in producing or understanding language (including reading and writing) due to disabilities caused by stroke or head injury.

1.   The following auxiliary aids may be available to speech impaired prisoners/parolees to ensure participation in parole proceedings to the best of the individual's ability:

- TDD machines
- Computer terminals
- Speech synthesizers
- Communication books or boards

## F.   Mental/Psychological Disorders

1.   Qualified individuals with mental disabilities, developmental and learning disabilities may require accommodations.

2.   Applicable accommodations may include the following:

- Appropriately trained attorneys
- Staff assistance
- Staff clinicians
- Regional Center/impartial advocates
- Qualified interpreters
- Forms revised into simple English

Rev. 7/28/00

3. Effective communication with prisoners/parolees with disabilities may require using basic communication skills in a patient, respectful, and dignified manner, avoiding big words or complicated concepts.

## G. Learning Disabilities

1. A learning disability is a lifelong disorder in one or more basic psychological processes involved in understanding or using language. It may interfere with one's ability to listen, think, speak, read, write, spell, or do mathematical calculations. School based definitions may specify a significant discrepancy between the individual's intelligence and his/her academic achievement.

2. Under BPT policy, prisoners/parolees with a GPL and/or TABE score of fourth grade level or lower, whether or not they have a qualified disability, shall be considered for special accommodations in parole proceedings. The following accommodations may be available to prisoners/parolees with learning disabilities to ensure equal participation in any parole proceedings to the best of the individual's ability.

3. Accommodations for learning disabilities involving reading and written language may include:

   - Appropriately trained attorneys
   - Staff assistance
   - Electronic equipment
   - Audio taped materials
   - Forms revised into simple English
   - Regional Center/impartial advocates
   - Qualified Readers
   - Highlighter pens and markers

4. Effective communication with prisoners/parolees with disabilities may require using basic communication skills in a patient, respectful, and dignified manner, avoiding big words or complicated concepts.

## DECLARATION OF SERVICE

Case Name: _John Armstrong, et al. v. Gray Davis, et al._   Case No.   C-94-2307-CW

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the Bar of this Court at which member's direction this service is made.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 3, 2000, I placed the attached

   STIPULATION AND ORDER APPROVING DEFENDANTS' POLICIES AND
   PROCEDURES

in the internal mail collection system at the Office of the Attorney General, 455 Golden Gate Avenue, Room 11000, San Francisco, California 94102, for deposit in the United States Postal Service that same day in the ordinary course of business, in a sealed envelope, postage fully postpaid, addressed as follows:

DONALD SPECTER
PRISON LAW OFFICE
GENERAL DELIVERY
SAN QUENTIN, CA  94964

ROSEN BIEN & ASARO
MICHAEL W. BIEN
155 MONTGOMERY ST. 8TH FL.
SAN FRANCISCO, CA  94104

ELAINE B. FIENGOLD
1524 SCENIC AVENUE
BERKELEY, CA  94708

McCUTCHEN DOYLE BROWN & ENERSEN
WARREN E. GEORGE
THREE EMBARCADERO CENTER
SAN FRANCISCO, CA  94111

ARLENE MAYERSON
DISABILITY RIGHTS EDUCATION
AND DEFENSE FUND, INC.
2212 SIXTH STREET
BERKELEY  CA  94710

CAROLINE MITCHELL
PILLSBURY MADISON & SUTRO LLP
P. O. BOX 7880
SAN FRANCISCO, CA 94120-7880

I declare under penalty of perjury the foregoing is true and correct and that this declaration was executed on August 3, 2000 at San Francisco, California.

Signature