Case 4:94-cv-02307-CW   Document 694   Filed 03/21/01   Page 1 of 7

FILED

MAR 21 2001

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN ARMSTRONG, et al.,

    Plaintiffs,

v.

GRAY DAVIS, et al.,

    Defendants.
_____/

No. C 94-02307 CW

PERMANENT INJUNCTION

Having found that the Governor, the Secretary of the Youth and Correctional Agency, and officials with the California Department of Corrections (CDC) have violated the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA), the Court enters the following injunction against all Defendants except the Chairman of the Board of Prison Terms:

1. Accessible Beds at the Deuel Vocational Institute (DVI).

The CDC shall have at least thirteen accessible beds in the Reception Center at the DVI.

2. Equivalent Programming.

The CDC shall offer the "Forever Free" or a substantially equivalent substance abuse program to disabled female inmates at a

designated institution.

3. Extended Reception Center Stays:

Any period of time beyond the initial sixty days of a disabled inmate's stay at a Reception Center shall be referred to as the inmate's extended stay.

If a disabled inmate remains at a Reception Center for more than sixty days, a presumption arises that the extended stay is solely due to the inmate's disability. To overcome this presumption, the CDC must demonstrate that the inmate's transfer out of the Reception Center was at no time delayed solely due to the inmate's disability. In this case, the CDC need not accommodate the inmate for the extended stay. Alternatively, the CDC may demonstrate that the cumulative period of all disability-related delays was shorter than the inmate's extended stay, in which case the CDC need only accommodate the inmate for the cumulative period of disability-related delays.

When it comes to the CDC's attention that a disabled inmate's Reception Center stay has been extended beyond sixty days solely due to the inmate's disability, the CDC shall accommodate the inmate as described below. A disabled inmate may also file a CDC Form 1824, Reasonable Accommodation or Modification Request, to request accommodation for an extended stay.

Disabled inmates who remain at Reception Centers for extended stays shall be granted, during their extended stays, privileges that are available at mainline institutions. Disabled inmates who remain at Reception Centers for extended stays and who are serving sentences of less than one year shall, pursuant to the procedures

described below, receive sentencing credits that they could have earned if they had been transferred to a mainline institution on the sixty-first day of their Reception Center stay.

The central file of all inmates with disabilities received from Reception Centers will be reviewed at the receiving program institution to determine if the inmate's stay exceeded sixty days. If so, the inmate's extended stay shall be presumed to be solely due to the inmate's disability unless the CDC can overcome this presumption as provided above.

If the inmate's disability was the sole cause, adjustment to the inmate's worktime credits will be made, once the inmate is received at the program institution, to reflect credits as if the inmate were engaged in the work program on the sixty-first day.

4. Maintenance of Accessible Features and Equipment.

The CDC has a duty to maintain in operable working condition structural features and equipment necessary to make the prison system's services, programs, and activities accessible to disabled inmates. Isolated or temporary interruptions in service or access due to maintenance or repairs are not prohibited.

5. Grievance Procedures for Disabled Inmates and Parolees

    A.  The initial time frame for the CDC to respond to a grievance must be less than thirty days; and

    B.  A nonemergency request for accommodation made through the CDC Form 1824 process is not subject to exceptions from the time limits for complex cases or for any administrative and operational necessity that causes a delay.

6.      Civil Addict Program.

The CDC shall provide accessible placements for disabled male and female civil addicts in a Civil Addict Program (CAP) comparable to that provided to nondisabled civil addicts.

7.      Parole Region IV.

The CDC must provide at least one Community Correctional Re-entry Center in Parole Region IV.

8.      Facilities Operated Under Contract.

The CDC shall include substantially the following language in all of its contracts for the operation of facilities that provide services, programs or activities for inmates or parolees: "By signing this contract, Contractor assures the State that it complies with the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq., which prohibits discrimination on the basis of disability, and with applicable regulations and guidelines issued pursuant to the ADA."

THE COURT FINDS, pursuant to 18 U.S.C. § 3626(a)(1)(A), that this injunction is narrowly drawn, extends no further than necessary to correct the violation of the ADA and the RA and is the least intrusive means necessary to correct those violations.

THE COURT SHALL retain jurisdiction to enforce the terms of this injunction in accordance with the law. If Plaintiffs' counsel have reason to believe that Defendants are not complying with the terms of this injunction, they shall notify Defendants. The parties shall attempt to resolve the issue informally before pursuing any judicial remedy. Upon appropriate motion, the Court may issue any order, including contempt, necessary to ensure that

4

1  Defendants comply with this injunction.  Defendants may move to
2  modify this injunction based on a need to change a policy or
3  procedure.  The Court shall grant Defendants' motion if the
4  proposed modification complies with the ADA and the RA.  Prior to
5  making such a motion, Defendants must notify Plaintiffs of a
6  proposed change and provide them with the information necessary to
7  evaluate such modification.
8       IT IS SO ORDERED.

12 Dated:    MAR 2 1 2001
13                                   CLAUDIA WILKEN
                                     United States District Judge

16 Copies mailed to counsel
   as noted on the following page

United States District Court
for the
Northern District of California
March 21, 2001

scc

* * CERTIFICATE OF SERVICE * *

Case Number:4:94-cv-02307

Armstrong

vs

Davis

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 21, 2001, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Arlene B. Mayerson, Esq.
Disability Rights Education & Defense Fund, Inc
2212 Sixth Street
Berkeley, CA  94710

Donald Specter, Esq.
Prison Law Office
General Delivery
San Quentin, CA  94964

Warren E. George, Esq.
McCutchen Doyle Brown & Enersen LLP
Three Embarcadero Ctr
Ste 1800
San Francisco, CA  94111

Michael W. Bien, Esq.
Rosen Bien & Asaro
155 Montgomery St 8th Flr
San Francisco, CA  94104

Elaine Feingold, Esq.
Elaine B. Feingold Law Offices
1524 Scenic Avenue
Berkeley, CA  94708

Caroline N. Mitchell, Esq.
Pillsbury Winthrop LLP
50 Fremont St
5th Flr
San Francisco, CA   94105

James M. Humes, Esq.
CA State Attorney General's Office
455 Golden Gate Ave
Suite 11000
San Francisco, CA   94102-7004

Richard W. Wieking, Clerk

BY: _____
Deputy Clerk