

| | |
|---|---|
| PRISON LAW OFFICE<br>DONALD SPECTER, #83925<br>SARA NORMAN, #189536<br>General Delivery<br>San Quentin, CA 94964<br>Telephone: (415) 457-9144 | McCUTCHEN DOYLE BROWN<br>&ENERSEN<br>WARREN E. GEORGE, #53588<br>JENNIFER A. JONAK, #191323<br>Three Embarcadero Center<br>San Francisco, CA 94111-4066<br>Telephone: (415) 393-2000 |
| DISABILITY RIGHTS EDUCATION<br>AND DEFENSE FUND, INC.<br>ARLENE MAYERSON, #79310<br>2212 6th Street<br>Berkeley, CA 94710<br>Telephone: (510) 644-2555 | ROSEN, BIEN & ASARO<br>MICHAEL W. BIEN, #96891<br>WILLIAM FERNHOLZ, #168278<br>155 Montgomery St., 8th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 433-6830 |
| PILLSBURY, MADISON & SUTRO LLP<br>SHAWN A. HANSON, #109321<br>CAROLINE MITCHELL, #143124<br>50 Fremont Street<br>San Francisco, CA 94105<br>Telephone: (415) 983-1000 | LAW OFFICES OF ELAINE B.<br>FEINGOLD<br>ELAINE B. FEINGOLD, #99226<br>1524 Scenic Ave.<br>Berkeley, CA 94708<br>Telephone: (510) 848-8125 |

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GRAY DAVIS, et al.,<br><br>    Defendants. | No. C-94-2307-CW<br><br>**STIPULATION AND ORDER ON REVISED INJUNCTION** |

Pursuant to the Court's Order of January 29, 2002, the parties have met and conferred regarding a revision of the Permanent Injunction issued in this case in order to meet the requirements stated by the Ninth Circuit in *Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001).

The parties stipulate that the attached Revised Permanent Injunction meets the Ninth Circuit's requirements.

IT IS SO STIPULATED.

Dated: February 5, 2002

SARA NORMAN
Attorney for plaintiffs

Dated: February 6, 2002

FRANCES GRUNDER
Attorney for defendants

IT IS SO ORDERED.

Dated: FEB 11 2002

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

Stip. & Order on Class Cert.
Armstrong v. Davis, No. C-94-2307-CW

2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>GRAY DAVIS, et al.,<br><br>    Defendants.<br>_____/ | No. C 94-02307 CW<br><br>REVISED<br>PERMANENT<br>INJUNCTION |

Based on the Findings of Fact and Conclusions of Law filed herewith, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

Defendants Gray Davis, as Governor of the State of California, Robert Presley, as Secretary to the California Youth and Adult Corrections Agency, James Nielsen, as Chairman of the California Board of Prison Terms (BPT), and the BPT, and their agents, employees, successors in office and all persons acting in their aid or in participation with them are advised, enjoined and ordered as follows:

A.  Introduction

1.  Terms not expressly defined in this injunction shall have the meaning given to them by Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq., and its implementing regulations, or if no meaning is provided therein, the meaning given to them by Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C. § 794, and its implementing

regulations. Where no definition is provided by the ADA, Section 504 or their implementing regulations, terms shall be construed in accordance with ordinary principles of law, and particularly with reference to the record in this case.

2.  "Prisoners and parolees with disabilities" refers to all current and future California State prisoners and parolees with mobility, hearing or sight impairments, or with developmental or learning disabilities, that substantially limit a major life activity.

3.  "Parole proceedings" shall mean all hearings conducted by the BPT to determine whether and/or when a prisoner or parolee should be released on parole or involuntarily confined, including parole revocation and revocation extension hearings, life prisoner hearings (documentation hearings, progress hearings, parole consideration hearings, parole date rescission hearings and parole board rules hearings), mentally disordered offender hearings and sexually violent predator hearings. Parole proceedings also include any events related to the hearings that occur prior to or after the hearings, including, but not limited to, screening offers, psychological evaluations, central file reviews and administrative appeals.

B.  Self-Evaluation and Transition Plan

4.  Within ninety days of the date of this injunction, the BPT shall evaluate, pursuant to 28 C.F.R. § 35.105, all of the facilities in which parole proceedings are conducted to determine whether each facility complies with the ADA and its implementing regulations. The analysis shall not be limited to facilities owned

2

and operated by the BPT, but shall include all facilities in which parole proceedings are conducted. The evaluation shall include:

    a. An accessibility survey of all parole facilities for which a complete accessibility survey has not been conducted. The accessibility survey need not duplicate the surveys of other governmental entities as long as the BPT takes reasonable steps to ensure that such surveys are accurate and reliable.

    b. An analysis of the accessibility of each parole facility.

