| | |
|---|---|
| THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER<br>CLAUDIA CENTER Bar No.: 158255<br>LEWIS BOSSING Bar No.: 227402<br>600 Harrison Street, Suite 120<br>San Francisco, CA 94107<br>Telephone: (415) 864-8848 | ROSEN, BIEN & ASARO, LLP *<br>MICHAEL W. BIEN Bar No.: 096891<br>AMY WHELAN Bar No.: 215675<br>JANE E. KAHN Bar No.: 112239<br>LORI RIFKIN Bar No.: 244081<br>155 Montgomery Street, 8th Floor<br>San Francisco, California 94104<br>Telephone: (415) 433-6830 |

Attorneys for Plaintiffs-Intervenors Hecker, *et al.*

| | |
|---|---|
| PRISON LAW OFFICE *<br>DONALD SPECTER Bar No.: 83925<br>STEVEN FAMA Bar No.: 99641<br>E. IVAN TRUJILLO Bar No.: 228790<br>General Delivery<br>San Quentin, California 94964<br>Telephone: (415) 457-9144 | BINGHAM, McCUTCHEN, LLP *<br>WARREN E. GEORGE Bar No.: 53588<br>Three Embarcadero Center<br>San Francisco, California 94111<br>Telephone: (415) 393-2000 |
| HELLER, EHRMAN, WHITE & McAULIFFE<br>RICHARD L. GOFF Bar No.: 36377<br>701 Fifth Avenue<br>Seattle, Washington 98104<br>Telephone: (206) 447-0900 | |

With the above counsel, Attorneys for Plaintiffs-Intervenors *Coleman et al.*

| | |
|---|---|
| JONES DAY<br>CAROLINE MITCHELL Bar NO.: 141324<br>555 California St., 25th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 875-5712 | DISABILITY RIGHTS EDUCATION & DEFENSE FUND, INC.<br>LINDA KILB - 136101<br>2212 6th Street<br>Berkeley, California 94710<br>Telephone: (510) 644-2555 |

With the counsel identified above with an asterisk, Attorneys for Plaintiffs *Armstrong, et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOHN ARMSTRONG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>    Defendants. | Case No. C 94-2307 CW<br><br>[~~PROPOSED~~] MODIFIED PROTECTIVE ORDER |

1 | The parties through their counsel hereby agree, and the Court hereby orders, that the following provisions shall apply to all records of the Department of Corrections and Rehabilitation (the "CDCR") that identify any inmate or parolee (hereinafter referred to as "personal information") or that would threaten prison safety and security if disclosed without protective conditions (hereinafter referred to as "security information") and which are obtained from the CDCR in this action:

1. All personal or security information obtained in this action shall be regarded as confidential and subject to this protective order.

2. Personal or security information may be disclosed only to the following persons:

    a. Counsel of record;

    b. Paralegal, stenographic, clerical and secretarial personnel employed by counsel of record;

    c. Court personnel and stenographic reporters engaged in such proceedings that are incidental to preparation for the trial in this action;

    d. Any outside expert or consultant retained by the parties;

    e. Witnesses to whom personal or security information may be disclosed during a deposition taken in this matter or otherwise during the preparation for trial and during trial, provided that the witness may not leave the deposition with copies of any personal or security information, and shall be informed of and shall agree to be bound by the terms of this order;

    f. Individuals as described in subparts (a) though (e), above, in *Valdivia v. Schwarzenegger* (No. Civ. S-94-0671 LKK-GGH), currently pending in the United States District Court for the Eastern District of California, who agree to be bound by the terms of this Order;

    g. Individuals as described in subparts (a) through (e), above, in *Hecker v. Schwarzenegger* (No. 05-2441), currently pending in the United States

        District Court for the Eastern District of California, who agree to be bound by this Order; and

    h.    Individuals as described in subparts (a) through (e), above, in *Coleman v. Schwarzenegger*, (No. 90-0520), currently pending in the United States District Court for the Eastern District of California, who agree to be bound by this Order.

