1  PRISON LAW OFFICE
   DONALD SPECTER – 83925
2  SARA NORMAN – 189536
   General Delivery
3  San Quentin, California 94964
   Telephone: (415) 457-9144
4
   DISABILITY RIGHTS EDUCATION &
5  DEFENSE FUND, INC.
   LINDA KILB -- 136101
6  2212 6th Street
   Berkeley, California 94710
7  Telephone: (510) 644-2555
8  JONES DAY
   CAROLINE N. MITCHELL - 143124
9  555 California Street, 25th Floor
   San Francisco, CA 94104
10 Telephone: (415) 875-5712

11 Attorneys for Plaintiffs

BINGHAM McCUTCHEN, LLP
WARREN E. GEORGE – 53588
Three Embarcadero Center
San Francisco, California 94111-4066
Telephone: (415) 393-2000

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN – 096891
GAY C. GRUNFELD – 121944
315 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone (415) 433-6830

12            IN THE UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14                  OAKLAND DIVISION

15 JOHN ARMSTRONG, et al.,            )  Case No. C 94-2307 CW
                                      )
16        Plaintiffs,                 )  **ORDER APPOINTING COURT**
                                      )  **EXPERT PURSUANT TO FEDERAL**
17 v.                                 )  **RULE OF EVIDENCE 706**
                                      )
18 ARNOLD SCHWARZENEGGER, et al.,     )
                                      )
19        Defendants.                 )
                                      )
20                                    )
                                      )
21                                    )
                                      )
22 _____   )

23

24

25

26

27

28

1      On April 20, 2007, this Court issued an Order to Show Cause regarding appointment

2  of a Court Expert to facilitate coordination of the remedial processes in this case with three

3  other prison class actions: *Coleman v. Schwarzenegger*, 90-0520 (E.D. Cal.), *Plata v.*

4  *Schwarzenegger*, 01-1351 (N.D. Cal.), and *Perez v. Tilton*, 05-5241 (N.D. Cal.) ("the other

5  class actions").  Pursuant to that Order, plaintiffs and defendants filed statements of

6  position.  On April 30, 2007, after reviewing the statement of the parties, this Court issued

7  an Order re Appointment of Court Expert ("April 30 Order").

8      The April 30 Order denied defendants' request to appoint a Special Master.  The

9  April 30 Order requires the parties to meet and confer regarding candidates for Court-

10  appointed Expert, to make a proposal for briefing the Court Expert on the case, and to file a

11  joint statement outlining the Court Expert's duties.  The parties met and conferred, and were

12  unable to agree on a candidate for Expert.  The parties filed a Joint Statement including

13  proposed candidates and a Proposed Order on May 30, 2007.

14      The Court, having reviewed the Joint Statement, and having considered the entire

15  record in this case and good cause appearing, pursuant to Federal Rule of Evidence 706,

16  hereby issues the following Order:

## Appointment

18      1.      Edward Swanson is hereby appointed as this Court's Rule 706 Expert, with

19  the limited powers and duties described herein.

## Expert's Duties

21      2.      The Expert's duties shall be limited to assisting the Court and parties in

22  facilitating coordination of enforcement of the May 30, 2006 and January 18, 2007

23  Injunctions with the remedial processes in the other class actions, particularly with regard to

24  four areas of coordination:

25      a. **Tracking.** The Expert will coordinate with the parties and other class actions
         to implement the Injunction's required state-wide, computerized, networked
26       real-time tracking system to track prisoners with disabilities as described in
         the Injunction;

27
         b. **Accountability.** The Expert will coordinate with the parties and other class
28       actions to implement the Injunction's required accountability system as
         applied to prison medical administrators;

-1-      [PROPOSED] ORDER APPOINTING COURT EXPERT
         PURSUANT TO FEDERAL RULE OF EVIDENCE 706

c.  **Training.**  The Expert will coordinate with the parties and other class actions to implement the Injunction's required training of health care staff on effective communication issues; and

d.  **Grievances.** The Expert will coordinate with the parties and other class actions to implement the Injunction's requirement that the Medical Appeals analyst position be filled at each institution and that additional staff time be provided to process grievances whenever a prison's disability grievance responses are more than 30% late.

3.   To effectuate these goals, commencing June 20, 2007, the Expert shall attend the monthly coordination meetings being held in the *Plata*, *Coleman* and *Perez* cases.  The Expert shall consult with the parties prior to each meeting and submit agenda items that are designed to advance implementation of the four areas of coordination listed in section 2 above.  The Expert shall also communicate regularly with counsel for the parties and the Court concerning issues discussed at the coordination meeting and concerning other communications with the *Plata* Receiver and his staff, the *Coleman* Special Master and his staff, and the *Perez* court experts.

4.   The Expert is authorized to retain reasonable staff assistance necessary to effectuate the duties described herein.

5.   The Expert shall inform the parties in writing at least 14 days before he or she petitions the Court to employ such persons.  The requirements of Rule 706 of the Federal Rules of Evidence shall apply if the Expert retains persons who are to provide substantive or expert assistance, consultation, investigation, reporting or testimony.  The parties shall submit their opposition, if any, to the Court no later than 14 days after receiving the Expert's notice that he or she intends to retain such persons.  All such persons, as well as the nature of their compensation, shall be approved by the Court in advance of their retention or employment.

### Compensation of the Expert

6.   The Expert shall receive reasonable compensation at a rate to be set by the Court.  All reasonable expenses incurred by the Expert in performing his or her duties shall be reimbursed.  The Expert's fees and expenses shall be borne by the Defendants as part of

1 the costs of this action.

2      7.    The Expert periodically, and in no event less frequently than once every three

3 months, shall submit to the Court and serve on the designated representatives of defendants

4 and plaintiffs, an itemized statement of the Expert's fees and expenses, which shall be

5 payable upon receipt.

6      8.    Defendants are hereby ordered to deposit, within 30 days of the date of this

7 Order, the sum of $100,000 with the Clerk of this Court as an interim payment of costs,

8 which shall be invested in an interest-bearing account.  All interest earned in the account

9 shall accrue to the benefit of defendants.  When the above sum is substantially drawn down

10 by payments to the Expert, the Court may order defendants to deposit additional sums with

11 the Clerk of the Court.

12               **Miscellaneous Provisions**

13      9.    At the request of the Court, the Expert shall attend any negotiations, mediation

14 sessions, or court hearings.

15      10.    The Expert shall be available to meet with the parties jointly, in person, or by

16 telephone in a manner that is reasonable and convenient.

17      11.    Either party may move the Court to modify this order or to terminate the

18 Expert's coordination duties by filing a motion and supporting documents showing that

19 defendants are in compliance with the four coordination areas required by the January 18th

20 Injunction and that such coordination is no longer necessary.

21      **IT IS SO ORDERED.**

22

Dated:  June  11, 2007             By: _____

23                                    THE HONORABLE CLAUDIA WILKEN
                                 UNITED STATES DISTRICT JUDGE

24

25

26

27

28

[PROPOSED] ORDER APPOINTING COURT EXPERT
PURSUANT TO FEDERAL RULE OF EVIDENCE 706