IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOHN ARMSTRONG, et al., | No. C 94-2307 CW |
| Plaintiffs, | ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND TO QUASH DEFENDANTS' SUBPOENAS (Docket Nos. 1840 and 1844) |
| v. | |
| EDMUND G. BROWN, Jr., et al., | |
| Defendants. | |

Defendants Edmund G. Brown, Jr., et al., move to compel further responses to their interrogatories and document requests concerning Plaintiffs John Armstrong, et al.'s attorneys' fees motion. Plaintiffs oppose Defendants' motion and move for a protective order and to quash Defendants' seven deposition subpoenas. Defendants oppose this motion. The motions were taken under submission on the papers. Having considered the papers submitted by the parties, the Court DENIES Defendants' motion to compel and GRANTS Plaintiffs' motion for a protective order and to quash Defendants' subpoenas.

BACKGROUND

In this action, Plaintiffs' counsel has been paid at rates that have not changed since 2008.

On August 20, 2010, Plaintiffs filed a Motion to Compel Compensation at Plaintiffs' Counsel's Reasonable 2010 Hourly Rates. Briefing on the motion was suspended, pending the parties' effort to resolve the matter through mediation. Mediation was not

successful.

On January 3, 2011, Defendants served Plaintiffs with interrogatories and requests for documents, seeking evidence concerning the reasonableness of Plaintiffs' counsel's rate increases, which Defendants represent to be between eight and twenty-eight percent. Defendants state that they do not challenge the "reasonableness of Plaintiffs' 2010 rates, but rather the reasonableness of Plaintiffs' eight to twenty-nine percent firm-wide rate <u>increases</u> from the 2008 rates." Morris Decl., Ex. A, at 1 (emphasis in original). On or about February 8, 2011, Defendants served subpoenas on seven attorneys who submitted declarations in support of Plaintiffs' motion to compel. The subpoenas demand that the declarants appear for depositions and produce various documents, including those on which they relied in forming the statements and opinions they offered in their declarations.

## DISCUSSION

"A request for attorney's fees should not result in a second major litigation." <u>Hensley v. Eckhart</u>, 461 U.S. 424, 437 (1983). Thus, "discovery in the context of post-trial fee disputes should not involve 'the type of searching discovery that is typical' in resolving the merits of a case." <u>Muniz v. United Parcel Serv., Inc.</u>, 2011 WL 311374, at *3 (N.D. Cal.) (citing <u>Nat'l Ass'n of Concerned Veterans v. Sec'y of Defense</u>, 675 F.2d 1319, 1329 (D.C. Cir. 1982)).

Reasonable rates "are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel."

**United States District Court**
For the Northern District of California

2

Blum v. Stenson, 465 U.S. 886, 895 (1984).  The party seeking fees "has the burden to prove that the rate charged is in line with" the relevant community's prevailing market rates.  Carson v. Billings Police Dep't, 470 F.3d 889, 891 (9th Cir. 2006).  A court may not award fees based on speculation; the "district court's function is to award fees that reflect economic conditions in the district." Moreno v. City of Sacramento, 534 F.3d 1106, 1115 (9th Cir. 2008).

Defendants complain that Plaintiffs' interrogatory responses and documents fail to disclose information necessary to evaluate the reasonableness of the rate increases they seek.  Defendants also complain that Plaintiffs failed to provide a privilege log. As noted above, Plaintiffs bear the burden of establishing the reasonableness of their counsel's rates; if their supporting documents are not sufficiently probative, their request for an increase in their counsel's rates will be denied.  Further, the Court will strike portions of Plaintiffs' supporting declarations to the extent that declarants represent, without data, that rates at their law firms increased between 2008 and 2010.  Absent actual figures, such as the amount by which rates increased, these statements are not relevant to Plantiffs' motion to compel. Plaintiffs may, if they find it necessary, supplement the declarations they filed in support of their motion to compel.  If they intend to do so, Plaintiffs shall file and serve Defendants with such supplemental declarations by March 4, 2011.  Defendants' complaint about the lack of a privilege log is not well-taken; Plaintiffs' responses identify the nature of documents withheld and explain the claim of privilege.

Plaintiffs seek a protective order quashing all seven deposition subpoenas served by Defendants and prohibiting any further discovery on the current fees matter.  Seven depositions are not necessary to resolve Plaintiffs' motion to compel and would be unduly burdensome.  Accordingly, these depositions are quashed. Defendants shall not obtain any further discovery concerning Plaintiffs' motion to compel.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion to Compel Further Responses to Defendants' Interrogatories and Request for Production of Documents (Docket No. 1840) and GRANTS Plaintiffs' Motion for Protective Order and To Quash Defendants' Subpoenas (Docket No. 1844).  As noted above, to provide data concerning rate increases at the law firms of their declarants, Plaintiffs may proffer supplemental declarations in support of their motion to compel.  If they intend to do so, Plaintiffs shall file and serve Defendants with such supplemental declarations by March 4, 2011.  Defendants' seven subpoenas, served on or about February 8, 2011, are hereby quashed.  Defendants shall not obtain any further discovery concerning Plaintiffs' motion to compel.

IT IS SO ORDERED.

Dated: March 1, 2011

CLAUDIA WILKEN
United States District Judge