IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN ARMSTRONG, et al.,

       Plaintiffs,

  v.

EDMUND G. BROWN, Jr., et al.,

       Defendants.
                                        /

No. C 94-2307 CW

ORDER DENYING DEFENDANTS' MOTION TO QUASH
(Docket No. 1879)

Defendants Edmund G. Brown, Jr., et al., move to quash Plaintiffs' notice of deposition and request for production of documents. Defendants also seek a protective order prohibiting Plaintiffs from propounding additional discovery until after the parties reach an impasse regarding Plaintiffs' proposed modifications to Defendants' plan concerning class members housed in county jails. The motion was taken under submission on the papers. Having considered the papers submitted by the parties, the Court DENIES Defendants' motion.

BACKGROUND

Because the Court's previous orders amply summarize this case, only the background necessary to resolve this motion is provided below.

On September 16, 2009, the Court directed Defendants to develop and issue a plan for ensuring timely and appropriate accommodations for class members housed in county jails. Defendants appealed the Court's Order. Notwithstanding their

appeal, Defendants developed a county jails plan, which took effect on April 1, 2010.

On September 7, 2010, the Ninth Circuit affirmed this Court's conclusion that Defendants' obligations under federal law apply to class members housed in county jails. Armstrong v. Schwarzenegger, 622 F.3d 1058, 1074 (9th Cir. 2010). However, the Ninth Circuit vacated the portion of the Court's Order granting prospective relief, concluding that there was insufficient evidence to support it. Id. The Ninth Circuit remanded "to allow the parties to adduce additional evidence and to permit the district court to prepare an order supported by the evidence before it." Id. In particular, the Ninth Circuit stated, "The district court shall facilitate the parties' efforts, in particular the plaintiffs', to obtain evidence relevant to the resolution of this question." Id. at 1063. The Ninth Circuit noted that, "in this case as in others, too much evidence would certainly be preferable to too little." Id. at 1074. Notwithstanding the vacatur of the Court's Order granting prospective relief, Defendants have kept in place the county jails plan implemented on April 1, 2010.

Since the Ninth Circuit's mandate issued, the parties have exchanged correspondence in an attempt to resolve the evidentiary issue through informal means. In a January 5, 2011 letter to Defendants, Plaintiffs indicated they had sufficient supporting evidence and asked Defendants to agree to a stipulated injunction, "which would largely mirror the remedial aspects of the [September 16, 2009] order, but with certain modifications that may bring it more in line with Defendants' current practices." Russell Decl., Ex. B, at 4. Defendants did not agree to enter into a stipulated

2

injunction, but instead asked Plaintiffs to provide the evidence on which they relied. Defendants refused to meet and confer until after they "received and assessed Plaintiffs' evidence." Id., Ex. C, at 2.

On or about February 7, 2011, Plaintiffs provided Defendants with evidence Plaintiffs believed supported revisions to Defendants' county jails plan. Defendants found Plaintiffs' evidence to be insufficient, and again refused to meet and confer until after they received and assessed additional evidence from Plaintiffs.

On March 8, 2011, Plaintiffs sent Defendants a draft stipulated injunction, which provided relief nearly identical to that afforded under the Court's September 16, 2009 Order. Plaintiffs asked to meet and confer with Defendants. Defendants refused to agree to the stipulated injunction, and indicated that they preferred to "keep the current process in place until we have a better understanding of how AB 109 will be implemented." Russell Decl., Ex. G, at 1. AB 109, approved by Governor Brown on April 4, 2011, made certain changes to parole in California, which are scheduled to take effect on July 1, 2011. See generally A.B. 109, 2011 Cal. Legis. Serv. Ch. 15.

Having failed to secure a meet and confer session or a stipulated injunction, on April 1, 2011, Plaintiffs asked Defendants to meet and confer to schedule dates for depositions concerning the county jails plan. On April 6, 2011, Defendants responded, finally proposing a meeting with Plaintiffs about "the operation of Defendants' county jail plan." Russell Decl., Ex. I, at 1. Defendants indicated that "the persons most knowledgeable

3

about the plan's details will be present at the meeting to respond to Plaintiffs' questions." Id.  In exchange for such a meeting, Defendants asked that Plaintiffs agree not to propound formal discovery regarding the county jails plan.  Defendants also requested that Plaintiffs provide more specific evidence regarding the purported deficiencies in the plan.  On April 8, 2011, Plaintiffs responded, stating that they intended to pursue formal discovery, but were also interested in meeting with Defendants about the county jails plan.  On April 13, 2011, Defendants responded, again seeking additional evidence from Plaintiffs and insisting on holding a "meeting concerning the adequacy of Defendants' county jail plan in lieu of discovery."  Id., Ex. K, at 2.

On April 15, 2011, Plaintiffs served their notice of deposition for the person most knowledgeable regarding twenty-four subjects and their request for production of documents.  On April 25, 2011, Defendants identified the persons they designated as most knowledgeable on the subjects listed in Plaintiffs' notice.

On April 28, 2011, Plaintiffs agreed to delay the beginning of depositions until May 31, 2011.

## DISCUSSION

Defendants have not justified precluding Plaintiffs from taking the discovery they seek.  Plaintiffs' discovery requests are relevant to Defendants' practices concerning class members housed in county jails.  Defendants contend that, to the extent that Plaintiffs' notice provides for the deposition of high-ranking state officials, it must be quashed.  However, Plaintiffs do not expressly seek to depose any high-ranking officials, and Defendants

4

do not identify any such officials implicated by Plaintiffs' notice. Finally, General Order 56's procedures, which pertain to actions concerning the denial of a right of access protected by Titles II or III of the Americans with Disabilities Act, are not applicable to the enforcement stage of this action and do not preclude Plaintiffs from taking discovery.

Upon the completion of discovery, Plaintiffs shall disclose to Defendants all evidence they believe justifies amending Defendants' county jails plan. Within twenty-eight days of Plaintiffs' proffer, the parties shall meet and confer to determine whether this matter can be resolved through a stipulated injunction. If the parties cannot agree, Plaintiffs shall move for appropriate relief. None of this precludes the parties from meeting and conferring and agreeing on a stipulated injunction at any time, and the Court encourages both sides to do so.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to quash. (Docket No. 1879.) Depositions shall begin on May 31, 2011, as scheduled. Defendants shall respond to Plaintiffs' request for documents in accordance with Federal Rules of Civil Procedure 30(b)(2) and 34(b)(2).

IT IS SO ORDERED.

Dated:  5/24/2011

_____
CLAUDIA WILKEN
United States District Judge