KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General
SCOTT J. FEUDALE
Deputy Attorney General
DANIELLE O'BANNON
Deputy Attorney General
State Bar No. 207095
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5735
 Fax:  (415) 703-5843
 E-mail:  Danielle.OBannon@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **JOHN ARMSTRONG, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**EDMUND G. BROWN, JR., et. al.,**<br><br>Defendants. | C 94 2307 CW<br><br>**STIPULATION FOR PROTECTIVE ORDER REGARDING COUNTY JAIL DISCOVERY** |

THE PARTIES STIPULATE that the following provisions shall apply to documents identified by Defendants as falling under the deliberative process privilege and produced to Plaintiffs in connection with discovery in this action, as addressed in Judge Wilken's May 24, 2011 order in this case.

1. The information contained in the draft memorandums and county jail plans shall be regarded as confidential – "attorney's eyes only" and subject to this Protective Order.

2. The confidential – "attorney's eyes only" material may be disclosed only to the following persons:

a. Counsel for the parties in this action and individuals assigned to this matter from the Office of Court Compliance;

b. Paralegal, clerical, and other personnel regularly employed by counsel of record;

c. Court personnel and stenographic reporters engaged in such proceedings as are incidental to proceedings in this action;

d. Any expert or consultant retained by either party or the Court for purposes of this action;

e. Court reporter(s) employed in this action;

f. Witnesses to whom the confidential material may be disclosed during a deposition taken in this matter provided that the witnesses may not leave any deposition with any copies of any of the confidential material, and shall be informed of and agree to be bound by the terms of this Order; and

g. Any other person as to whom the parties in writing agree.

3. Each person to whom disclosure of this information shall, prior to time of disclosure, be made aware of, and agree to abide by, the terms of this Protective Order.

4. All confidential – "attorney's eyes only" material shall be used solely in connection with the above-captioned action, the coordinated cases of *Coleman, Perez* and *Plata*, and/or the jointly monitored *Valdivia v. Brown*, E.D. Cal. No. 2:94-cv-00671-LKK-GGH.

5. All material designated confidential-"attorney's eyes only" under this Protective Order shall be used solely in connection with the above-captioned action, the coordinated cases of *Coleman, Perez* and *Plata*, and/or the jointly monitored *Valdivia v. Brown*, E.D. Cal. No. 2:94-cv-00671-LKK-GGH and not for any other purpose, including other litigation.

6. A party may challenge the other party's designation of information or materials produced as "Attorneys' Eyes Only" by serving a written objection upon the producing party. The parties shall confer in good faith as to the validity of the designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may move for appropriate relief from this Court within (20) days from the date the parties meet and confer attempt fails. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and

persons shall treat the information or materials in question as designated as "Attorneys' Eyes Only."

7. Plaintiffs' and Defendants' counsel, and their staff, experts and consultants shall not make copies of confidential- "attorney's eyes only" material except as necessary for purposes of this action.

8. If confidential – "attorney's eyes only" material, as defined in this Protective Order, including any portion of a deposition transcript designated as confidential or attorney's eyes only, is included in any papers to be filed with the Court, such papers shall be labeled "Confidential-Subject to Court Order" and filed under seal until further order of this Court.

9. At the conclusion of the dispute regarding the county jail plan, all confidential material covered by this Protective Order, including all copies, will be destroyed.

10. The provisions of the Order shall remain in full force and effect until the Court orders otherwise.

11. This Protective Order does not supersede any prior protective order that have been entered by the Court, and is not intended to limit the use of either party of documents obtained through other means.

12. The parties' agreement to this Protective Order does not indicate an agreement that such a protective order is necessary or warranted under the relevant legal standards.

///

///

///

IT IS SO STIPULATED

DATED:  July 19, 2011

                                                                                                    KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General
SCOTT J. FEUDALE
Deputy Attorney General
DANIELLE O'BANNON
Deputy Attorney General


*/s/ Jay C. Russell*
JAY C. RUSSELL
Supervising Deputy Attorney General
*Attorneys for Defendants*

DATED: July 20, 2011


ROSEN, BIEN & GALVAN, LLP


*/s/ Gay Grunfeld*
GAY GRUNFELD
*Attorneys Plaintiffs*

DATED: July 20, 2011                        PRISON LAW OFFICE


*/s/ Revekah Evenson*
REBEKAH EVENSON
*Attorneys for Plaintiffs*

IT IS SO ORDERED:


Dated: 7/28/2011                                   _____
THE HONORABLE CLAUDIA WILKEN
United States District Judge

CF1997CS0005
20490096.doc

# CERTIFICATE OF SERVICE

Case Name:  **Armstrong v. Edmund G. Brown, Jr., et al.**      No.   C 94 2307 CW

I hereby certify that on <u>July 20, 2011</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STIPULATION FOR PROTECTIVE ORDER REGARDING COUNTY JAIL DISCOVERY**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>July 20, 2011</u>, at San Francisco, California.

| T. Oakes | /s/ T. Oakes |
|---|---|
| Declarant | Signature |

20491717.doc