IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al., | No. C 94-2307 CW |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL COMPENSATION AT THEIR COUNSEL'S REASONABLE 2010 HOURLY RATES (Docket No. 1745) |
| v. | |
| EDMUND G. BROWN, Jr., et al., | |
| Defendants. | |

Plaintiffs John Armstrong, et al., and Defendants Edmund G. Brown, Jr., et al., dispute the hourly rates at which Plaintiffs' counsel should be compensated for work completed in 2010. Plaintiffs move to compel compensation at hourly rates they assert to be reasonable. Defendants oppose the motion. The motion was decided on the papers. Having considered the papers submitted by the parties, the Court GRANTS Plaintiffs' motion.

BACKGROUND

On September 20, 1996, the Court entered a remedial order and injunction that required Defendants to develop plans to ensure that their facilities and programs complied with the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12131, et seq. That order and injunction provided that Plaintiffs were the prevailing party in this action and were entitled to fees, litigation expenses and costs as authorized by law to ensure compliance with the September 1996 remedial order and injunction and any subsequent remedial orders. On March 26, 1997, pursuant to the parties' stipulation, the Court entered an order governing the collection of attorneys'

fees and any disputes over fees.

In 2009, the parties agreed that Plaintiffs' attorneys, paralegals and other legal staff (collectively, Plaintiffs' counsel) would be compensated at their 2008 hourly rates for work completed in 2009. After the end of the first quarter of 2010, the parties were not able to agree on the hourly rates for work completed in 2010. Plaintiffs sought increases in the hourly rates from their 2008 levels, which Defendants rejected. Mediation of the dispute was unsuccessful.

Despite the parties' impasse, Plaintiffs' counsel continue to be compensated for their work, albeit at 2008 rates. Plaintiffs indicate that, for the first quarter of 2010, the current dispute has resulted in their counsel being paid $110,070 less than what they should have been paid under the requested hourly rates that Plaintiffs assert to be reasonable for 2010. Bien Decl. ¶ 103.

## DISCUSSION

The parties' dispute focuses solely on the reasonableness of hourly rates for work completed during 2010. Defendants do not contend that the hourly rates sought by Plaintiffs are unreasonable. Instead, Defendants assert that the requested hourly rates reflect unreasonable increases over the 2008 rates.

Under the ADA, prevailing parties may recover reasonable attorneys' fees. 42 U.S.C. § 12205. In determining whether an hourly rate is reasonable, a court must look "to 'the prevailing market rates in the relevant community.'" Perdue v. Kenny A, 130 S. Ct. 1662, 1672 (2010) (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)). Several factors may be considered, "including the novelty and difficulty of the issues, the skill required to try the

2

case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases." Moreno v. City of Sacramento, 534 F.3d 1106, 1114 (9th Cir. 2008).

The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008). To demonstrate reasonableness, that party may rely on the affidavits of counsel "and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [party's] attorney." Id. at 980 (citation and editing and internal quotation marks omitted). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." Id. (citation and internal quotation marks omitted).

For partner-level attorneys at the Rosen Bien & Galvan, LLP law firm, Plaintiffs seek hourly rates that range from $560 for a 1997 law school graduate to $800 for a 1962 law school graduate.[1]

---

[1] Plaintiffs submit the rate sheets of the law firms and legal organizations that serve as Plaintiffs' counsel. Bien Decl., Exs. 22-23. The rate sheets appear to list all timekeepers at each law firm or legal organization, irrespective of whether the timekeeper worked on this case. The Court determines only the reasonableness of rates of timekeepers who apparently worked on this case and for whom there is evidence of reasonableness. See, e.g., Bien Decl. ¶¶ 55-75 (timekeepers at Rosen Bien and Galvan law firm), ¶¶ 76-82 (timekeepers at Prison Law Office), ¶¶ 83-89 (timekeepers at Bingham McCutchen law firm), ¶ 91 (attorney at Disability Rights and Education Defense Fund); Wolinsky Decl. ¶ 24 (discussing Sanford Jay Rosen, named partner at Rosen Bien law firm); Norman Decl. ¶ 30 (listing timekeepers who worked on this case in 2010); Holtz Decl., Exs. A-C (timekeepers at Bingham McCutchen law firm).
(continued...)

3

Hourly rates for associates range from $285 for a 2009 law school graduate to $510 for a 1993 law school graduate. Paralegal hourly rates range from $200 to $240. Hourly rates for litigation support staff and paralegal clerks range from $150 to $185.

For attorneys at the Prison Law Office, Plaintiffs seek hourly rates that range from $275 for a 2009 law school graduate to $700 for a 1978 law school graduate. The hourly rate for the firm's law clerks, including law students and other litigation assistants, is $180. Plaintiffs seek an hourly rate of $170 for the office manager, who "is responsible for overseeing all operations in the office." Norman Decl. ¶ 27.

For attorneys at the Bingham McCutchen law firm, Plaintiffs seek hourly rates of $400 for an associate who graduated in 2008, $480 for an associate who graduated in 2006, and $655 for a partner who graduated in 1997.

For an attorney who works at the Disability Rights Education & Defense Fund, Inc. (DREDF) and graduated in 1988, Plaintiffs seek an hourly rate of $565.

Plaintiffs offer sufficient evidence to support the reasonableness of their counsel's hourly rates. As noted above, Defendants do not dispute that the requested hourly rates are within the range for prevailing market rates in the San Francisco Bay Area. Nor do Defendants dispute the nature of the work entailed in this action or the experience and reputation of Plaintiffs' counsel.

