IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants.<br>_____/ | No. C 94-2307 CW<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO SEAL (Docket No. 2159) AND GRANTING IN PART DEFENDANTS' MOTION TO SEAL AND STIPULATION TO FILE UNDER SEAL (Docket Nos. 2167 and 2169) |

    Plaintiffs seek to file under seal the unredacted version of the declaration of Michael Freedman and the exhibits attached thereto in support of their motion to enforce the Court's orders regarding Armstrong class members housed in county jails. Docket No. 2159. Defendants do not dispute that the unredacted documents should be filed under seal, but seek Court permission to share the declarations with the counties involved. Defendants also seek to file under seal the declaration of Bob Underwood in support of their opposition and the exhibits attached thereto, as well as references to these documents in their opposition brief. Docket No. 2167. Defendants have filed a redacted version of the Underwood declaration and accompanying exhibits in the public record. See Docket No. 2171. The parties also stipulate to the filing of these documents under seal. Docket No. 2169.

    Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). This cannot

be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. See Civil Local Rule 79-5(a).

Defendants attest that the Underwood declaration and the documents attached thereto contain personal information of inmates, including their names, CDCR numbers and confidential medical information. Nguyen Decl. ¶ 3. The parties have provided sufficient reasons supporting the sealing of the Underwood declaration and documents attached thereto. The Court notes that, in their opposition brief, Defendants have not referred to the confidential information contained in the Underwood declaration and accompanying documents and have not redacted any information in the brief. Accordingly, Defendants' motion for leave to file under seal, and the parties' stipulation authorizing sealing, are GRANTED to the extent they seek to file the unredacted Underwood declaration and attached exhibits under seal and denied to the extent Defendants' seek to file their opposing brief under seal (Docket Nos. 2167 and 2169).

Plaintiffs similarly attest that the Freedman declaration contain personal information of prisoners and parolees, including their names, California Department of Corrections and Rehabilitation (CDCR) identification numbers, and disability status. Freedman Decl. in Supp. of Mot. to File Under Seal ¶ 5. The Court finds that Plaintiffs have established sufficient reasons to support the filing of the unredacted Freedman declaration and its attached documents under seal. Accordingly,

2

Plaintiffs' motion for leave to file under seal is GRANTED (Docket No. 2159).

To the extent that Defendants contend that the Court should find that the documents are not subject to the protective orders in this case, the Court notes that this is a separate question from whether the documents are sealable. See Civil Local Rule 79-5(a). Defendants agree that the relevant information should not filed in the public docket. Further, with regard to Defendants' objection to the use of the declaration and exhibits in connection with Plaintiffs' motion to enforce, the Local Rules require that all evidentiary and procedural objections be contained in the opposition to the motion itself. See Civil Local Rule 7-3. Pursuant to the terms of the protective order currently in place, Defendants may move to modify the protective order or permit disclosure of personal or security information beyond its terms. See Docket No. 1044, ¶ 14.

Within four days of the date of this Order, Defendants shall electronically file under seal an unredacted version of the Underwood declaration and its accompanying exhibits. By that date, Plaintiffs shall also electronically file under seal unredacted versions of the Freedman declaration and its accompanying exhibits and shall file redacted versions of these documents in the public record.

IT IS SO ORDERED.

Dated: 8/27/2012

CLAUDIA WILKEN
United States District Judge

3