IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al., on behalf of themselves and as representatives of the class,<br><br>    Plaintiffs,<br><br>  v.<br><br>EDMUND G. BROWN, JR., Governor of the State of California; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; MICHAEL MINOR, Acting Director of the Division of Juvenile Justice; MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation; JENNIFER SHAFFER, the Executive Officer of the Board of Parole Hearings; DIANA TOCHE, Acting Director of the Division of Correctional Health Care Services; CHRIS MEYER, Director of the Division of Facility Planning, Construction and Management; KATHLEEN DICKINSON, Acting Director of Adult Institutions; and ROBERT AMBROSELLI, Acting Director of Division of Adult Parole Operations,<br><br>    Defendants.<br>_____/ | No. C 94-2307 CW<br><br>ORDER DISTRIBUTING AND ENFORCING THE AMENDED COUNTY JAIL ORDER AND PLAN |

    Attached to this Order is the <u>Armstrong v. Brown</u> County Jail Plan. <u>Armstrong</u> is a class action under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) against the California Department of Corrections and Rehabilitation (CDCR) and other State defendants, brought by prisoners and parolees with mobility, sight, hearing, learning, developmental or kidney disabilities that substantially limit one or more of their major

life activities.  On January 13, 2012 and again on April 11, 2012, as a remedy for violations of the ADA and RA, the Court ordered that CDCR develop, disseminate, and implement a plan for accommodation of disabled parolees and out-to-court prisoners housed in county jails.

Defendants' appeal of the April 11, 2012 order is currently pending before the Ninth Circuit Court of Appeals.  Defendants take the position that the counties are solely liable for providing disabled non-life parolees with accommodations legally mandated by the ADA and RA and that the State has no joint responsibility for this.  This Court has denied Defendants' request to stay the April 11, 2012 order during the appeal and has ordered that, while their appeal is pending, Defendants are required to comply with the County Jail Plan that they developed in conjunction with Plaintiffs' counsel.  The Ninth Circuit Court of Appeals has denied a stay of this Court's April 11, 2012 order.

Attached to this Order is the County Jail Plan, which supersedes the draft plans that were distributed to the counties on February 27, 2012 and July 12, 2012.

The County Jail Plan's requirements include the following, among others:

(1)  On or before September 1, 2012, CDCR will send an email notification to each county's legal counsel or designee identifying each parolee with a disability, including those subject to California Penal Code section 3056, being held in that county's jail facilities on that date.  Beginning on September 1, 2012, CDCR will send email notifications once per day to each county's legal counsel or designee identifying each parolee with a

disability booked in that county's jail facilities over the past 24 hours.  The notifications must include each parolee's name, CDCR identification number, and last release date from prison.  The notification must also include a plain-language description of each parolee's last-known disabilities and the accommodations in housing or programming the parolee received as of the date he or she was released from prison.

    (2)  On or before September 15, 2012, CDCR will send an email notification to each county's legal counsel or designee identifying each CDCR out-to-court prisoner with a disability being held in that county's facilities on that date.  Beginning on September 15, 2012, CDCR will send email notifications once per day to each county's legal counsel or designee identifying each CDCR out-to-court prisoner with a disability sent to that county's facilities in the past 24 hours.  The notification will include each CDCR out-to-court prisoner's name and CDCR identification number.  The notification will also include a plain-language description of the out-to-court prisoner's last-known disabilities and the accommodations in housing or programming the prisoner received as of the date he or she was transferred from a prison.

    (3)  Beginning on September 15, 2012, CDCR shall provide CDCR grievance forms and stamped envelopes addressed to CDCR to all parolees and out-to-court prisoners with disabilities housed in county jails.  The parolees and out-to-court prisoners can send the grievance forms to CDCR through the standard mail.  CDCR personnel will encourage parolees and out-to-court prisoners also to use the county jail's grievance process to request disability accommodations.  Whenever CDCR personnel receive a completed

3

grievance form from a parolee or out-to-court prisoner in county jail, they shall forward the grievance form to the county's legal counsel or designee as soon as possible and no later than three business days after receipt.  CDCR shall respond to the grievances within the timeframes set forth in the County Jail Plan and may contact counties to request information for a response.

(4) Beginning no later than September 15, 2012, if CDCR personnel become aware that an out-to-court prisoner or parolee with a disability faces an urgent or emergency situation (for example, if there is an allegation of a condition that is a threat to the individual's health or safety or that would prevent his or her participation or effective communication in a parole revocation proceeding), CDCR will notify the county's designee or legal counsel immediately.

CDCR will implement all remaining provisions of the County Jail Plan by September 15, 2012.  This includes, but is not limited to, the requirements that CDCR must review and respond to grievances it receives from class members, promptly share grievances with county officials, review grievances to identify patterns of denials of disability accommodations, and investigate any such patterns identified.

Any questions about the information received from CDCR may be directed to the following email address: Armstrongteam@cdcr.ca.gov.

IT IS SO ORDERED.

Dated: 8/28/2012

CLAUDIA WILKEN
United States District Judge