PRISON LAW OFFICE
DONALD SPECTER – 83925
REBEKAH EVENSON – 207825
CORENE KENDRICK – 226642
PENNY GODBOLD – 226925
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621

ROSEN BIEN GALVAN & GRUNFELD LLP
MICHAEL W. BIEN – 096891
GAY C. GRUNFELD – 121944
BLAKE THOMPSON – 255600
MICHAEL FREEDMAN - 262850
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

DISABILITY RIGHTS EDUCATION &
DEFENSE FUND, INC.
LINDA KILB – 136101
2212 Sixth Street
Berkeley, California 94710
Telephone: (510) 644-2555

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOHN ARMSTRONG, et al., | Case No. C94 2307 CW |
| Plaintiffs, | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING PRISON FACILITIES** |
| v. | |
| EDMUND G. BROWN JR. et al., | |
| Defendants. | |

1. Plaintiffs and Defendants (the "parties") agree that disclosure and discovery activity in this action are likely to involve production of confidential blueprints, drawings, or photographs regarding prison facilities, including but not limited to information about the layout and construction of prison cells and the interior structure of prison cell-walls, and cell-door control and locking mechanisms, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1. Defendants may designate as "Protected Material" covered by this Protective order any blueprints, drawings, photographs, or information about prison facilities that contain sensitive information about the layout and construction of prison cells and the interior structure of prison cell-walls, and cell-door control and locking mechanisms.  Protected Material shall not include any photographs or drawings that depict areas or structures visible to the naked eye in areas accessible to prison inmates.  Defendants shall use good faith in designating any information Protected Material.   The criteria for such a designation shall be whether Defendants believe in good faith that the information is entitled to protection from disclosure under California state law.

2. To the extent it is practical to do so, Defendants must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

3. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

1  unnecessarily encumber or retard the case development process or to impose unnecessary
2  expenses and burdens on other parties) expose the Designating Party to sanctions.

3      4.    If it comes to a Designating Party's attention that information or items that it
4  designated for protection do not qualify for protection at all or do not qualify for the level of
5  protection initially asserted, that Designating Party must promptly notify all other parties that it
6  is withdrawing the mistaken designation

7      5.    A Party that received Protected Material is a "Receiving Party."

8      6.    To designate material as "Protected Material," Defendants shall mark such
9  material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10      7.    The Receiving Party shall use its best efforts to ensure that prison blueprints and
11  construction drawings as to specific prison facilities or portions thereof that meet the definition
12  of Protected Material are kept confidential even if Defendants have not affixed the legend
13  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected
14  material, and regardless of the date when it was produced to Plaintiffs.

15      8.    The protections conferred by this Stipulation and Order cover not only Protected
16  Material (as defined above), but also (1) any information copied or extracted from Protected
17  Material that meets the definition of "Protected Material"; (2) all copies, excerpts, summaries,
18  or compilations of Protected Material that meets the definition of "Protected Material"; (3) any
19  photographs or data regarding prison facilities, their layout, and the components of cell walls,
20  doors, and door control mechanisms that meets the definition of "Protected Material", and (4)
21  any testimony, conversations, or presentations by Parties or their Counsel that might reveal
22  information that meets the definition of "Protected Material." However, the protections
23  conferred by this Stipulation and Order do not cover the following information: (a) any
24  information that is in the public domain at the time of disclosure to a Receiving Party or
25  becomes part of the public domain after its disclosure to a Receiving Party as a result of
26  publication not involving a violation of this Order, including becoming part of the public
27  record through trial or otherwise; and (b) any information known to the Receiving Party prior
28  to the disclosure or obtained by the Receiving Party after the disclosure from a source who

