IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>EDMUND G. BROWN, JR., et al.,<br><br>    Defendants.<br>_____/ | No. C 94-2307 CW<br><br>[TENTATIVE] ORDER TO REVISE THE MODIFIED INJUNCTION (Docket No. 2180) |

This tentative order revises Sections D.2. and D.3. of this Court's Modified Injunction (Docket No. 2180). It is made pursuant to the Ninth Circuit's recent opinion in Armstrong v. Brown, 2014 WL 4783091 (9th Cir.) In that opinion, the Ninth Circuit held that Sections D.2. and D.3. of this Court's Modified Injunction delegated too much authority to the Court-appointed expert witness to resolve disputes between Plaintiffs' counsel and the State. It then vacated those sections, and instructed this Court to revise those sections to be consistent with its opinion.

BACKGROUND

Section D.2. provides the procedure to be used with regard to disputed allegations of non-compliance. It provides, in relevant part, "If the parties are unable to resolve the dispute informally, Plaintiffs' counsel may request that the Court's expert review and resolve the matter." Armstrong v. Brown, 2012 WL 3638675, at *11 (N.D. Cal.), aff'd in part, vacated in part, remanded, by 2014 WL 4783091 (9th Cir.). Furthermore, it states, "Administrative decisions made by the Court's expert pursuant to

this section shall be final as between Plaintiffs and Defendants." Id.

Section D.3. provides, in relevant part, that with regard to incidents in dispute as presented in the parties' pleadings, the Plaintiffs "shall attempt to resolve these disputes through negotiation with Defendants. If negotiations fail, the disputes may be referred to the Court's expert pursuant to paragraph D.2., above." Id.

The Ninth Circuit held that this delegation of authority to the Court's expert is "impermissible" as it extends "beyond the scope of the duties that may be assigned to a Rule 706 expert." Armstrong, 2014 WL 4783091, at * 10 ("While we have approved the appointment of non-judicial officers to make recommendations and resolve disputes ancillary to complex litigation, those appointments specifically limited the expert to making recommendations subject to review by the district court.").

Accordingly, the Court provides the following tentative ruling:

In Section D.2., strike the following sentence: "Administrative decisions made by the Court's expert pursuant to this section shall be final as between Plaintiffs and Defendants" and replace it as follows: "Administrative recommendations made by the Court's expert pursuant to this section shall be reviewable by this Court on a motion by any party dissatisfied with the expert's decision."  Because Section D.3. derives its meaning from Section D.2., there is no reason to alter its language.

## CONCLUSION

Within fourteen days of the date of this order, the parties shall meet and respond to this proposal with a joint statement or separate statements.

IT IS SO ORDERED.

Dated: November 7, 2014

_____
CLAUDIA WILKEN
United States District Judge