PRISON LAW OFFICE
DONALD SPECTER – 83925
REBEKAH EVENSON – 207825
CORENE KENDRICK – 226642
PENNY GODBOLD – 226925
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email: revenson@prisonlaw.com

DISABILITY RIGHTS EDUCATION &
DEFENSE FUND, INC.
LINDA KILB – 136101
2212 Sixth Street
Berkeley, California 94710
Telephone: (510) 644-2555

ROSEN, BIEN & GALVAN, LLP
MICHAEL W. BIEN – 96891
GAY C. GRUNFELD – 121944
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOHN ARMSTRONG, *et al*., | Case No. C94 2307 CW |
| Plaintiffs, | **[PROPOSED] ORDER MODIFYING JANUARY 18, 2007 INJUNCTION** |
| v. | |
| EDMUND G. BROWN JR. *et al*., | |
| Defendants. | |

For the reasons set forth in this Court's Orders of August 22, 2012 (ECF No. 2180) and December 5, 2014 (ECF No. 2462), IT IS HEREBY ORDERED that the following shall be substituted in place of page seven, lines five through twelve of the January 18, 2007 Injunction (ECF No. 1045):

Defendants, their agents and employees shall promptly take all reasonable steps to comply with each provision set forth below:

A. Tracking of All Allegations of Staff Member Non-Compliance

1. Defendants, their agents and employees (Defendants) shall track any allegation that any employee of the Department of Corrections and Rehabilitation was responsible for any member of the Plaintiff class not receiving access to services, programs, activities, accommodations or assistive devices required by any of the following: the Armstrong Remedial Plan, the Americans with Disabilities Act or this Court's prior orders. Allegations to be tracked include, but are not limited to, those received from CDCR staff, prisoners, Plaintiffs' counsel, administrative appeals and third parties. All such allegations shall be tracked, even if the non-compliance was unintentional, unavoidable, done without malice, done by an unidentified actor or subsequently remedied.

2. The allegations shall be tracked in an electronic spreadsheet that can be searched and sorted. The spreadsheet shall contain at least the following information: the prison at which the incident occurred, the name and CDCR number of the prisoner, the date of the allegation, the name of the employee(s), the date the investigation was initiated, the name and title of the investigator, the date the investigation was completed, the result of the investigation, the number of prior allegations of non-compliance against the employee(s), and the action taken, if any, as a result of the investigation, including whether the incident was referred to the Office of Internal Affairs.

3. The spreadsheet shall be produced to Plaintiffs' counsel in electronic format monthly. When the spreadsheet is produced to Plaintiffs' counsel, the employees' names shall be removed and shall be replaced with a unique identifier. When redacting employees' names in records produced to Plaintiffs in accordance with this Order, Defendants shall consistently identify an individual employee by the same unique identifier.

B. Investigations

1. Defendants shall investigate all allegations of employee non-compliance, regardless of whether the allegation includes the name of the employee(s). Investigations shall be initiated within ten business days of receiving notice of such allegations and shall be completed as promptly as possible. Investigations must include a review of all information necessary to determine whether or not the allegation is true and shall include an interview with the affected prisoner(s). The investigation must result in a written report that shall list all sources of information relied upon in deciding whether employee non-compliance occurred and whether any other finding(s) of non-compliance against the employee(s) has been sustained.

2. If Plaintiffs' counsel has a good faith disagreement with the result of a particular investigation, they may request a copy of the written report and it shall be produced. In such instances, Plaintiffs' counsel shall have the right to review all written documents utilized in making the determination set forth in the report. Upon a showing of need, Plaintiffs' counsel shall also have the right to interview individuals who provided information utilized in making this determination.

3. When producing documents to Plaintiffs' counsel pursuant to this section, Defendants shall replace employees' names with unique identifiers as described in paragraph A.3.

C. Corrective Action and Discipline

1. Whenever an investigation reveals employee noncompliance, Defendants must comply with procedures set forth in Defendants' November 21, 2008 memorandum, "Expectations for Staff Accountability and Non-Compliance of the Disability Placement Program."

2. Defendants shall determine whether to initiate disciplinary proceedings or corrective action against an employee found in non-compliance, depending upon the number of prior violations, the seriousness of the harm to the prisoner, and the culpability of the employee. Defendants shall discipline employees in compliance with the Employee Disciplinary Matrix set forth in the CDCR Departmental Operations Manual, Chapter 3, Article 22, Personnel, Training, and Employee Relations.

3. All determinations of whether to initiate disciplinary proceedings or corrective action shall be produced to Plaintiffs' counsel upon request. When producing these documents to Plaintiffs'

counsel, Defendants shall replace employees' names with unique identifiers as described in paragraph A.3.

D. Dispute Resolution

1. In the event of a dispute about the production of information, the results of Defendants' investigation of alleged non-compliance or their decision about whether to initiate corrective action, Plaintiffs' counsel shall provide notice to Defendants and attempt to resolve the matter through negotiation. Defendants must respond to this notice within ten business days.

2. If the parties are unable to resolve the dispute informally, Plaintiffs' counsel may request that the Court's expert review and resolve the matter. Depending on the nature of the dispute, the Court's expert shall resolve disputes about the production of information, determine whether non-compliance occurred or, if it did, whether corrective action should be initiated. When requesting review by the Court's expert, Plaintiffs' counsel shall substantiate their contentions with sworn declarations from the class member or members involved, signed under penalty of perjury. Defendants shall produce all documents requested by the Court's expert and shall make all employees available for interview, on a confidential or nonconfidential basis as determined by the Court's expert.  Administrative recommendations made by the Court's expert pursuant to this section shall be reviewable by this Court on a motion by any party dissatisfied with the expert's decision. The review shall be conducted pursuant to the requirements of 28 U.S.C. § 636(b)(1)(C), the procedure for the review of a report and recommendation by a magistrate judge.

3. The parties dispute whether certain incidents set forth in the pleadings constitute non-compliance with the Remedial Order. Plaintiffs' counsel shall inform Defendants which incidents remain in dispute and shall attempt to resolve these disputes through negotiation with Defendants. If negotiations fail, the disputes may be referred to the Court's expert pursuant to paragraph D.2., above.

E. Protective Order

The parties shall negotiate an order to protect the state law rights of Defendants' employees from unnecessary disclosure of personnel information. All documents that contain personnel information produced to Plaintiffs' counsel and the Court's expert pursuant to this Order shall be

covered by this protective order. If the parties are unable to agree on the terms of a protective order, the Court's expert will recommend one.

F. Notice

Defendants shall provide a copy of this Order to the present and future individual employees who occupy the following positions within the California Department of Corrections and Rehabilitations:

a. the Undersecretaries of the CDCR,

b. the Director of the Division of Adult Institutions,

c. the Deputy Directors of the Division of Adult Institutions,

d. the Associate Directors of the Division of Adult Institutions,

e. all Wardens of adult institutions, and

f. all adult institution ADA coordinators.

G. Miscellaneous

The procedures set forth in this order or in the 2007 Injunction shall not apply to staff working under the authority of the Receiver appointed by the court in Plata v. Brown.

**IT IS SO ORDERED.**

Dated: 12/29/2014

CLAUDIA WILKEN
United States District Judge