IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG et al., | No. C 94-2307 CW |
| Plaintiffs, | ORDER ON MOTION TO COMPEL |
| v. | (Docket No. 2600) |
| EDMUND G. BROWN, JR. et al., | |
| Defendants. | |

Plaintiffs John Armstrong et al. move for an order to compel the California Office of the Inspector General (OIG) to respond to Plaintiffs' subpoena of documents and provide information Plaintiffs seek (Docket No. 2600). The OIG filed a response, and the California Correctional Peace Officers Association, with leave from the Court, filed an amicus curiae brief. Having considered the filings and the amicus curiae brief, the Court GRANTS Plaintiffs' motion to compel to the extent Plaintiffs demonstrate that materials they seek are related to this case. As discussed below, a protective order will be entered, and the OIG may replace employee names with unique identifiers in documents produced. The Court DENIES Plaintiffs' motion to the extent it seeks material that does not appear to be sufficiently related to this case, without prejudice to issuance of a narrower subpoena.

In January 2016, counsel for Plaintiffs sought information from the OIG related to the OIG's recent report: "2015 Special Review: High Desert State Prison Susanville, CA" (OIG High Desert Report). Docket No. 2567-4. Later that month, Plaintiffs served document and deposition subpoenas on the OIG. On February 19, the

OIG provided "certain responsive documents," objections, a declaration from the Chief Deputy Inspector General and a privilege log identifying documents and grounds for not producing them.  Motion to Compel at 8; see Declaration of Corene Kendrick, Ex. 2; Declaration of James C. Spurling, Ex. B.

An assertion of privilege in federal question cases brought under 42 U.S.C. § 1983 is governed by federal law.  See Kerr v. U.S. Dist. Court for N. Dist. of California, 511 F.2d 192, 197 (9th Cir. 1975); Kelly v. City of San Jose, 114 F.R.D. 653, 655–56 (N.D. Cal. 1987).  "Federal common law recognizes a qualified privilege for official information."  Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (citing Kerr, 511 F.3d at 198).  The official information privilege requires a balancing of "the policies underlying our civil rights laws, public confidence in the court system, and doing justice in individual cases" against interests of law enforcement and "the privacy rights of officers or citizen complainants."  Kelly, 114 F.R.D. at 661; id. at 669–71.

Plaintiffs seek documents related to statements in the OIG High Desert Report about (a) a code of silence among correctional officers, (b) the California Correctional Peace Officers Association's responses to the OIG's interviews of California Department of Corrections and Rehabilitation (CDCR) employees, (c) treatment of inmates in the Disability Placement Program, (d) specific allegations of High Desert staff misconduct, and (e) agent and investigation assignment practices by the CDCR Office of Internal Affairs.  See Declaration of Corene Kendrick,

2

Ex. 1 at Appendix A.[1]  Plaintiffs have withdrawn their motion to the extent it sought case files from the CDCR Office of Internal Affairs.  See Reply at 6.[2]

The OIG asserts that the majority of the documents Plaintiffs seek are not relevant to this case.

Based on the text of the OIG High Desert Report, Plaintiffs' subpoena and the OIG's privilege log, material under Plaintiffs' Request 1c and material relating to prisoners with disabilities under Request 1d relate to the issues in this case.

The relevance of material sought under Request 1a, Request 1b, the remaining incidents appearing in the OIG High Desert Report in relation to Request 1d, and Request 1e, however, is not clear.  Thus, the Court DENIES Plaintiffs' motion to compel these materials without prejudice to issuance of a narrower subpoena.

The OIG also argues that its mental impressions of the sufficiency of CDCR's work is not relevant to this case.  OIG interview materials and analysis of CDCR investigations is relevant to show how CDCR has responded to allegations of staff misconduct involving Armstrong class members.  The OIG's privilege log lists interview reports, transcripts and audio as standalone "documents" only in response to Requests 1a and 1b, but the Court considers the OIG's privilege argument regarding interview materials, generally, because its privilege log lists "Interview

---

[1] Plaintiffs' argument that the OIG has waived its objections is not persuasive.

[2] Separately, a Stipulation and Protective Order Regarding Disclosure of Defendants' Employees' Personnel Information and Corrective Action Plans issued on June 6, 2016.  See Docket No. 2612.

3

Notes" among other materials in response to Requests 1c and 1d.[3]

The OIG's concerns can be accommodated by the entry of a protective order that restricts viewing to attorneys' eyes only and limits use of the information to this action.

Moreover, to the extent the OIG will produce materials that contain employee names, the OIG may remove each name and replace it with a unique identifier.

The Court GRANTS Plaintiffs' motion to compel with respect to material under Request 1c and part of 1d that is related to inmates with disabilities. Within one week of the date on which this order issues, the OIG shall propose a protective order based on the Court's model order available on its website. See http://www.cand.uscourts.gov/model-protective-orders. Plaintiffs shall respond within one week, and shall meet and confer with the OIG within one week of responding. If the parties cannot agree on a protective order, within one week they shall submit their respective versions with differences highlighted, and the Court will select one. The OIG shall produce documents within two weeks

---

[3] The OIG cites multiple California statutory provisions. The OIG indicates that it conducted interviews pursuant to California Penal Code section 6126.5(d) ("The Inspector General may require any employee of the Department of Corrections and Rehabilitation to be interviewed on a confidential basis.").
California Penal Code section 6126.3(c)(5) provides that "[a]ny papers, correspondence, memoranda, electronic communications, or other documents pertaining to contemporaneous public oversight pursuant to Section 6133" are "not public records . . . , nor shall they be subject to discovery pursuant to [various provisions] in any manner."
Also, California Penal Code section 6126.3(c)(3) imposes restrictions with regard to "[a]ny papers, correspondence, memoranda, electronic communications, or other documents pertaining to internal discussions between the Inspector General and his or her staff, or between staff members of the Inspector General, or any personal notes of the Inspector General or his or her staff."

4

of the date on which the Court signs a protective order. The Court DENIES Plaintiffs' motion with respect to other material that does not appear to be sufficiently related to this case, without prejudice to issuance of a narrower subpoena.

IT IS SO ORDERED.

Dated: June 22, 2016

CLAUDIA WILKEN
United States District Judge