XAVIER BECERRA
Attorney General of California
DANIELLE F. O'BANNON
Supervising Deputy Attorney General
SHARON A. GARSKE
Deputy Attorney General
State Bar No. 215167
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-0263
 Fax: (510) 622-2270
 E-mail: Sharon.Garske@doj.ca.gov
*Attorneys for Defendants*
California Department of Corrections and
Rehabilitation - General

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOHN ARMSTRONG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR., et. al.,<br><br>Defendants. | C 94-2307 CW<br><br>STIPULATION AND [PROPOSED] MODIFIED PROTECTIVE ORDER REGARDING DISCLOSURE OF DEFENDANTS' EMPLOYEES' PERSONNEL INFORMATION AND CORRECTIVE ACTION PLANS |

The *Armstrong* parties and intervener California Correctional Peace Officers Association (CCPOA) ("the parties), through their counsel, agree to modify the August 16, 2016 protective order entitled Modified Protective Order Regarding Disclosure of Defendants' Employees' Personnel Information and Corrective Action Plans, ECF No. 2639, so that the following provisions shall apply to any documents containing personnel information or corrective action plans disclosed or produced by Defendants or the California Department of Corrections and Rehabilitation (CDCR) under the Remedial Plan, the Court's Orders, compliance monitoring, or discovery conducted in *Armstrong v. Brown*, No. C 94-02307 (the litigation).

1

Subject to this Order, CDCR agrees to produce all Form 402/403 decisions by a hiring authority, signed after January 1, 2016, related to custodial staff misconduct involving inmates at High Desert State Prison. For each of these matters, CDCR agrees to produce the following:

- All Form 989s;
- Within 21 days after the 402/403 decision, the investigation reports and related materials; and
- All related inmate grievances categorized as staff complaints.

CDCR also agrees to produce corrective action plans for High Desert State Prison developed in response to the Office of the Inspector General report issued in December 2015.

These documents are all collectively referred to in this Stipulation and [Proposed] Order as the Confidential Information and are subject to the following provisions:

1. The Confidential Information shall be regarded as confidential and subject to the Court's Protective Order.

2. The Confidential Information may be disclosed only to:

    a. counsel of record;

    b. paralegals, attorneys, and stenographic, clerical and secretarial personnel employed by counsel of record;

    c. the Court-appointed expert witness, Court personnel, and stenographic reporters engaged in proceedings in this litigation;

    d. any outside expert or consultant retained by the parties; and

    e. counsel of record for the CCPOA and two designated CCPOA in-house counsel.

3. Defendants shall designate in good faith any information believed to be Confidential Information. The criteria for such a designation shall be whether Defendants believe in good faith that the information is entitled to protection from disclosure under California state law, including but not limited to confidential employment records of Defendants' employees. An inadvertent failure to designate any document as Confidential Information does not, standing alone, waive the protection of such document under this Stipulation and [Proposed] Order. If the parties receive documents that should have been designated as Confidential Information but were

inadvertently disclosed, they shall contact and allow Defendants to designate them as such. The parties must make reasonable efforts to assure that Confidential Information is treated in accordance with this Stipulation and [Proposed] Order, whether or not designated as such.

4. All persons to whom disclosures of Confidential Information are made shall, before the time of the disclosure, be informed and agree in writing that the Confidential Information shall not be disclosed except as provided in this Stipulation and [Proposed] Order. Counsel, as well as each outside expert or consultant retained by the parties, must also consent to be subject to the jurisdiction of the United States District Court for the Northern District of California with respect to any proceeding relating to enforcement of this Stipulation and [Proposed] Order, including, without limitation, to any proceeding for contempt.

5. If, in the Defendants' opinion, there are documents or portions of documents that contain information that should not be disclosed under a protective order because to do so may endanger the safety and security of an institution or person (including any present or former inmate or staff member), Defendants may redact such sensitive information before providing copies of the documents to the parties' counsel and shall notify the parties' counsel of the nature of the redacted information. If, in the *Armstrong* Plaintiffs' counsel's opinion, such information is necessary for the conduct of this litigation, Defendants and the *Armstrong* Plaintiffs' counsel shall meet and confer to resolve the issue. If they are unable to reach an agreement, the documents containing such information will be presented to the Court for an in camera review to determine whether and to what extent such information may be disclosed under a further protective order.

(a) Defendants will not produce any of the above-described documentation to CCPOA regarding any correctional staff whose classification is not "rank and file," unless the specific correctional staff member is also a member of CCPOA.

6. At the conclusion of this litigation, all documents containing Confidential Information, including copies, that remain in possession of counsel for the *Armstrong* Plaintiffs and CCPOA's counsel's possession shall be returned to Defendants, deleted or destroyed.

7. Use and Possession of Confidential Information shall be as follows:

(a) Except as provided in subparagraphs (b)-(c) below, any person or entity who receives Confidential Information shall only use it in this litigation and not for any other purpose, including other litigation.

(b) Counsel of record for CCPOA and two designated CCPOA in-house counsel can review the produced materials in accordance with this Protective Order, but cannot share these materials with any CCPOA employee or use the materials in another case or matter unless the following conditions are satisfied:

   (i) a triggering event occurs;

   (ii) CCPOA obtains authorization to use the materials from the individual correctional staff; and

   (iii) CCPOA gives the parties notice that one of the triggering events in paragraph 7(c) has occurred and that it has secured authorization from the individual correctional staff, and that they intend to use the documents.

(c) A triggering event for the purpose of this Protective order shall include:

   (i) a criminal indictment of one of the investigated correctional staff;

   (ii) a civil lawsuit against one of the investigated correctional staff as a result of their employment with CDCR, in which CDCR is not providing a defense through the Attorney General's Office or CDCR-retained conflict counsel; or

   (iii) an employment matter in which certain information contained in the materials may be beneficial for the investigated correctional staff.

