United States District Court
Northern District of California

1
2
3
4
5
6
7                 IN THE UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10   JOHN ARMSTRONG, et al.,              Case No. 94-cv-02307 CW

11           Plaintiffs,                  PRELIMINARY INJUNCTION

12       v.                               (Re: Dkt. Nos. 2978, 2979)

13   GAVIN C. NEWSOM, et al.,

14           Defendants.

15

16       For the reasons set forth in the Court's order granting in

17   part Plaintiffs' motion for a preliminary injunction, the Court

18   hereby orders as follows:

19       Inmate 1 and Inmate 2[1] (Witnesses) have been transferred out

20   of R.J. Donovan Correctional Facility (RJD) pursuant to the

21   Court's temporary restraining order and, while this preliminary

22   injunction is in effect, they shall remain housed as follows:

23   Inmate 2 shall remain at the Mental Health Crisis Bed (MHCB) at

24   California Men's Colony (CMC) on a temporary basis pending

25   placement at California Health Care Facility (CHCF) once it is

26

27       [1] The Court finds that the parties have shown that compelling
     reasons exist for using pseudonyms to maintain the names of the
28   inmates as confidential.  The names of the inmates will be
     identified in a separate order, which will be filed under seal.

open for transfers, and Inmate 1 shall remain at an Enhanced

Outpatient Program housing unit on Facility D at Mule Creek State

Prison (MCSP).

While housed at these facilities and this preliminary

injunction remains in effect:

    (1)   Defendants shall have the ADA coordinator at the new

           facility meet, face to face, taking appropriate Covid-

           19 precautions, with each Witness on a weekly basis for

           the first thirty days, then on a bi-weekly basis

           thereafter, to discuss whether the Witness has any

           security concerns or has faced any retaliation.  The

           ADA coordinator shall document these interactions on a

           Form 128-B, signed by the Witness, and Defendants shall

           produce the completed Form 128-B to Plaintiffs' counsel

           within twenty-four hours;

    (2)   Defendants shall provide, on a weekly basis for the

           first thirty days, then on a monthly basis or sooner if

           requested, for a confidential, attorney-client

           telephone call between each Witness and Plaintiffs'

           counsel;

    (3)   Defendants shall not transfer either of the Witnesses

           to another facility other than the facilities set forth

           above unless (1) Plaintiffs' counsel stipulate to the

           transfer; (2) Defendants obtain an order of the Court

           permitting the transfer; or (3) the transfer is

           necessary on an emergency basis to protect the health

           or safety of the Witness being transferred.  If a

           transfer is necessary on an emergency basis to protect

United States District Court
Northern District of California

United States District Court
Northern District of California

1    the health or safety of the Witness being transferred,

2    Defendants do not need advance approval from

3    Plaintiffs' counsel or an order of the Court.  In such

4    circumstances, Defendants shall provide Plaintiffs'

5    counsel with notice of the transfer as soon as possible

6    and no later than twenty-four hours following the

7    transfer.  The parties shall then meet and confer

8    within twenty-four hours to discuss the Witness's

9    placement.  Transfer pursuant to this paragraph shall,

10   if possible, be to a placement consistent with the

11   criteria set forth in the Court's order of July 2,

12   2020, which are as follows: (1) the placement is not

13   RJD; (2) the placement is not administrative

14   segregation or any other type of punitive housing; (3)

15   the placement is not at a higher security level than

16   the Witness's current classifications; (4) the

17   placement provides at least equivalent access to

18   programming opportunities, including compliance with

19   the Coleman Program Guide; (5) the placement is as safe

20   in light of COVID-19 risks as possible; (6) if the

21   placement is custodial, complete surveillance camera

22   coverage is preferable.  If, pursuant to this

23   paragraph, Defendants cannot transfer the Witness to a

24   placement that meets those criteria, Defendants shall

25   take all available efforts to return the Witness to a

26   placement consistent with those criteria as soon as

27   possible.

28   //

United States District Court
Northern District of California

1      (4)  Defendants shall facilitate confidential legal calls

2           between each Witness and Plaintiffs' counsel as

3           requested by Plaintiffs' counsel and shall take such

4           other steps as are necessary to ensure that each

5           Witness is safely housed and is not subjected to

6           retaliation for assisting with the enforcement motions

7           or participating in these proceedings.

8    No security shall be required because the Witnesses are

9 incarcerated and presumably indigent.

10    This preliminary injunction shall remain in effect for ninety

11 days of the date of this order.  <u>See</u> 18 U.S.C. § 3626(a)(2).

12    IT IS SO ORDERED.

13 Dated:  July 30, 2020

CLAUDIA WILKEN
United States District Judge

4