IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GAVIN C. NEWSOM, et al.,<br><br>    Defendants. | Case No. 94-cv-02307 CW<br><br>ORDER FOR ADDITIONAL REMEDIAL MEASURES AT LAC, COR, SATF, CIW, AND KVSP<br><br>Re: Dkt. No. 2948 |

    For the reasons set forth in the Court's order granting in part Plaintiffs' motion to modify its prior remedial orders and injunctions to require the implementation of new remedial measures to prevent further violations of the ARP and ADA at California State Prison, Los Angeles County (LAC); California State Prison, Corcoran (COR); Substance Abuse Treatment Facility (SATF); California Institute for Women (CIW); and Kern Valley State Prison (KVSP) (collectively, the five prisons), the Court hereby orders as follows:

    1.    No later than twenty-one days of the date this Order is filed, Defendants must draft and present to Plaintiffs for their review a plan for achieving compliance with the Armstrong

1    Remedial Plan (ARP) and the Americans with Disabilities Act (ADA)
2    that includes the components described below (the Five Prisons
3    Remedial Plan).  To the extent possible, Defendants shall provide
4    to Plaintiffs drafts of the components that must be included in
5    the Five Prisons Remedial Plan on a rolling basis prior to
6    twenty-one days of the date this Order is filed.
7         2.   Plaintiffs shall provide comments to Defendants as to
8    the drafts within seven days of receiving them.[1]
9         3.   The parties shall meet and confer promptly to resolve
10   any disagreements as to the adequacy of the Five Prisons Remedial
11   Plan or any of its components.  Defendants shall ensure that
12   staff with sufficient authority to amend and approve any plans,
13   policies, and procedures in the Five Prisons Remedial Plan attend
14   all meet-and-confer sessions.
15        4.   In the event that a disagreement is not resolved within
16   forty-two days of the date this Order is filed, Plaintiffs shall
17   file objections with the Court no later than forty-nine days of
18   the date this Order is filed in a brief of no more than ten
19   pages; Defendants may respond to the objections within seven days
20   thereafter in a brief of no more than fifteen pages; and
21   Plaintiffs may file a reply of no more than five pages within
22   four days thereafter.  The Court will rule on the objections and
23   issue any necessary order, consistent with its rulings in its

---

[1] Each side shall, respectively, provide copies of any drafts and comments to the same to counsel for the parties in Coleman v. Newsom, Case No. 90-cv-00529 (E.D. Cal.), and Plata v. Newsom, Case No. 01-cv-01351 (N.D. Cal.), as well as to the special master and receiver in those actions.

Order granting in part Plaintiffs' motion to modify its prior remedial orders and injunctions.

5.   Within fourteen days of reaching agreement with Plaintiffs, or receiving this Court's order resolving any disagreements, Defendants shall issue the Five Prisons Remedial Plan in final form and implement its provisions pursuant to the terms described below, unless the Five Prisons Remedial Plan sets a different date for the implementation of a component of the Five Prisons Remedial Plan.

   a.   Cameras.  Within ninety days of the finalization of the Five Prisons Remedial Plan, CDCR shall install operational surveillance cameras that cover all areas of LAC, COR, SATF, CIW, and KVSP to which disabled inmates have access, including, but not limited to, all exercise yards, housing units, sally-ports, dining halls, program areas, and gyms.  Within sixty days of the finalization of the Five Prisons Remedial Plan, CDCR must begin using body-worn cameras for all correctional officers at LAC, COR, SATF, CIW, and KVSP who may have any interactions with disabled inmates.  The Five Prisons Remedial Plan shall describe the steps that Defendants will take to achieve these deadlines.

   b.   The Five Prisons Remedial Plan must contain policies and procedures regarding the use of body-worn cameras and the use of camera footage at LAC, COR, SATF, CIW, and KVSP from any type of camera, including requirements that all footage be retained for a minimum of ninety days, that footage of use of force and other triggering events involving disabled inmates at LAC, COR, SATF, CIW, and KVSP be retained indefinitely, and that footage, when available, be reviewed and considered as part of

the investigation of any incident. The Five Prisons Remedial Plan also must contain policies and procedures for training staff at LAC, COR, SATF, CIW, and KVSP regarding how and when to use a body-worn camera and how to ensure that footage is retained and reviewed.

