| | |
|---|---|
| DONALD SPECTER – 083925<br>RITA K. LOMIO – 254501<br>MARGOT MENDELSON – 268583<br>PRISON LAW OFFICE<br>1917 Fifth Street<br>Berkeley, California 94710-1916<br>Telephone: (510) 280-2621<br>Facsimile: (510) 280-2704<br><br>MICHAEL W. BIEN – 096891<br>GAY C. GRUNFELD – 121944<br>THOMAS NOLAN – 169692<br>PENNY GODBOLD – 226925<br>MICHAEL FREEDMAN – 262850<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California 94105-1738<br>Telephone: (415) 433-6830<br>Facsimile: (415) 433-7104<br><br>LINDA D. KILB – 136101<br>DISABILITY RIGHTS<br>EDUCATION & DEFENSE FUND, INC.<br>3075 Adeline Street, Suite 201<br>Berkeley, California 94703<br>Telephone: (510) 644-2555<br>Facsimile: (510) 841-8645<br><br>Attorneys for Plaintiffs | CALIFORNIA OFFICE OF THE ATTORNEY GENERAL<br>ROB BONTA<br>Attorney General of the State of California<br>MONICA ANDERSON<br>Senior Assistant Attorney General<br>SHARON A. GARSKE<br>Supervising Deputy Attorney General<br>SEAN LODHOLZ<br>ANDREA S. MOON<br>D. MARK JACKSON<br>TRACE O. MAIORINO<br>Deputy Attorneys General<br>State Bar No. 179749<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, California 94102-7004<br>Telephone: (415) 510-3594<br>Fax: (415) 703-5843<br>E-mail: Trace.Maiorino@doj.ca.gov<br><br>Attorneys for Defendants Gavin Newsom and the California Department of Corrections and Rehabilitation |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | Case No. C94 2307 CW<br><br>**STIPULATION AND ORDER REGARDING ROLL-OUT OF PARAGRAPH 5.c REFORMS AT SIX PRISONS**<br><br>Judge: Hon. Claudia Wilken |

[3851958.1]

Defendants are close to finalizing their Remedial Plans required to comply with the Court's Order Granting in Part Motion to Modify Remedial Orders and Injunctions ("RJD Order"), Dkt. 3059; Order for Additional Remedial Measures ("RJD Injunction"), Dkt. 3060; Order Granting in Part Motion to Modify Remedial Orders and Injunctions ("Five Prisons Order"), Dkt. 3217; and Order for Additional Remedial Measures at LAC, COR, SATF, CIW, and KVSP ("Five Prisons Injunction," and collectively, with R.J. Donovan Correctional Facility ("RJD"), the "Six Prisons"), Dkt. 3218 (collectively, "Orders").

Defendants promulgated emergency regulations, No. 2021-1208-04 on December 28, 2021, with respect to employee discipline; No. 2021-1208-01 on December 28, 2021 with respect to staff misconduct allegations; and issued a budget change proposal, No. 5225-076-BCP-2022-GB, on January 10, 2022, to implement changes to their staff misconduct complaint investigation and discipline processes required by Paragraph 5.c of the Orders.

Plaintiffs requested revisions to the timeframe for implementation of these changes at the Six Prisons. The parties have met and conferred about the timeframe for implementation of these changes at the Six Prisons.

NOW THEREFORE, it is hereby stipulated and agreed, by and between the parties to the above captioned litigation, through their counsel of record, as follows:

1. All implementation plans and timeframes described in the attached emergency regulations (*see* attached Exhibit A) are modified in the interim as outlined below.

2. The parties agree that by no later than September 30, 2022, all CDCR Form 1824s and CDCR Form 602-HCs submitted by any class member at RJD (as defined in the RJD Order and Injunction) or any disabled inmate at LAC, COR, SATF, CIW, and KVSP (as defined in the Five Prisons Order and Injunction) will be screened by institutional personnel at the Six Prisons to determine whether they allege staff misconduct, as defined in the RJD and Five Prisons Remedial Plans and Defendants' emergency regulations: "[] behavior that resulted in a violation of law, regulation, policy, or procedure, or actions

1  contrary to an ethical or professional standard." *See* Exhibit A, § 3486.01(b)(18); Dkt.
2  3336-1, Ex. A, at 4; *id.*, Ex. B, at 4.  Any claim(s) that meet the definition of staff
3  misconduct in the CDCR Form 1824 and CDCR Form 602-HC will be routed to the
4  Centralized Screening Team ("CST") at the Office of Internal Affairs ("OIA") and
5  processed under the new staff misconduct complaint investigation and disciplinary
6  processes set forth in Defendants' emergency regulations.

