IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN C. NEWSOM, et al.,<br><br>Defendants. | Case No. 94-cv-02307 CW<br><br>**ORDER RE: COURT EXPERT'S REPORT REGARDING TREATMENT OF PEOPLE WITH DISABILITIES AT SUBSTANCE ABUSE TREATMENT FACILITY**<br><br>Re: Dkt. No. 3446 |

On November 8, 2021, in response to reports by Plaintiffs' counsel of discrimination and mistreatment against class members at Substance Abuse Treatment Facility (SATF), the Court ordered the Court Expert to investigate whether class members were being denied accommodations for their disabilities or discriminated against on the basis of their disabilities at SATF, and to file a written report to the Court with any recommendations he finds appropriate. *See* Docket No. 3338.

On December 20, 2022, the Court Expert filed his written report. Docket No. 3446. He found violations of the Americans with Disabilities Act (ADA) and Armstrong Remedial Plan (ARP) at SATF. Specifically, the Court Expert found that Defendants had denied class members reasonable accommodations in the form of durable medical equipment (DME), medical and non-medical assistive devices, incontinence supplies, and other medical supplies. The Court Expert also found that these violations were the consequence of several systemic issues at SATF, including the absence of clear policies and procedures for requesting and delivering reasonable accommodations to class members in accordance with the ADA and ARP; a lack of procedures and mechanisms that enable Defendants to self-identify and self-correct systemic problems that prevent them from promptly and effectively delivering reasonable accommodations to class members; an insufficient number of ADA and custody staff who are equipped to handle requests

for disability accommodations and matters related thereto; the absence of clear policies and procedures for ensuring that class members are housed safely; and staff culture issues and practices that can result in an adversarial relationship between class members and staff responsible for accommodating their disabilities.

The parties filed responses to the Court Expert's report pursuant to a stipulated schedule. *See* Docket Nos. 3453, 3459, 3463. Defendants did not object to any of the Court Expert's factual findings. *See generally* Docket Nos. 3453, 3463.

After carefully reviewing the Court Expert's report and the parties' responses, the Court adopts the Court Expert's undisputed factual findings and orders as follows:

1. **Further Report by the Court Expert**. In light of the steps that Defendants have taken to date in response to the Court Expert's report, the Court finds that it is appropriate to allow Defendants to continue to devise and implement any policies, procedures, or reforms that are necessary for them to achieve compliance with the ADA and ARP at SATF. The Court Expert shall monitor Defendants' efforts in this regard and shall file a further written report to the Court six months from the date this order is filed. Defendants shall make available to the Court Expert any information or documents that he requires to monitor their progress, and the Court Expert shall ensure that such information and documents are made accessible to Plaintiffs' counsel to the extent permitted by law. The Court Expert shall report on Defendants' progress in curing the violations of the ADA and ARP that he found in his report of December 20, 2022, and in implementing policies and procedures designed to prevent similar ADA and ARP violations in the future. The Court Expert also shall propose recommendations to the Court to remedy any continued violations of the ADA and ARP that he observes at SATF during the monitoring period. Defendants shall file a response to the Court Expert's further report within fourteen days of the date it is filed. Plaintiffs may file their response within fourteen days thereafter, and Defendants may file a reply within fourteen days of Plaintiffs' response. In addition to the further report and recommendations described in this paragraph, the Court Expert also shall perform the tasks set forth below.

2. **ADA Staffing**. The Court Expert shall analyze the adequacy of Defendants' staffing with respect to positions that are intended to assist Defendants in complying with their obligations under the ADA and the ARP. The Court Expert shall include findings and recommendations in his further report as to this issue. To the extent that the Court Expert wishes to retain a consultant or other staff to assist him in conducting this analysis, the Court Expert shall follow the procedures set forth in the Court's Order of June 11, 2007. *See* Docket No. 1121. Such procedures include informing the parties in writing at least fourteen days before the Court Expert petitions the Court to employ a consultant or other staff.

3. **Sustainable Compliance with the ADA and ARP**. The Court Expert shall work with the parties to develop systems at SATF to enable Defendants to identify and correct, without the assistance of Plaintiffs' counsel or other external monitors, systemic problems that prevent them from delivering reasonable accommodations to class members in a reasonably prompt and effective manner. The Court Expert shall include findings and recommendations in his further report as to this issue.

4. **Safe Housing of Class Members**. The parties and the Court Expert shall discuss possible modifications to Defendants' policies and procedures for housing class members, with the goal of ensuring the safe housing of class members whose disabilities may create safety risks for them. The Court Expert shall consult with the Special Master in *Coleman v. Newsom*, Case No. 90-cv-00529 (E.D. Cal.) and shall invite the Special Master to participate in the discussions on behalf of the *Coleman* class.

5. **Accommodations for Deaf Class Members**. The Court Expert found that deaf class members who cannot sign are being denied reasonable accommodations for their disabilities at SATF, and he recommended that Defendants implement Computer Assisted Real Time Transcription (CART) or an alternative reasonable accommodation at SATF in due process events, programming, and education. Defendants shall make CART or an alternative reasonable accommodation available at SATF for these situations as soon as possible and shall keep the Court Expert informed on their progress. The Court Expert shall report on this issue in his further report.

6.  **Assistive Devices for Vision-Impaired Class Members**. The Court Expert found that vision-impaired class members are being denied reasonable accommodations for their disabilities because low-vision assistive devices are broken in multiple libraries at SATF. He recommended that Defendants ensure that broken assistive devices are promptly repaired at SATF and that ADA staff at SATF conduct regular audits to determine whether low-vision assistive devices are functional. Defendants shall repair all broken low-vision assistive devices in libraries at SATF as soon as possible and shall keep the Court Expert informed on their progress in doing so and in implementing policies and procedures designed to ensure that all such devices are functional at all times at SATF.

7.  **Responses to Advocacy Letters by Plaintiffs' Counsel**. The Court Expert shall work with the parties to discuss modifications to Defendants' policies and procedures to ensure that Defendants respond substantively to letters by Plaintiffs' counsel in a reasonably timely manner. In the meantime, Defendants shall, not later than thirty days of receiving an advocacy letter from Plaintiffs' counsel, acknowledge their receipt of the letter and provide at least a suggested time frame for when they expect to be able to respond substantively to the letter.

The Court Expert shall invite the participation of California Correctional Health Care Services (CCHCS) and the Special Master in *Coleman* in any of the above discussions, as he deems appropriate.

The Court finds that the remedies ordered herein are narrowly drawn, extend no further than necessary to correct the violations of class members' rights under the ADA and ARP described in the Court Expert's report and incorporated herein by reference, and are the least intrusive means necessary to correct such violations.

IT IS SO ORDERED.

Dated: 2/24/2023

CLAUDIA WILKEN
United States District Judge