ROB BONTA
Attorney General of California
SHARON A. GARSKE
Supervising Deputy Attorney General
SEAN LODHOLZ
OLENA LIKHACHOVA
ANNE KAMMER
GURPREET SANDHU
TRACE O. MAIORINO
Deputy Attorney General
State Bar No. 179749
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3594
  Fax:  (415) 703-5843
  E-mail:  Trace.Maiorino@doj.ca.gov
*Attorneys for Defendants Gavin Newsom, Board of
Parole Hearings, and CDCR*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **JOHN ARMSTRONG, et al.,** | C 94-2307 CW |
| Plaintiffs, | **DECLARATION OF HEIDI L. RUMMEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NO. 3525]** |
| **v.** | |
| **GAVIN NEWSOM, et al.,** | |
| Defendants. | |

I, Heidi L. Rummel, declare:

1.    I am the Founder and President of Parole Justice Works (PJW), a nonprofit organization comprised of parole attorneys, educators, advocates, individuals with lived experience in the California parole process, and victims/survivors.  PJW's mission is to promote meaningful and effective participation in California's parole hearing process by providing training, resources, and assistance to attorneys participating in the Board of Parole Hearings' (Board) Panel Attorney Program, and educating incarcerated people and crime victims and

1

survivors. I submit this declaration in support of Defendants' Opposition to Plaintiffs' Motion for Order to Enforce the Revised Permanent Injunction (ECF No. 3525). I am competent to testify to the matters set forth in this declaration and, if called upon by this Court, would do so.

2. I am an active and licensed attorney admitted to practice in the State of California since 1996. Since 2006, I have co-directed the Post-Conviction Justice Project at the University of Southern California's Gould School of Law, where I teach and supervise second and third-year law students representing clients at parole hearings and in other post-conviction matters. The Project has won the release of more than 200 clients through the parole process, to date. I have worked to pass significant legislative reforms in California, including requiring the parole board to give specialized consideration to a history of intimate-partner violence at parole hearings (Assembly Bill (AB) 1593 amending Penal Code § 4801); creating a process for 16 and 17-year olds sentenced to life without parole to petition for a resentencing hearing (Senate Bill (SB) 9 amending Penal Code § 1170(d)); creating the Youth Offender Parole Hearing process (SB 260, SB 261, and AB 1308 amending Penal Code §§ 3051 and 4801); and creating a constitutional remedy for 16 and 17-year olds sentenced to life without possibility of parole (SB 394 amending Penal Code § 3051). In addition, I conduct parole workshops for attorneys throughout California, teach a variety of law school courses, and lead parole-readiness workshops inside California prisons to educate incarcerated individuals about the parole process and to encourage them to pursue rehabilitation.

3. I have represented hundreds of incarcerated individuals in parole proceedings before the Board since 2006. I have knowledge of and firsthand experience regarding the legal standards for parole, incarcerated individuals' rights in the parole process, the steps necessary to prepare individuals for a parole hearing, the documents involved in preparing for a parole hearing, and strategy for working with clients and advocating before the parole board. I have conducted trainings for attorneys; BPH commissioners and deputy commissioners; BPH Forensic Assessment Division psychologists; Los Angeles County District Attorney's Office Bureau of Victim Services; and various state Public Defender's Offices. I have also been certified and testified as an expert on parole in state and federal cases. I have seventeen years' experience of

2

clinical law school teaching, specifically educating law students on the parole process and how to represent clients in the parole process.

4.    I founded PJW in 2020 based on my expertise in California's parole process and drawing from my extensive experience as an educator.  As the President, I am responsible for overseeing the provision of education, training, resources, and support for California attorneys representing clients seeking parole, including attorneys participating in the Board's Panel Attorney Program who are appointed by the State of California to represent clients appearing before the Board for parole suitability hearings.  PJW contracted to develop and provide training for the Board's Panel Attorney Program in March, 2020.  Attorney trainings, including Americans with Disabilities Act (ADA) training, are mandatory for all active state-appointed panel attorneys contracted with the Board.

5.    In May 2020, per PJW's request, PJW met with Plaintiffs' counsel in this action for the express purpose of soliciting their input regarding best practices for creating and structuring ADA trainings for panel attorneys.  PJW requested, and in June 2020 received, from Plaintiffs' counsel a five-page priority list of key items to include.  PJW used this priority list to design and create ADA-related trainings for panel attorneys.

6.    PJW has developed comprehensive training materials and practice-friendly resources to support panel attorneys and assist them in providing high quality representation to parole clients.  This includes training and educating panel attorneys regarding the requirements of the ADA.

