ROB BONTA
Attorney General of California
SHARON A. GARSKE
Supervising Deputy Attorney General
SEAN LODHOLZ
OLENA LIKHACHOVA
GURPREET SANDHU
TRACE O. MAIORINO
ANNE KAMMER
Deputy Attorney General
State Bar No. 243113
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone: (619) 321-5781
  Fax: (619) 645-2581
  E-mail: Anne.Kammer@doj.ca.gov
*Attorneys for Defendants
Gavin Newsom, Board of Parole Hearing,
and CDCR*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **JOHN ARMSTRONG, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | C 94-2307 CW<br><br>**DECLARATION OF TARA DOETSCH IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NO. 3525]** |

I, Tara Doetsch, declare:

1.    I am employed by the California Department of Corrections and Rehabilitation (CDCR) and currently serve as the Chief Deputy of Program Operations for the Board of Parole Hearings (Board), a position I have held since January 2023.  Before that I served as a Staff Services Manager II over the Scheduling and the Decision Processing Units, beginning in October 2019.  From July 2014 through October 2019, I was a Staff Services Manager I in the

1

Board's Scheduling Unit.  I was originally hired at the Board to work in the executive unit in August 2013, and before that I held various positions at the California Department of Corrections and Rehabilitation.  I submit this declaration in support of Defendants' Opposition to Plaintiffs' Motion for Order to Enforce the Revised Permanent Injunction (ECF No. 3525).  I am competent to testify to the matters set forth in this declaration and, if called upon by this Court, would do so.

2.     As the Chief Deputy of Program Operations, I am responsible for the Board's administrative support services, including the scheduling of parole suitability hearings, contracts, procurement, the Board's budget, transcription services, appointment of counsel for incarcerated individuals in parole suitability hearings and hearings for Offenders with a mental health disorder, and pre-hearing audits.  I oversee the Board's executive analyst unit, which is responsible for managing the Board's information technology systems, website, workload projections, and data. As set forth in more detail below, I also oversee the Board's Panel Attorney Program.

3.     In my role as Chief Deputy of Program Operations, I am familiar with all statutes, regulations, administrative directives, and court orders governing the Board.  Under the California Code of Regulations, title 15, section 2256, the Board provides indigent incarcerated individuals with attorney representation at parole hearings at state expense.  The Board also provides attorney representation as an accommodation under the Americans with Disabilities Act (ADA) to incarcerated individuals with disabilities, as required by this Court's permanent injunctions and set forth in the ARP II.

**Panel Attorney Program Overview**

4.     As the Chief Deputy of Program Operations, I oversee the Board's policies and procedures concerning attorneys appointed by the Board to represent incarcerated individuals. This Panel Attorney Program started in 2014, and the most updated Panel Attorney Program Guide for the Parole Suitability Hearing Process (Guide) was issued in August of 2023.  Although appointed through the Board's process, panel attorneys are not Board employees.  Attorneys apply with the Board for panel assignment, and are not approved unless they meet the minimum qualifications set forth in the Guide, a document that I authored and update and revise as appropriate.  A true and accurate copy of the current Guide is attached hereto as **Exhibit A**.

2

5.    Attorneys also have standards of professional responsibility and ethics as a member of the California State Bar.  Every panel attorney must be a member of the California State Bar in good standing.  The Guide details guidelines for attorneys in the program, and includes minimum expectations for attorneys representing people in a parole hearing.  I am aware that many attorneys go beyond the minimum requirements and expectations outlined in the Guide while representing their clients.  The Board monitors compliance with the requirements and expectations outlined in the Guide, and has removed attorneys from the panel for failure to meet these requirements.  Further, the Board has reported attorneys to the state bar for investigation on whether they violated the California State Bar's rules of professional conduct.

6.    The Board contracts with Parole Justice Works (PJW), a nonprofit organization that trains, mentors, and advises panel attorneys.  Active panel attorneys must complete a series of required training sessions conducted by PJW, consisting of interactive educational videos for which participants receive Minimum Continuing Legal Education (MCLE) credit for the State Bar.  This training includes comprehensive ADA training, as described in more detail in the declaration of Heidi Rummel, President and Founder of PJW.  Panel attorneys are trained, *inter alia*, to provide ADA accommodations during their communications with their clients.  Panel attorneys are trained to expect and understand the specific challenges their disabled clients face in preparing for parole hearings, and to competently assist these clients.  As described in more detail in the declaration of Daniel Moeller, Associate Chief Deputy Commissioner of the Board, panel attorneys also have access to the Board's ADA Compliance Unit to assist their clients with obtaining specific accommodations (*e.g.*, large print materials, sign language interpreters for meetings and hearings, and others).  Panel attorneys are trained to expect and understand the challenges their disabled clients face in preparing for and participating in parole hearings, and to competently assist these clients.

7.    Panel attorneys must provide competent and professional legal services to their clients.  The Board has 16 panels for parole proceedings, and panel attorneys generally only participate on one panel at any given time.  Each attorney is appointed to an average of one week's worth of hearings per month.  In this respect, the Panel Attorney Program is designed to

3

provide between 7 and 13 clients who will be scheduled for a parole suitability hearing over the course of a one-week period.

**Panel Attorney Assignment**

8.      Panel attorneys are assigned to represent clients approximately six months before their hearing. The process of scheduling hearings and assigning counsel is largely automated via the Board's Information and Technology System (BITS). There is a set of programming rules that sorts incarcerated people by their parole eligible dates, their location, and the date they are due for a hearing. Based on these programming rules people are dropped into a queue to have their hearing scheduled and counsel assigned. If a sub-set of the incarcerated population had different programming rules regarding the scheduling of hearings and attorney assignment dates, that process could not currently be conducted via BITS. For example, appointing attorneys 10 months in advance would have to be done outside of BITS, and because such an appointment is contrary to the programming rules, such an appointment would not be reflected in BITS. Re-programming BITS to recognize the DECS classifications and new rules would take substantial resources and be unduly burdensome. Generally speaking, building new technology in BITS takes over a year for BITS alone, and would require additional changes to other systems within the California Department of Corrections and Rehabilitation's (CDCR) offender management systems. Further, any changes in timing of the hearing and attorney assignments would impact staff for the CDCR, specifically the Division of Adult Institutions, and Classification Services Unit. Changes to duties for these staff members would have to be negotiated through the labor process and bargaining units.

