ROB BONTA
Attorney General of California
SHARON A. GARSKE
Supervising Deputy Attorney General
TRACE MAIORINO
SEAN LODHOLZ
ANNE KAMMER
GURPREET SANDHU
OLENA LIKHACHOVA
Deputy Attorney General
State Bar No. 285574
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 210-6332
  Fax:  (916) 324-5205
  E-mail:  Olena.Likhachova@doj.ca.gov
Attorneys for Defendants
Gavin Newsom, Board of Parole Hearings,
and CDCR

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOHN ARMSTRONG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | 4:94-cv-02307-CW<br><br>**DECLARATION OF ACTING ASSISTANT DEPUTY DIRECTOR DAWN LOREY IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NOS. 3525, 3554, 3557]** |

I, Dawn Lorey, declare:

1.    I am employed by the California Department of Corrections and Rehabilitation (CDCR), and I am currently the Acting Assistant Deputy Director of the Program Operations in the Division of Adult Institutions.  I have reviewed Plaintiffs' reply in support of motion to enforce revised permanent injunction (ECF No. 3554) and supporting materials (ECF Nos. 3554-1 to 3554-4) (collectively "reply").  I submit this declaration in support of Defendants' response

1

to Plaintiffs' reply.  I am competent to testify to the matters set forth in this declaration and, if called upon by this Court, would do so.

2.    I began my employment with CDCR in 2004.  While employed at CDCR, I served in a variety of positions that include the following:  Correctional Administrator at CSP-Solano and Mule Creek State Prison from 2009 to 2016; Chief of Mental Health Compliance Team for the Division of Adult Institutions (DAI) starting in April 2016, where I was responsible for implementing, monitoring, analyzing and providing corrective action as needed to ensure compliance with the *Coleman v. Newsom* court order, the Mental Health Services Delivery System Program Guide, department regulations, and policy and procedures designed to support the court mandates; Chief for the Class Action Management Unit starting in February 2021, where I planned, organized, directed and coordinated all activities related to statewide compliance with the *Armstrong v. Newsom* and *Clark v. State of California* Remedial Plans, policies and court orders.  From October 2022 to November 2023, I worked for Correction Services for California Correctional Health Care Services as the Correctional Administrator and acting Deputy Director for the Field Operations Team, where my duties included development of departmental policy and regulations consistent with the court-mandated remedial plans and court orders in *Armstrong v. Newsom* and *Clark v. State of California* class actions.  Since November 2023, I have been the acting Assistant Deputy Director of Program Operations for DAI.

3.    As the Acting Assistant Deputy Director of Program Operations, I am responsible for statewide compliance with the court orders in *Coleman v. Newsom*, *Armstrong v. Newsom*, and *Clark v. State of California*, which includes formulating and providing interpretations of operational policy and procedures concerning ongoing litigation and ensuring that current policies and procedures are being followed by both headquarters and field programs.  I also provide administrative oversight for the Department's court compliance efforts.  This includes developing, managing, and tracking support systems to facilitate ongoing compliance. Additionally, I am responsible for reviewing and recommending policies and procedures related to specialized populations including the Developmental Disability Program, Disability Placement Program, and Mental Health Services Delivery System.  My duties also include planning,

organizing, directing, and coordinating program activities such as developing statewide training, specialized training, symposiums, and internal compliance reviews through subordinate managers; program and policy formulation, implementation, and management; and coordinating unit activities with other departmental institutional programs to ensure operational effectiveness, and resolve operational problems.  I am also a liaison to the CDCR's Office of Legal Affairs and work with CDCR's Wardens, Associate Directors, Deputy Directors, Directors, and the heads of other agencies who may be stakeholders in the litigation process.  In my role as the Acting Assistant Deputy Director of Program Operations, I have access to CDCR records contained in class members' central files.

4.      I have reviewed the declaration of DPV class member 8 identified in paragraph 17 of the Reply Declaration of Caroline Jackson in support of Plaintiffs' enforcement motion (ECF No. 3554-4) (Jackson Reply Decl.)).  (*See* Jackson Reply Decl. Ex. M.)  DPV class member 8 is scheduled for a parole suitability hearing this year.

