ROB BONTA
Attorney General of California
SHARON A. GARSKE
Supervising Deputy Attorney General
SEAN LODHOLZ
OLENA LIKHACHOVA
GURPREET SANDHU
TRACE O. MAIORINO
ANNE KAMMER
Deputy Attorney General
State Bar No. 243113
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone:  (619) 321-5781
  Fax:  (619) 645-2581
  E-mail:  Anne.Kammer@doj.ca.gov
*Attorneys for Defendants*
*Gavin Newsom, Board of Parole Hearings,*
*and CDCR*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **JOHN ARMSTRONG, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | C 94-2307 CW<br><br>**SUPPLEMENTAL DECLARATION OF TARA DOETSCH IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ORDER TO ENFORCE THE REVISED PERMANENT INJUNCTION [ECF NOS. 3525, 3554, 3557]** |

I, Tara Doetsch, declare:

1.    I am employed by the Board of Parole Hearings (Board), as the Chief Deputy of Program Operations, a position I have held since January 2023.  I submit this declaration in support of Defendants' Response to Plaintiffs' Reply in Support of Motion for Order to Enforce the Revised Permanent Injunction (ECF No. 3525).  I am competent to testify to the matters set forth in this declaration and, if called upon by this Court, would do so.

1

2.      As detailed in my December 8, 2023 Declaration in Support of Defendants' Opposition to Plaintiffs' Motion for Order to Enforce the Revised Permanent Injunction (previous declaration) (ECF No. 3543-7), I am responsible for the Board's administrative support services, including the scheduling of parole suitability hearings, the Board's budget, appointment of counsel for incarcerated individuals in parole suitability hearings and hearings for offenders with a mental health disorder, and pre-hearing audits.  I also oversee the Board's executive analyst unit and the Board's Panel Attorney Program, through which the Board provides attorney representation as an accommodation under the Americans with Disabilities Act (ADA) to incarcerated individuals with disabilities, as required by this Court's permanent injunctions and set forth in the ARP II.

3.      As set forth in the Board of Parole Hearings Panel Attorney Program Guide for the Parole Suitability Hearing Process, attached as Exhibit A to my previous declaration (ECF No. 3543-7), the Board has grouped the 32 active adult prisons located throughout California into 16 attorney panels based on their geographic proximity (*i.e.*, the prisons in each panel are generally within a one-hour drive of each other).  Attorneys are approved, generally, to serve on only one active panel at a time.   Therefore, they do not typically represent clients outside of the geographic proximity of the assigned panel.  This system serves to limit the travel costs incurred by panel attorneys to represent their clients during parole proceedings, as the Board does not typically reimburse these costs.

4.      Attorneys assigned to Panel 7 represent parole clients housed at Valley State Prison (VSP) and Central California Women's Facility (CCWF) in Chowchilla, California.  Currently, the Board has assigned four attorneys to Panel 7, including the attorney identified in paragraphs 3 through 8 of the Declaration of Caroline Jackson in Support of Plaintiffs' Reply in Support of Plaintiffs' Motion for Order to Enforce the Revised Permanent Injunction (Jackson Reply Declaration) (ECF No. 3554-4), and referenced in paragraph 13 of the Declaration of Heidi L. Rummel in Support of Defendants' Opposition to Plaintiffs' Motion for an Order to Enforce the Revised Permanent Injunction (Rummel Declaration) (ECF No. 3543-3).  The attorney's practice is based in Fresno, California, which is approximately 35 miles from VSP and CCWF.  Because

2

the attorney is fluent in American Sign Language (ASL) and certified with the Registry of Interpreters for the Deaf, as detailed further in the Rummel Declaration, the Board endeavors to appoint the attorney to represent parole clients who are deaf and whose primary method of communication is ASL.

5.      As noted by Plaintiffs' counsel, the Board did not appoint the ASL attorney to represent two deaf signers at CCWF who had parole suitability hearings in 2021 and 2023, respectively.  (*See* Jackson Reply Decl. ¶ 8.)  However, the attorney did not begin consulting with Parole Justice Works (PJW) regarding representation of deaf signer parole candidates until November 2022.  (ECF No. 3543-3 at 6-7 (Declaration of Heidi L. Rummel in support of Defendants' Opposition to Plaintiffs' Motion for Order to Enforce the Revised Permanent Injunction, ¶ 13).) Counsel for the February 2023 hearing was appointed to the case on August 26, 2022, prior to the time that PJW began consulting with the ASL attorney regarding the representation of deaf signer parole candidates.

6.      In addition, because the ASL attorney is assigned to Panel 7, the Board must request and receive the attorney's approval before assigning him to represent deaf signers at institutions other than VSP and CCWF, that is, outside the attorney's geographic proximity.  The Board provided the attorney with notice of the Board's intent to assign him as the panel attorney for several deaf signers, housed at institutions outside of Panel 7's geographic area, who have parole suitability hearings scheduled in early 2024.  The attorney first reported that he was unavailable. Thereafter, the attorney requested additional compensation from the Board to cover the costs associated with the extensive travel involved in representing these clients during their in-person parole proceedings.

7.      To facilitate the ASL attorney's representation as an accommodation for these class members, the Board granted the request for additional compensation solely to defray the associated average travel costs.  The Board approved a flat fee of $1890 per case for these specific cases completed by the ASL attorney that requires travel outside of Panel 7's geographic area to represent a deaf signer during their parole proceedings.  Future requests by this attorney for additional compensation to defray travel costs and facilitate representation of parole

3

candidates outside of Panel 7's geographic area will be evaluated on a case-by-case basis. Meanwhile, the attorney will continue to receive the flat fee of $945 per completed case for representation of parole candidates housed at VSP and CCWF whether or not those parole candidates are deaf signers.

8.    In the Reply Declaration of Gay Crosthwait Grunfeld in support of Plaintiffs' Motion for Order to Enforce the Revised Permanent Injunction (ECF No. 3554-1), Plaintiffs identify and attach as new evidence a declaration submitted by Heidi Rummel of Parole Justice Works, in support of a traverse to a return to a petition for a writ of habeas corpus filed by Darryl Poole, a client of Keith Wattley, in *In re Poole*, Cal. Court of Appeal, First Appellate District, Division Two, Case No. A152341.  (Grunfeld Reply Decl. ¶¶ 22-24, Ex. M.)  On January 9, 2024, the appellate court denied Poole's petition, as well as his request to file a supplemental petition.  A true and correct copy of the court's ruling is attached as **Exhibit A**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on January 4, 2024, at Sacramento, California.



TARA DOETSCH
Chief Deputy of Program Operations
Board of Parole Hearings

Suppl. Doetsch Decl. ISO Defs.' Resp. to Pl.'s Reply ISO Motion for Order to Enforce the RPI (94-02307-CW)

# Exhibit A

Court of Appeal, First Appellate District
Charles D. Johnson, Clerk/Executive Officer
Electronically FILED on 1/9/2024 by S. Wheeler, Deputy Clerk

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re DARRYL POOLE,<br><br>    on Habeas Corpus. | A161030<br><br>(Alameda County Sup. Ct.<br>No. 96274) |

BY THE COURT:

The request for judicial notice of the records in related case nos. A152341 and A154517 is granted.

The request to file supplemental petition is denied.

The petition for writ of habeas corpus is denied.

DATED: _____01/09/2024_____    _____Stewart, P.J._____, P.J.

1