United States District Court
Northern District of California

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al., | Case No. 94-cv-02307 CW |
| Plaintiffs, | **ORDER FOR FURTHER PAROLE-RELATED REMEDIAL PLAN** |
| v. | |
| GAVIN C. NEWSOM, et al., | |
| Defendants. | |

For the reasons set forth in the Court's order granting in part Plaintiffs' motion to enforce the Revised Permanent Injunction, the Court hereby orders Defendants to develop a plan to ensure that they come into compliance with the Revised Permanent Injunction and the Americans with Disabilities Act (ADA) that includes the components described below (Further Parole-Related Remedial Plan).

1.     Accommodations for Blind and Low-Vision Class Members.  Within sixty days of the date of this Order, Defendants shall develop a plan that includes policies and procedures to identify and provide the accommodations necessary for blind and low-vision *Armstrong* class members to read and write parole-related documents to prepare for parole proceedings, and to complete parole preparation tasks and requests for parole decision review.

United States District Court
Northern District of California

a. Identification of Need for Accommodations and Provision of Accommodations for Blind and Low-Vision Class Members.[1] Defendants shall formalize and implement the procedures described in the declaration of Jared Lozano, Docket No. 3543-5, for conducting individualized assessments of DPV class members to identify, document, and track the accessible format (*e.g.*, large print, Braille, audio recording, or electronic format compatible with a computer-based screen reader) and/or auxiliary device that best ensures effective communication of printed material to each DPV class member, as well as the auxiliary device and/or service that each DPV class member requires to handwrite and/or type. Defendants also shall develop and implement procedures for conducting individualized assessments of DNV class members to identify, document, and track the accessible format (*e.g.*, large print, Braille, audio recording, or electronic format compatible with a computer-based screen reader) and/or auxiliary device that best ensures effective communication of printed material to each DNV class member, as well as the auxiliary device and/or service that each DNV class member requires to handwrite and/or type. Defendants shall develop policies and procedures to ensure that they give primary consideration to each blind and low-vision class member's preferred form of accommodation unless Defendants can show that another equally effective means of communication is available, or the class member's choice presents an undue burden or fundamentally alters Defendants' programs or activities.

Defendants' policies and procedures shall ensure that the form of accommodation that best ensures effective communication for reading and writing parole-related documents (accessible format, auxiliary aid, and/or service) for each blind and low-vision class member is provided to each of them "in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." *See* 28 C.F.R. § 35.160(b)(2).

---

[1] Blind and low-vision class members are tracked by CDCR with two codes: DPV for class members who are permanently blind or have a vision impairment not correctable to central visual acuity of 20/200 or better, even with corrective lenses; and DNV for class members who have vision impairment correctable with corrective lenses to central vision acuity better than 20/200 and no better than 20/70. *See* Jared Lozano Decl. ¶ 5.

Defendants shall complete the individual assessments of DPV class members' accommodation needs described in the Lozano declaration, and they shall complete individual assessments of DNV class members' accommodation needs pursuant to the policies and procedures that Defendants must develop for accommodating DNV class members pursuant to this Order, as soon as possible, while prioritizing class members who have a parole suitability hearing in 2024. After a DPV or DNV class member has had an individual assessment pursuant to this Order, he or his counsel may request a new individual assessment if the class member's vision or accommodation needs have changed.

Defendants' policies and procedures must include provisions that require staff (1) to instruct blind and low-vision class members of the location of all documents and forms already available in alternative formats, such as Braille and large print; and (2) to instruct as to an accessible way in which blind and low-vision class members or their counsel may request a different accommodation than the one they received or are receiving pursuant to the individual assessments described above if they require that other accommodation to read or write parole-related documents.

b. Production and Service of Accessible Formats: Defendants shall develop sufficiently specific policies and procedures governing the production and delivery of documents in accessible formats to those blind and low-vision class members who require accessible formats to read printed documents. These policies and procedures shall be designed to ensure that the accessible format is provided to each blind and low-vision class member in a timely manner and in such a way as to protect the privacy and independence of the class member.

c. BPH Forms and Notices: Defendants shall continue to ensure that BPH forms and notices are accessible to blind and low-vision class members. Defendants' policies and procedures shall ensure that blind and low-vision class members are able to read, privately and independently, forms that contain information unique to each class member, and that blind and low-vision class members have the auxiliary aids or services that they need to be able to complete forms privately and independently.

