DONALD SPECTER – 083925
RITA K. LOMIO – 254501
MARGOT MENDELSON – 268583
JACOB J. HUTT*
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621
Facsimile: (510) 280-2704

MICHAEL W. BIEN – 096891
GAY C. GRUNFELD – 121944
THOMAS NOLAN – 169692
PENNY GODBOLD – 226925
MICHAEL FREEDMAN – 262850
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104

LINDA D. KILB – 136101
DISABILITY RIGHTS
EDUCATION & DEFENSE FUND, INC.
3075 Adeline Street, Suite 201
Berkeley, California 94703
Telephone: (510) 644-2555
Facsimile: (510) 841-8645

* Admitted *pro hac vice*

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | Case No. C94 2307 CW<br><br>**DECLARATION OF PENNY M. GODBOLD IN SUPPORT OF JOINT STATUS STATEMENT REGARDING COMPLIANCE WITH THE COURT'S DECEMBER 7, 2023 ORDER**<br><br>Judge: Hon. Claudia Wilken |

I, Penny M. Godbold, declare:

1. I am an attorney duly admitted to practice before this Court. I am Of Counsel to the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein, and, if called as a witness, I could competently so testify. I make this declaration in support of Plaintiffs' counsel's position in the SATF Stipulation Joint Statement.

2. I have worked as a member of Plaintiffs' counsel's team in *Armstrong v. Newsom* for approximately fourteen years. I have been one of the attorneys assigned to monitor Defendants' compliance with the Americans with Disabilities Act, Rehabilitation Act, this Court's orders, and the *Armstrong* Remedial Plan.

3. In my capacity as an *Armstrong* monitor I have toured multiple different housing units at multiple different prisons. I have directly observed that many housing units in CDCR having privacy screens for videophone users. I have observed people placing videophone calls and seen how class members are permitted to use privacy screens to attempt to block direct lines of sight between incarcerated people in the day room and people on the videophone screen. I have observed that the placement of the privacy screens also blocks the direct line of sight of staff. In order for staff to observe what is taking place on the call, they would need to walk over to the videophone and peek around the privacy screen.

4. On December 21, 2023, Ed Swanson, Court Expert, sent a letter to Robert O'Brien, California Correctional Health Care Services, with the subject line, "Feedback on Future Tablet Contract." A true and correct copy of the Court Expert's letter is attached hereto as **Exhibit 1**.

5. On January 5, 2024, Jacob Hutt, Prison Law Office, sent a letter to Tamiya Davis, CDCR Office of Legal Affairs, with the subject line, "Plaintiffs' Recommendations Regarding Tablet Accessibility for CDCR Tablet Contract." A true and correct copy of Mr. Hutt's letter is attached hereto as **Exhibit 2**.

6. On April 22, 2024, Ursula Stuter, CDCR Office of Legal Affairs, sent a letter

to Jacob Hutt, Prison Law Office, with the subject line, "Plaintiffs' Counsel's Review of Proposed Statewide Contract for Tablets." A true and correct copy of Ms. Stuter's letter is attached hereto as **Exhibit 3**. The letter states, "Defendants believe that they have already complied with their obligations under the stipulation by offering Plaintiffs an opportunity to provide input to Defendants about what accessibility features should be required in the next statewide contract for tablets."

7. On May 15, 2024, Jacob Hutt, Prison Law Office, sent a letter to Ursula Stuter, CDCR Office of Legal Affairs, and Ed Swanson, Court Expert, with the subject line "Resolving the Parties' Disagreement Regarding SATF Stipulation #12." A true and correct copy of Mr. Hutt's letter is attached hereto as **Exhibit 4.**

8. On June 13, 2024, I participated in a meeting with lawyers from CDCR's Office of Legal Affairs and the Office of the Attorney General as well as from Swanson & McNamara LLP, the office of the Court Expert. While CDCR was not able to disclose any confidential details regarding the not yet publicly released statewide tablet RFP, they assured Plaintiffs' counsel that the requests included in Plaintiffs' January 5, 2024 letter were being addressed.

