DONALD SPECTER – 083925
RITA K. LOMIO – 254501
MARGOT MENDELSON – 268583
JACOB J. HUTT*
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710-1916
Telephone: (510) 280-2621
Facsimile: (510) 280-2704

MICHAEL W. BIEN – 096891
GAY C. GRUNFELD – 121944
THOMAS NOLAN – 169692
PENNY GODBOLD – 226925
MICHAEL FREEDMAN – 262850
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104

LINDA D. KILB – 136101
DISABILITY RIGHTS EDUCATION &
DEFENSE FUND, INC.
3075 Adeline Street, Suite 201
Berkeley, California 94703
Telephone: (510) 644-2555
Facsimile: (510) 841-8645

* Admitted *pro hac vice*

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al., | Case No. C94 2307 CW |
| Plaintiffs, | **DECLARATION OF SKYE LOVETT IN SUPPORT OF JOINT STATUS STATEMENT REGARDING COMPLIANCE WITH THE COURT'S DECEMBER 7, 2023 ORDER** |
| v. | |
| GAVIN NEWSOM, et al., | |
| Defendants. | Judge: Hon. Claudia Wilken |

I, Skye Lovett, declare:

1. I am an Investigator at Prison Law Office, counsel of record for the Plaintiff class in *Armstrong v. Newsom*. I have personal knowledge of the facts set forth herein and, if called as a witness, I could competently so testify. I make this declaration in support of Plaintiffs' counsel's position in the SATF Stipulation Joint Statement.

**Efforts to Address Microphone Limitations for Technology Demonstrations**

1. On April 10, 2024, following a demonstration of CART and ViewSonic at San Quentin on March 27, 2024, my colleague Marissa Hatton sent an email to counsel for Defendants with the subject line, "CART/VS Demo: Follow-Up and Next Steps." In her email, Ms. Hatton wrote that "[a]s discussed during the debrief" after the San Quentin demonstration, "the demo illustrated that, unfortunately, it is not possible to get a definitive assessment of *either* technology without improvements to the microphone system" (emphasis in original). Ms. Hatton further wrote that "Ms. Dumalig (the SME) mentioned that CDCR is working to identify a 'menu' or options for microphones – where are you in that process and what assistance, if any, do you need from us? Since the sufficiency of demonstrations depends on the microphone issues being addressed, figuring out the appropriate hardware will be crucial" (emphasis omitted). Ms. Hatton asked in her email whether CDCR could provide a decision on prospective microphones by the end of the month and requested that the parties schedule a meeting.

2. As of April 15, 2024, I had not received a response from counsel for Defendants to Ms. Hatton's April 10, 2024, email. That day, Ms. Hatton sent another email to counsel for Defendants. Ms. Hatton asked in her email: "Can you give us a sense of scheduling for either (a) finding a fix for microphones and completion of follow-up testing, or (b) a time to get together and set a schedule for those items with the Court Expert so that we can make sure we are on track with our SATF stip obligations?"

3. On April 16, 2024, I received an email from counsel for Defendants in response to Ms. Hatton's April 15, 2024, email. In that email, counsel for Defendants

wrote that Defendants would be unable to meet before April 19, and that counsel for Defendants had no update regarding the remaining matters in Ms. Hatton's email.

4. On April 16, 2024, I received an email from the Court Expert in response to the email earlier that day from counsel for Defendants. In his email, the Court Expert requested that Defendants respond to Ms. Hatton's email of April 10, 2024, by no later than April 26, 2024.

5. On April 26, 2024, I received an email from counsel for Defendants reporting that CDCR had procured and would use two new microphones for additional audio/video recordings of CART and ViewSonic. The microphones listed by counsel for Defendants were the "Jabra – SPEAK 510 MS – Speakerphone" and the "Alvoxcon – UM 420/UM 322."

