UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al., <br><br> Defendants. | Case No. 94-cv-2307 CW <br><br> **ORDER RE: JOINT STATUS STATEMENT ABOUT COMPLIANCE WITH SATF STIPULATION** <br><br> Re: Dkt. No. 3630 |

Now before the Court is the parties' joint status update regarding the stipulation the parties filed in connection with the Court Expert's findings and recommendations regarding discrimination and mistreatment against class members at Substance Abuse Treatment Facility (SATF). Docket No. 3630. The Court entered that stipulation as an order on December 7, 2023 (hereinafter, the December 7, 2023, stipulation and order). *See* Docket No. 3538. There are 15 items in the December 7, 2023, stipulation and order, and each of those items was the subject of a meet-and-confer process, with the assistance of the Court Expert. The joint status update, which was filed on October 16, 2024, addresses those fifteen items.

With respect to **Items 1, 2, 3, 12, and 14**, the Court rules as follows:

**Items 1, 2, and 3**: Items 1, 2, and 3 require CDCR to draft a written policy for the provision of non-medical assistive devices as reasonable accommodations at SATF, and to update SATF's local operating procedure within 60 days of the issuance of that policy.

The parties have reached an agreement on a policy and local operating procedure for the provision of non-medical assistive devices at SATF. See Docket No. 3630 at 8-9.[1] The Court approves the agreed-upon policy and local operating procedure and orders Defendants to issue them within seven days of the date this order is filed and to provide the Court Expert and Plaintiffs with a complete copy of the policy and local operating procedure within fourteen days of the date it is issued.

**Item 12**: Item 12 provides:

> Defendants must ensure that the Court Expert and Plaintiffs have an opportunity to offer input to Defendants about what accessibility features should be required in the next statewide contract for tablets. The parties will meet and confer to discuss the recommendations. If Plaintiffs' counsel believe that the proposed statewide contract for tablets does not comply with the ADA and remedial plan, then the parties and the Court Expert shall meet to discuss the issues. If the Court Expert determines the parties are not able to reach agreement on the proposal, the parties shall, within 30 days of the Court Expert's determination that an agreement cannot be reached, submit a joint statement to the Court discussing the disputes regarding the proposal.

The parties have two disagreements in connection with this item. First, the parties disagree as to whether Defendants' refusal to provide in-cell videophone access on tablets to class members who communicate using sign language is a violation of the ADA. However, the parties have agreed that this issue does not require resolution at this time because they have agreed to continue to meet and confer with the assistance of the Court Expert about the issue. See Docket No. 3630 at 98-99. The Court approves the parties' agreed-upon process for continuing to meet and confer with the assistance of the Court Expert with respect to that unresolved issue.

Second, the parties disagree as to the process for resolving disputes regarding whether the state's communications contract (of which the tablets that will be issued to class members are

---

[1] All pin cites in this order are to the ECF header page.

only one piece) addresses the tablet accessibility features that Plaintiffs believe are necessary for compliance with the Americans with Disabilities Act (ADA).

Plaintiffs request an order clarifying that Defendants are required to meet with Plaintiffs' counsel if Plaintiffs believe that the proposed statewide contract for tablets does not comply with the ADA and remedial plans, and that the purpose of the meeting is to resolve disputes at the earliest stage possible.  Docket No. 3630 at 95.  They also request an order requiring Defendants to develop a plan that sets forth a proposed schedule for immediately sharing with Plaintiffs all information that is made public regarding the proposed contract and for meeting with Plaintiffs' counsel shortly thereafter, including after the award of the contract on December 31, 2024, to determine whether the state can and shall negotiate with bidders regarding the resolution to ADA issues that arise in the contracting process.  *See id.* at 96.

Defendants oppose Plaintiffs' request, arguing that no further Court order is necessary because they have already complied with the requirements of Item 12.  Defendants contend that the parties have already met and conferred to discuss whether the proposed statewide contract for tablets complies with the ADA and remedial plans, and that Requests for Proposal (RFPs or solicitations) that were issued already reflect Plaintiffs' input.  Defendants argue that, after the contract is awarded on December 31, 2024, Plaintiffs will have an opportunity to offer input as to any modifications to the contract that they believe are needed in connection with the tablet accessibility feature requirements in the contract.  Defendants further contend that the Court should deny Plaintiffs' request for an order directing them to immediately share with Plaintiffs' counsel all publicly available information regarding the RFP because Plaintiffs already have independent access to all publicly posted information related to the RFP.

The Court finds that Defendants have complied with the requirements of Item 12 and, therefore, it declines to issue the order that Plaintiffs request.  It is undisputed that the parties have already met and conferred regarding the proposed contract, that Defendants have incorporated Plaintiffs' input into their RFPs or solicitations for bids for the contract, and have agreed to continue to meet and confer after the award of the contract on December 31, 2024,

1   regarding in-cell videophone access on tablets for class members who communicate using sign
2   language, which is the only unresolved issue relating to the tablet contract that Plaintiffs have
3   identified.  Additionally, Defendants represent that, after the contract is awarded on December
4   31, 2024, Plaintiffs will have an opportunity to offer their input regarding any modifications they
5   believe are necessary in connection with the tablet accessibility features requirement in the
6   contract.  Further, Plaintiffs have not shown that their request for an order requiring Defendants
7   to share "all information that is made public" regarding the RFPs is well-taken.  Defendants
8   represent, and Plaintiffs do not dispute, that "Plaintiffs already have independent access to all
9   publicly posed information relating to the RFP."  *See* Docket No. 3630 at 105.

10   If, after the contract is awarded on December 31, 2024, Plaintiffs have concerns that the
11  tablets that Defendants will procure pursuant to the contract will not comply with the ADA or the
12  remedial plans, they may raise the issue to the Court Expert and the parties shall meet and confer
13  promptly with the Court Expert to discuss the issue.  Similarly, if Plaintiffs believe that they
14  require but lack independent access to documents relating to the contract at issue, they shall raise
15  the issue to the Court Expert and the parties shall meet and confer promptly with the Court
16  Expert to discuss it.

17   **Item 14**: Item 14 of the December 7, 2023, stipulation and order provides:

> Within 30 days of receiving from CCHCS the final policy regarding RVRs, the parties shall meet and confer with the Court Expert regarding the adequacy of the policy.

The parties agree that they have met and conferred with the Court expert regarding the adequacy of CCHCS's policy regarding RVRs and they also agree as to a plan for the implementation and monitoring of the policy.  *See* Docket No. 3630 at 149-52.  The Court approves the parties' agreed-upon plan.

**With respect to the remaining items in the joint statement**, the Court orders the Court expert to file recommendations as to their resolution no later than January 10, 2025.  The

Court Expert's recommendations shall take into account the parties' representations in their joint status update and the materials they filed on October 16, 2024, in connection therewith.

The parties may file objections to the Court Expert's recommendations within fourteen days of the date they are filed. Each side may file a response to the objections of the other party within fourteen days of the date the objections are filed. Each side may file a reply in support of its objections within seven days of the date that the other party files a response. The parties' objections shall not include any new evidence that was not already filed in connection with the joint status statement of October 16, 2024.

IT IS SO ORDERED.

Dated: November 8, 2024

CLAUDIA WILKEN
United States District Judge