Edward W. Swanson, SBN 159859
Audrey Barron, SBN 286688
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, California 94104
Telephone: (415) 477 3800
Facsimile: (415) 477-9010
Email: ed@smllp.law
          audrey@smllp.law

Court Expert

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN ARMSTRONG, et al.,

    Plaintiffs,

        v.

GAVIN C. NEWSOM, et al.,

    Defendants.

Case No.  94-cv-2307 CW

**STATUS UPDATE ON COURT EXPERT'S RECOMMENDATIONS REGARDING COMPLIANCE WITH SATF STIPULATION**

Re: Dkt. No. 3651

On January 10, 2025, the Court Expert filed a report and recommendations regarding unresolved stipulation items arising out of earlier reports on the treatment of people with disabilities at Substance Abuse Treatment Facility and State Prison (SATF).  Dkt. No. 3651. Among the issues presented for the Court's consideration in the report was whether ViewSonic, an AI-captioning technology, was "an adequate accommodation" for *Armstrong* class members who require real time transcription to participate in programs, services, and activities at SATF. Dkt. No. 3538 at 8.  The Court Expert found that ViewSonic did not provide equally effective

communication to deaf and hard of hearing people who do not sign and recommended that the Court order CDCR to implement on-site CART with a live transcriptionist.

We noted Defendants would have the opportunity to propose an alternative type of accommodation to provide equally effective communication to deaf and hard of hearing class members who do not sign, should they identify such a technology:

> In the future, if Defendants can show that they have improved audio quality and connectivity to ensure remote transcriptionists are able to hear the programming they are transcribing, remote CART may be an alternative solution. Similarly, Defendants may eventually be able to rely on an AI solution if the deficiencies described above are corrected.

*Id.* at 60. We also recommended that the Court find "that Defendants may seek relief from this order when they can demonstrate that they have remedied problems with audio quality and connectivity such that remote CART will provide equally effective communication in programs, services, and activities" or when "they identify an AI solution that they can demonstrate provides communication for hearing disabled incarcerated people in programs, services, and activities that is as effective as communication with their hearing peers." *Id.*

On January 24, 2025, the parties filed objections to our report and recommendations. Dkt. Nos. 3655, 3656. The matter is pending before the Court.

On February 20, 2025, Defendants informed the parties and the Court Expert that the *Plata* Receiver's team was testing "a very promising technological solution for real time captioning services" that would include "features such as on-demand usage, full screen transcription, customization of display, including font size, contrast, and color, the ability to record and secure a transcription after an encounter, and other helpful functions and features." Exhibit A at p. 10. Defendants have agreed to demonstrate the new transcription technology at CCHCS headquarters on May 7, 2025.[1]

---

[1] Plaintiffs requested that the technology be demonstrated in the carceral environment where it will be used. Plaintiffs also requested information regarding the planned testing at CCHCS and

**STATUS UPDATE ON COURT EXPERT'S RECOMMENDATIONS REGARDING COMPLIANCE WITH SATF STIPULATION**
*John Armstrong, et al., v. Gavin C. Newsom, et al.*, C 94-2307 CW

On April 10, the Court Expert received a memorandum from the Director and Chief Information Officer of CCHCS's Information Technology Services Division (ITSD) regarding this Generative Artificial Intelligence (Gen AI) Transcription Solution.  Exhibit B.  The memorandum indicated that ITSD is investigating an "emerging Gen AI technology that provides a transcription record identifying individual speakers in a room" that could be used "by CCHCS or CDCR staff to allow our deaf or hard of hearing patients to view, in real-time, the transcript of those speaking in a room together by name."  *Id.*  The memorandum states that the Gen AI technology improves upon ViewSonic technology in several ways, including that it shows text on a full screen rather than two lines, identifies speakers by name, allows a user to change font size and contrast, can translate in real-time into many languages, and can store and delete a transcript of the session, and that, as with ViewSonic, it can be used any time without the need to schedule the service.  *Id.*  ITSD also said it is "investigating improved microphone technology that will soon be available for testing."  *Id.*  CCHCS expects to award the proof of concept to a vendor on May 1, 2025.  *Id.*  ITSD estimates it could deploy the proof of concept at SATF within two weeks and could launch the technology statewide within three months.  *Id.*  However, CCHCS has informed the Court Expert that because the proof of concept is in the contracting process, these timeframes are subject to change.

The Court Expert shared CCHCS's memorandum with the parties on April 11, 2025, and informed them we would provide this updated information to the Court, given its potential relevance to one of the issues pending before the Court.

//

//

---

proposed parameters for the demonstration at CCHCS and future requested demonstrations in the carceral setting.  Exhibit A at p. 11-16.  Defendants have not yet replied to Plaintiffs' requests.  The Court Expert agrees that testing in the prison environment will be necessary but believes the preliminary demonstration at CCHCS will nonetheless be helpful in understanding more about the technology.

3

**STATUS UPDATE ON COURT EXPERT'S RECOMMENDATIONS REGARDING COMPLIANCE WITH SATF STIPULATION**
*John Armstrong, et al., v. Gavin C. Newsom, et al.*, C 94-2307 CW

Dated: April 18, 2025

Respectfully submitted,

_____/s/_____
EDWARD W. SWANSON
Court Expert

**STATUS UPDATE ON COURT EXPERT'S RECOMMENDATIONS REGARDING
COMPLIANCE WITH SATF STIPULATION**
*John Armstrong, et al., v. Gavin C. Newsom, et al.*, C 94-2307 CW