5. Immediately following its analysis of these facilities, the BPT shall provide to all relevant BPT and California Department of Corrections (CDC) personnel a list of the facilities that are not fully accessible. The list shall describe those parts of the facility that are not accessible and the disabilities that the facility cannot accommodate. Updated lists shall be distributed as changes occur.

6. The BPT shall thereafter draft a Transition Plan pursuant to 28 C.F.R. § 35.150(d). The Transition Plan must include the following:

    a. For each facility in which parole proceedings are conducted, a description of any structural modifications that will be completed to make the parole proceedings conducted at that facility accessible or another accessible location in which the proceedings will be held.

    b. A schedule for providing accessible proceedings for prisoners and parolees with disabilities at each facility, or at another, accessible location, as expeditiously as possible, but no

3

later than sixty days after the Transition Plan is submitted. These provisions require only that the BPT request that the CDC transport mobility impaired prisoners to accessible locations if the facilities at which they are housed are inadequate. The CDC may, for valid security or other penological reasons, decline to do so.

7. Parole revocation hearings shall be conducted at a location within fifty miles of the alleged violation that is readily accessible to and usable by parolees with disabilities.

8. Postponement of a parole proceeding due to the inaccessibility of a facility is not an acceptable alternative, except in extraordinary circumstances.

9. Within 150 days of the date of this injunction, Defendants shall submit their Transition Plan to Plaintiffs' counsel. Plaintiffs shall thereafter have thirty days to submit written comments and the parties shall negotiate in good faith to resolve any disagreements. If any disputes remain, Plaintiffs shall file a regularly noticed motion regarding the disputed issues within 210 days of the date of this injunction.

C. Policies and Procedures

10. The BPT shall develop and implement sufficiently specific policies and procedures that will ensure continuous compliance with all of the requirements of this injunction. Among other things, the policies and procedures will ensure that prisoners and parolees with disabilities are able to participate, to the best of their abilities, in any parole proceedings.

11. The policies shall include detailed procedures for

identifying prisoners and parolees with disabilities prior to or at the initiation of any parole proceeding.

12. The policies shall include detailed procedures for accommodating and effectively communicating with prisoners and parolees with disabilities at all parole proceedings.

13. A draft of the policies and procedures required by the preceding paragraph shall be submitted to Plaintiffs' counsel within sixty days of the date of this injunction. Plaintiffs shall thereafter have thirty days to submit written comments on the policies and procedures, and the parties shall negotiate in good faith to resolve any differences. If any disputes remain, Plaintiffs shall file a regularly noticed motion regarding the disputed issues within 150 days of the date of this injunction. The briefing of any such motion shall be consolidated with the briefing of any motions filed pursuant to paragraphs 21 and 23.

D. Training

14. Within 120 days of the date of this injunction, all BPT Commissioners, BPT Deputy Commissioners, BPT executive officers, BPT ADA coordinators, BPT appeals analysts, CDC District Hearing Agents, CDC correctional counselors and other BPT and CDC personnel who have direct or supervisory responsibility for communicating with or making decisions affecting prisoners and parolees in connection with parole proceedings shall receive adequate training in the general requirements of Title II of the ADA, disability awareness, the appropriate method of determining whether a prisoner with a disability adequately understands written and verbal communications, the circumstances that gave rise to this

5

1 injunction, its requirements and the BPT's policies and procedures
2 developed pursuant to this injunction that are relevant to the
3 individual's responsibilities.
4     The BPT shall provide training for all persons under its
5 jurisdiction to the extent set forth in this paragraph; it shall
6 also offer training to CDC staff involved in the parole and
7 revocation process; should any CDC personnel decline such training,
8 the BPT shall use its own personnel in their stead, except when the
9 CDC requires that CDC employees perform the services involved.
10 E.   Identification and Accommodation
11     15.  The BPT shall create and maintain a system for tracking
12 prisoners and parolees that the BPT identifies as having
13 disabilities.  However, to the extent that tracking is conducted by
14 the CDC, it is not necessary for the BPT to duplicate that system,
15 and the BPT may make use of the CDC's tracking system as a
16 permissible means of complying with the injunction.
17     16.  Prior to meeting with a prisoner or parolee about a
18 screening offer, and prior to parole revocation, parole revocation
19 extension, life prisoner parole date rescission, life prisoner
20 parole consideration, serious offender, mentally disordered
21 prisoner or sexually violent predator probable cause hearings, the
22 BPT shall take reasonable steps to identify prisoners and parolees
23 with disabilities.  Such steps shall include, but not be limited
24 to:
25         a.  Checking the system described in paragraph 15 to
26 determine whether the BPT has previously identified the prisoner or
27 parolee as having a disability.
28

      b.   Reviewing all relevant and reasonably available information in the prisoner or parolee's central and medical files.

      c.   Verifying the disability when the BPT disputes the extent or existence of the disability. The prisoner or parolee shall be expected to cooperate with all verification efforts, but the BPT shall be responsible for verifying the disability.