3.    Each person to whom disclosure of personal or security information is made shall, prior to the time of disclosure, be provided a copy of this Order and shall agree on the record or in writing that they have read this Order, understand and agree to be bound by its provisions, and consent to be subject to the jurisdiction of the United States District Court for the Northern District of California with respect to any proceeding relating to the enforcement of this Order, including, without limitation, any proceeding for contempt. Unless such agreement is made on the record, such as in court or during a deposition, the person making the disclosure shall retain the original executed agreement until termination of this litigation, or until otherwise ordered by the Court. A copy of each such agreement will be furnished to defendants' counsel upon order of the Court.

4.    At the conclusion of this litigation, all personal or security information, including copies, will be destroyed or returned to the CDCR as directed by defendants' counsel.

5.    All personal and security information shall be used solely in connection with this litigation or in connection with *Valdivia v. Schwarzenegger* (No. 94-0671) or *Hecker v. Schwarzenegger* (No. 05-2441) or *Coleman v. Schwarzenegger*, No. 90-0520), all cases currently pending in the United States District Court for the Eastern District of California, and not for any other purpose, including other litigation, except that CDCR Form 1824 inmate appeals produced in this action, including CDCR responses, may be disclosed to the following persons:

    a.    Counsel for plaintiffs in *Plata v. Schwarzenegger* (No. C-01-1351

TEH);

b. Paralegal, clerical and other personnel regularly employed by counsel for plaintiffs in *Plata v. Schwarzenegger*;

c. Court personnel and stenographic reporters engaged in such proceedings as are incidental to participation in dispute resolution in *Plata v. Schwarzenegger*;

d. Any outside expert or consultant retained by the parties for the purposes of *Plata v. Schwarzenegger*;

e. Witnesses to whom the confidential material may be disclosed during a deposition taken in *Plata v. Schwarzenegger* incidental to participation in dispute resolution in that action, provided that the witnesses may not leave any deposition with any copies of any of the inmate appeals, and shall be informed of and agree to be bound by the terms of the *Armstrong* protective order.

Such disclosure shall be solely for use in *Plata v. Schwarzenegger* and shall not be used or disclosed to any other person or entity for any other purpose.

6. Any personal or security information filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case name and number along with the following statement: "This document is subject to a protective order issued by the Court and shall not be copied or examined except in compliance with that order." Documents so labeled shall be kept by the Clerk of the Court under seal and shall be made available only to the Court or counsel. Upon failure of the filing party to file personal or security information under seal, any party may request that the Court place the document under seal. The procedures of Local Rule 79-5 shall be followed.

7. The following procedures and limitations shall apply with respect to central, medical, psychiatric and field files:

a. Central, medical, psychiatric and field files shall be made available for review by plaintiffs' counsel in a complete and unredacted form, except

|   |   | that documents contained in the confidential portions of central and field files shall not be disclosed or made available. |

1    that documents contained in the confidential portions of central and
2    field files shall not be disclosed or made available.
3    b.    Plaintiffs' counsel may, through defendants' counsel or through a representative of the institution or parole office with notice to defendants' counsel, contact an institution or parole office and arrange informal production of central, medical, psychiatric, or field files. In the event the institution or parole office cannot agree to an informal arrangement or deems any such arrangement unworkable, plaintiffs' counsel shall provide to defendants' counsel a list of inmates or parolees located at a particular institution or parole office whose files they wish to review. The time, date, location, and manner of review will be scheduled as soon as reasonably practical, but not later than 30 days and will be conducted in a mutually agreeable manner.

c.    Plaintiffs' counsel shall be permitted to copy documents from the inmates' central, medical, psychiatric, or field files of inmates or parolees at the time they are reviewed through a copy service arranged by plaintiffs' counsel.