---

[1](...continued)
Tables summarizing the rates found to be reasonable by the Court are contained in Appendix A of this Order.

4

Defendants' sole objection -- to the increases in the hourly rates over 2008 levels -- is not well-taken.  Defendants agree that hourly rates in the Bay Area have risen between 2008 and 2010, representing that hourly rates have increased, on average, by approximately 5.2 percent.  However, this figure reflects only the across-the-board rise in firms' overall rates, not the increase in individual attorneys' hourly rates for the additional experience the individuals accrued over the two-year period.  Private-sector firms often charge higher hourly rates for attorneys with more experience.  See, e.g., Pearl Decl. at 4-8; Supp. Holtz Decl. ¶¶ 4-5.  Compensation rules for state employees also reflect this principle, providing annual experience-based pay increases.  See, e.g., Cal. Code Regs. tit. 2, § 599.683 (providing for annual "merit salary adjustment," so long as the relevant authority certifies "that the employee has met the standards of efficiency required for the position").  Plaintiffs offer evidence that the differences between the requested 2010 hourly rates and the 2008 hourly rates are reasonable, in light of the incremental rise in hourly rates in the Bay Area and each timekeeper's professional experience.  Defendants offer no evidence to show that the experience-related increases in the timekeepers' hourly rates are unreasonable.

The cases on which Defendants rely do not require a contrary conclusion.  Defendants cite this Court's decision in Citizens for Better Forestry v. U.S. Department of Agriculture, 2010 WL 3222183 (N.D. Cal.), to argue that year-over-year increases must be limited.  However, Citizens concerned a fee request under the Equal Access to Justice Act (EAJA), which contains an explicit provision

5

limiting hourly rates to $125 per hour unless "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiffs here do not seek fees pursuant to the EAJA. Further, in that case, the defendants contested the reasonableness of the hourly rates sought by the plaintiffs, and the plaintiffs did not substantiate the differences sought in the hourly rates for 2008 and 2009. Here, Defendants do not challenge the reasonableness of the hourly rates for work completed in 2010, and Plaintiffs have supported their requested increases.

Defendants do not dispute that the requested hourly rates fall within the range of prevailing market rates in the Bay Area, and their objection regarding the rate increases is not well-taken. Accordingly, Plaintiffs' counsel shall be compensated at the rates they requested for work completed in 2010.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to compel compensation at their counsel's reasonable 2010 hourly rates. (Docket No. 1745.) Defendants shall pay the disputed amounts forthwith, with interest paid thereon, as provided under 28 U.S.C. § 1961. See Spain v. Mountanos, 690 F.2d 742, 747-48 (9th Cir. 1982) (concluding that interest may be allowed on attorneys' fee awards in civil rights cases).

IT IS SO ORDERED.

Dated: August 8, 2011

CLAUDIA WILKEN
United States District Judge

6

APPENDIX A - RATES REQUESTED FOR WORK COMPLETED IN 2010

Rosen Bien Galvan, LLP

| Timekeeper (grad. yr., if applicable) | Position | Rate |
|---|---|---|
| Sanford Jay Rosen (1962) | partner | $800 |
| Michael W. Bien (1980) | partner | $700 |
| Gay C. Grunfeld (1984) | partner | $575 |
| Ernest Galvan (1997) | partner | $560 |
| Thomas Nolan (1993) | associate | $510 |
| Holly M. Baldwin (1997) | associate | $490 |
| Amy Whelan (2001) | associate | $430 |
| Maria Morris (2001) | associate | $430 |
| Shirley Huey (2002) | associate | $415 |
| Kenneth Walczak (2003) | associate | $390 |
| Lisa Ells (2005) | associate | $360 |
| Mark Feeser (2007) | associate | $325 |
| Blake Thompson (2007) | associate | $325 |
| Sumana Cooppan (2009) | associate | $285 |
| Anita Nabha (2009) | associate | $285 |
| Karen Stilber | paralegal | $240 |
| Sofia Millham | paralegal | $225 |
| Haruka Roudebush | paralegal | $200 |
| Matthew Harrison | paralegal | $200 |
| Claire Hoffman | paralegal | $200 |
| Marc Shinn-Krantz | litig. supp. | $185 |
| Hugo Cabrera | litig. supp. | $185 |
| Misha Goodwin | litig. supp. | $150 |

Prison Law Office

| Timekeeper (grad. yr., if applicable) | Position | Rate |
|---|---|---|
| Donald Specter (1978) | attorney | $700 |
| Judy Rosenberg (1979) | attorney | $650 |
| Sue Christian (1985) | attorney | $550 |
| Millard Murphy (1986) | attorney | $510 |
| Sara Norman (1995) | attorney | $530 |
| Rebekah Evenson (1999) | attorney | $470 |
| Penny Godbold (2003) | attorney | $390 |
| Megan Hagler (2003) | attorney | $390 |
| Rana Anabtawi (2009) | attorney | $275 |
| Students / Litigation Assistants | law clerks | $180 |
| Edie DeGraff | staff | $170 |

Bingham McCutchen

| Timekeeper (grad. yr., if applicable) | Position | Rate |
|---|---|---|
| Geoffrey T. Holtz (1997) | partner | $655 |
| Tracey D. Berger (2006) | associate | $480 |
| Frank Busch (2008) | associate | $400 |

Disability Rights Education and Defense Fund

| Timekeeper (grad. yr., if applicable) | Position | Rate |
|---|---|---|
| Linda D. Kilb (1988) | attorney | $565 |