1  obtained the information lawfully and under no obligation of confidentiality to the Designating
2  Party. Any use of Protected Material at trial shall be governed by a separate agreement or
3  order.
4     9.   Disclosure of "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information
5  or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating
6  Party, a Receiving Party may disclose any information or item designated or defined above as
7  "CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:
8      (a)  the Receiving Party's Counsel of Record in this action, as well as employees
9      of said Counsel of Record to whom it is reasonably necessary to disclose the
10     information for this litigation;
11     (b)  Experts of the Receiving Party to whom disclosure is reasonably necessary
12     for this litigation and who have signed the "Acknowledgment and Agreement to Be
13     Bound" (Exhibit A);
14     (c) the court and its personnel.
15  10.  If any person or entity covered by this protective order is served with a subpoena
16  or a court order issued in other litigation that compels disclosure of any information or items
17  designated by Defendants as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to
18  this Protective Order that Party must:
19     (a)  promptly notify the Defendants in writing or by email.  Such notification
20     shall include a copy of the subpoena or court order;
21     (b)  promptly notify in writing the party who caused the subpoena or order to
22     issue in the other litigation that some or all of the material covered by the subpoena or
23     order is subject to this Protective Order. Such notification shall include a copy of this
24     Stipulated Protective Order;
25     (c) If Defendants timely seek a protective order, the Party served with the
26     subpoena or court order shall not produce any information designated as
27     "CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the court
28     from which the subpoena or order issued, unless the subpoenaed Party has obtained

Defendants' permission to produce the information. The Defendants shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

(d) If Defendants do not timely move for a protective order, the Party served with the subpoena may produce the subpoenaed material notwithstanding the terms of this Protective Order.

11. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons agree to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. Within 60 days after the conclusion of this litigation, any Protected Material designated by Defendants as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Protective Order, including copies, that remains in Plaintiffs' possession shall be destroyed or returned to Defendants.

13. Any person or entity who receives Protected Material designated by Defendants as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall only use it in this litigation and not for any other purpose, including other litigation.

14. Any Protected Material designated by Defendants as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Protective Order filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case name and number along with the following statement: "This document is subject to a protective order issued by the Court and shall not be copied or examined except in compliance with that order." Documents so labeled shall be kept by the Clerk of the Court under seal and shall be made available only to the

Court, the Court-appointed expert witness, or counsel. If the filing party fails to file Protected Material under seal, any party may request that the Court place the document under seal.

15. No person who has been afforded access to Protected Material designated by Defendants as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall disclose or discuss the information to or with any person except in accordance with this Protective Order.

16. Nothing in this Protective Order is intended to prevent officials or employees of the State of California or other authorized government officials from having access to information to which they have access in the normal course of their official duties.

17. The provisions of this Protective Order are without prejudice to any party's right to 1) apply to the Court for a further protective order relating to any information or relating to discovery in this litigation; 2) apply to the Court for an order removing Protected Material from any documents; 3) apply to the Court for an order removing the designation of "Protected Material" made by Defendants from a document; 4) object to a discovery request; or 5) apply to the Court to modify or rescind this Protective Order.

18. The provisions of this Protective Order shall remain in full force and effect until further order of this Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  June 25, 2014

KAMALA D. HARRIS
Attorney General of California
JAY C. RUSSELL
Supervising Deputy Attorney General

__/s/_____
JAY M. GOLDMAN
Supervising Deputy Attorney General
*Attorneys for Defendants*

Dated: June 25, 2014                           PRISON LAW OFFICE


                                               _____/S/_____
                                               REBEKAH EVENSON
                                               *Attorneys for Plaintiffs*


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____July 1, 2014_____        _____
                                        The Hon. Claudia Wilken
                                        United States District Court

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____[date] in the case of *Armstrong, et. al. v. Brown, et. al.*, United States Northern District Court Case No. C 94-2307 CW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1 | As required by Local Rule 5-1, I, Rebekah Evenson, attest that I obtained concurrence in the filing of this document from Jay M. Goldman and that I have maintained records to support this concurrence.

June 25, 2014                                   PRISON LAW OFFICE

                                                */s/ Rebekah evenson*
                                        By:    Rebekah Evenson
                                                Attorneys for Plaintiffs