8. Any Confidential Information filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case name and number along with the following statement: "This document is subject to a protective order issued by the Court and shall not be copied or examined except in compliance with that order." Documents so labeled shall be kept by the Clerk of the Court under seal and shall be made available only to the Court, the Court appointed expert witness, or counsel. If the filing party fails to file such information under seal, any party may request that the Court place the document under seal. The procedures of Local Rule 79-5 shall be

1  followed.

2        9. No person who has been afforded access to Confidential Information shall disclose or
3  discuss the information, including the identification, location or disciplinary status and history of
4  any staff member, to or with any person, except in accordance with this Protective Order and
5  except any person employed by the CDCR, the California Attorney General or the Office of
6  Inspector General.

7        10. Nothing in this Stipulation and [Proposed] Order is intended to prevent officials or
8  employees of the State of California or other authorized government officials from having
9  access to information or documents to which they have access in the normal course of their
10 official duties.

11       (a) Nothing in this modified protective order shall preclude CCPOA from any use or
12 disclosure of documents it receives from another source outside of the *Armstrong* case, even if the
13 same documents were also produced under this modified protective order.

14       11. The attorney-client privilege and work-product protection are not waived by
15 disclosure or production of documents containing such information under this Stipulation and
16 [Proposed] Order.

17       12. The provisions of this Stipulation and [Proposed] Order are without prejudice to any
18 party's right to (1) apply to the Court for a further protective order relating to any personnel
19 information or relating to discovery in this litigation; (2) apply to the Court for an order removing
20 personnel information from any documents; (3) apply to the Court for an order removing the
21 designation of Confidential Information made by Defendants from a document; (4) object to a
22 discovery request; (5) object on any ground to the introduction of any of the Confidential
23 Information as evidence; or (6) apply to the Court to modify or rescind this Protective Order.

24       13. Confidential Information must be stored and maintained at a location and in a secure
25 manner that ensures that access is limited to the persons authorized under this Order. Any
26 electronic confidential information must be stored in password-protected form.

27       14.1 Except as otherwise provided in this Order, or as otherwise stipulated or ordered,
28 disclosure or discovery material that qualifies for protection under this order must be clearly so

designated before the material is disclosed or produced. Designation in conformity with this order requires:

(a) for information in documentary form (e.g., paper or electronic documents), that the producing party affix the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "*Armstrong v. Brown* (94-cv-02307-CW)" to each page that contains Confidential Information.

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Confidential Information.

(b) for information produced in some form other than documentary and for any other tangible items, that the producing party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "*Armstrong v. Brown* (94-cv-02307-CW)."

14.2 If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this order.

15. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Information that party must:

(a) promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this protective order. Such notification shall include a copy of this stipulated protective order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected. If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

16. Within 60 days after the final disposition of this action, as defined in the subsequent paragraph, each receiving party must return all Confidential Information to the producing party or destroy such material. As used in this subdivision, "all Confidential Information" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Information. Whether the Confidential Information is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain protected material. Any such archival copies that contain or constitute protected material remain subject to this protective order as set forth below.

Even after final disposition of this litigation, the confidentiality obligations imposed by

this Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be determined by order of the Court.

17. Unless otherwise ordered by the Court, a party that seeks to disclose to an expert any Confidential Information under this protective order first must provide written notice to the designating party that identifies the expert to whom that disclosure would be made.

18. The provisions of this Protective Order shall remain in full force and effect until further order of this Court, except as follows. The provisions related to the production requirements by CDCR shall remain in effect until June 1, 2017, but shall be continued for an additional 12 months, if the parties jointly determine it is necessary to continue to address the issues set forth in the OIG Report on High Desert State Prison and the Prison Law Office April 2016 report on High Desert State Prison.

IT IS SO STIPULATED.

PRISON LAW OFFICE

Dated: March 24, 2017

/s/Sara Norman
Sara Norman
Attorneys for Plaintiffs

UMBERG ZIPSER LLP

Dated: _____

_____
Thomas Umberg
Attorneys for CCPOA

XAVIER BECERRA, Attorney General of the State of California

Dated: March 24, 2017

/s/Sharon A. Garske
Sharon A. Garske
Attorneys for Defendants

this Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be determined by order of the Court.

17. Unless otherwise ordered by the Court, a party that seeks to disclose to an expert any Confidential Information under this protective order first must provide written notice to the designating party that identifies the expert to whom that disclosure would be made.

18. The provisions of this Protective Order shall remain in full force and effect until further order of this Court, except as follows. The provisions related to the production requirements by CDCR shall remain in effect until June 1, 2017, but shall be continued for an additional 12 months, if the parties jointly determine it is necessary to continue to address the issues set forth in the OIG Report on High Desert State Prison and the Prison Law Office April 2016 report on High Desert State Prison.

IT IS SO STIPULATED.

PRISON LAW OFFICE

Dated: _____

_____
Don Specter
Attorneys for Plaintiffs

UMBERG ZIPSER LLP

Dated: 3/24/17

_____
Thomas Umberg
Attorneys for CCPOA

XAVIER BECERRA, Attorney General of the State of California

Dated: _____

_____
Sharon A. Garske
Attorneys for Defendants

As required by Local Rule 5-1, I, Sharon A. Garske, attest that I obtained concurrence in the filing of this document from Sara Norman and that I have maintained records to support this concurrence.

Dated: March 24, 2017

/s/Sharon A. Garske
Sharon A. Garske
Attorneys for Defendants

IT IS SO ORDERED.

Dated: 3/28/2017

CLAUDIA WILKEN
United States District Judge

CF1997CS0005
90778021.doc