    c. Reforms to Staff Misconduct Complaint, Investigation, and Discipline Process at LAC, COR, SATF, CIW, and KVSP. CDCR must develop measures to reform the staff misconduct complaint, investigation, and discipline process (Investigation and Discipline Section of the Five Prisons Remedial Plan), which shall be included in the Five Prisons Remedial Plan, to ensure (1) that CDCR completes unbiased, comprehensive investigations into all allegations of staff misconduct violative of the rights of any qualified inmate with a disability under the ARP or the ADA; (2) that CDCR imposes appropriate and consistent discipline against employees who engage in violations of the ARP or ADA with respect to disabled inmates at LAC, COR, SATF, CIW, and KVSP; and (3) that employees who engage in criminal misconduct against disabled inmates at LAC, COR, SATF, CIW, and KVSP in violation of the ARP or ADA are appropriately investigated and, if warranted, referred for prosecution or reassignment. The Investigation and Discipline Section of the Five Prisons Remedial Plan also shall ensure that officers accused of serial violations of the ARP or ADA with respect to disabled inmates at LAC, COR, SATF, CIW, and KVSP are reassigned. The Investigation and Discipline Section of the Five Prisons Remedial Plan also shall provide for effective mechanisms for oversight over all staff misconduct complaints, use-of-force reviews, and related staff disciplinary proceedings

4

at LAC, COR, SATF, CIW, and KVSP that involve alleged violations of disabled inmates' rights under the ARP or ADA. The Investigation and Discipline Section of the Five Prisons Remedial Plan shall require quarterly interviews of randomly-selected disabled inmates at LAC, COR, SATF, CIW, and KVSP using the methodology and interview questionnaire utilized by the December 2018 investigators in connection with the Bishop Report at Richard J. Donovan Correctional Facility.

        d.   Third-Party Expert Monitoring of Defendants' Investigation and Discipline Section of the Five Prisons Remedial Plan. The Court delegates to Edward Swanson, its expert, pursuant to Federal Rule of Evidence 706, the additional duties of monitoring Defendants' implementation of their Investigation and Discipline Section of the Five Prisons Remedial Plan. Mr. Swanson shall have access to all documents reasonably necessary for monitoring Defendants' implementation of their Investigation and Discipline Section of the Five Prisons Remedial Plan. Mr. Swanson shall issue quarterly reports regarding Defendants' implementation of the Investigation and Discipline Section of the Five Prisons Remedial Plan. Prior to the issuance of each quarterly report, the parties and Mr. Swanson shall meet and confer regarding his findings for the quarter.

        e.   Early-Warning System. CDCR shall develop an electronic system for tracking all staff misconduct incidents involving disabled inmates at LAC, COR, SATF, CIW, and KVSP by date, time, location, staff involved, and disabled inmates involved, that includes information about the nature of the

disabled inmates' disabilities, any injuries they suffered, and related medical records.

        f.    Information Sharing with Plaintiffs' counsel and the Court's expert.  CDCR must produce to Plaintiffs' counsel and the Court's expert, Mr. Swanson, on a quarterly basis, all documents related to LAC, COR, SATF, CIW, and KVSP staff misconduct complaints in which the alleged victim is a qualified inmate with a disability and alleges violations of his or her rights under the ARP or ADA, including, but not limited to, grievances, incident reports, documents from staff misconduct inquiries, documents from Institutional Executive Review Committee inquiries in which the qualified inmate with a disability alleges excessive use of force or other staff misconduct in violation of his or her rights under the ARP or ADA, 989 forms and all supporting documents, responses of the Central Intake Unit of OIA to 989 forms, investigation reports produced by the OIA, and 402 and 403 forms issued by the hiring authority.  CDCR must also provide Plaintiffs' counsel with monthly, written updates regarding progress on the implementation of the Five Prisons Remedial Plan at LAC, COR, SATF, CIW, and KVSP, including data regarding staff misconduct complaints and use of force involving a qualified inmate with a disability where there is a possible violation of the disabled inmate's rights under the ARP or ADA.

        g.    Staffing.  CDCR must significantly increase supervisory staff by posting additional sergeants on all watches on all yards at LAC, COR, SATF, CIW, and KVSP.

6

        h.    Training.  CDCR must develop and implement training intended to eliminate violations of the ARP and ADA at LAC, COR, SATF, CIW, and KVSP, such as human rights, de-escalation, and cultural training, for all custody, mental health, and medical staff at LAC, COR, SATF, CIW, and KVSP who interact with disabled inmates.  The training must include discussion of reporting requirements, whistleblowing, non-retaliation, and treatment of incarcerated people with disabilities.

        i.    Anti-Retaliation.  CDCR shall develop mechanisms to end and prevent any retaliation against disabled inmates who report violations of their rights under the ARP or ADA and to ensure their safety.  These mechanisms shall be described in the Five Prisons Remedial Plan.

        j.    Other Remedies.  CDCR shall develop a plan to modify its policies to more effectively monitor and control the use of pepper spray by staff at LAC, COR, SATF, CIW, and KVSP with respect to disabled inmates.  This plan shall be described in the Five Prisons Remedial Plan.

    6.    The Court finds that these additional remedial measures are consistent with the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626(a).

    IT IS SO ORDERED.

Dated: March 11, 2021

                              CLAUDIA WILKEN
                              United States District Judge