7        3.      The parties agree that by no later than September 30, 2022, third-party
8  allegations of staff misconduct involving any class member at RJD (as defined in the RJD
9  Order and Injunction) or any disabled inmate at LAC, COR, SATF, CIW, and KVSP (as
10 defined in the Five Prisons Order and Injunction) regarding the Six Prisons will be
11 screened to determine whether they contain any allegations of staff misconduct, as defined
12 in the RJD and Five Prisons Remedial Plans and Defendants' emergency regulations.  *See*
13 Exhibit A, § 3486.01(b)(18); Dkt. 3336-1, Ex. A, at 4; *id.*, Ex. B, at 4.  Any claim(s) that
14 meet the definition of staff misconduct in the third-party complaint will be routed to the
15 CST at the OIA and processed under the new staff misconduct complaint investigation and
16 disciplinary processes set forth in Defendants' emergency regulations.  Any allegations of
17 staff misconduct that come out of the quarterly interviews required by the Orders, *see* RJD
18 Injunction, ¶ 5.c & Five Prisons Injunction, ¶ 5.c, will be routed to the CST at the OIA and
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

processed under the new staff misconduct complaint investigation and disciplinary processes set forth in Defendants' emergency regulations.

IT IS SO STIPULATED.

DATED: January 20, 2022               Respectfully submitted,

                                           ROSEN BIEN GALVAN & GRUNFELD LLP

                                           By: */s/ Gay Crosthwait Grunfeld*
                                                 Gay Crosthwait Grunfeld

                                           Attorneys for Plaintiffs

DATED: January 20, 2022               ROB BONTA
                                           Attorney General of the State of California

                                           By: */s/ Trace O. Maiorino*
                                                 Trace O. Maiorino
                                                 Deputy Attorney General
                                                 Attorneys for Defendants

**FILER'S ATTESTATION**

As required by Local Rule 5-1, I attest that I obtained concurrence in the filing of this document by all signatories, and that I have maintained records to support this concurrence.

DATED: January 20, 2022               */s/ Gay Crosthwait Grunfeld*
                                                 Gay Crosthwait Grunfeld

/ / /

/ / /

/ / /

**[PROPOSED] ORDER**

Having reviewed the above Stipulation of the parties, and good cause appearing, it is ORDERED that:

1. All implementation plans and timeframes described in the attached emergency regulations (*see* attached Exhibit A) are modified in the interim as outlined below.

2. The parties agree that by no later than September 30, 2022, all CDCR Form 1824s and CDCR Form 602-HCs submitted by any class member at RJD (as defined in the RJD Order and Injunction) or any disabled inmate at LAC, COR, SATF, CIW, and KVSP (as defined in the Five Prisons Order and Injunction) will be screened by institutional personnel at the Six Prisons to determine whether they allege staff misconduct, as defined in the RJD and Five Prisons Remedial Plans and Defendants' emergency regulations: "[] behavior that resulted in a violation of law, regulation, policy, or procedure, or actions contrary to an ethical or professional standard." *See* Exhibit A, § 3486.01(b)(18); Dkt. 3336-1, Ex. A, at 4; *id.*, Ex. B, at 4. Any claim(s) that meet the definition of staff misconduct in the CDCR Form 1824 and CDCR Form 602-HC will be routed to the Centralized Screening Team ("CST") at the Office of Internal Affairs ("OIA") and processed under the new staff misconduct complaint investigation and disciplinary processes set forth in Defendants' emergency regulations.

3. The parties agree that by no later than September 30, 2022, third-party allegations of staff misconduct involving any class member at RJD (as defined in the RJD Order and Injunction) or any disabled inmate at LAC, COR, SATF, CIW, and KVSP (as defined in the Five Prisons Order and Injunction) regarding the Six Prisons will be screened to determine whether they contain any allegations of staff misconduct, as defined in the RJD and Five Prisons Remedial Plans and Defendants' emergency regulations. *See* Exhibit A, § 3486.01(b)(18); Dkt. 3336-1, Ex. A, at 4; *id.*, Ex. B, at 4. Any claim(s) that meet the definition of staff misconduct in the third-party complaint will be routed to the CST at the OIA and processed under the new staff misconduct complaint investigation and

disciplinary processes set forth in Defendants' emergency regulations. Any allegations of staff misconduct that come out of the quarterly interviews required by the Orders, *see* RJD Injunction, ¶ 5.c & Five Prisons Injunction, ¶ 5.c, will be routed to the CST at the OIA and processed under the new staff misconduct complaint investigation and disciplinary processes set forth in Defendants' emergency regulations.