7.    Since its inception in 2020, PJW has worked to create an extensive catalog of video trainings and written resources.  These include: (1) an extensive curriculum of video trainings for attorneys, (2) an extensive video training curriculum for incarcerated people, and (3) numerous educational videos for victims/survivors who are interested in participating in the parole process.  In addition to these produced videos, PJW has worked to create a detailed informational website (parolejustice.org), an extensive database of resources for attorneys (both for attorneys to use and for attorneys to provide to their clients), and a written curriculum for incarcerated people to accompany PJW's in-prison trainings.  This project has been extensive and ongoing for almost

3

four years, particularly given the time-consuming nature of video production work, PJW's lean staff as a nonprofit, and significant delays caused by the COVID pandemic (which, for example, made in-person filming difficult or impossible for long periods of time). As a result, PJW is still in the process of finalizing some of its trainings and resources.

8.    PJW's Attorney Training Curriculum is a series of produced video trainings that cover every aspect of parole practice.[1] Nearly twenty hours of video curriculum content are currently available. All panel attorneys are required to watch this curriculum in its entirety. The curriculum includes the following videos related to the ADA:

      a.    The ADA and DECS (the California Department of Corrections and Rehabilitation's Disability and Effective Communication System). This forty-minute training features Heather McCray Pool (former BPH Assistant Chief Counsel managing ADA issues).

      b.    Language Barriers and Working with Interpreters. This twenty-minute video primarily features Heather McCray Pool (former BPH Assistant Chief Counsel managing ADA issues) and a parole attorney with extensive experience representing clients who need interpreters.

---

[1] These training materials are a commercial product developed by PJW following a substantial investment of time and resources. Public disclosure of these materials would harm PJW's business and competitive standing and could adversely affect PJW in future contract negotiations, renewals, and bidding. These materials also contain strategy and advice to parole attorneys that could prejudice clients if disclosed. Parole attorneys advocate before and against BPH and California District Attorney's Offices in parole hearings and related litigation. Making its training materials available to BPH and/or District Attorney's Offices would prejudice the clients represented by these attorneys.

PJW takes significant steps to protect its proprietary trainings, limit access to them, and prevent them from entering the public domain. PJW trainings and resources are only accessible using secure login credentials assigned by PJW. PJW assigns access credentials to only a limited group of individuals directly involved in, and substantially invested in, parole representation, after PJW determines they qualify for training. Qualified individuals are only provided with access credentials if they complete a user agreement, in which they certify that they will not share PJW's video trainings or their login credentials, and that they will not allow any other person to participate in or access live trainings.

Nearly every person permitted to access PJW's trainings is an established California parole attorney with a regular practice representing clients at parole hearings. Panel attorneys automatically qualify to receive access to PJW's trainings, but they are not given access until they have signed the user agreement.

PJW has offered to provide its ADA-related training materials and/or information about their contents to counsel for the parties in this matter, provided they agree to a protective order.

4

c. Cognitive Disabilities Requiring ADA Accommodations. This one-hour-and-three-minute video primarily features clinical and forensic psychologist Nancy Kaser-Boyd and PJW Executive Director Anna Faircloth Feingold, as well as two parole attorneys with significant experience representing clients with cognitive disabilities in the parole process.

d. Mental Health and MHSDS. This forty-four-minute training primarily features former CDCR psychologist Ellen Yates and myself, as well as multiple BPH Commissioners and formerly incarcerated individuals who participated in CDCR's Mental Health Services Delivery System (MHSDS).

e. Professional Responsibility and Ethics in Parole Representation. This fifty-eight-minute training primarily features PJW Executive Director Anna Faircloth Feingold. Some portions of the training are related to the ADA.

f. Client Preparation and Case Strategy. This one-hour-and-twenty-minute video features numerous experienced parole attorneys and formerly incarcerated individuals with experience in the parole process. Some portions of the training are related to the ADA.

g. Attorney Representation at Hearings. This thirty-minute video primarily features numerous experienced parole attorneys. Some portions of the training are related to the ADA.

9. In addition to requiring panel attorneys to watch PJW's Attorney Training Curriculum videos, panel attorneys are also required to attend regular, live MCLE trainings conducted by PJW via Zoom on relevant topics. These trainings are typically one hour long, and they occur, on average, once every two months. These mandatory live MCLE trainings sometimes cover topics related to the ADA, including the following:

a. April 25, 2022 Training on Working with Clients with Severe Mental Health Issues. This one-hour training featured parole attorneys with extensive experience representing clients with severe mental health issues.

///

5

b.  June 6, 2022 Training on Ethical Issues in Representing Clients with Mental Health Issues.  This one-hour training featured a Los Angeles County Deputy Public Defender with expertise in ethics who specifically addresses questions arising from the Mental Health Unit of their office.

c.  In December 2023, PJW has scheduled the following training: The Impact of Aging on Psychological and Cognitive Health.  This one-hour training will feature Dr. Michele Ditomas, Chief Medical Executive, California Correctional Health Care Services.