9.      Panel attorneys are assigned to represent incarcerated people at their parole hearing. While panel attorneys may offer recommendations to their client, they are not tasked with directing a client's rehabilitation and programming ahead of their hearing. Even if panel attorneys were assigned 10 months in advance of a parole proceeding, they would not be able to direct a person's programming. The Board has never received a request from a panel attorney to be assigned to a case earlier than six months. I am not aware of any data or information

4

evidencing that it takes longer than six months for an attorney to consult with and represent their client at a parole proceeding.

**Panel Attorney Compensation**

10.    Panel attorneys are compensated for being available to represent clients during a week's worth of scheduled hearings, and are assigned one-week of cases at a time. During a given week, not all scheduled hearings are held; for example, some hearings are continued and others do not occur because the inmate waives their hearing. In fact, just 51.5% of scheduled hearings in calendar year 2022 went forward—including cases with assigned panel attorneys, privately retained attorneys, and self-represented parole candidates—with 48.5% of cases resulting in either a continuance, stipulation, waiver, or postponement. A case is considered complete when the Board approves a pre-hearing action, such as a waiver, stipulation, postponement, or continuance, or when a scheduled hearing results in a grant of parole or denial of parole, and, when necessary, en banc review is completed.

11.    Representing people in their parole hearing is a unique context because the Board is able to assign attorneys clients who will all have their parole proceedings in the same week. This allows attorneys to coordinate representation procedures, as they will receive assignments for the entire week at the same time, will receive the central file documents for that week of cases at the same time, interviews for their clients must occur during the same time frame, so that counsel is able to coordinate procedures for each client.

12.    Further, the time required to represent clients will vary depending on pre-hearing actions, the client's familiarity and history with the parole process, and individual case factors. By compensating attorneys with a flat rate, the Board has created a system where the economies of scale allow attorneys to direct their time and attention to cases as appropriate. They will spend less time on a case where a person waives their hearing early in the process, and will spend more time on cases that go to hearing. Attorneys may spend less time with a person appearing for a subsequent hearing, compared to a person who will appear for their initial hearing. Attorneys will spend more time with a person who needs assistance to understand the parole proceeding process, and what they should work on in order to prepare for their hearing.

13.     For cases assigned and accepted after July 1, 2023, panel attorneys receive $945 for each completed case.  This amount is set by the California legislature.  The Board conducts comparative analyses of local attorney rates for performing similar workloads, and provides this information to the Department of Finance, seeking to ensure competitive salaries for panel attorneys.

14.     Although the time required to complete any particular case varies significantly, panel attorneys are paid the same flat rate upon case completion, whether the hearing is waived at the outset or is held as scheduled.  This flat fee is based on the presumption that a panel attorney will expend, on average, approximately eight hours representing a client.  Not all cases require the panel attorney to expend a full eight hours.  Some cases require a panel attorney to expend more than eight hours representing their client through case completion, and under the Board's fee structure, there is no limit on the number of hours a panel attorney may expend.  Moreover, assigning panel attorneys a week's worth of scheduled hearings at a time allows the attorneys to streamline their work, conserve their resources, and maintain their own practice.  I am aware that this unique system of assigning attorneys one week of hearings allows attorneys great flexibility in their schedule.  Some attorneys represent clients in other matters including in appellate matters.

15.     The Board adopted the current fee structure after conducting extensive research into court-appointed compensation schemes and analyzing fee structures for similar work at the local level.  There is no evidence to indicate that the amount of compensation received by panel attorneys creates a disincentive to provide competent, quality representation.  To the contrary, after an extensive evidentiary hearing in a state superior court in 2019-2020, the court concluded there was "no persuasive evidence that the Board's past or present fee structures are inadequate, nor did [petitioner] present any evidence that the Board's past fee structure *in fact* resulted in representation falling below a reasonable professional standard." (*In re Poole*, No. A154517 (Cal. Ct. App.); No. 96274 (Alameda County Ct.) (Jul. 30, 2020).)  Nor has the Board seen any evidence to support Plaintiffs' claim that private attorneys more successfully represent parole candidates because they are compensated at a higher rate.

16.    Before 2009, the Board was paying attorneys $250 per hearing to represent incarcerated individuals, and there was not a panel guide.  In 2009, the pay was increased to $400 per hearing, and in 2014, the Board established the first attorney panel guide.  In January 2020, the pay for panel attorneys increased to $700 per completed case.  In July 2021, the pay again increased to $900 per completed case, and an extra hour of client meeting was added to the minimum expectations in the panel guide.  For assignments accepted on or after July 1, 2023, the pay again increased to $945 per completed case.  The attorney pay has increased substantially since 2019, with the current pay representing an increase of 136% since that time.  No panel attorney has complained about the Board's fee structure since the increase in fees in 2020.  Nor have Plaintiffs' counsel in this action raised the issue of panel attorneys' compensation through either their general monitoring of Board processes or individual advocacy letters.

17.    Under the Board's current fee schedule, a Board-appointed attorney could reasonably expect to earn on average up to $12,285 per panel.  The average panel attorney compensation for calendar year 2022 was $121,362.  This includes all panel attorneys, even those that only served on as little as one panel the entire year.  In 2022, nineteen panel attorneys made over $150,000, and seven panel attorneys made over $200,000.