5.      As stated in the declaration of Jared Lozano in support of Defendants' opposition to Plaintiffs' enforcement motion (Lozano Declaration), Defendants have retained the services of the Eye Care Institute vision consultants to determine appropriate reading and writing accommodations for all DPV class members in CDCR custody, prioritizing class members scheduled for a parole suitability hearing.  (*See* ECF No. 3543-5 at ¶¶ 12-13.)  DPV class member 8 was scheduled for an individualized assessment of his reading and writing needs by the Eye Care Institute vision consultants on January 9, 2024, but his appointment was cancelled on January 8, 2024, because DPV class member 8 refused to be transported to the Eye Care Institute low vision clinic for assessment.

6.      DPV class member 8 acknowledges that he is able to read printed materials with a magnifier, but contends that he also needs an audio format for long-term reading tasks due to eyestrain after reading for approximately 30 minutes.  (*See* Jackson Reply Decl. Ex. M, ¶¶ 6-7.)  As previously indicated in the Lozano Declaration, Defendants are in the process of rolling out Zoomax Snow 12 assistive devices for DPV class members' checkout use at all DPV-designated CDCR institutions.  (*See* ECF No. 3543-5 at ¶ 19.)  These devices allow variable real-time

magnification of printed materials up to 19 times and convert printed text into audio format. (*See Id.* at ¶ 18.) Zoomax Snow 12 assistive devices were delivered to the institution currently housing DPV class member 8 on January 5, 2024.

7.    Pending deployment of the Zoomax Snow 12 assistive devices for DPV class member 8's checkout use, he was interviewed by a Correctional Counselor on December 7, 2023, to determine accommodations needed to prepare for his upcoming parole suitability hearing. A true and correct copy of the CDCR 128-B chrono reflecting a questionnaire completed during DPV class member 8's December 7, 2023, interview (Questionnaire Chrono) is attached to this declaration as **Exhibit A**. During this interview, the Correctional Counselor read the Questionnaire Chrono aloud and provided DPV class member 8 with a copy of the Questionnaire Chrono in 18-point font to follow along. (*See* **Ex. A** at 2-5.) DPV class member 8 appears to contend that he was asked only about accommodations needed "on the day of [his] hearing," and that no discussion took place regarding accommodations needed by DPV class member 8 to "prepare for a parole suitability hearing." (*See* Jackson Reply Decl. Ex. M, ¶11.) DPV class member 8's Questionnaire Chrono, provided to him in large print and read to him aloud, clearly indicates that the questionnaire specifically related to preparation for his upcoming parole suitability hearing. (*See* **Ex. A**.)

8.    Although DPV class member 8 appears to contend that he has been unable to obtain writing assistance to prepare for his upcoming parole suitability hearing (s*ee* Jackson Reply Decl. Ex. M, ¶¶ 14 and 18), during his December 7, 2023, interview regarding accommodations needed by DPV class member 8 to prepare for his upcoming hearing, DPV class member 8 indicated that he did not need any assistance with scribing or any assistance from CDCR staff or ADA workers. (*See* **Ex. A** at 1.) DPV class member 8 further acknowledged he has accommodations available at his prison law library, and indicated he knew how to request additional time in the library to prepare for his parole suitability hearing. (*See* Jackson Reply Decl. Ex. M, ¶13; and *see* **Ex. A** at 2.)

9.    On October 30, 2023, DPV class member 8 was provided a copy of his Comprehensive Risk Assessment (CRA), as documented on DPV class member 8's CDCR 128-B

chrono dated November 2, 2023, a true and correct copy of which is attached to this declaration as **Exhibit B**. Effective communication regarding the contents of DPV class member 8's CRA was ensured through the use of a text magnifier and by reading to him. (*See* **Ex. B**.)

10.    On December 28, 2023, DPV class member 8 received a state issued portable CD player and headphones so that he could listen to his parole suitability hearing transcript in audio format. A true and correct copy of CDCR 128-B chrono signed by DPV class member 8 is attached to this declaration as **Exhibit C**.