United States District Court
Northern District of California

d.      Access to Equipment:  Defendants' policies and procedures shall ensure that blind and low-vision class members who require auxiliary aids for effective communication (reading and/or writing) have access to those aids to complete parole-related reading and writing tasks in a timely manner and in such a way that protects their privacy and independence. Defendants' policies and procedures shall require them to make available the specific auxiliary aid or aids that best enable each blind and low-vision class member to independently and privately complete parole-related reading and writing tasks for in-cell use, beginning no later than one year before the tentative parole hearing date and until the class member's post-hearing tasks have been completed.  The aids made available for in-cell use shall, where reasonably feasible and in combination, include the following functions to accommodate blind and low-vision class members:

- Variable magnification, with magnification range at a level comparable to that of commercially available desktop magnifiers designed for use by low-vision users that are readily available to low-vision users in the community;

- Color change (including variation of text color and background color);

- Contrast change;

- Laptop computer equipped with screen magnification software;

- Text-to-speech (including ability to adjust speed of speech);

- Optical character recognition;

- Braille display compatibility;

- Audio output through headphone jack;

- Laptop computer equipped with JAWS or an equivalent screen-reading software;

- Ready access to a printer;

- Features to ensure privacy when using the device; and

- Features to ensure the device can be operated independently by all intended users.

Defendants' policies and procedures shall ensure that blind and low-vision class members whose primary accessible format is audio are provided necessary equipment, such as headphones, to independently access audio-formatted printed materials in reasonable privacy.

4

United States District Court
Northern District of California

e.      Education:  Defendants' policies and procedures shall require them to educate, within sixty days of the finalization of their plan, all blind and low-vision class members who are eligible for a parole consideration hearing on the requirements of this Order and how to exercise the rights therein.  Going forward, all blind and low-vision class members who are eligible for a parole consideration hearing shall receive this education within sixty days of their arrival at any CDCR institution.  This education shall be repeated one year in advance of each scheduled parole suitability hearing.

2.      Video Taped Materials for Deaf Signers.  Within sixty days of this Order, for all deaf class members who Defendants have identified as using American Sign Language (ASL) as their primary method of communication and who have difficulty understanding written English (deaf signer class members), Defendants shall develop a plan that includes policies and procedures to ensure that those class members have access to reasonable accommodations to adequately complete parole preparations, and to complete parole-related grievances and decision review, as follows:

a.      Video Transcripts and Translations:  For all parole suitability hearings involving deaf signer class members, Defendants shall develop policies and procedures that require them to record the ASL-interpreted parole hearing by video and to provide the video recording to each deaf signer class member at the time the printed hearing transcript ordinarily would be served to him.

Defendants shall develop policies and procedures that require them to arrange for a qualified sign language interpreter to translate a deaf signer class member's Comprehensive Risk Assessment into sign language at the time that he is served with a copy of it.  The translation shall take place in the presence of the deaf signer class member, who shall be allowed to ask clarifying questions during the translation.  This encounter shall be recorded by video.  The video recording shall be provided to the class member in a timely manner.

Defendants shall develop policies and procedures that require them to create a video-recorded sign language translation of other documents related to parole preparation, such as the Probation Officer's Report, Rules Violation Reports, or Laudatory Chronos, if a deaf signer class

member or his counsel makes a request. The sign language translations of those documents, and service of the video recordings of the same, shall take place in a timely manner.

b. Viewing the Video Recordings: Defendants shall develop standards for video quality and policies and procedures to ensure the intelligibility of all signed utterances in the video-recorded sign language translations required by this Order. Defendants shall ensure that deaf signer class members are able to access all video-recorded sign language translations required by this Order at any time that non-disabled prisoners are able to access parole-related documents. For the purpose of accessing the video-recorded sign language translations required by this Order, Defendants' policies and procedures shall ensure that deaf signer class members have access to a screen that is large enough to enable them to easily understand all sign language users and to fast-forward and rewind as necessary.

c. Training: Defendants shall develop policies and procedures to ensure that BPH and CDCR staff and deaf signer class members receive training on how to access the video-recorded sign language translations required by this Order. For deaf signer class members, the training shall be sufficient to ensure that they are able to review the video-recorded translations independently and privately.

d. Education: Defendants shall develop policies and procedures to educate, within sixty days of the finalization of their plan, all deaf signer class members who are eligible for a parole consideration hearing on the requirements of this Order and how to exercise the rights therein. Going forward, all deaf signer class members who are eligible for a parole consideration hearing shall receive this education within sixty days of their arrival at any CDCR institution. This education shall be repeated one year in advance of each scheduled parole suitability hearing.