9. On June 14, 2024, Jacob Hutt, Prison Law Office, sent an email to Ursula Stuter and Tamiya Davis, CDCR Office of Legal Affairs, with the subject "Tablet RFP – Follow Up." In the email, Mr. Hutt memorialized three questions Plaintiffs asked during the June 14, 2024 meeting with Defendants and the Court Expert. A true and correct copy of Hutt's June 14, 2024 email is attached hereto as **Exhibit 5.**

10. On June 17, 2024, Ursula Stuter, CDCR Office of Legal Affairs, responded via email with the subject "RE: Tablet RFP – Follow-Up," stating that she wanted to clarify a "difference in understanding" of three points raised by Ed Swanson, Court Expert during the June 13, 2024 meeting. A true and correct copy of Ms. Stuter's June 17, 2024 email is attached hereto as **Exhibit 6.**

11. On June 17, 2024, Ed Swanson, Court Expert, responded to Ms. Stuter's June 17, 2024 email stating that he was "optimistic that there will not be a dispute about

whether the initial RFP is inadequate. I think the key issues will be whether the RFP materially changes during the Q&A period (your point 2, below), or whether the features change as a result of the bids received." Mr. Swanson also wrote that once Defendants "answer [P]laintiffs' questions and we have a clearer picture of the process, I suggest we reconvene to make sure we understand whether and when plaintiffs will have an opportunity to provide input or take other action." A true and correct copy of Mr. Swanson's June 17, 2024 email is attached hereto as **Exhibit 7.**

12. On July 9, 2024, Jacob Hutt, Prison Law Office, sent an email to Ursula Stuter, CDCR Office of Legal Affairs, with the subject "RE: Tablet RFP – Follow Up," requesting that Defendants provide answers to the questions posed in his June 14, 2024 email. *See* **Exhibit 5.** In the email, Mr. Hutt also posed an additional clarifying question, asking if "there a date after which the current ViaPath tablets will no longer be available in CDCR institutions?" A true and correct copy of Mr. Hutt's July 9, 2024 email is attached hereto as **Exhibit 8.**

13. On July 15, 2024, Ursula Stuter, CDCR Office of Legal Affairs, sent a letter to Jacob Hutt, Prison Law Office, with the subject line, "Plaintiffs' Inquiry on the Contract Process." A true and correct copy of Ms. Stuter's letter is attached hereto as **Exhibit 9**.

14. On August 2, 2024, Caroline Jackson, senior counsel at Rosen Bien Galvan and Grunfeld LLP, sent a letter to Ursula Stuter and Tamiya Davis, CDCR Office of Legal Affairs, with the subject line, "Plaintiffs' Comments Regarding the Tablet Proposal (SATF Stipulation Item No. 12)." A true and correct copy of Ms. Jackson's August 2, 2024 letter is attached hereto as **Exhibit 10**.

15. In response to Plaintiffs' counsel's request to meet to discuss concerns regarding the RFP, on August 5, 2024, Ed Swanson, Court Expert, responded via email stating that he would be available to meet on "Wednesday [August 7, 2024] from 3:30 pm on or on Thursday [August 8, 2024] before 11 am." A true and correct copy of the August 5, 2024 email from Mr. Swanson is attached hereto as **Exhibit 11.**

16. On August 6, 2024, Ursula Stuter, CDCR Office of Legal Affairs, responded

via email stating that Defendants were "not available to meet on this subject this week." A true and correct copy of the August 6, 2024 email from Ms. Stuter is attached hereto as **Exhibit 12.**

17. On May 4, 2023, Nathan Scaife, ADA Coordinator at SATF, issued a memorandum titled, "Expanded Access to the Video Relay Service Telephone as a Means of Reasonable Accommodation for Deaf Inmates." A true and correct copy of the memorandum is attached hereto as **Exhibit 13**.

18. On August 16, 2024, Ursula Stuter, CDCR Office of Legal Affairs, sent a letter to Caroline Jackson, Rosen Bien Galvan and Grunfeld LLP, with the subject, "Plaintiffs' Comments Regarding the Tablet Proposal (SATF Stipulation Item No. 12)." A true and correct copy of Ms. Stuter's letter with certain information redacted at Defendants' request is attached hereto as **Exhibit 14**.