6. On May 3, 2024, Ms. Hatton sent an email to counsel for Defendants requesting "additional information about CDCR's plan for implementing quality microphones." Ms. Hatton requested that the parties, including Defendants' subject matter experts, meet as soon as possible to "discuss how to resolve microphone issues." Ms. Hatton proposed an agenda for that meeting, including:

> *Microphones.* Because the core function of captioning is the translation of audio to text, the quality and reliability of audio-capture technology used is essential. We'd like to talk about what models of microphones were considered, and how or whether CDCR determined the appropriate microphone(s) for different settings (i.e., large groups of 20 to 25 participants like we saw in the SQ chapel, versus smaller groups with significant ambient noise like we saw in the SQ gym, etc.). What was your process for evaluating different microphone types for different settings? Have you tested other microphones other than the Alvoxcon and Jabra with captioning technologies onsite[?]
>
> *Capturing audio where there are numerous speakers or where speakers are spread out.* On our end, a quick internet search indicates that the Alvoxcon UM 420/322 is a lapel microphone (suitable for a single speaker) and the Jabra Speak 510 MS is suitable for only "up to four people." What is the plan for audio capture for groups of more than four speakers, or for settings where the speakers are not clustered around a single microphone? Have you considered "daisy chain" technology for the latter? …
>
> *Landline connection.* Since CDCR has indicated that landline phone connections are sufficient for use with CART during due process encounters, we would like to discuss use of a landline in the demo process.

7. On May 6, 2024, I received an email from counsel for Defendants in response to Ms. Hatton's May 3, 2024, email. Counsel for Defendants wrote: "CDCR will take your thoughts and concerns under consideration, but do not plan to meet until after the additional demonstrations have been completed." Counsel for Defendants did not respond to any of the concerns from Ms. Hatton's May 3, 2024, email laid out above.

8. On May 9, 2024, Ms. Hatton sent an email to counsel for Defendants. In her email, Ms. Hatton wrote: "As part of Plaintiffs' good faith efforts to meet and confer on the outstanding question of whether ViewSonic is equally effective to CART, we have offered more convenient ways to get a usable demonstration [of] the technologies, have offered to work with you to identify better-quality microphones, and most importantly, have asked to meet so that we can make sure these next video demonstrations are productive." Ms. Hatton also stated that "if the best microphone offered cannot capture the voices of more than four people," the videos from the additional demonstrations of CART and ViewSonic might not be sufficient. Ms. Hatton wrote that "it is insufficient to test only a single option of a lapel mic and a single option of a speakerphone meant for four or fewer people" "when we are seeking to assess captioning technologies for large spaces, programs, and groups." Ms. Hatton further asked whether Defendants would work with Plaintiffs to ensure the additional videos were suitable.

9. On May 10, 2024, I received an email from counsel for Defendants in response to Ms. Hatton's May 9, 2024, email. Counsel for Defendants did not respond to the concerns regarding microphones that Ms. Hatton sent by email on May 3 or May 9, 2024.

///
///
///
///
///
///

10. True and correct copies of the emails between Prison Law Office attorney Marissa Hatton, counsel for Defendants, and the Court Expert between April 10 and May 10, 2024, are attached as **Exhibit 1**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at Berkeley, California, this 16th day of October, 2024.

_____
Skye Lovett

[4588568.1]

# Exhibit 1

| | |
|---|---|
| **From:** | Ruiz, Ramon@CDCR <ramon.ruiz@cdcr.ca.gov> |
| **Sent:** | Friday, May 10, 2024 5:23 PM |
| **To:** | Marissa Hatton |
| **Cc:** | Anne Kammer; Armstrong Team - RBG only; Audrey Barron; Davis, Tamiya@CDCR; Deaf and HOH Work Group; Dumalig, Sylvia@CDCR; Ed Swanson; Ferguson, Patricia@CDCR; Lau-Silveira, Ava; Lorey, Dawn@CDCR; Mebane, Darnell@CDCR; Olena Likhachova; Sharon Garske; Skye Lovett; Stuter, Ursula@CDCR; Trace Maiorino; White, Lourdes@CDCR; Thao, Chor@CDCR |
| **Subject:** | RE: CART/VS Demo: Follow-Up and Next Steps |

Marissa,

It was Defendants' understanding after the March 27, 2024 demonstration that both captioning technologies are dependent on high quality microphones. Acknowledging those concerns, Defendants agreed to conduct additional demonstrations, added a new site, and proceeded to test and identify additional microphones with the goal of improving the performance of the captioning technologies to allow for a more meaningful comparison.