17. The BPT shall provide accommodations to prisoners and parolees with disabilities at all parole proceedings. The prisoner or parolee's request for a particular type of accommodation shall be given primary consideration and shall be granted unless the request is unreasonable for specific, articulated reasons allowable under the ADA, or unless other effective accommodations are available.

18. The BPT shall hire at least one full-time ADA coordinator with expertise in Title II of the ADA, the identification of people with disabilities and the needs of people with disabilities, and shall ensure that this person is generally available during normal business hours to answer questions from and provide advice to District Hearing Agents and other BPT and CDC personnel. This person shall not be given duties that are not related to ADA compliance. If the BPT determines that employing a full-time ADA coordinator is unnecessary, it may seek relief from the Court by way of a regularly noticed motion, but in no event shall it file such a motion until the newly hired ADA coordinator has been employed for at least one year. The BPT shall bear the burden of demonstrating that other staffing methods are sufficient to ensure compliance with this injunction.

F.  Forms

19. All BPT forms used by prisoners and parolees shall be revised so that they are written in simple English. Whenever prisoners or parolees with disabilities are given BPT forms that they cannot understand due to their disabilities, they shall be provided an accommodation to enable them to understand the forms to the best of their abilities.

20. All BPT forms provided to prisoners and parolees shall be readily available in alternative formats, including, but not limited to, large print, Braille and audio tape.

21. All revisions to forms required by this injunction shall be submitted to Plaintiffs' counsel within sixty days of the date of this injunction. Plaintiffs shall thereafter have thirty days to submit written comments and the parties shall negotiate in good faith to resolve any disagreements. If any disputes remain, Plaintiffs shall file a regularly noticed motion regarding the disputed issues within 150 days of the date of this injunction. The briefing of any such motion shall be consolidated with the briefing of any motions filed pursuant to paragraphs 13 and 23.

G.  Equipment

22. The BPT shall ensure that appropriate equipment is available to prisoners and parolees who need such equipment to communicate effectively at parole proceedings. Such equipment shall include, but not be limited to, assistive listening devices, computer readers and magnification devices.

23. The BPT shall provide Plaintiffs' counsel with a list of the available equipment and the places it is available within sixty

days of the date of this injunction. Plaintiffs shall have thirty days to submit written comments and the parties shall negotiate in good faith to resolve any disagreements. If any disputes remain, Plaintiffs shall file a regularly noticed motion regarding the disputed issues within 150 days of the date of this injunction. The briefing of any such motion shall be consolidated with the briefing of any motions filed pursuant to paragraphs 13 and 21.

H. Screening Process

24. The screening offer, and all relevant BPT forms, police reports and other written documents, shall be effectively communicated to prisoners or parolees with disabilities at least seventy-two hours in advance of the time at which they must decide whether to exercise any of their rights, including the right to request an attorney, and to accept or reject the screening offer.

25. Prisoners and parolees with disabilities shall be provided an accommodation at the screening process when that is necessary to ensure that the prisoner or parolee understands to the best of his or her ability all of his or her rights, the nature of the charges and the consequences of waiving any rights. Before a prisoner or parolee with a disability may waive a parole hearing or the right to an attorney, the BPT must determine that the waiver is knowing and intelligent.

26. When necessary to achieve effective communication, appropriate auxiliary aids or assistance must be provided to prisoners and parolees during the screening process. Such aids and assistance shall include, but not be limited to, sign language interpreters, assistive listening devices, readers and persons

trained to provide assistance to individuals with cognitive disabilities.

27. At its discretion, the BPT may appoint attorneys as an accommodation. In order to suffice as an accommodation, the attorneys must be adequately trained to provide accommodations to persons with disabilities and must receive adequate additional time for providing those services. Attorneys appointed to represent individuals with disabilities shall be informed of their clients' disabilities. If the BPT is aware that a prisoner or parolee requires certain specific accommodations, the BPT shall either instruct an attorney appointed to represent that prisoner or parolee to provide those specific accommodations, or shall provide the prisoner or parolee with those specific accommodations by some other means.