8.    The following procedures and limitations shall apply with respect to security information:

a.    Defendants shall notify plaintiffs of documents, or categories of documents, that contain security information.

b.    If, in the view of the defendants, there are documents that contain security information that should not be disclosed under a protective order because to do so may endanger the safety and security of an institution or person (including any present or former inmate or staff member), defendants may redact such information prior to providing copies of the documents to plaintiffs' counsel and shall notify plaintiffs' counsel of the nature of the redacted information. If, in the

judgment of plaintiffs' counsel, such information is necessary for the conduct of this litigation, the documents containing such information will be expeditiously presented to the Court for an *in camera* review to determine whether and to what extent such information must be disclosed under a protective order.

9. Plaintiffs' counsel and their legal assistants and consultants shall not make copies of personal or security information except as necessary for purposes of this litigation. All personal or security information shall be stored in a secure location. Plaintiffs' counsel shall maintain a record of all persons to whom they have afforded access to personal or security information. Defendants may inspect the record upon order of the Court.

10. Defendants shall not be permitted to use any security information at trial in this case which should have been provided to plaintiffs in accordance with discovery requests, applicable disclosure rules and Court orders.

11. No person who has been afforded access to personal or security information shall disclose or discuss the personal information, including without limitation the identification, location or health status of an inmate, to or with any person except in accordance with this Order.

12. Personal or security information respecting one inmate or parolee shall not be disclosed to or discussed with any other present or former inmate or parolee.

13. Nothing in this order is intended to prevent officials or employees of the State of California or other authorized government officials from having access to personal or security information to which they have access in the normal course of their official duties.

14. The provisions of this order are without prejudice to the right of any party to: 1) apply to the Court for a further protective order relating to any personal or security information or relating to discovery in this litigation; 2) to apply to the Court for an order removing the personal or security information designation from any

document; 3) to object to a discovery request; or 4) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of personal or security information beyond the terms of this order.

15.     The provisions of this order shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

DATED: 1/17/06

THE HONORABLE CLAUDIA WILKEN
United States District Court

APPROVED AS TO FORM:

ROSEN, BIEN & GALVAN, LLP

Dated: 12/28/06     By _____
MICHAEL W. BIEN
Attorneys for Plaintiffs

OFFICE OF THE ATTORNEY GENERAL
of the STATE OF CALIFORNIA

Dated: 12/28/06     By _____
KATHERINE NELSON
Deputy Attorney General

Attorneys for Defendants

*Armstrong v. Schwarzenegger*
Case No. C 94-2307 CW

# PROOF OF SERVICE

I, _____Kaylie Simon_____, declare that I am a resident of the State of California, am over the age of eighteen years and am not a party to the within action. I am employed with Rosen, Bien & Galvan LLP, whose address is 315 Montgomery Street, 10th Floor, San Francisco, California 94104. On December 29, 2006, I served and delivered the following documents:

**[PROPOSED] MODIFIED PROTECTIVE ORDER**

I served and delivered the documents on the persons listed below, as follows:

| | |
|---|---|
| [ ] | By messenger service. I served the documents by placing them in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for service. (A declaration by the messenger is included at the end of this proof of service or is attached as a separate document.) |
| [XX] | By United States mail. I enclosed the documents in a sealed envelope or package addressed to the persons listed below and placed the envelopes for collection and mailing in accordance with our ordinary business practices. I am readily familiar with my firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California. |
| [ ] | By overnight delivery. I enclosed the documents in a sealed envelope or package provided by Federal Express and addressed it to the persons listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier and I arranged to pay for all fees for delivery. |
| [ ] | By fax transmission. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below from Rosen Bien & Asaro's facsimile transmission telephone number (415) 433-7104. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| [ ] | By e-mail or electronic transmission. Based on Civil L.R. 6-3(c) and 5-5(a)(1), I caused the documents to be sent to the persons at the e-mail addressed listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

1

1 | All documents were sent to the following persons in the following manner:

2. **Via U.S. Mail:**
Benjamin T. Rice
Katherine Kylin Nelson
Deputy Attorney General
1300 "I" Street
Sacramento, CA 94244-2550
Phone: (916) 324-2445

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Proof of Service was executed on December 27, 2006 at San Francisco, California.

_____
Kaylie Simon