IT IS SO ORDERED.

DATED: January 21, 2022

_____
Honorable Claudia Wilken
United States District Judge

# EXHIBIT A

**§ 3486.01. Allegations of Staff Misconduct Toward an Incarcerated Person or Parolee.**
15 CA ADC § 3486.01
BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS

Barclays Official California Code of Regulations Currentness
  Title 15. Crime Prevention and Corrections
    Division 3. Adult Institutions, Programs and Parole
      Chapter 1. Rules and Regulations of Adult Operations and Programs
        Subchapter 5.1. Inmate and Parolee Programs
          Article 1.5. Staff Misconduct Complaints (Refs & Annos)

15 CCR § 3486.01

**§ 3486.01. Allegations of Staff Misconduct Toward an Incarcerated Person or Parolee.**

(a) Right to submit complaint alleging staff misconduct

  (1) Any person can submit a complaint of staff misconduct when they believe departmental staff have engaged in behavior that resulted in a violation of law, policy, regulation, or procedure, or an ethical or professional standard.

  (A) Inmates shall submit CDCR Form 602-1, Grievance, (Rev. 01/22), which is incorporated by reference, pursuant to section 3482(a)(1). Parolees shall submit CDCR Form 602-1 pursuant to section 3482(a)(2).

  (B) CDCR Form 602-HC, Health Care Grievance, (Rev. 10/18), which is incorporated by reference, shall be submitted pursuant to section 3999.226(a)

  (C) Inmates shall submit CDCR Form 1824, Reasonable Accommodation Request, (Rev. 09/17), which is incorporated by reference, pursuant to section 3482(a)(1). Parolees shall submit CDCR Form 1824 pursuant to section 3482(a)(2).

  (D) Citizens complaints shall be submitted in writing pursuant to section 3417.

  (2) Staff shall not retaliate against a complainant or witness for submitting a complaint or reporting staff misconduct.

  (3) The department shall ensure all complaints of staff misconduct are properly documented, objectively reviewed, thoroughly investigated, and discipline imposed or referred for criminal prosecution, when warranted, as provided in this Article, as well as Article 2 of Subchapter 5.

(b) Definitions - For purposes of this article, the following definitions shall apply:

(1) "Allegation Decision Index" refers to the index, incorporated by reference in this Article, which identifies the criteria utilized by the Centralized Screening Team to determine whether a complaint should be referred to the Office of Internal Affairs for investigation.

(2) "Allegation Inquiry" refers to the process of gathering relevant facts and evidence by a Local Designated Investigator (LDI) concerning a complaint that involves an allegation of staff misconduct.

(3) "Allegation Inquiry Report" refers to the confidential report prepared by an LDI following an Allegation Inquiry.

(4) "Centralized Screening Team" (CST) refers to the entity that reviews documentation to determine if the documentation contains a Routine Issue, alleges misconduct toward an incarcerated person or parolee, or alleges misconduct not involving an incarcerated person or parolee.

(5) "Clarification Interview" refers to an interview conducted by CST staff when clarification is required to make a screening decision.

(6) "Complaint" refers to any documentation or verbal statements received by the Department from any source that alleges Staff Misconduct.

(7) "Complainant" refers to the person making a complaint against departmental staff.

(8) "Investigation Report" refers to the confidential report prepared by an OIA investigator following an Investigation.

(9) "Department" and "Departmental Staff" refer exclusively to all CDCR employees, contractors, and volunteers.

(10) "Designated Case" refers to a case assigned to an Employment Advocacy and Prosecution Team (EAPT), Vertical Advocate (VA).

(11) "Employment Advocacy and Prosecution Team" (EAPT) refers to the entity in the Office of Legal Affairs responsible for providing legal counsel and representation during the employee investigation, discipline, and appeal process.

(12) "Hiring Authority" has the same meaning in this Article as in subsection 3392(a)(11).