10.  In addition to hosting mandatory regular Zoom trainings for panel attorneys, PJW also hosts Zoom Roundtable discussions once every three weeks, at which panel attorneys can ask questions, seek advice from PJW and other experienced attorneys, collaborate, and raise issues they are facing.

11.  PJW has also created an extensive database of practice-friendly resources to assist panel attorneys in their practice.  All panel attorneys automatically receive access to this online database after signing a user agreement.  The database includes both resources for attorney use, and resources that attorneys can provide to their clients to assist in client rehabilitation and hearing preparation.  The database includes resources related to the ADA, including some resources created by PJW, and some resources created and provided by BPH, which PJW has compiled and made easily accessible in one place.

12.  With respect to deaf and hard-of-hearing clients, PJW's trainings inform attorneys how to identify, based on client records and client interaction, that the client may need an accommodation.  PJW's trainings inform attorneys that not all hearing-impaired clients speak American Sign Language (ASL), and that interpretation is available for alternative forms of sign language (like alternative sign language dialects or sign-exact language).  The trainings also discuss other accommodations and means of establishing communication available in addition to interpreters, including hearing devices, lip reading, and real-time captioning.

13.  Additionally, due to PJW's advocacy, an attorney with sign language expertise is now appointed to represent parole clients who are deaf or hard of hearing.  In November 2022, PJW

6

began consulting with an active panel attorney with expertise in sign language interpretation. The attorney is certified with the Registry of Interpreters for the Deaf, and is also a certified sign language interpreter with CDCR. The attorney has more than thirty years' experience interpreting in formal settings, including for federal government agencies, presidential administrations, higher academia, legal proceedings, and emergency medical situations. Initially, the attorney advised on many aspects of representing deaf clients: including the educational barriers many clients have experienced, the cultural differences between how deaf and hearing people express themselves, and the limitations in terms of funds of knowledge that occur with deafness from birth or an early age. The attorney identified information parole attorneys should discover about their client to better understand their case and provide accommodations, and insight-related factors that are often at play, and need to be addressed, in cases involving deaf or hard-of-hearing clients. The attorney also advised on numerous potential accommodations for deaf and-hard of hearing clients, including having a team of support people, having multiple interpreters at the same time, and having a certified deaf interpreter. The attorney also suggested strategies for working with sign language interpreters, including the difference between simultaneous and consecutive interpretation. Given the attorney's keen interest in providing state-appointed representation for clients with hearing impairments in the parole process, PJW worked with BPH to arrange for the attorney to be regularly appointed as counsel in parole cases with deaf and hard of hearing clients.

14. PJW is currently designing a written resource specific to representing blind and low-vision clients. PJW plans to cover: challenges that blind and low-vision clients face in preparing for and participating in the parole hearing; accommodations available to these clients and how to pursue them; how to best work with these clients; available resources; and how to advocate for these clients at the parole hearing. In designing this resource, PJW is consulting with parole attorneys with experience representing blind and low-vision clients in the parole process. PJW has reached out to Michael Parker to solicit input on this resource. PJW has also scheduled a meeting with BPH Chief Counsel Jessica Blonien and other CDCR personnel to discuss

///

7

accommodations that BPH and CDCR have made, and are now making, available to blind and low vision clients.

15.   PJW works hard to foster a robust and collaborative community of parole attorneys through live continuing legal education trainings, sponsored experts and speakers, attorney mentorship, and virtual Roundtable discussions during which parole attorneys support each other, learn from each other, and enhance their parole practices to best serve their clients.  Panel attorneys are part of this community, and PJW's full panoply of resources are available to them as needed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on December 11, 2023, at Los Angeles, California.

*Heidi Rummel*

HEIDI RUMMEL
President and Founder, Parole Justice Works

8

# CERTIFICATE OF SERVICE

Case Name:   **J. Armstrong, et al. v. Gavin Newsom, et al.**          No.   **C 94-2307 CW**

I hereby certify that on December 12, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

1.      DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NO. 3525]

2.      DECLARATION OF PRINCIPAL LIBRARIAN BRANDY BUENAFE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NO. 3525]

3.      DECLARATION OF HEIDI L. RUMMEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NO. 3525]

4.      DECLARATION OF DEPUTY DIRECTOR JARED LOZANO IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NO. 3525]

5.      DECLARATION OF DANIEL MOELLER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NO. 3525]

6.      DECLARATION OF SERENA SUKHIJA, O.D., IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NO. 3525]

7.      DECLARATION OF I. STREAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NO. 3525]

8.      DECLARATION OF TARA DOETSCH IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NO. 3525]

I certify that participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on December 12, 2023, at Los Angeles, California.

|  |  |
|---|---|
| L. Smith | /s/ L. Smith |
| Declarant | Signature |