18.    I am aware of the California Legislative Analyst's Office's (LAO) January 2023 Report, entitled "Promoting Equity in the Parole Hearing Process," which raised concerns that incarcerated individuals represented by panel attorneys may receive less effective legal and hearing preparation services than those who are able to retain private attorneys.  This Report is an unfair indictment of a crucial public service, is flawed in many respects, and is based in large part on biased third-party data collection and analysis that failed to control for all possible variables between individuals who retain private counsel and those who are represented by panel attorneys.  For example, according to the LAO Report, there is concern that persons who have state-appointed counsel have worse hearing outcomes than those who are represented by private counsel.  However, less than 10% of incarcerated persons are represented by private counsel (818 hearings had person represented by private counsel versus 8,085 hearings with state-appointed counsel for hearings scheduled between Dec. 1, 2021 – Nov. 30, 2022).  Private counsel are

7

significantly less likely to represent a person who is: required to register as a sex offender, who is sentenced to a determinate term, sentenced under the state's Three Strikes Law, who participates in the correctional mental health system, who has multiple prison rules violations, or who has never had a hearing before. Private counsel are also significantly less likely to represent individuals who have been determined to present a high risk on the Board's Comprehensive Risk Assessment (45% of state-appointed attorney clients had a high risk rating for hearings scheduled between Dec. 1, 2021 – Nov. 30, 2022, compared to just 24% of private attorney clients during that same period), and significantly more likely to represent persons who have been determined to present a low risk (21% of private attorney clients had a low risk rating for hearings scheduled between Dec. 1, 2021 – Nov. 30, 2022, compared to just 8% of state-appointed attorney clients during that same period). According to the Board's hearing officers, there is little distinction in the quality of legal representation by private and state-appointed counsel in parole hearings. In fact, it has been the Board's experience that state-appointed counsel are often more up-to-date on the law, hearing procedures, and prison policies because they represent clients before the Board more often.

### Panel Attorney Representation

19.    Panel attorneys are required to conduct a minimum of three legal visits with each client. Panel attorneys must also be familiar with their client's rights and needs for reasonable accommodations under the ADA. To facilitate this requirement, panel attorneys must maintain an account with the Board's Disability and Effective Communication System (DECS), which identifies and tracks accommodation needs. When DECS identifies a specific accommodation, such as a sign language interpreter, the panel attorney must employ that accommodation when communicating with their client during all legal visits and at the parole suitability hearing.

20.    The Board calendars hearings 180 days in advance and appoints panel attorneys 150 days in advance of the calendared hearing. Panel attorneys must review their client's central file and meet with the client within 30 days of accepting the case. This initial meeting lasts one to two hours on average, but varies based on the individual characteristics of each case as panel attorneys can meet with the client for a longer period, if needed. If the client is expected to

8

receive a Comprehensive Risk Assessment (CRA) before their scheduled hearing, the panel attorney must prepare the client for the CRA interview during the initial meeting by explaining what a CRA is, its purpose and importance, and how it is used in the parole hearing process. Additionally, when a pre-hearing action is submitted to the Board, the panel attorney is required to document their client's disabilities in DECS, review the client's central file, and meet with the client before the prehearing action is submitted.[1] No later than one week after a legal visit, panel attorneys must timely enter and upload Source Documents into DECS with detailed notes of the client's need for and use of accommodations to achieve effective communication. The Board independently audits the submission of Source Documents by panel attorneys.

21. Panel attorneys must also explain the parole process, and topics that will likely be covered; discuss prior risk assessments or psychological evaluations; and prepare the client to address potential discussion topics during the interview.

22. Panel attorneys must conduct a second legal visit either 60 days before the scheduled hearing date or within two weeks of the CRA being finalized, whichever date is later. The average length of this visit must be one to two hours. However, a panel attorney can meet with the client for a longer period, if needed. Panel attorneys must make every effort to conduct the first or second legal visit in person.

23. A third legal visit is also required before the hearing, with the length and the timing up to the attorney's discretion. Additional legal visits are permitted, but not required.

24. It is important to note that the Board provides panel attorneys with *minimum* requirements of representation, expectations to meet, and access to training, so that the attorneys can fulfill their obligation to provide competent and professional legal services to their clients, including disabled clients. Decisions regarding the time ultimately spent in client meetings to achieve effective communication or the number of additional meetings needed to provide competent representation are part of the attorney's duty to their clients, and the micromanagement of such tasks necessarily fall within the attorney-client relationship, which remains outside the

---

[1] An exception to this requirement is when a private attorney is hired by the incarcerated individual instead of the panel attorney.

9

Board's purview. Nevertheless, the experienced and dedicated panel of attorneys have access to the resources and information needed to competently accommodate and represent their clients. I am aware of panel attorneys who have provided hearing- or vision-impaired clients with additional assistance based on the client's disability. Further, the Board aids with parole placements of class members upon a grant of parole.

**Panel Attorney Monitoring**

25.     The Board monitors panel attorneys' compliance with the Guide's requirements. The Board consistently reviews DECS to audit the submission of Source Documents and contacts panel attorneys who have failed to submit their entries as required. The Board legal staff will reach out to attorneys and remind them of their obligation to complete DECS entries in a timely manner. If necessary, the Board will follow up with the attorney to have the DECS entries completed.

26.     Additionally, panel attorneys are required on their invoice to detail the date they completed the review of their client's central file and conducted the three minimum legal visits, to provide how long each visit was, and to certify that all the services listed on the invoice were rendered. (Attached as Ex. _, is a true and correct copy of an Attorney Invoice.) The Board then independently verifies that the information is correct. My staff is able to review when attorneys access their clients' central files and hearing packets. We have reminded attorneys of their obligation to review the central file and to meet with their clients within 30 days of appointment. If an attorney fails to meet these obligations, I will refer them to the legal department for review and correction. The Board has identified panel attorneys who have not met the Guide's minimum requirements, and in those cases, the Board has instituted mentoring or discipline, as appropriate, including removing attorneys from the panel.