11.    Although DPV class member 8 appears to contend that due to his vision impairment, the lack of access to programming has made it difficult for him to prepare for parole (*see* Jackson Reply Decl. Ex. M, ¶¶ 19-24), DPV class member 8's inmate central file shows that since his last parole suitability hearing he has been assigned to a job as a porter since November 17, 2022; has been assigned, at various times, to several self-help programs including Physical Health and Wellness, Expressive Groups, Substance Abuse, and Life Skills, and is currently enrolled in a History of Jazz college course since December 19, 2023. A true and correct copy of DPV class member 8's inmate assignment history from his central inmate file is attached to this declaration as **Exhibit D**. A true and correct copy of DPV class member 8's Letter of Accommodation from Solano Community College Accessibility Services Center is attached to this declaration as **Exhibit E**.

12.    DPV class member 8 also purports that "[t]he lack of access to job and academic classes has made it difficult for [him] to prepare for parole" because "it has been very difficult for [him] to find a staff member who knows [him] well enough to draft a laudatory chrono for [him]". (Jackson Reply Decl. Ex. M, ¶ 24.) However, DPV class member 8 was provided with a laudatory chrono from an academic teacher on or around December 6, 2023, a true and correct copy of which is attached to this declaration as **Exhibit F**.

13.    I have reviewed the declaration of DPH class member 7 identified in paragraph 19 of the Jackson Reply Declaration. (Jackson Reply Decl. Ex. O.)

14.    DPH class member 7 claims that he is experiencing difficulty preparing for his parole suitability hearing due to challenges in communicating with people who do not know sign

language. (*Id.*) However, CDCR records do not show any prisoner grievances related to sign language interpretation for DPH class member 7. Additionally, CDCR records do not reflect any CDCR form 1824 requests for reasonable accommodation from DPH class member 7 related to challenges in communicating with others until December 2023.

15. On or around December 27, 2023, DPH class member 7 submitted a CDCR 1824 request for reasonable accommodation requesting an "iPad tablet with translator capabilities" to allow him to "communicate with others." A true and correct copy of DPH class member 7's CDCR form 1824 request dated December 25, 2023, is attached to this declaration as **Exhibit G**. DPH class member 7 was provided an iPad on December 28, 2023. A true and correct copy of DPH class member 7's property receipt is attached to this declaration as **Exhibit H**.

16. I have reviewed the declaration of DPV class member 9 identified in paragraph 20 of the Jackson Reply Declaration. (*See* Jackson Reply Decl. Ex. P.) DPV class member 9 is scheduled for a parole suitability hearing this year. DPV class member 9 is scheduled for an individualized assessment by the Eye Care Institute vision consultants to determine his specific reading and writing accommodation needs on January 17, 2024.

17. DPV class member 9 states that he had "difficulties in accessing the programming materials" in preparation of his next parole hearing. (*See* Jackson Reply Decl. Ex. P, ¶ 20.) He also claims he has not yet received an audio copy of his CRA. (*Id.* ¶ 28.) However, DPV class member 9 is scheduled to meet an ADA supervisor on January 11, 2024, to receive education on how to use the Zoomax Snow 12 assistive device as well as the accessibility features on his tablet. Moreover, Zoomax Snow 12 assistive devices were delivered to DPV class member 9's institution on January 2, 2024, which should allow DPV class member 9 to review his CRA and programming materials in magnified font and in audio format pending his individualized assessment by the Eye Care Institute vision consultants.

18. DPV class member 9 also claims that he "has not been able to review [his] whole C-file in a format that [he] can understand." (*Id.* ¶ 23.) DPV class member 9 will be offered a second *Olson* review of his c-file on January 17, 2024, to ensure that he is able to review documents in a format he can understand.