3. Attorney Assistance and Training: Defendants shall develop policies and procedures to ensure that, to the extent that panel attorneys are intended to serve as an accommodation for class members with vision or hearing disabilities under Paragraph 30 of the Revised Permanent Injunction, such panel attorneys receive adequate training to provide accommodations to those class members and adequate additional time for providing those accommodations.

For training to be adequate, it must include training regarding how to ensure that class members with hearing and vision disabilities have the accommodations necessary to adequately prepare for and follow up from parole proceedings. Training shall include the requirements of this Order. Training regarding blind and low-vision class members shall include a list of all accessible formats and assistive devices available to those class members for reading and writing parole-related documents, clear instructions for how panel attorneys can obtain assistive devices or documents in accessible formats for those class members, and clear instructions for how panel attorneys can escalate requests for assistive devices or documents in accessible formats if a request made by the class member is denied. Training regarding deaf class members who use sign language shall include the need to allow additional time for meetings due to the use of a sign language interpreter, and the need to use sign language interpreters to ensure effective communication of written materials, including hearing transcripts and Comprehensive Risk Assessments. Training regarding deaf signers and blind and low-vision class members shall include emphasis on the importance of allowing additional time to explain and repeat explanations of documents. Training shall also instruct panel attorneys on how to provide class members with hearing and vision disabilities assistance with drafting documents necessary to prepare for a parole hearing and to engage in release planning, including drafting relapse prevention plans and letters of remorse, gathering contact information for potential sources of support in the community, and reaching out to potential sources of support in the community. Plaintiffs' counsel shall be allowed to monitor the training and object if it does not satisfy the requirements of this Order.

To ensure that panel attorneys who are intended to serve as accommodations satisfy the "additional time" requirement of Paragraph 30 of the Revised Permanent Injunction, Defendants shall develop policies and procedures to ensure that those panel attorneys hold additional meetings and spend significantly more time on their representation of class members with hearing and vision disabilities than currently required under the Panel Attorney Program Guide for the Parole Suitability Hearing Process (Guide). Defendants' policies and procedures also shall ensure that panel attorneys allow twice as much time for meetings with deaf class members who sign, due to the time needed for the translation process. Defendants' policies and procedures shall require

them to provide panel attorneys with sufficient training and supervision to ensure that panel attorneys satisfy these requirements.

4. Within seventy-five days of this Order, after reviewing comments from Plaintiffs' counsel, Defendants shall issue the plan in final form and implement its provisions forthwith. Defendants must present drafts of all plans, policies, and procedures developed pursuant to this Order to Plaintiffs' counsel and the Court Expert at least fifteen days in advance of the deadlines.[2] Within seven days of the deadline, the parties shall meet and confer, with the Court Expert's assistance, to resolve any disagreements as to their adequacy. Defendants shall ensure that staff with sufficient authority to amend and approve procedures attend all meet-and-confer sessions. If a disagreement cannot be resolved, Defendants shall implement the required policies and procedures as written on the date ordered and Plaintiffs' counsel shall file objections with the Court. The Court will rule on the objections and issue orders as necessary.

The Court finds that these additional remedial measures are consistent with the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626(a).

IT IS SO ORDERED.

Dated: March 20, 2024

CLAUDIA WILKEN
United States District Judge

---

[2] All drafts and comments exchanged pursuant to this Order shall be shared with counsel for the parties in *Plata v. Newsom*, Case No. 01-cv-01351 (N.D. Cal.), and *Coleman v. Newsom*, Case No. 90-cv-00529 (E.D. Cal.), as well as with the receiver and special master in those actions.