19. On August 28, 2024, Caroline Jackson, senior counsel at Rosen Bien Galvan and Grunfeld LLP, sent a letter to Ursula Stuter, CDCR Office of Legal Affairs, with the subject line, "Follow-up Regarding SATF Stip Item 12," in which Plaintiffs requested a "definitive position" from Defendants regarding whether they intend to continue to block access to a live operator for relay services other than VRS. A true and correct copy of Ms. Jackson's letter is attached hereto as **Exhibit 15**.

20. On September 5, 2024, I sent an email to Ursula Stuter, CDCR Office of Legal Affairs, to follow-up on the status of Defendants' response to Caroline Jackson's August 28 letter and to request a meeting to "solidify our understanding of Defendants' position and for CDCR to share the basis for security concerns regarding the use of videophones in cells." A true and correct copy of my September 5, 2024 email is attached hereto as **Exhibit 16.**

21. On September 6, 2024, Ursula Stuter responded via email and stated, "Defendants do not believe that scheduling a meeting on this topic at this time would be productive. Most of the issues included in Plaintiffs' letters are covered in Defendants' joint status update statement re: SATF 12." A true and correct copy of the September 6,

2024 email from Ms. Stuter is attached hereto as **Exhibit 17.**

22. On September 11, 2024, Ursula Stuter sent a meeting notice to the parties entitled "SATF Stipulation 12 - discussion at Ed's request." A true and correct copy of the meeting notice is attached hereto as **Exhibit 18.**

23. On September 16, 2024, I sent an email to Defendants asking them to issue an addendum to the RFP requiring larger screen sized tablets or, in the alternative, expressing willingness to discuss other possibilities for the provision of alternative, large screen, tablets to people with disabilities who need them so long as proposals put forward by Defendants would ensure access to the same content, features and functionality as all other tablets. I memorialized my understanding that the parties were still discussing in-cell videophone access and posed two additional questions based on my understanding of Defendants security concerns. Lastly, I agreed to draft language regarding the alternative tablet solution the parties discussed at the meeting. A true and correct copy of the meeting notice is attached hereto as **Exhibit 19.**

24. On September 23, 2024, Olena Likhachova, Deputy Attorney General and counsel for Defendants, responded to my September 16, 2024 email stating, among other things, that "tablets will not be used for in-cell video calls for any incarcerated person and therefore will not be used for SLI video calls." Defendants also denied Plaintiffs' request for tablets with larger screens. A true and correct copy of the email is attached hereto as **Exhibit 20.**

25. On September 25, 2024, Audrey Barron from Swanson & McNamara LLP sent an email to Olena Likhachova with the subject line "Tablet Negotiations Next Steps." A true and correct copy of the email is attached hereto as **Exhibit 21.**

26. [This paragraph intentionally left blank.]

27. On September 25, 2024, I sent an email response to Olena Likhachova, proposing some language to resolve existing disputes regarding an alternative solution for in-cell video calls and a solution for larger screen sized tablets. A true and correct copy of the email is attached hereto as **Exhibit 23.**

28. On September 27, 2024, Olena Likhachova responded to the September 25, 2024 email, proposing revised language for a process to resolve equal access to videophones. This email also attached a copy of the September 25, 2024 publicly released RFP Addendum, Ex. 20, Business Requirements, A true and correct copy of the email, and attached addendum, is attached hereto as **Exhibit 24.**

29. I attended, on behalf of Plaintiffs' counsel, a meet and confer with Defendants and the Court Expert in *Armstrong v. Newsom* on December 19, 2019. At that meeting, the parties discussed the topic of congregate visual displays being used to convey announcements to deaf and hard-of-hearing individuals.

30. On February 15, 2019, counsel for Defendants produced a document titled, "CAMU Responses to RBGG DPP Matrix Review," in response to Plaintiffs' counsel's concerns regarding the DPP matrix. A true and correct copy of the first two pages of Defendants' response, and the email transmitting the document to Plaintiffs' counsel, is attached hereto as **Exhibit 25**.