Plaintiffs may not agree with the process or microphones that Defendants have selected to test; however, it is Defendants' obligation to facilitate the demonstrations based, as you noted, on the urgent requirement to comply with the court's order. Thus, Defendants will be conducting the additional demonstrations next week.

After the demonstrations are completed, Defendants will produce the videotaped recordings to Plaintiffs, and they will have an opportunity to assess both technologies.

Clarifying my point regarding the meet and confer process, you are correct, we are currently in a court-ordered meet and confer period. Our ongoing correspondence-including this exchange-is part of that process and represents that both parties are currently engaged in attempting to resolve the outstanding question of whether ViewSonic is an equally effective captioning technology. As previously stated, Defendants are taking Plaintiffs' thoughts and concerns under consideration, and appreciate the input; however, Defendants are focused on taking active measures to resolve the issues identified and request that Plaintiffs respect Defendants' ability to facilitate these demonstrations.

Regarding the advocacy letter received on May 8, 2024, Defendants will be responding through the advocacy process, but I must reiterate that incarcerated persons have appropriate access to CART in due process events, and Defendants are attempting to resolve, without further delay, implementing captioning technology to all programming and education.

Kind regards,


Ramon Ruiz
Attorney, Class Action Team
Office of Legal Affairs
California Department of Corrections and Rehabilitation
Cell: 916.879.6968
ramon.ruiz@cdcr.ca.gov

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is

prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**DO NOT FORWARD THIS E-MAIL WITHOUT THE EXPRESS PERMISSION OF THE SENDER**

---

**From:** Marissa Hatton <mhatton@prisonlaw.com>
**Sent:** Thursday, May 9, 2024 9:15 AM
**To:** Ruiz, Ramon@CDCR <ramon.ruiz@cdcr.ca.gov>
**Cc:** Anne Kammer <Anne.Kammer@doj.ca.gov>; Armstrong Team - RBG only <ArmstrongTeam@rbgg.com>; Audrey Barron <audrey@smllp.law>; Davis, Tamiya@CDCR <Tamiya.Davis@cdcr.ca.gov>; Deaf and HOH Work Group <deaf_hoh_work_group@prisonlaw.com>; Dumalig, Sylvia@CDCR <Sylvia.Dumalig@cdcr.ca.gov>; Ed Swanson <ed@smllp.law>; Ferguson, Patricia@CDCR <Patricia.Ferguson@cdcr.ca.gov>; Lau-Silveira, Ava <Ava.Lau-Silveira@cdcr.ca.gov>; Lorey, Dawn@CDCR <Dawn.Lorey@cdcr.ca.gov>; Mebane, Darnell@CDCR <Darnell.Mebane@cdcr.ca.gov>; Olena Likhachova <olena.likhachova@doj.ca.gov>; Sharon Garske <sharon.garske@doj.ca.gov>; Skye Lovett <skye@prisonlaw.com>; Stuter, Ursula@CDCR <Ursula.Stuter@cdcr.ca.gov>; Trace Maiorino <trace.maiorino@doj.ca.gov>; White, Lourdes@CDCR <Lourdes.White@cdcr.ca.gov>
**Subject:** Re: CART/VS Demo: Follow-Up and Next Steps

> **CAUTION:** This email originated from outside of CDCR/CCHCS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ramon:

Regarding the first point, you might have seen this advocacy letter from yesterday (attached) regarding issues with the implementation of CART -- specifically confusion over, and refusals to follow, the current policy on handling CART requests and eligibility on a case-by-case basis. This is an example of why we proposed our agenda number 9 (below) and one of the ongoing problems we are seeking to work with you on, separate from the court-ordered demonstration. Because implementation of captioning technology requires more than just identification of microphones and technology, **we are again asking to set a meeting with you to expedite implementation efforts,** which are already fourteen months overdue.