28. In lieu of providing assistance at the screening process, the BPT may refer the prisoner or parolee for a hearing with the necessary aids or assistance, provided that, absent any additional charges, the hearing is within thirty days of the parole hold and that any term of imprisonment imposed at a hearing does not exceed a typical screening offer for a similar violation.

I.  Hearings

29. At its hearings, the BPT shall make accommodations for prisoners and parolees with disabilities and provide appropriate auxiliary aids and services necessary for effective communication. Such accommodations and auxiliary aids and services shall include, but not be limited to, sign language interpreters, assistive listening devices, readers and individuals trained to provide

assistance to persons with disabilities.

30. At its discretion, the BPT may appoint attorneys as an accommodation. In order to suffice as an accommodation, the attorneys must be adequately trained to provide accommodations to persons with disabilities and must receive adequate additional time for providing those services. Attorneys appointed to represent individuals with disabilities shall be informed of their clients' disabilities. If the BPT is aware that a prisoner or parolee requires certain specific accommodations, the BPT shall either instruct an attorney appointed to represent that prisoner or parolee to provide those specific accommodations, or shall provide the prisoner or parolee with those specific accommodations by some other means.

31. Hearing impaired prisoners and parolees who need sign language interpreters shall not have their hands and arms restrained in any way during the hearing, unless a written determination is made on an individualized basis that the prisoner or parolee would pose a direct threat if unrestrained and that there are no other reasonable alternatives available to protect against the threat. The Chairman of the BPT or his delegate shall personally approve the use of restraints in each such instance prior to their use.

32. The BPT shall make accommodations for prisoners and parolees with disabilities in order to assist them in preparing for parole proceedings. For example, if a prisoner or parolee is entitled to review his or her central file prior to a parole proceeding, and if that prisoner or parolee is unable, due to a

disability, adequately to review his or her central file without an accommodation, the BPT shall make such an accommodation. Where other preparation, including but not limited to participating in psychological interviews, obtaining letters of support and developing parole plans, is necessary prior to a parole proceeding, the BPT shall provide reasonable accommodations to prisoners or parolees with disabilities who require such accommodations adequately to complete such preparation.

J.  Appeals

33. Prisoners and parolees with disabilities who cannot use or understand the appeal process or prepare an appeal themselves by reason of their disability shall be provided with effective assistance in preparing a BPT appeal.

K.  Grievances

34. The BPT shall develop and implement a grievance procedure, separate from its current appeal procedure, for processing any complaints of denials of requests for accommodations. All grievances requesting reasonable accommodations at a scheduled hearing shall be decided before the hearing.

35. All administrative appeals alleging in substance violations of the ADA or its implementing regulations shall be treated as ADA grievances, and any successive appeal on the non-ADA merits of a decision shall not be deemed barred due to the filing of the ADA-related grievance or grievances. Except as otherwise provided in the immediately preceding paragraph, all such ADA-related appeals shall be decided within thirty days of the BPT's

receipt of the appeal form.

L.   Programs

36.   The BPT shall provide to all Commissioners and Deputy Commissioners who participate in life prisoner parole consideration hearings a list of CDC programs in which prisoners with disabilities can meaningfully participate, either without accommodation or with appropriate and readily available accommodation.  This list shall specify the types of programs available, the particular disabilities the programs can accommodate and the prisons in which they are offered.  This list shall be updated every six months.

37.   At life prisoner parole consideration hearings, the BPT shall not recommend that prisoners participate in programs that are unavailable to them by reason of their disabilities and shall not rely on the failure of prisoners to participate in programs not available to them by reason of their disabilities as a factor supporting denial of a parole date or a multi-year denial.

38.   Nothing in this section shall require the BPT to release a prisoner on parole who is otherwise unsuitable for release under California law.

M.   Monitoring

39.   The parties shall attempt negotiate a plan to monitor Defendants' compliance with this injunction.  If such negotiations are unsuccessful, the Court shall consider the appointment of a Special Master.  Within forty-five days of the date of this injunction, the parties shall file a joint and mutually acceptable plan for monitoring this injunction or separate briefs describing

13

each party's position on the need for a Special Master and the Court's authority to appoint one.

N.  Enforcement

   40. The Court shall retain jurisdiction to enforce the terms of this injunction.

   41. No person who has notice of this injunction shall fail to comply with it, nor shall any person subvert the injunction by any sham, indirection or other artifice.


   IT IS SO ORDERED.


Dated: _____
                                    CLAUDIA WILKEN
                                    United States District Judge


Copies mailed to counsel
as noted on the following page

14