(13) "Investigation" refers to the gathering of facts and evidence by an OIA Investigator concerning an allegation of Staff Misconduct.

(14) "Locally Designated Investigator" (LDI) refers to departmental staff trained by OIA to collect evidence and conduct Allegation Inquires.

(15) "Office of Internal Affairs" (OIA) refers to the entity with authority to investigate allegations of employee misconduct.

(16) "OIA Investigator" refers to a peace officer within the OIA assigned to conduct a confidential investigation.

(17) "Routine Issue" refers to any documentation received by CST that does not contain an allegation of Staff Misconduct.

(18) "Staff Misconduct" refers to behavior that results in a violation of law, regulation, policy, or procedure, or actions contrary to an ethical or professional standard.

(19) "Third Party" refers to a person or persons not directly involved in the incident or interaction that resulted in the allegation of staff misconduct.

(20) "Vertical Advocate" (VA) refers to an EAPT attorney who represents the department in designated cases during investigations, the employee discipline process, administrative hearings, and appellate proceedings.

(c) Implementation Dates - The provisions of this Article shall apply to staff misconduct complaints received by the department as follows:

(1) CDCR Form 602-1, Grievance, fully implemented at the following facilities on May 31, 2022;

(A) Richard J Donovan Correctional Facility

(B) California State Prison, Los Angeles County

(C) California State Prison, Corcoran

(D) Substance Abuse Treatment Facility

(E) Kern Valley State Prison

(F) California Institution for Women

(2) CDCR Form 602-1 fully implemented at the following facilities on September 30, 2022;

(A) California Correctional Institution

(B) California Health Care Facility

(C) Correctional Training Facility

(D) California Medical Facility

(E) California State Prison, Sacramento

(F) Mule Creek State Prison

(3) CDCR Form 602-1 fully implemented at the following facilities on November 30, 2022;

(A) Calipatria State Prison

(B) Centinela State Prison

(C) California Institution for Men

(D) California Rehabilitation Center

(E) Chuckawalla Valley State Prison

(F) Ironwood State Prison

(4) CDCR Form 602-1 fully implemented at the following facilities on January 31, 2023;

A) North Kern State Prison

(B) Wasco State Prison

(C) Avenal State Prison

(D) California City Correctional Facility

(E) Central California Women's Facility

(F) California State Prison, Solano

(G) Salinas Valley State Prison

(H) Pleasant Valley State Prison

(I) Pelican Bay State Prison

(J) San Quentin State Prison

(K) California Correctional Center

(L) High Desert State Prison

(M) Valley State Prison

(N) Folsom State Prison

(O) California Men's Colony

(P) Sierra Conservation Center

(Q) Community Beds

(R) Division of Adult Parole Operations

(5) CDCR Form 602-HC, Health Care Grievance, on March 31, 2023;

(6) CDCR Form 1824, Reasonable Accommodation Request, on April 30, 2023;

(7) All other complaints (e.g., third party complaints, citizen complaints, staff, ombudsman, advocacy letters and any related interviews, etc.) received either electronically, telephonically, or in writing on June 30, 2023.

Note: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code; and *Armstrong et al. v. Newsom et al.*, United States District Court for the Northern District of California, Court Case number 94-cv-02307-CW.

## HISTORY

1. New article 1.5 (sections 3486.01-3486.3) and section filed 12-28-2021 as an emergency; operative 1-1-2022 (Register 2021, No. 53). A Certificate of Compliance must be transmitted to OAL by 6-10-2022 or emergency language will be repealed by operation of law on the following day. For prior history of section 3486, see Register 2021, No. 41.

This database is current through 1/7/22 Register 2022, No. 1

15 CCR § 3486.01, 15 CA ADC § 3486.01

**END OF DOCUMENT**

**§ 3486.1. Centralized Screening.**
15 CA ADC § 3486.1
BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS

Barclays Official California Code of Regulations Currentness
　Title 15. Crime Prevention and Corrections
　　Division 3. Adult Institutions, Programs and Parole
　　　Chapter 1. Rules and Regulations of Adult Operations and Programs
　　　　Subchapter 5.1. Inmate and Parolee Programs
　　　　　Article 1.5. Staff Misconduct Complaints (Refs & Annos)

15 CCR § 3486.1

§ 3486.1. Centralized Screening.