27.     Additional monitoring and mentoring is available to panel attorneys through PJW. An experienced panel attorney is on PJW's staff and observed hearings for all panel attorneys, reviewed transcripts for attorneys, and provided feedback and suggested training for attorneys as appropriate. PJW also provides feedback to the Board based on their observations, trainings, and client surveys. The Board has initiated review of attorneys based on this feedback, has mandated

10

further training, and has removed attorneys who refuse to meet the minimum obligations in the Guide.

28. The Board's Attorney Complaint Team investigates all client complaints, PJW feedback, and complaints from Plaintiffs' counsel in this action. Following an investigation and assessment of each complaint, the Board takes disciplinary action as it determines necessary. Disciplinary action includes a warning letter, the Board removing an attorney from a case, removing an attorney from the panel, or referring a panel attorney to the California State Bar, if necessary.

29. There is no evidence to suggest that panel attorneys are providing systemically inadequate assistance to their disabled clients by failing to expend sufficient time with their client. In addition, I am not aware of any data demonstrating that people who are blind/low vision or deaf/hard of hearing require twice the amount of time with their attorney in order to receive effective and competent representation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on _____December 12_____, 2023, at Sacramento, California.

DocuSigned by:

_____Tara M. Doetsch_____
TARA DOETSCH     005C191C1B2742E...
Chief Deputy of Program Operations
Board of Parole Hearings

# Exhibit A

**Board of Parole Hearings**
**Panel Attorney Program Guide for the Parole Suitability Hearing Process**

| | |
|---|---|
| **Purpose** | The purpose of this program is to comply with California Code of Regulations Title 15, section 2256, which requires the Board of Parole Hearings (Board) to provide incarcerated individuals with attorney representation at state expense if they cannot afford to retain a private attorney for a hearing before the Board.<br><br>Panel attorneys serve at the discretion of the Board; they are not employees of the Board.<br><br>Upon approval as an active attorney by the Board, panel attorneys shall provide competent and professional legal services to their client. The Panel Attorney Program is designed to provide, on average, up to 13 clients who will be scheduled for a parole hearing during a one-week period. |
| **Attorney Panels** | The Board has grouped the 33 existing adult prisons located throughout California including incarcerated individuals assigned to the Sacramento Central Office (SACCO) into 16 attorney panels based on their geographic proximity (i.e., the prisons in each panel are generally within a one-hour drive of each other). The 16 attorney panels are identified on pages 9 and 10.<br><br>Within each panel, two lists of attorneys will be maintained by the Board – a list of "active" attorneys and a list of "standby" attorneys. The active attorney list is for attorneys who are currently being assigned clients. The standby list is for attorneys who have applied to be on the active attorney list and who meet the minimum qualifications of a standby panel attorney, but who are not currently being assigned clients because the panel is full.  There may be incidences where a stand by attorney is offered an assignment on that panel.<br><br>The Board shall periodically re-calculate the number of active attorneys needed for the panels based on the average number of hearings scheduled for each panel. The Board will adjust the number of active attorneys for each panel accordingly. If the average number of scheduled hearings decreases such that fewer active attorneys are needed for a particular panel, an active attorney will be moved to the standby list. If additional panel attorneys are needed, an attorney from the standby list will be moved to the active list.<br><br>Attorneys may apply for as many panels as they choose, but will only be approved to serve on one active panel at a time; with some limited exceptions at the discretion of the Board. An attorney may at any time request to be removed or added to another panel by writing the Board. An attorney on a standby list may at any time be moved to the active list. |

**Board of Parole Hearings**
**Panel Attorney Program Guide for the Parole Suitability Hearing Process**

| | |
|---|---|
| **Active Panel Attorney Minimum Qualifications** | Active attorneys must meet the following minimum qualifications at all times:<br><br>A1. Maintain a current and active license to practice law in California;<br>A2. Be in good standing with the California State Bar, including compliance with Rule 9.9.5 of the California Rules of Court;<br>A3. Maintain malpractice insurance;<br>A4. Have documentation of a symptom-free tuberculin skin test and evaluation within the past year;<br>A5. Be able to pass the security screening necessary for entrance into each of the prisons on the attorney's panel;<br>A6. Meet the dress code requirements for entrance into each prison during every visit;<br>A7. Sign and submit the Panel Attorney Information and Certification Form annually (see page 11);<br>A8. Open and maintain an account with the Board's Disability and Effective Communication System (DECS). DECS is a comprehensive repository of information related to each incarcerated individual's disabilities and effective communication needs;<br>A9. Acquire and maintain (at the attorney's expense) all hardware/software necessary to access DECS;<br>A10. Acquire and maintain (at the attorney's expense) webcam capabilities for video visits/hearings;<br>A11. Open and maintain a Blackberry Workspaces (previously known as "WatchDox") account (or equivalent secure, file-sharing software used by the Board) by registering an email address for access to electronic hearing files; panel attorneys are to provide at their own expense all hardware/software necessary to maintain access to the secure, file-sharing software used by the Board, and<br>A12. Have recent experience representing incarcerated individuals in the parole suitability hearing process or have observed at least three parole hearings before accepting an assignment to represent clients as an active panel attorney. |
| **Standby Panel Attorney Minimum Qualifications** | Standby attorneys must meet the following minimum qualifications at all times:<br><br>B1.    Maintain a current and active license to practice law in California; and<br>B2.    Be in good standing with the California State Bar, including compliance with Rule 9.9.5 of the California Rules of Court.<br><br>Standby attorneys who are approved to move to an active panel attorney list will have one month to demonstrate compliance with the active panel attorney minimum qualifications listed above and complete required training. |
| **Panel Attorney Training Requirements** | C1. In addition to the minimum qualifications or active attorneys listed above, active panel attorneys must complete all required training session(s) conducted by the Board's designee. |