Lorey Decl. ISO Defs.' Resp. to Pl.'s Reply ISO Motion for Order to Enforce the RPI  (94-02307-CW)

19.    DPV class member 9 also states that he did not complete his BPH 1073 Notice and Request for Assistance at a Parole Proceeding or have "the opportunity to request any accommodations for [his] visual impairment for [his] hearing". (*Id.* ¶ 24.) This is incorrect. DPV class member 9 completed his portion of the BPH 1073 form on December 18, 2023. A true and correct copy of DPV class member 9's BPH 1073 form is attached to this declaration as **Exhibit I**. DPV class member 9 is expected to have several accommodations at his next parole suitability hearing, including an attorney, a magnifying device, glasses, and a vision impaired disability vest. (*Id.*)

20.    DPV class member 9 states that to prepare for his parole suitability hearing before the Board of Prison Hearings (Board), he needs assistance reading Board-related documents, writing letters seeking letters of support to present to the Board, reviewing his central file as part of his *Olson* review, preparing release plans to present to the Board, and other Board-related reading and writing tasks. (Jackson Reply Decl. Ex. P, ¶¶ 8, 10, 13-14, 17, 21, 23-24, 26-27.) A second declarant, DPV class member 8, also states that he needs assistance with reading and writing. (*Id.*, Ex. M ¶¶ 14, 16.) In addition to the assistance available to incarcerated people as previously described in the Lozano Declaration and the declaration of Brandy Buenafe in support of Defendants' opposition to Plaintiffs' enforcement motion (Buenafe Declaration) (ECF Nos. 3543-2, 3543-5), a recent CDCR directive addresses their concerns. To further assist the incarcerated population with disabilities who are specifically designated as permanent vision impairment, impacting placement (DPV); permanent hearing impairment, impacting placement (DPH); or Developmental Disability Program (DD1, DD2, or DD3), voluntary overtime shall be authorized to assist in the completion of classification tasks which fall outside the scope of currently negotiated processes specific to the Correctional Counselor classification in preparation for an incarcerated persons' upcoming suitability hearing before the Board. Institutions have been directed to follow their local Correctional Counselor (I) overtime process. These tasks include completing any additional Effective Communication (CDCR form 128-B) documentation or other information that may be relevant to the Board-related process. As part of this overtime process, Correctional Counselors (I) are to provide assistance with release planning and any supporting

7

documentation required.  Staff shall have a conversation with the incarcerated person about where they plan to live and how they plan to support themselves if they are deemed suitable for parole by the Board.  If the incarcerated person would like to send a letter to a potential support person in the community, staff shall offer to help scribe the letter.  Staff shall document the conversation about release plans in a CDCR form 128-B chrono, including a brief description of the incarcerated person's plans.  Correctional Counselors (I) shall provide assistance in reviewing Board-related documents in the event the incarcerated person has stated the accommodations provided are insufficient, to include utilizing their documented method of accommodation, as recorded in the Strategic Offender Management System (SOMS), and using the available ADA accessibility technology (*e.g.*, Microsoft Ease of Access and Adobe Reader).  For example, additional time and assistance may be needed during an *Olson* Review for an incarcerated person with disabilities to fully review their central file and to review all the documents the person wants to review with as much independence as possible.  Correctional Counselors (I) shall provide alternate formats as a reasonable accommodation for Board-related documents in the event the incarcerated person has stated the reasonable accommodations provided are insufficient.  Correctional Counselors (I) shall consult with the institution's ADA Coordinator concerning the provisioning of assistive technology or reasonable accommodation that further assists with the Board-related preparation process.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on January 11, 2024, at Sacramento, California.

_____
Dawn Lorey
Acting Assistant Deputy Director of Program
Operations for the Division of Adult Institutions

8

ROB BONTA
Attorney General of California
SHARON A. GARSKE
Supervising Deputy Attorney General
SEAN LODHOLZ
OLENA LIKHACHOVA
GURPREET SANDHU
TRACE O. MAIORINO
ANNE KAMMER
Deputy Attorney General
State Bar No. 243113
   600 West Broadway, Suite 1800
   San Diego, CA 92101
   Telephone:  (619) 321-5781
   Fax:  (619) 645-2581
   E-mail:  Anne.Kammer@doj.ca.gov
*Attorneys for Defendants*
*Gavin Newsom, Board of Parole Hearing,*
*and CDCR*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **JOHN ARMSTRONG, et al.,** | 4:94-cv-02307-CW |
| Plaintiffs, | **EXHIBITS TO DECLARATION OF DAWN LOREY** |
| **v.** | |
| **GAVIN NEWSOM, et al.,** | |
| Defendants. | |