31. Each month Defendants produce to Plaintiffs' counsel a record of all the class members throughout the state, including their disabilities and their primary means of communication. This list is called a SOMS Roster. According to the September 2024 SOMS Roster there are 48 people incarcerated in CDCR whose primary method of communication is identified as sign language. This number does not count additional people who may use the videophone to communicate with friends or family who are deaf or otherwise use sign language to communicate. According to the SOMS Roster class members who communicate with sign language are clustered in certain housing units and on certain prison yards throughout the prison. For example, this SOMS Roster shows there are 10 people whose primary means of communication is sign language clustered on Facility E at RJD with six housed in E-24 and three housed in E-25. There are four people whose primary means of communication is sign language on Facility C at CCWF, all housed in C-512; five people on Facility M at LAC, all housed in M-1; and six people on Facility A at San Quentin, all housed on South Block.

32. On September 27, 2024, I responded to Olena Likhachova's email from earlier the same day asking, "How will Defendants ensure that alternative (larger screen) tablets provided through the 1824 process are able to access all of the same content, apps, features (including accessibility features), wifi options, or any other tablet services provided to all other tablets under the statewide tablet contract?" A true and correct copy of the email is attached hereto as **Exhibit 26**.

33. On September 25, 2024, the State of California released an updated version of RFP C5611826, Addendum 1, the statewide communications contract that includes tablets. A true and correct copy of the RFP is attached hereto as **Exhibit 27**.

34. On March 12, 2021, Defendants produced their 47th issue of a newsletter titled "The Informed Patient: A San Quentin Newsletter," which included a section titled "COVID Snapshots" on page 6. A true and correct copy of the newsletter is attached hereto as **Exhibit 28**.

35. A true and correct copy of the declaration of Michael Parker, an assistive technology expert, dated September 29, 2024, is attached hereto as **Exhibit 29**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 16th day of October, 2024.

Penny M. Godbold

**INDEX OF EXHIBITS TO DECLARATION OF PENNY GODBOLD IN SUPPORT OF JOINT STATUS STATEMENT REGARDING COMPLIANCE WITH THE COURT'S DECEMBER 7, 2023 ORDER**

| Exhibit | Description | |
|---|---|---|
| 1 | Letter from Ed Swanson, Court Expert, to Robert O'Brien, California Correctional Health Care Services, regarding Feedback on Future Tablet Contract (December 21, 2023) | |
| 2 | Letter from Jacob Hutt, Prison Law Office, to Tamiya Davis, CDCR Office of Legal Affairs, regarding Plaintiffs' Recommendations Regarding Tablet Accessibility for CDCR Tablet Contract (January 5, 2024) | |
| 3 | Letter from Ursula Stuter, CDCR Office of Legal Affairs, to Jacob Hutt, Prison Law Office, regarding Plaintiffs' Counsel's Review of Proposed Statewide Contract for Tablets | |
| 4 | Letter from Jacob Hutt, Prison Law Office, and Caroline Jackson, Rosen Bien Galvan & Grunfeld LLP, to Ed Swanson, Court Expert, and Ursula Stuter, CDCR Office of Legal Affairs, regarding Resolving the Parties' Disagreement Regarding SATF Stipulation #12 (May 15, 2024) | |
| 5 | Email from Jacob Hutt, Prison Law Office, to Tamiya Davis and Ursula Stuter, CDCR Office of Legal Affairs, regarding Tablet RFP Follow-Up (June 14, 2024) | |
| 6 | Email from Ursula Stuter, CDCR Office of Legal Affairs, to Jacob Hutt, Prison Law Office, regarding Tablet RFP Follow-Up (June 17, 2024) | |