I will admit I am confused by your second point. On April 26, you represented that CDCR believes it has satisfied the court-ordered obligation to demonstrate CART and an offered alternative, meaning we are *currently in* a court-ordered meet and confer period. As part of Plaintiffs' good faith efforts to meet and confer on the outstanding question of whether ViewSonic is equally effective to CART, we have offered more convenient ways to get a usable demonstration the technologies, have offered to work with you to identify better-quality microphones, and most importantly, have asked to meet so that we can make sure these next video demonstrations are productive. The video demonstrations are the foundation of our ability to be able to move forward in meet and confer efforts with the Court Expert -- are you saying that during this 45-day period, Defendants have no intention to work with us to ensure the videos are suitable for the purpose of meeting and conferring?

If the videos are not sufficient -- a likely scenario, if the best microphone offered cannot capture the voices of more than four people -- it will be incredibly hard, if not impossible, to resolve this out of court. The Court Expert has already asked us to do this once and do it right, which did not happen. We cannot wait indefinitely, especially when there are steps for us to take right now to avoid another failed demo. To be clear, at this point we should all be acting with some urgency to comply with the court's order -- when we are seeking to assess captioning technologies for large spaces, programs, and groups, it is insufficient to test only a single option of a lapel mic and a single option of a speakerphone meant for four or fewer people.

We would very much like to resolve this as quickly and easily as possible. **If you do too, please clarify your position and let us know some ways we can work together to ensure the microphones and demo videos are useful to the parties and Court Expert this time around,** as this is likely our last shot to get it right.

Thank you,
Marissa

On Mon, May 6, 2024 at 6:02 PM Ruiz, Ramon@CDCR <ramon.ruiz@cdcr.ca.gov> wrote:

> Hi Marissa,
>
> I want to highlight that CDCR currently provides CART in due process events and provided iPads with captioning capability to eligible class members as an accommodation. Additionally, CDCR proposed ViewSonic as an alternative reasonable accommodation in programming and education. CDCR has also agreed to conduct additional demonstrations at two sites and to microphone testing which were not required by the stipulation.
>
> Thus, CDCR will take your thoughts and concerns under consideration, but do not plan to meet until after the additional demonstrations have been completed and Plaintiffs are ready to meet and confer to resolve any disputes regarding whether the whiteboard captioning technology is an adequate accommodation.
>
> Kind regards,
>
> Ramon Ruiz
>
> Attorney, Class Action Team
>
> Office of Legal Affairs
>
> California Department of Corrections and Rehabilitation
>
> Cell: 916.879.6968
>
> ramon.ruiz@cdcr.ca.gov
>
> **CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**DO NOT FORWARD THIS E-MAIL WITHOUT THE EXPRESS PERMISSION OF THE SENDER**

**From:** Marissa Hatton <mhatton@prisonlaw.com>
**Sent:** Friday, May 3, 2024 2:47 PM
**To:** Ruiz, Ramon@CDCR <ramon.ruiz@cdcr.ca.gov>
**Cc:** Anne Kammer <Anne.Kammer@doj.ca.gov>; Armstrong Team - RBG only <ArmstrongTeam@rbgg.com>; Audrey Barron <audrey@smllp.law>; Davis, Tamiya@CDCR <Tamiya.Davis@cdcr.ca.gov>; Deaf and HOH Work Group <deaf_hoh_work_group@prisonlaw.com>; Dumalig, Sylvia@CDCR <Sylvia.Dumalig@cdcr.ca.gov>; Ed Swanson <ed@smllp.law>; Ferguson, Patricia@CDCR <Patricia.Ferguson@cdcr.ca.gov>; Lau-Silveira, Ava <Ava.Lau-Silveira@cdcr.ca.gov>; Lorey, Dawn@CDCR <Dawn.Lorey@cdcr.ca.gov>; Mebane, Darnell@CDCR <Darnell.Mebane@cdcr.ca.gov>; Olena Likhachova <olena.likhachova@doj.ca.gov>; Sharon Garske <sharon.garske@doj.ca.gov>; Skye Lovett <skye@prisonlaw.com>; Stuter, Ursula@CDCR <Ursula.Stuter@cdcr.ca.gov>; Trace Maiorino <trace.maiorino@doj.ca.gov>; White, Lourdes@CDCR <Lourdes.White@cdcr.ca.gov>
**Subject:** Re: CART/VS Demo: Follow-Up and Next Steps