(a) If departmental staff receives a written complaint from a complainant alleging staff misconduct toward an incarcerated person or parolee, the department staff receiving the complaint shall refer the complaint to CST and notify their supervisor to determine if it contains information constituting an imminent risk to personal safety, institutional security, or involves sexual abuse or acts of sexual misconduct as defined by the federal Prison Rape Elimination Act (PREA) and the California Sexual Abuse in Detention Elimination Act.

(b) For allegations of staff misconduct not involving an incarcerated person or parolee, the hiring authority shall not refer the allegation to CST, but may initiate an Allegation Inquiry, impose corrective action, or request an investigation or approval of direct action, pursuant to the department's applicable Internal Affairs investigations policies and procedures.

(c) Complaints of misconduct not involving departmental staff.

　(1) If a hiring authority receives a complaint of misconduct, that does not involve departmental staff, the hiring authority shall advise the complainant that the subject of the complaint is not employed by CDCR and is outside the Department's jurisdiction.

　(2) For all allegations of misconduct, excluding sexual abuse or sexual misconduct allegations as defined in PREA, the complainant shall be advised to file a complaint directly with the appropriate outside entity.

　(3) For allegations of sexual abuse or sexual misconduct as defined by PREA, the hiring authority receiving the complaint shall notify the appropriate outside entity of the allegations as required by law, and inform the complainant of this referral.

(d) Verbal Complaints

(1) Department staff shall document in writing any verbal complaints received that involve an allegation that an incarcerated person or parolee was subject to unnecessary or excessive use of force, staff-on-offender sexual misconduct, or sexual harassment. The departmental staff receiving the complaint shall refer the complaint to CST, and immediately forward the complaint to their hiring authority.

(2) For all other verbal complaints, departmental staff shall provide the complainant with information on how to submit their complaint in writing.

(3) For all verbal complaints not documented in writing by the complainant, the hiring authority retains the authority to resolve these matters through the employee discipline process if warranted.

(e) The Centralized Screening Team (CST) shall review all complaints received and make a screening decision of whether it contains a routine issue, allegation(s) of staff misconduct toward an incarcerated person or parolee, or allegation(s) of staff misconduct not related to an incarcerated person or parolee.

(f) Assigned CST staff shall review each document received to determine if it contains information constituting an imminent risk to personal safety, institutional security, or involves sexual abuse or acts of sexual misconduct as defined by the federal Prison Rape Elimination Act (PREA) and the California Sexual Abuse in Detention Elimination Act. In those instances, CST shall immediately notify the hiring authority via the Business Information System (BIS), of the affected institution or program for appropriate action.

(g) CST shall conduct a clarification interview if required to make a screening decision.

(h) When an allegation of staff misconduct toward an incarcerated person or parolee is identified by CST, CST shall utilize the Allegation Decision Index (01/22), which is incorporated by reference, to determine whether the complaint will be referred to OIA for investigation or to the hiring authority for an Allegation Inquiry.

(1) If the misconduct described in the allegation is listed on the Allegation Decision Index, CST shall refer the allegation to OIA for investigation.

(2) If the misconduct described in the allegation is not listed on the Allegation Decision Index, CST will refer the allegation to the hiring authority for an Allegation Inquiry, unless after review CST determines the serious nature of the allegation or complexity of the investigation warrants assignment to OIA.

(i) CST's screening decision shall be documented in the department's Business Information System (BIS).

(j) The hiring authority shall be notified of CST's screening decision via BIS.

(k) The complainant shall be notified in writing that their complaint has been received by CST within thirty (30) business days of receipt.

Note: Authority cited: Section 5058, Penal Code. Reference: Sections 2635, 2636, 2637, 2638, 2639, 2640, 2641, 2642, 2643, 2644 and 5054, Penal Code; 28 CFR Part 115, Code of Federal Regulations; and *Armstrong et al. v. Newsom et al.*, United States District Court for the Northern District of California, Court Case number 94-cv-02307-CW.

**HISTORY**

1. New section filed 12-28-2021 as an emergency; operative 1-1-2022 (Register 2021, No. 53). A Certificate of Compliance must be transmitted to OAL by 6-10-2022 or emergency language will be repealed by operation of law on the following day.