Case 4:94-cv-02307-CW    Document 3543-7    Filed 12/12/23    Page 15 of 28
**Board of Parole Hearings**
**Panel Attorney Program Guide for the Parole Suitability Hearing Process**

| **Panel Attorney Expectations** | The following are minimum expectations for adequately representing a client as an active panel attorney: |
|---|---|
| | D1. The panel attorney is required to conduct a minimum of three legal visits with their client, and comply with the timing requirements listed below. The panel attorney should make every effort to conduct the first or second legal visit in person, and any other visit(s) may be conducted in person, via confidential legal telephone call, or via confidential videoconference. The Board will make a client's central file available to the panel attorney at the time of case assignment, so the panel attorney has access prior to any and all client meetings; |
| | D2. The panel attorney shall review their client's central file and have an initial legal visit with their client within 30 calendar days of accepting the case; the average length of the initial legal visit shall be one to two hours; if the client is expected to receive a Comprehensive Risk Assessment (CRA) prior to their scheduled hearing, the attorney shall prepare their client for the CRA interview by explaining what a CRA is, its purpose, its importance, and how it is used in the parole hearing process; explaining the process, how the interview will be conducted, and topics that will likely be covered; discussing any prior risk assessments or psychological evaluations; and preparing the client to address potential topics of discussion during the interview; |
| | D3. The panel attorney shall conduct a second legal visit with each client either (1) at least 60 days prior to the client's scheduled hearing date or (2) within two weeks of the Comprehensive Risk Assessment (CRA) being finalized under section 2240 of title 15 of the California Code of Regulations, whichever date is later; the average length of the second legal visit shall be one to two hours; in the unusual event a panel attorney is assigned a case less than 60 days before the hearing, the panel attorney shall conduct this second legal visit before the hearing; |
| | D4. The panel attorney shall have a third legal visit with their client prior to the scheduled hearing date; the length of this legal visit and the timing of the visit shall be at the panel attorney's discretion; in the unusual event that a panel attorney is assigned a case less than 60 days before the hearing, the panel attorney shall review the client's central file and conduct a legal visit before the hearing; |
| | D5. If the client/attorney submit a pre-hearing action to the BPH, the panel attorney is required to meet with their client at least once prior to the pre-hearing action submission and review their client's central file; |
| | D6. The panel attorney must be familiar with each client's rights under the Americans with Disabilities Act (ADA) and their needs for reasonable accommodations under the ADA in DECS in advance of each legal visit; |
| | D7. Panel attorneys shall timely enter Source Documents with detailed notes of the client's ADA accommodation needs and use of accommodations to achieve effective communication. These documents are required to be uploaded into the Disability and Effective Communication System, or DECS, no later than one week following any meeting with the client. |
| | D8. If the panel attorney's client is identified in DECS as needing a sign language interpreter, the panel attorney shall use a sign language interpreter when |

Case 4:94-cv-02307-CW    Document 3543-7    Filed 12/12/23    Page 16 of 28
**Board of Parole Hearings**
**Panel Attorney Program Guide for the Parole Suitability Hearing Process**

communicating with the client during all legal visits and at the hearing; panel attorney shall notify the Scheduling Unit at BPHLiferAnalyst@cdcr.ca.gov to make arrangements to secure a sign language interpreter if their client is in need of a sign language interpreter;

D9. The panel attorney shall use the Board's telephonic foreign language interpreter service to communicate with a client during all legal visits when needed to establish effective communication;

D10. The panel attorney shall not rely on written communications with a client (a) who is under CDCR's Developmental Disability Program with a designation in DECS as DD1, DD2, or DD3, (b) under CDCR's Mental Health Services Delivery System at the Enhanced Outpatient Program, Mental Health Crisis Bed, or Intermediate Care Facility level of care; (c) in a licensed Psychiatric Inpatient Program under the care of CDCR or the Department of State Hospitals; (d) designated as having a learning disability or vision impairment in DECS, or (e) has a Test of Adult Basic Education of 4.0 or lower;

D11. The panel attorney shall raise appropriate and timely objections through the BPH ADA Compliance Unit prior to a hearing or to the hearing panel at the time of the hearing regarding the client's need for reasonable accommodation under the ADA; the panel attorney may submit a timely grievance to the Board if the attorney believes the client did not receive reasonable accommodation as required under the ADA during the client's hearing;

D12. If the panel attorney encounters logistical problems meeting and communicating with a client or obtaining access to relevant documents, including the CRA, the panel attorney shall immediately notify Board staff at BPHLiferAnalyst@cdcr.ca.gov and shall make all reasonable efforts to resolve the problem in advance of the hearing;

D13. The panel attorney shall physically appear in person with their client for all scheduled hearings unless any of the exceptions in D14 apply, and arrive a minimum of thirty minutes to one hour prior to the hearing, allow sufficient time for parking, entry into the institution, walking to the hearing room; and, making prearrangements with the institution to meet with your client prior to the start time of the hearing, this provision does not apply if the panel attorney's client knowingly, intelligently and voluntarily waives the physical appearance of the panel attorney;

D14. For all hearings, the panel attorney is required to be physically present with the incarcerated individual at the institution unless any of the following apply: (1) the incarcerated individuals waives physical presence of the attorney, (2) the incarcerated individual waives their own right to attend the hearing, (3) the incarcerated individual refuses to attend the hearing, or circumstances beyond the control of the incarcerated individual's attorney. Per the *Armstrong* Remedial Plan II, the following incarcerated individuals are not allowed to waive the physical presence of their attorney:

- All incarcerated individuals presently receiving treatment at CDCR's Mental Health Services Delivery System at the Enhanced Outpatient Program,
  Mental Health Crisis Bed, Intermediate Care Facility, or Acute Care

Case 4:94-cv-02307-CW   Document 3543-7   Filed 12/12/23   Page 17 of 28
**Board of Parole Hearings**
**Panel Attorney Program Guide for the Parole Suitability Hearing Process**

Facility levels of care;

- All incarcerated individuals identified by CDCR as part of the department's Developmental Disability Program; and
- All incarcerated individuals with a learning disability, including incarcerated individuals with a Test of Adult Base Education (TABE) score of 4.0 or below.