**EXHIBITS**

| Ex. No.: | Description: | Filed Under Seal/Redacted: |
|---|---|---|
| **A.** | DPV class member 8's Questionnaire Chrono. | Filed under seal. |
| **B.** | DPV class member 8's CDC 128-B Chrono. | Filed under seal. |
| **C.** | DPV class member 8's Property Receipt. | Filed under seal. |

1

| | | |
|---|---|---|
| **D.** | DPV class member 8's Inmate Assignment History. | Filed under seal. |
| **E.** | DPV class member 8's Letter of Accommodation. | Filed under seal. |
| **F.** | DPV class member 8's Laudatory Chrono. | Filed under seal. |
| **G.** | DPH class member 7's CDCR Form 1824. | Class member identifying information redacted. |
| **H.** | DPH class member 7's Property Receipt. | Class member identifying information redacted. |
| **I.** | DPV class member 9's BPH Form 1073. | Class member identifying information redacted. |

CF1997CS0005
37787597.docx

2

Exhibits to Declaration of Dawn Lorey (4:94-cv-02307-CW)

# EXHIBIT A

# EXHIBIT FILED UNDER SEAL

# EXHIBIT B

# EXHIBIT FILED UNDER SEAL

# EXHIBIT C

# EXHIBIT FILED UNDER SEAL

# EXHIBIT D

# EXHIBIT FILED UNDER SEAL

# EXHIBIT E

# EXHIBIT FILED UNDER SEAL

# EXHIBIT F

**EXHIBIT FILED UNDER SEAL**

# EXHIBIT G

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**REASONABLE ACCOMMODATION REQUEST**
CDCR 1824 (Rev. 09/17)

Page 1 of 1

| INSTITUTION (Staff use only) | LOG NUMBER (Staff Use Only) | DATE RECEIVED BY STAFF: |
|---|---|---|
| ███████ | ███████ | ████████ |

***********TALK TO STAFF IF YOU HAVE AN EMERGENCY***********

**DO NOT** use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDC 7362 or a CDCR 602-HC

████████████████████████████████████████

**INSTRUCTIONS:**
- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service or activity. You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office.
- The 1824 process is intended for an individual's accommodation request. Each individual's request requires a case-by-case review.
- The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response.
- If you have received an 1824 decision that you disagree with, you may submit an appeal (CDCR 602, or CDCR 602-HC if you are disagreeing with a medical diagnosis/treatment decision).

**WHAT CAN'T YOU DO / WHAT IS THE PROBLEM?**

I AM DEAF ITS A PROBLEM BECAUSE I'm UNABLE TO COMMUNICATE WITH OTHERS.

**WHY CAN'T YOU DO IT?**

I CAN'T COMMUNICATE BECAUSE I AM DEAF I USE ASL AS my PRIMARY FORM OF COMMUNICATING AND READING LIPS AS SECONDARY FORM TO ATTEMP TO COMMUNICATE.

**WHAT DO YOU NEED?**

I NEED AN IPAD TABLET WITH TRANSLATOR CAPABILITIES TO BE ABLE TO COMMUNICATE WITH OTHERS.

*(Use the back of this form if more space is needed)*

**DO YOU HAVE DOCUMENTS THAT DESCRIBE YOUR DISABILITY?**    Yes ☒    No ☐    Not Sure ☐

List and attach documents, if available:  DOCUMENTATION SHOULD BE IN EITHER MY C.FILE OR MEDICAL FILE

I understand that staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved.