| Exhibit | Description | |
| --- | --- | --- |
| 7 | Email from Ed Swanson, Court Expert, to Ursula Stuter, CDCR Office of Legal Affairs, regarding Tablet RFP Follow-Up (June 17, 2024) | |
| 8 | Email from Jacob Hutt, Prison Law Office, to Ursula Stuter, CDCR Office of Legal Affairs, regarding Tablet RFP Follow-Up (July 9, 2024) | |
| 9 | Letter from Ursula Stuter, CDCR Office of Legal Affairs, to Jacob Hutt, Prison Law Office, regarding Plaintiffs' Inquiry on the Contract Process (July 15, 2024) | |
| 10 | Letter from Caroline Jackson, Rosen Bien Galvan & Grunfeld LLP, to Ursula Stuter and Tamiya Davis, CDCR Office of Legal Affairs, regarding Plaintiffs' Comments Regarding the Tablet Proposal (SATF Stipulation Item No. 12) (August 2, 2024) | |
| 11 | Email from Ed Swanson, Court Expert, to Parties regarding Plaintiffs' Letter regarding Tablet Contract (SATF Stipulation Item 12) (August 5, 2024) | |
| 12 | Email from Ursula Stuter, CDCR Office of Legal Affairs, to Simran Surtani and Caroline Jackson, Rosen Bien Galvan & Grunfeld LLP, regarding Plaintiffs' Letter regarding Tablet Contract (SATF Stipulation Item 12) (August 6, 2024) | |
| 13 | Memorandum from Nathan Scaife, ADA Coordinator at SATF, regarding Expanded Access to the Video Relay Service Telephone as a Means of Reasonable Accommodation for Deaf Inmates (May 4, 2023) | |

| Exhibit | Description | |
|---|---|---|
| 14 | Letter from Ursula Stuter, CDCR Office of Legal Affairs, to Caroline Jackson, Rosen Bien Galvan & Grunfeld LLP, regarding Plaintiffs' Comments Regarding the Tablet Proposal (SATF Stipulation Item No. 12) (August 16, 2024) | |
| 15 | Letter from Caroline Jackson, Rosen Bien Galvan & Grunfeld LLP, to Ursula Stuter and Tamiya Davis, CDCR Office of Legal Affairs, regarding Follow-Up Regarding SATF Stip Item 12 (August 28, 2024) | |
| 16 | Email from Penny Godbold, Rosen Bien Galvan & Grunfeld LLP, to Ursula Stuter, CDCR Office of Legal Affairs, regarding Plaintiffs' Letter re Tablet Contract (SATF Stipulation Item 12) (September 5, 2024) | |
| 17 | Email from Ursula Stuter, CDCR Office of Legal Affairs, to Penny Godbold, Rosen Bien Galvan & Grunfeld LLP, regarding Plaintiffs' Letter re Tablet Contract (SATF Stipulation Item 12) (September 6, 2024) | |
| 18 | Email from Ursula Stuter, CDCR Office of Legal Affairs, to Penny Godbold, Rosen Bien Galvan & Grunfeld LLP, with Microsoft Teams Meeting Invitation for September 13, 2024 (September 11, 2023) | |
| 19 | Email from Penny Godbold, Rosen Bien Galvan & Grunfeld LLP, to Defendants re Tablet Negotiations Next Steps (September 6, 2024) | |

| Exhibit | Description | |
|---|---|---|
| 20 | Email from Olena Likhachova, Office of the Attorney General, to Penny Godbold, Rosen Bien Galvan & Grunfeld LLP, re Tablet Negotiations Next Steps (September 23, 2024) | |
| 21 | Email from Audrey Barron, Swanson McNamara LLP, to Olena Likhachova, Office of the Attorney General, re Tablet Negotiations Next Steps (September 25, 2024) | |
| 22 | (Intentionally left blank) | |
| 23 | Email from Penny Godbold, Rosen Bien Galvan & Grunfeld LLP, to Olena Likhachova, Office of the Attorney General, re Tablet Negotiations Next Steps (September 25, 2024) | REDACTED & UNDER SEAL |
| 24 | Email from Olena Likhachova, Office of the Attorney General, to Penny Godbold, Rosen Bien Galvan & Grunfeld LLP, re Tablet Negotiations Next Steps (September 27, 2024) | |
| 25 | CDCR DPP Matrix Response (Excerpt) (February 15, 2019) | |
| 26 | Email from Penny Godbold, Rosen Bien Galvan & Grunfeld LLP, to Olena Likhachova, Office of the Attorney General, re Tablet Negotiations Next Steps (September 27, 2024) | |
| 27 | RFP C5611826 (Updated September 25, 2024) | |
| 28 | “COVID Snapshots,” The Informed Patient: A San Quentin Newsletter at 6 (Issue 47, March 12, 2021) | |

| Exhibit | Description | |
|---|---|---|
| 29 | Declaration of Michael Parker (September 29, 2024) | |