**CAUTION:** This email originated from outside of CDCR/CCHCS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Ramon,

Thank you for this information. The relevant obligation here is the February 2023 Order requiring that CART or a reasonable alternative be implemented "as soon as possible" for due process events, programming, and education (See ECF No. 3467 at p. 3). Our chief concern remains ensuring compliance with that Order, which has yet to happen. We are concerned by the apparent lack of meaningful, deliberate, and swift action by Defendants to assess and implement captioning technology, over fourteen months since the Order was issued.

To determine how the parties should proceed, we will need additional information about CDCR's plan for implementing quality microphones as well as the upcoming demo process. We would like to meet as soon as possible with the parties, including Defendants' subject matter experts, to discuss how to resolve microphone issues and ensure a successful second demonstration so that we can avoid further litigation. **Are Defendants and the Court Expert available sometime next Wednesday (5/8)? If not, please suggest some other days and times that we can meet to resolve these concerns.**

We propose the following agenda for that meeting:

1. *Microphones*. Because the core function of captioning is the translation of audio to text, the quality and reliability of audio-capture technology used is essential. We'd like to talk about what models of microphones were considered, and how or whether CDCR determined the appropriate microphone(s) for different settings (i.e., large groups of 20 to 25 participants like we saw in the SQ chapel, versus smaller groups with significant ambient noise like we saw in the SQ gym, etc.). What was your process for evaluating different microphone types for different settings? Have you tested other microphones other than the Alvoxcon and Jabra with captioning technologies onsite

2. *Capturing audio where there are numerous speakers or where speakers are spread out.* On our end, a quick internet search indicates that the Alvoxcon UM 420/322 is a lapel microphone (suitable for a single speaker) and the Jabra Speak 510 MS is suitable for only "up to four people." What is the plan for audio capture for groups of more than four speakers, or for settings where the speakers are not clustered around a single microphone? Have you considered "daisy chain" technology for the latter?

3. *Efficiency of recording.* Will you test multiple microphone options for this substitute demo? What measures are being taken to ensure we do not have a repeat of last time, where poor microphone quality precluded our ability to assess the technologies? We do not want technical challenges to again prevent an effective demonstration. That will not result in the technology being implemented expeditiously, and will only result in further delays.

4. *Group type.* While we strongly prefer to see captioning of groups led by both incarcerated people and staff/instructors, in order to move forward with further recording for the parties' consideration, we accept CDCR's decision to limit the demo to instructor-led groups at this time.

5. *Prisons.* While we strongly prefer to see demo videos from more than two prisons to capture a wide range of settings and set-ups, we can accept videos from only SQ and SATF at this time.

6. *Demo settings.* We appreciate the time and effort that goes into setting up a demo. If the technologies will be tested in only four settings, we want to make sure we are getting the most helpful examples of captioning. As we've said before, the technologies must be tested in larger areas, with larger groups of people, and where there is conversational flow. Instead of testing the technologies in educational settings at both SQ and SATF, the second demonstration should test one educational setting and one group programming space, although more settings at each prison would better inform the parties' discussions and be a more effective use of time. We would like to discuss this with you further, as well as what programs in particular will be recorded.