This database is current through 1/7/22 Register 2022, No. 1

15 CCR § 3486.1, 15 CA ADC § 3486.1

§ 3486.2. Staff Misconduct Investigations and Allegation Inquiries Involving Misconduct Toward ...
15 CA ADC § 3486.2
BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS

> Barclays Official California Code of Regulations Currentness
> Title 15. Crime Prevention and Corrections
> Division 3. Adult Institutions, Programs and Parole
> Chapter 1. Rules and Regulations of Adult Operations and Programs
> Subchapter 5.1. Inmate and Parolee Programs
> Article 1.5. Staff Misconduct Complaints (Refs & Annos)

15 CCR § 3486.2

§ 3486.2. Staff Misconduct Investigations and Allegation Inquiries Involving Misconduct Toward Incarcerated Persons or Parolees.

(a) OIA Investigation Processing.

(1) Upon receipt of a complaint from CST, OIA staff shall analyze the complaint and identify any initial information or documentation that needs to be obtained.

(2) If additional information or documentation is needed, OIA Staff shall request and obtain the information or documentation from departmental staff.

(3) OIA staff shall then assemble the documents and recordings into an investigation file.

(4) An OIA manager shall review the investigation file and assign the investigation using the Investigation Assignment Index, (01/22), which is incorporated by reference.

(5) An OIA manager shall make the investigation assignment decision in consultation with EAPT for designated cases.

(b) OIA Staff Misconduct Investigations.

(1) The department shall ensure that each OIA Investigation is conducted pursuant to existing laws, regulations, and CDCR policies and procedures.

(2) OIA investigators shall conduct an investigation for all allegations of staff misconduct toward incarcerated persons or parolees listed in the Allegation Decision Index and any other allegation referred to OIA by CST.

(3) Completion of Investigations.

(A) OIA investigators shall conduct thorough investigations, and ensure all relevant evidence is gathered and reviewed, and necessary interviews are conducted.

(B) At the conclusion of an investigation, the assigned OIA investigator shall prepare a confidential draft investigation report which summarizes the facts and evidence gathered during the investigation.

(4) Investigation Report Review.

(A) An OIA manager shall review the draft Investigation Report, and supporting exhibits and recordings, to determine whether the investigation is sufficient, complete, and unbiased.

(B) For designated cases, the VA shall review the draft Investigation Report and all supporting exhibits and recordings, and provide feedback to OIA.

(C) After the Investigation Report is finalized, the confidential final Investigation Report and all supporting exhibits and recordings, shall be provided to the VA for designated cases, and the hiring authority.

(D) The hiring authority shall receive the final Investigation Report, exhibits, and recordings, and if the investigation is sufficient, make a determination in accordance with section 3486.3, Staff Misconduct Determination.

(E) If the hiring authority finds the investigation insufficient to make a determination in accordance with section 3486.3, they shall request additional investigation.

(c) Allegation Inquiry Process.

(1) When CST refers an allegation of staff misconduct to the hiring authority, the hiring authority shall have the Allegation Inquiry conducted by an LDI.

(2) The LDI shall be at least one rank higher than the highest-ranking subject allegedly involved in the misconduct.

(3) Completion of Allegation Inquiries.

(A) LDIs shall conduct thorough allegation inquiries, and ensure all relevant evidence is gathered and reviewed, and necessary interviews are conducted. The LDI shall complete the Allegation Inquiry except when one of the following situations occurs:

1. If the LDI discovers evidence of staff misconduct listed in the Allegation Decision Index, the LDI shall cease further inquiry, document the evidence in an Allegation Inquiry Report which summarizes the facts and evidence gathered during the inquiry, and refer the Allegation Inquiry to OIA for a complete investigation with notification to the hiring authority.

2. If the LDI finds evidence of staff misconduct not listed in the Allegation Decision Index that the LDI believes may result in adverse action, the LDI shall cease further inquiry, document the evidence in an Allegation Inquiry Report, and refer the Allegation Inquiry to the hiring authority for review. If the hiring authority agrees, the Allegation Inquiry shall be referred to OIA for investigation. If the hiring authority does not believe adverse action may result, the matter shall be returned to the LDI for completion of the Allegation Inquiry.

(B) Upon completion of the Allegation Inquiry, the LDI shall author a confidential draft Allegation Inquiry Report with all supporting exhibits, and provide a copy to the hiring authority for notification, and an OIA manager for review and approval.

(4) Allegation Inquiry Report Review.

(A) An OIA manager shall review the draft Allegation Inquiry Report, and supporting exhibits, to determine whether the Allegation Inquiry is sufficient, complete, and unbiased.