D15. Per BPH RN 21-05E Proceedings Conducted in Person and by Videoconference Emergency Regulations, the Board shall determine whether a proceeding is conducted in person or by video conference. (Cal. Code of Regs, tit. 15, §§ 2050-2063.) For hearings that the board has pre-determined to require an in-person hearing under section 2054, the panel attorney, acting on behalf of the incarcerated individuals, may submit a written request for a videoconference hearing at least 100 days prior to the hearing. The request shall explain why an in-person hearing is not necessary and affirm that, to the best knowledge of the panel attorney, an in-person proceeding is not necessary for the hearing officers to establish effective communication with the incarcerated individuals. (Cal. Code of Regs, tit. 15, § 2055.) If the Board approves the request, the hearing will be conducted by videoconference, and no participants will attend the hearing in person with the hearing panel. The panel attorney is still required to be physically present with the incarcerated individual at the institution for the hearing unless any of the exceptions in D14 apply;

D16. The panel attorney shall remain available for the entire hearing day;

D17. If there is an emergency that delays or prevents a panel attorney from appearing timely for a hearing, the panel attorney shall immediately notify Board staff via email at BPHLiferAnalyst@cdcr.ca.gov or by phone  at (916) 445-4072;

D18. The panel attorney shall have valid state or federal government-issued identification and a current California State Bar card upon arrival to the institution; if the panel attorney experiences problems entering an institution on the day of a hearing, the attorney shall immediately notify Board staff via email at BPHLiferAnalyst@cdcr.ca.gov or by phone at (916) 445-4072;

D19. The panel attorney may be assigned a client currently housed outside a CDCR institution, (example: county jail, medical or out-of-state facility, etc.) but scheduled for a parole hearing.  The panel attorney is required to contact the client and provide the client information regarding the parole hearing process and options for moving forward with the scheduled hearing.  The Board may ask the panel attorney for such communication for invoicing confirmation.

D20. If, after the client's scheduled hearing, the client's case is referred for en banc review by the full Board at a monthly executive Board meeting, the panel attorney shall provide a written statement on behalf of their client and/or representation at such proceedings, including appearance at those proceedings, whether in person or via telephone or videoconference.

**Board of Parole Hearings**
**Panel Attorney Program Guide for the Parole Suitability Hearing Process**

| | |
|---|---|
| **Additional Panel Attorney Expectations** | The following are additional expectations for panel attorneys:<br><br>E1. The panel attorney shall behave in a competent and professional manner at all times with Board staff, institution staff, and all hearing participants;<br>E2.  The panel attorney shall wear professional attire at parole hearings;<br>E3. The email address listed on the Panel Attorney Information and Certification Form (page 11) is the email of record for the attorney that will be used for all written communications from the Board, including panel and client assignments; it is the panel attorney's responsibility to notify the Board of a change in the panel attorney's email address;<br>E4. The panel attorney shall respond to an offer of a panel assignment from the Board within three business days; if the panel attorney declines the assignment or fails to respond within three business days, the Board will consider it a request for a voluntary suspension (see below).<br>E5. The panel attorney shall cooperate with the Board or its designee to verify compliance with panel attorney minimum qualifications, expectations, and training requirements;<br>E6. The panel attorney shall not permit another attorney, including other panel attorneys, to represent a client assigned by the Board to the panel attorney;<br>E7. The panel attorney shall promptly notify the Board if the panel attorney is arrested, charged, or convicted of a misdemeanor or felony in any jurisdiction;<br>E8. The panel attorney shall submit invoices as required for all clients assigned by the Board. |
| **Confidentiality Agreement** | A panel attorney is legally and ethically bound to use the information contained in any documents provided by the Board for the sole purpose of representing their client through the parole suitability hearing process. A panel attorney is prohibited from distributing the documents or disclosing their contents to anyone who is not directly involved in representing the panel attorney's client in the parole suitability hearing process. Failure to protect the confidentiality of documents received from the Board will result in the panel attorney being referred to the Executive Officer to determine whether the panel attorney will continue to be assigned cases as an active panel attorney. |
| **Referrals to the Executive Officer** | Failure to meet any of the minimum panel attorney qualifications, expectations, or training requirements shall result in referral to the Executive Officer to determine whether the panel attorney will continue to be assigned cases.<br><br>The Board and/or its designee may collect data concerning the outcome of scheduled hearings, use surveys, interview incarcerated individuals and others, observe hearings, and review hearing transcripts to determine the level and quality of representation provided by a panel attorney.<br><br>A panel attorney who is (a) referred to the California State Bar for alleged misconduct by any state or federal judge or the Board's Chief Counsel or (b) arrested, charged or convicted of a misdemeanor or felony shall be referred to the |