████████████████████████████████████████████████████

Assista███████████████████████████████████████

Name: ███████████████

## ███ DPP Disability/Accommodation Summary ███

As of: ███████ ⬦

### OFFENDER/PLACEMENT

CDC#: ███████████████
Name: ███████████████
Facility: ███████████████
Housing Area/Bed: ███████████████
Placement Score: 19
Custody Designation: Medium (A)
Housing Program: Non-Designated Program Facility
Housing Restrictions:
Physical Limitations to Job/Other:

### DISABILITY ASSISTANCE

Current DDP Status: NCF
DDP Adaptive Support Needs: None
Current DDP Status Date: ███████
DPP Codes: DPH
DPP Determination Date: ███████
Current MH LOC: GP
Current MH LOC Date: ███████
SLI Required: Yes
Interview Date: ███████
Primary Method(s) - Hearing: American Sign Language
Primary Method - Speech: Written Notes
Non-Formulary Accommodations/Comments: ███████
Learning Disability:
Initial Reading Level: 12.9
Initial Reading Level Date: ███████
Durable Medical Equipment: Hearing Aid
Eyeglass Frames
Hearing Impaired
Disability Vest
Languages Spoken:

### IMPORTANT DATES

Date Received: ███████
Last Returned Date: ███████
Release Date: ███████
Release Type: Minimum Eligible Parole Date

### WORK/VOCATION/PIA

Privilege Group: A
Work Group: A1
AM Job Start Date:
Status:
Position #:
Position Title:
Regular Days On:

# EXHIBIT H

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS & REHABILITATION
CDCR 128 B

*Updated forms 12/28/23*

Although CART service is not currently available in all programming areas, CDCR has determined an interim solution has been identified via iPad functionality. Each spoken word is streamed in real-time onto the screen for the incarcerated person to view and read. The accommodation is designed to assist you while you are attending any program, service, or activity and does not replace your primary or alternative method of effective communication.

On 12/28/23 You,                              have been granted approval for use of an iPad which contains instantaneous translation of spoken words into visual display as an interim accommodation. You will be able to maintain the possession of the iPad in all programs, services, or activities throughout the institution or any off-site appointments (e.g., same day court appearance, medical, etc.). This accommodation will begin immediately and remain in effect until further notice.

Please sign and date below indicating you understand why the device is being offered to you, when it may be used, and that you have been trained and understand how to operate the iPad. Furthermore, you also acknowledge that you are not allowed to have anyone else utilize this device or the iPad charger.

If the iPad or any of the components (e.g., chargers, etc.) are altered or destroyed, the supervisor shall determine if it was intentional or unintentional based on the circumstances and provide all available information to the ADA Coordinator. The ADA Coordinator will determine the best course of action (i.e., replacement of iPad or provide an alternate reasonable accommodation). If the ADA Coordinator determines the best course of action is to remove the iPad, the ADA Coordinator shall also ensure it is removed from your Registerable Property.

Furthermore, by signing you acknowledge your responsibility for maintaining possession of the iPad device. Lastly, you understand that staff will conduct a weekly security inspection of the device, case, and charger.

Do you wish to accept this iPad as a reasonable accommodation?  **YES**  ⊘   **NO**  ○

| INCARCERATED PERSON NAME | CDCR NUMBER | INCARCERATED PERSON SIGNATURE |
|---|---|---|

| STAFF NAME (PRINTED) | DATE | STAFF SIGNATURE |
|---|---|---|

Orig:    ERMS
cc:    Facility Captain, Writer, Incarcerated Person

DATE: 12/28/23        IPAD USER AGREEMENT CHRONO        INSTITUTION:

# EXHIBIT I

NOTICE AND REQUEST FOR ASSISTANCE AT A PAROLE PROCEEDING                    **STATE OF CALIFORNIA**
BPH 1073

| **I. PRE-INTERVIEW FILE/DEC REVIEW (STAFF ONLY)** |
|---|
| I acknowledge that I have reviewed all relevant and reasonably available central file and/or field file and Disability and Effective Communication System (DECS) information prior to first contact with the inmate/parolee involved in this parole proceeding. |