7. *Layout.* We will need to discuss how to record and memorialize the setup that is being used for each demo. We would suggest a photograph showing the layout of where the microphone(s) are set up relative to the speaker(s). In advance of the meeting, please produce the photographs of the SQ gym taken at the demonstration on March 27

8. *Landline connection.* Since CDCR has indicated that landline phone connections are sufficient for use with CART during due process encounters, we would like to discuss use of a landline in the demo process.

9. *Additional work towards implementation.* Given the pressing need to find a durable solution for captioning and to implement it quickly, we should also talk about what other components of implementation we can be working on in the interim. We should talk about a timeline to discuss (1) CART eligibility and the need for additional guidance to the field, including any disputes we may have about CDCR's adherence to the July 2023 policy requiring case-by-case review of CART requests by individuals not automatically offered the technology, and (2) CDCR's position on what programs, if any, are not covered by the Court's order directing Defendants to implement CART or a reasonable alternative for "due process events, programming, and education."

Please let us know if May 8 works, and thanks again,

**Marissa K. Hatton** (she/her)

Staff Attorney | Prison Law Office

1917 Fifth Street

Berkeley, CA 94710

(510) 280-2621

On Fri, Apr 26, 2024 at 3:18 PM Ruiz, Ramon@CDCR <ramon.ruiz@cdcr.ca.gov> wrote:

> Good afternoon,
>
> CDCR would like to emphasize that per the SATF stipulation, Defendants must "provide Plaintiffs with a demonstration of the whiteboard captioning technology in various institutional settings." CDCR met this obligation on March 27, 2024, by demonstrating the whiteboard captioning technology at San Quentin.
>
> Nevertheless, CDCR agrees to conduct additional audio/video-recorded testing of ViewSonic and CART at the following institutions and only in instructor (staff/sponsor) led live-programming areas of the institution's choosing:
>
> - SQ – Gymnasium and Education
> - SATF – Education and Chapel
>
> CDCR has procured new microphones and will utilize the following microphones to audio/video record the additional demonstrations:
>
> - Jabra – SPEAK 510 MS – Speakerphone
> - Alvoxcon – UM 420/UM 322
>
> Considering the competing deadlines and priorities under other SATF stipulation items and the BPH enforcement motion, in addition to coordinating with SQ and SATF staff, CDCR will need at least 45 days from today to complete the additional audio/video recordings at SQ and SATF.

6

Kind regards,

Ramon Ruiz

Attorney, Class Action Team

Office of Legal Affairs

California Department of Corrections and Rehabilitation

Cell: 916.879.6968

ramon.ruiz@cdcr.ca.gov

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**DO NOT FORWARD THIS E-MAIL WITHOUT THE EXPRESS PERMISSION OF THE SENDER**

**From:** Ed Swanson <ed@smllp.law>
**Sent:** Tuesday, April 16, 2024 9:18 PM
**To:** Ruiz, Ramon@CDCR <ramon.ruiz@cdcr.ca.gov>; Marissa Hatton <mhatton@prisonlaw.com>; Audrey Barron <audrey@smllp.law>; Lorey, Dawn@CDCR <Dawn.Lorey@cdcr.ca.gov>; Ferguson, Patricia@CDCR <Patricia.Ferguson@cdcr.ca.gov>; Mebane, Darnell@CDCR <Darnell.Mebane@cdcr.ca.gov>; Davis, Tamiya@CDCR <Tamiya.Davis@cdcr.ca.gov>; Trace Maiorino <trace.maiorino@doj.ca.gov>; Anne Kammer <Anne.Kammer@doj.ca.gov>; Olena Likhachova <olena.likhachova@doj.ca.gov>; Sharon Garske <sharon.garske@doj.ca.gov>
**Cc:** Deaf and HOH Work Group <deaf_hoh_work_group@prisonlaw.com>; Armstrong Team - RBG only <ArmstrongTeam@rbgg.com>; Lau-Silveira, Ava <Ava.Lau-Silveira@cdcr.ca.gov>; Stuter, Ursula@CDCR <Ursula.Stuter@cdcr.ca.gov>; White, Lourdes@CDCR <Lourdes.White@cdcr.ca.gov>
**Subject:** RE: CART/VS Demo: Follow-Up and Next Steps