(B) Once approved by an OIA manager, the Allegation Inquiry report shall be provided to the hiring authority.

(C) If the hiring authority reviews the approved Allegation Inquiry Report, determines the Allegation Inquiry is sufficient, complete and unbiased, and determines adverse action will not be imposed, the hiring authority shall make a determination in accordance with section 3486.3, Staff Misconduct Determination.

(D) If the hiring authority determines that the Allegation Inquiry Report contains a preponderance of evidence to sustain the allegations and impose adverse action, the hiring authority shall request approval from OIA for direct adverse action.

(E) If the hiring authority determines the Allegation Inquiry resulted in evidence that misconduct likely to result in adverse action occurred but preponderance of evidence does not exist, the hiring authority shall request investigation by OIA.

(F) If the hiring authority requests OIA investigation or approval for direct adverse action, OIA in consultation with EAPT will determine whether an investigation should be conducted, or whether there is a preponderance of evidence for approval of direct adverse action.

Note: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code; and *Armstrong et al. v. Newsom et al.*, United States District Court for the Northern District of California, Court Case number 94-cv-02307-CW.

## HISTORY

1. New section filed 12-28-2021 as an emergency; operative 1-1-2022 (Register 2021, No. 53). A Certificate of Compliance must be transmitted to OAL by 6-10-2022 or emergency language will be repealed by operation of law on the following day.

This database is current through 1/7/22 Register 2022, No. 1

15 CCR § 3486.2, 15 CA ADC § 3486.2

END OF DOCUMENT

§ 3486.3. Staff Misconduct Determination.
15 CA ADC § 3486.3
BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS

Barclays Official California Code of Regulations Currentness
  Title 15. Crime Prevention and Corrections
    Division 3. Adult Institutions, Programs and Parole
      Chapter 1. Rules and Regulations of Adult Operations and Programs
        Subchapter 5.1. Inmate and Parolee Programs
          Article 1.5. Staff Misconduct Complaints (Refs & Annos)

15 CCR § 3486.3

§ 3486.3. Staff Misconduct Determination.

(a) Upon receipt and review of a confidential Investigation Report as described in section 3486.2(b)(4)(D), Allegation Inquiry Report as described in section 3486.2(c)(4)(C), or approval from OIA for direct adverse action, the hiring authority shall render a determination on each allegation and each subject identified in the allegation as follows:

  (1) NOT SUSTAINED: The investigation or inquiry failed to disclose a preponderance of evidence to prove or disprove the allegation made in the complaint.

  (2) UNFOUNDED: The investigation or inquiry conclusively proved that the act(s) alleged did not occur; or the act(s) may have, or in fact, occurred but the individual employee(s) named in the complaint(s) was not involved.

  (3) EXONERATED: The facts, which provided the basis for the complaint or allegation, did in fact occur; however, the investigation or inquiry revealed that the actions were justified, lawful, and proper.

  (4) SUSTAINED: The investigation or inquiry disclosed a preponderance of evidence to prove the allegation(s) made in the complaint.

  (5) NO FINDING: The investigation revealed that another agency was involved and the complainant has been referred to that agency or the complainant is no longer available for clarification of facts/issues.

(b) When an allegation of staff misconduct is sustained, the hiring authority shall make a determination regarding corrective or adverse action in accordance with section 3392, Employee Discipline.

(c) The hiring authority shall notify the complainant, in writing, of the finding(s) of the original complaint within thirty (30) days of the determination of the disposition of the complaint.

(1) The notification of the findings regarding the staff misconduct complaint shall be limited to whether the original complaint is sustained, not sustained, exonerated, or unfounded.

(2) At no time shall any information related to any personnel action be conveyed to the complainant in the matter.

(d) The Business Information System shall be updated to reflect all determinations made regarding the allegation of staff misconduct.

Note: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code; and *Armstrong et al. v. Newsom et al.*, United States District Court for the Northern District of California, Court Case number 94-cv-02307-CW.

## HISTORY

1. New section filed 12-28-2021 as an emergency; operative 1-1-2022 (Register 2021, No. 53). A Certificate of Compliance must be transmitted to OAL by 6-10-2022 or emergency language will be repealed by operation of law on the following day.

This database is current through 1/7/22 Register 2022, No. 1

15 CCR § 3486.3, 15 CA ADC § 3486.3

**END OF DOCUMENT**