6

**Board of Parole Hearings**
**Panel Attorney Program Guide for the Parole Suitability Hearing Process**

| | |
|---|---|
| | Executive Officer to determine whether the panel attorney will continue to be assigned cases. |
| **Voluntary Suspension** | A voluntary suspension is a request by an active panel attorney to not be assigned cases for a period of one to four weeks. A panel attorney may request a voluntary suspension no more than three times during a calendar year (January 1 through December 31). Requests for a voluntary suspension from a panel attorney must be submitted in writing, and include a specific start and end date. In addition, if a panel attorney declines the assignment of a panel or fails to respond within three business days to a panel assignment, the Board will consider it a request for a one-week voluntary suspension (see E4 above). |
| **Payment** | All panel attorney payments must be requested using the Board's Panel Attorney Invoice, available on the Board's website at https://www.cdcr.ca.gov/bph/attorney-overview/ (see BPH form 1076). Panel attorneys shall scan and submit one invoice per assigned client via email to BPHAccountingLiaison@cdcr.ca.gov.<br><br>Incomplete or disputed invoices will prompt communication from Accounting to resolve the invoice issue and may delay payment processing.<br><br>Panel attorneys shall certify the services they rendered to each assigned client by placing their initials next to the appropriate "Description of Services Performed." Panel attorneys shall also identify dates of completion and duration of interviews.<br><br>Panel attorneys will be paid a flat rate of $945 for each client assigned by the Board and accepted by panel attorney after July 1, 2023 whose case they complete. For all hearings assigned by the Board and accepted by the panel attorney prior to June 30, 2023, panel attorneys will be paid a flat rate of $900 for each client assigned to them whose case they complete.<br><br>A case is completed when a scheduled hearing results in a waiver, stipulation, postponement, continuance, grant of parole, or denial of parole, and, when necessary, the full Board reviews the case en banc at a monthly executive board meeting, if applicable.<br><br>If the client submits a pre-hearing action and the BPH approves, in order for the panel attorney to receive full payment, they must attest they met with their client at least once prior to the pre-hearing action and reviewed their client's central file.<br><br>Panel attorneys who are unable to represent their assigned client through completion of the case may receive a pro-rated fee for services at the discretion of the Executive Officer or designee.  The pro-rated amounts are as such:<br>• $25 for Assignment<br>• $175 for Central-File Review<br><br>Invoices shall not be submitted until the client's case is completed. |

**Board of Parole Hearings**
**Panel Attorney Program Guide for the Parole Suitability Hearing Process**

| | |
|---|---|
| | In order to ensure timely payment, invoices shall be submitted within 30 days of completing all hearing-related work for a client.  Invoices are processed for payment by the State within 45 days from the date the invoice is received provided the invoice is undisputed. |

**Board of Parole Hearings**
**Panel Attorney Program Guide for the Parole Suitability Hearing Process**

## Panel Listing with Cities

### Panel #1

- Pelican Bay State Prison (PBSP): Crescent City, CA

### Panel #2

- High Desert State Prison (HDSP): Susanville, CA

### Panel #3

- California Medical Facility (CMF): Vacaville, CA
- California State Prison, Solano (SOL): Vacaville, CA

### Panel #4

- San Quentin State Prison (SQ): San Quentin, CA

### Panel #5

- Folsom State Prison (FSP): Represa, CA
- California State Prison, Sacramento (SAC): Represa, CA
- Mule Creek State Prison (MCSP): Ione, CA
- Sacramento Central Office (SACCO): Rancho Cordova, CA

### Panel #6

- California Health Care Facility (CHCF): Stockton, CA
- Sierra Conservation Center (SCC): Jamestown, CA

### Panel #7

- Valley State Prison (VSP): Chowchilla, CA
- Central California Women's Facility (CCWF): Chowchilla, CA

### Panel #8

- Correctional Training Facility (CTF): Soledad, CA
- Salinas Valley State Prison (SVSP): Soledad, CA

### Panel #9

- Avenal State Prison (ASP): Avenal, CA
- California Substance Abuse Treatment Facility (SATF): Corcoran, CA
- California State Prison, Corcoran (COR): Corcoran, CA
- Pleasant Valley State Prison (PVSP): Coalinga, CA

**Board of Parole Hearings**
**Panel Attorney Program Guide for the Parole Suitability Hearing Process**

## Panel #10

- North Kern State Prison (NKSP): Delano, CA
- Kern Valley State Prison (KVSP): Delano, CA
- Wasco State Prison (WSP): Wasco, CA
- California Correctional Institution (CCI): Tehachapi, CA

## Panel #11

- California Men's Colony (CMC): San Luis Obispo, CA

## Panel #12

- California State Prison, Los Angeles County (LAC): Lancaster, CA

## Panel #13

- California Institution for Men (CIM): Chino, CA
- California Institution for Women (CIW): Corona, CA
- California Rehabilitation Center (CRC): Norco, CA

## Panel #14

- Ironwood State Prison (ISP): Blythe, CA
- Chuckawalla Valley State Prison (CVSP): Blythe, CA

## Panel #15

- Calipatria State Prison (CAL): Calipatria, CA
- California State Prison, Centinela (CEN): Imperial, CA

## Panel #16

- Richard J. Donovan Correctional Facility (RJD): San Diego, CA

**Board of Parole Hearings**
**Panel Attorney Program Guide for the Parole Suitability Hearing Process**

---

**Panel Attorney Information and Certification Form**

PLEASE TYPE OR PRINT LEGIBLY

I agree to all of the terms described in the Panel Attorney Appointment Program Guide (consisting of 8 pages) as well as the reimbursement rates described therein. I acknowledge the Board of Parole Hearings has not made an offer of employment or a guarantee of appointment and failure to meet or maintain the terms described in the Program may result in removal from one or all panels.

_____                    _____
Printed Name                                                        CA State Bar Number

_____                    _____
Signature                                                             Date

_____                    _____
Driver's License Number                                        Date of Birth

_____                    _____
Office Telephone Number                                       Cellular Number

_____
E-mail Address

Business Address (available to clients and the Board of Parole Hearings):

_____

_____

_____

Please indicate below which panel groupings you are interested in applying:

| Panel # | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Check all that apply | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

*Note: If currently active on a panel and do not wish to make any changes, please leave above blank.*

11

# Exhibit B

BOARD OF PAROLE HEARINGS
BPH 1076 (REV. 8-2023)

STATE OF CALIFORNIA

**ATTORNEY INVOICE**

**Statement of Services Rendered**



| HEARING DISPOSITION |
|---|

**Scan and send invoice via email to the Accounting Liaison Unit at:**
BPHAccountingLiaison@cdcr.ca.gov

**Invoices should be submitted within 30 days of case completion**

SCHEDULED DATE AND TIME OF HEARING:

INMATE LAST NAME:

CDCR NUMBER:

LOCATION / INSTITUTION:

| DATE COMPLETED | DESCRIPTION OF SERVICES PERFORMED AND APPLICABLE DURATIONS | INITIAL BELOW TO CERTIFY SERVICES |
|---|---|---|
| Date: | CENTRAL-FILE REVIEW COMPLETED | initials |
| Date: | INITIAL LEGAL VISIT COMPLETED  (Total Time In Hours): | initials |
| Date: | DECS ENTRY COMPLETED | initials |
| Date: | SECOND LEGAL VISIT COMPLETED  (Total Time In Hours): | initials |
| Date: | DECS ENTRY COMPLETED | initials |
| Date: | THIRD LEGAL VISIT COMPLETED  (Total Time In Hours): | initials |
| Date: | DECS ENTRY COMPLETED | initials |
| Date: | HEARING: Check One  ☐ PRE-HEARING ACTION   ☐ PERSONAL APPEARANCE | initials |

*I certify by my initials above that each service was rendered and I achnowledge the reimburesement rate represents the maximum compensation that can be received for each type of service. I further acknowledge that if after my client's scheduled hearing they are referred for en banc review by the full Board at a monthly executive Board meeting, I shall represent my client at this meeting by timely submitting a written statment and/or addressing the panel in person, by videoconference, or by telephone. I certify I am duly licensed to practice before all courts of the State of California and that I am an active member of the State Bar of California.*

TOTAL BILLING

| ATTORNEY (SIGNATURE) | NAME | STATE BAR # | DATE |
|---|---|---|---|
|  |  |  |  |

| MAILING ADDRESS *(If new address, check here)* ☐ | CITY | STATE | ZIP CODE |
|---|---|---|---|
|  |  |  |  |

**BPH APPROVAL**

| SIGNATURE | TITLE | DATE |
|---|---|---|
|  |  |  |

BPH 1076 (rev. 8-2023)

**DocuSign**

## Certificate Of Completion

Envelope Id: 6478835E134B4ACC91A933607906ECE5                                     Status: Completed
Subject: Here is your signed document: NEW FINAL DRAFT Doetsch Declaration with Exhibits - Please sign this o
Source Envelope:

| | | |
|---|---|---|
| Document Pages: 25 | Signatures: 1 | Envelope Originator: |
| Certificate Pages: 2 | Initials: 0 | Tara M. Doetsch |
| AutoNav: Disabled | | 1940 Birkmont Drive |
| EnvelopeId Stamping: Disabled | | Rancho Cordova, CA  95742 |
| Time Zone: (UTC-08:00) Pacific Time (US & Canada) | | Tara.Doetsch@cdcr.ca.gov |
| | | IP Address: 174.208.160.72 |

## Record Tracking

| | | |
|---|---|---|
| Status: Original | Holder: Tara M. Doetsch | Location: DocuSign |
|    12/12/2023 8:20:17 PM |    Tara.Doetsch@cdcr.ca.gov | |
| Security Appliance Status: Connected | Pool: StateLocal | |
| Storage Appliance Status: Connected | Pool: CDCR DocuSign Parent Account | Location: DocuSign |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Tara M. Doetsch<br>Tara.Doetsch@cdcr.ca.gov<br>Chief Deputy Program Operations<br>California Board of Parole Hearings<br>Security Level: Email, Account Authentication (None) | DocuSigned by:<br>*Tara M. Doetsch*<br>005C191C1B2742E...<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 174.208.160.72 | Sent: 12/12/2023 8:20:45 PM<br>Viewed: 12/12/2023 8:20:52 PM<br>Signed: 12/12/2023 8:21:55 PM<br>Freeform Signing |
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| George Bakerjian<br>george.bakerjian@cdcr.ca.gov<br>Staff Counsel III (Specialist)<br>89234<br>Security Level: Email, Account Authentication (None) | COPIED | Sent: 12/12/2023 8:21:56 PM |
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | | |
| Jessica Blonien<br>jessica.blonien@cdcr.ca.gov<br>Chief Counsel, Board of Parole Hearings<br>123787<br>Security Level: Email, Account Authentication (None) | COPIED | Sent: 12/12/2023 8:21:56 PM<br>Viewed: 12/12/2023 8:23:40 PM |
| **Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | | |

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Tara M. Doetsch<br>tara.doetsch@cdcr.ca.gov<br>Chief Deputy Program Operations<br>California Board of Parole Hearings<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>    Not Offered via DocuSign | COPIED | Sent: 12/12/2023 8:21:56 PM<br>Resent: 12/12/2023 8:21:57 PM |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 12/12/2023 8:20:45 PM |
| Certified Delivered | Security Checked | 12/12/2023 8:20:52 PM |
| Signing Complete | Security Checked | 12/12/2023 8:21:55 PM |
| Completed | Security Checked | 12/12/2023 8:21:56 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

# CERTIFICATE OF SERVICE

Case Name:  **J. Armstrong, et al. v. Gavin Newsom, et al.**          No.    **C 94-2307 CW**

I hereby certify that on December 12, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

1.    DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NO. 3525]

2.    DECLARATION OF PRINCIPAL LIBRARIAN BRANDY BUENAFE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NO. 3525]

3.    DECLARATION OF HEIDI L. RUMMEL IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NO. 3525]

4.    DECLARATION OF DEPUTY DIRECTOR JARED LOZANO IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NO. 3525]

5.    DECLARATION OF DANIEL MOELLER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NO. 3525]

6.    DECLARATION OF SERENA SUKHIJA, O.D., IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NO. 3525]

7.    DECLARATION OF I. STREAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NO. 3525]

8.    DECLARATION OF TARA DOETSCH IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NO. 3525]

I certify that participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on December 12, 2023, at Los Angeles, California.

| L. Smith | /s/ L. Smith |
|----------|--------------|
| Declarant | Signature |