Print Name: ▮▮▮▮▮          Sign Name: ▮▮▮▮▮▮▮▮          Date: ▮▮▮▮▮▮

| **Mental Health Concerns** | | | **Source** | **Dated** |
|---|---|---|---|---|
| CCCMS   Correctional Clinical Case Management System | | | CDC 128C | ▮▮▮▮ |

| **Identified Disabilities** | **Note:** | **Source** | **Dated** |
|---|---|---|---|
| DPV        Blind or Low Vision | | CDC 128C | ▮▮▮▮ |

**Other Potential Assistance Needs**

**Reading Level:**  5          **Total GPL:**  N/A

**Speaks English**  [X] Yes   [ ] No

**Languages Spoken**

| **II. INMATE/PAROLEE RIGHTS & SELF IDENTIFICATION** |
|---|

You have a right to receive help for your hearing. If you need help talking, reading, hearing, seeing, understanding, or getting to your hearing, you have a right to that help. You have a right to receive help in meeting with your attorney. If you do not speak English, you have a right to an interpreter. If you are deaf and use sign language, you have a right to a sign language interpreter. If you cannot read, the BPH or CDCR must provide you with help to read the forms and papers. If you need special transportation, the BPH or CDCR must provide it for you. If you do not get help, or you do not think you got the kind of help you need, ask for a BPH 1074 Grievance Form.

Check all that apply:

[X] I need help reading my documents.                    [ ] I need the following help to hear

[ ] I need help understanding the procedures and forms.   [ ] I need the following help to see

[ ] I need a sign language interpreter.                   [ ] I need to communicate in writing.

[X] I need a wheelchair and I [X] do have one. [ ] do not have one.

[ ] I need a Durable Medical Equipment to get around :

   Have Durable Medical Equipment : _____

   Do not have Durable Medical Equipment : _____

[ ] I do not speak English and need an interpreter in

[ ] I need a housing accommodation :

[ ] I have a health problem, I need   [ ] A medical evaluation   [ ] A mental health evaluation   [ ] Medication

[ ] Other

[ ] **I do not need any help for my parole hearing.**

Name: ▮▮▮▮▮▮▮▮▮▮                                        CDC Number: ▮▮▮▮▮
Proceeding: Lifer                        Type of Hearing:  Subsequent Hearing
Location: ▮▮▮▮▮▮▮▮▮▮

BPH 1073, NOTICE AND REQUEST FOR ASSISTANCE AT A PAROLE PROCEEDING

**NOTICE AND REQUEST FOR ASSISTANCE AT A PAROLE PROCEEDING**
BPH 1073

| III.   INITIAL SERVICE OF RIGHTS (STAFF ONLY) |
|---|

I have informed inmate/parolee of his/her rights and charges, if any, and have determined that he/she:

[X]  Appears to understand     [ ]  Appears to have difficulty understanding

Effective Communication Method Used:    "**No Accommodation**"

▮▮▮▮▮  Correctional Counselor _____   _____   ▮▮▮▮▮▮
Staff Name and Title (please print)                  Staff Signature                  Date

| IV.   ACCOMMODATIONS PLANNED |
|---|

Accommodation(s)/Assistance to be provided at hearing(s):  "**Attorney**"    "**Magnifying Device**"
                                                          "**Personal Durable Medical Equipment**"

Summary:      Accommodations Planned

Comment:      CCCMS/DPO/DPV-wheelchair, walker, cane, knee ankle foot orthoses, compression stockings,
              orthotics, vision impaired disability vest, magnifier, glasses

▮▮▮▮▮▮▮▮ / BPH Staff _____   _____   ▮▮▮▮▮▮
Staff Name and Title (please print)                  Staff Signature                  Date

| V.  SUMMARY OF ACCOMMODATIONS |
|---|

Accommodation(s)/Assistance provided at hearing(s):


Private Durable Medical Equipment(Inmate/Parolee Provided):


_____   _____   _____
Staff Name and Title (please print)          Staff Signature                  Date


Name: ▮▮▮▮▮▮▮▮▮▮▮                                    CDC Number: ▮▮▮▮▮
Proceeding: Lifer                          Type of Hearing:  Subsequent Hearing
Location:  ▮▮▮▮▮▮▮▮▮▮▮▮▮