**CAUTION:** This email originated from outside of CDCR/CCHCS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ramon –

In light of the fact that the parties can't meet to discuss these matters and the need to keep moving this issue to conclusion, I ask that CDCR respond to plaintiffs' April 10 email by no later than Friday, April 26, regarding (1) CDCR's specific plans for addressing the microphone issues, including a timeline, and (2) plaintiffs' request that CDCR conduct audio/video recorded-only re-testing of the two systems with better microphones, and, if it agrees to do so, a timeline.

Thanks,

Ed

**From:** Ruiz, Ramon@CDCR <ramon.ruiz@cdcr.ca.gov>
**Sent:** Tuesday, April 16, 2024 6:12 PM
**To:** Marissa Hatton <mhatton@prisonlaw.com>; Ed Swanson <ed@smllp.law>; Audrey Barron <audrey@smllp.law>; Lorey, Dawn@CDCR <Dawn.Lorey@cdcr.ca.gov>; Ferguson, Patricia@CDCR <Patricia.Ferguson@cdcr.ca.gov>; Mebane, Darnell@CDCR <Darnell.Mebane@cdcr.ca.gov>; Davis, Tamiya@CDCR <Tamiya.Davis@cdcr.ca.gov>; Trace Maiorino <trace.maiorino@doj.ca.gov>; Anne Kammer <Anne.Kammer@doj.ca.gov>; Olena Likhachova <olena.likhachova@doj.ca.gov>; Sharon Garske <sharon.garske@doj.ca.gov>
**Cc:** Deaf and HOH Work Group <deaf_hoh_work_group@prisonlaw.com>; Armstrong Team - RBG only <ArmstrongTeam@rbgg.com>; Lau-Silveira, Ava <Ava.Lau-Silveira@cdcr.ca.gov>; Stuter, Ursula@CDCR <Ursula.Stuter@cdcr.ca.gov>; White, Lourdes@CDCR <Lourdes.White@cdcr.ca.gov>
**Subject:** RE: CART/VS Demo: Follow-Up and Next Steps

Hi Marissa,

Unfortunately, the parties will not be able to meet before April 19th due to some team members working in the field. I will also be meeting with our team to discuss the remaining matters outlined in your email, so I currently have no update on those issues.

I've uploaded the March 27 ViewSonic and CART demonstration video on Watchdox. Please see below the link to the Watchdox subfolder, "SATF stipulation #13: ViewSonic and CART, March 27, 2024, demonstration video," and reach out if you experience any issues accessing the video.

https://cdcr.watchdox.com/ngdox/workspaces/463773/Production%20to%20Plaintiffs%7CSATF%20Stipulation%20Document%20Production%7CSATF%20Stipulation%20%2313%20-%20ViewSonic%20and%20CART%2C%20March%2027%2C%202024%2C%20demonstration%20videos

Kind regards,

Ramon Ruiz

Attorney, Class Action Team

Office of Legal Affairs

California Department of Corrections and Rehabilitation

Cell: 916.879.6968

ramon.ruiz@cdcr.ca.gov

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**DO NOT FORWARD THIS E-MAIL WITHOUT THE EXPRESS PERMISSION OF THE SENDER**

**From:** Marissa Hatton <mhatton@prisonlaw.com>
**Sent:** Monday, April 15, 2024 10:23 AM
**To:** Ruiz, Ramon@CDCR <ramon.ruiz@cdcr.ca.gov>; Ed Swanson <ed@smllp.law>; Audrey Barron <audrey@smllp.law>; Lorey, Dawn@CDCR <Dawn.Lorey@cdcr.ca.gov>; Ferguson, Patricia@CDCR <Patricia.Ferguson@cdcr.ca.gov>; Mebane, Darnell@CDCR <Darnell.Mebane@cdcr.ca.gov>; Davis, Tamiya@CDCR <Tamiya.Davis@cdcr.ca.gov>; Trace Maiorino <trace.maiorino@doj.ca.gov>; Anne Kammer <Anne.Kammer@doj.ca.gov>; Olena Likhachova <olena.likhachova@doj.ca.gov>; Sharon Garske <sharon.garske@doj.ca.gov>
**Cc:** Deaf and HOH Work Group <deaf_hoh_work_group@prisonlaw.com>; Armstrong Team - RBG only <ArmstrongTeam@rbgg.com>
**Subject:** Re: CART/VS Demo: Follow-Up and Next Steps

**CAUTION:** This email originated from outside of CDCR/CCHCS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hey folks, following up on this email from last week. Can you give us a sense of scheduling for either (a) finding a fix for microphones and completion of follow-up testing, or (b) a time to get together and set a schedule for those items with the Court Expert so that we can make sure we are on track with our SATF stip obligations? We would also appreciate knowing when to expect the videos from the 3/29 demo.

Like I said, I will be out of the country starting this Friday, and if we don't have concrete dates set by then, I will need to arrange for and prep someone to handle any meetings in my place -- getting an answer on scheduling issues (at minimum) as soon as possible would be much appreciated.

Thanks,

Marissa

On Wed, Apr 10, 2024 at 10:11 AM Marissa Hatton <mhatton@prisonlaw.com> wrote:

> Hi everyone:
>
> Thanks again for your time and effort in coordinating the CART/ViewSonic demo at San Quentin. As discussed during the debrief, the demo illustrated that, unfortunately, it is not possible to get a definitive assessment of *either* technology without improvements to the microphone system. Ms. Dumalig (the SME) mentioned that CDCR is working to identify a "menu" of options for microphones – **where are you in that process and what assistance, if any, do you need from us?** Since the sufficiency of demonstrations depends on the microphone issues being addressed, figuring out the appropriate hardware will be crucial; please let us know how we can help to expedite the process.
>
> Once microphone technology is identified, we propose using an **audio/video-only** system of demonstration to avoid the scheduling difficulties we encountered when everyone needed to be onsite. The added benefit of running the two technologies with audio/video capture only (i.e., without people spectating in real time) is that it will be less intrusive than an in-person demonstration, and the captioning can even be placed out of sight of the group participants so as not to distract. We would propose that CDCR capture live programming from multiple locations and several different programs, including programs led by incarcerated people as well as professional facilitators. Given that the need for travel will be reduced (or hopefully eliminated), we'd propose doing audio/video demos at three or more different prisons, including SATF, to make sure we have a sufficient sample size of differing wifi service areas. Location diversity is particularly helpful since CDCR plans to implement the captioning technology statewide.
>
> For everyone's benefit, it would be helpful to have some concrete dates for getting things done, particularly because we are in a meet-and-confer period after which the Court Expert will report the outcome of our efforts, and it has already been nearly fourteen months since the Court's Order requiring implementation of CART or an equally-effective alternative as soon as possible. **Do you think we will be able to get a decision on prospective microphones as well as recording of videos done by the end of the month?** If so, we

**should meet to discuss parameters and lessons learned from the first demo, and if not, we should set up a time to meet with the Court Expert to hammer out a concrete schedule.** Please let us know some dates <u>before April 19th</u> that work (I will be out of the country starting the 19th).

Also, we would appreciate **production of the videos from the March 27 demo as soon as possible** so that we can get them reviewed by our end-user consultant who did not attend the demo. Can you please let us know when we can expect to receive them?

Thanks,

--

**Marissa K. Hatton** (she/her)

Staff Attorney | Prison Law Office

1917 Fifth Street

Berkeley, CA 94710

(510) 280-2621


--

**Marissa K. Hatton** (she/her)

Staff Attorney | Prison Law Office

1917 Fifth Street

Berkeley, CA 94710

(510) 280-2621


--
**Marissa K. Hatton** (she/her)
Staff Attorney | Prison Law Office
1917 Fifth Street
Berkeley, CA 94710
(510) 280-2621

11