UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ARMSTRONG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GAVIN NEWSOM, et al., <br><br> Defendants. | Case No. C94 2307 CW <br><br> [~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AS MODIFIED <br><br> Re: Dkt. No. 3759 <br><br> Judge:  Hon. Claudia Wilken <br> Submitted on the papers |

Plaintiffs filed a Motion to Compel Production of Documents ("Plaintiffs' Motion") under the Court's Remedial Order, Injunction, and Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) ("Remedial and Monitoring Order"), Dkt. 158. The Court, having considered the pleadings on the motion and the record in this case, and good cause appearing, now makes the following findings of fact and conclusions of law:

In 1996, this Court granted Plaintiffs "a right to reasonable discovery . . . of facts that are relevant to proving whether [D]efendants' guidelines, plans, policies, procedures and evaluations comply with the ADA or § 504." Remedial and Monitoring Order, Dkt. 158 at 4. The Court further specified that Plaintiffs are "entitled to reasonable access to information sufficient to monitor [D]efendants' compliance with the guidelines, plans, policies and procedures that have been approved by the Court," and "[s]uch monitoring shall include *access to relevant documents*." *Id.* at 5 (emphasis added). This Order, among others, has governed Plaintiffs' monitoring responsibilities and served as the basis for Plaintiffs' access to information necessary to fulfill those responsibilities.

Plaintiffs monitor Defendants' compliance with the Court-approved disability-grievance procedure, which is known as the 1824 process and is outlined in the *Armstrong* Remedial Plan ("ARP"). *See* Godbold Decl. ¶¶ 4-9; Ex. A at 36-37 (ARP § IV.I.23(b)) (explaining guidelines for reviewing 1824s for disability nexus); *see also* 28 C.F.R. § 35.107(b) (requiring covered public entities to adopt an ADA grievance procedure). The Request for Reasonable Accommodation, or CDCR Form 1824, is the designated document for requesting disability accommodations or grieving disability discrimination in CDCR.[1] Plaintiffs represent, and Defendants do not dispute, that, for decades, Defendants produced all 1824s to Plaintiffs, including those that were filled out by prisoners who had not been identified as class members, to facilitate their monitoring activities.

---

[1] Defendants have now combined the 1824 form with Form 602, which is the general grievance form, This Order uses "1824" and "1824s" to refer to both the old 1824-only form—which is still in use at some institutions—and the 1824 section of the new 602/1824 combination form.

In May 2025, Defendants informed Plaintiffs that they will no longer produce 1824s they deem to be from non-class members if Defendants unilaterally determine that the 1824s are not disability-related. Godbold Decl., Ex. S. Defendants argued that two state privacy laws, the California Information Practices Act ("IPA") and the California Confidentiality of Medical Information Act ("CMIA"), protect these records and preclude Defendants from producing them to Plaintiffs in the absence of a compulsory process, such as a subpoena, or an order from this Court compelling production after balancing Plaintiffs' need for the records against the privacy interests at issue. *Id.*, Ex. AA.

Plaintiffs move to compel production, requesting that the Court order Defendants to resume production of all 1824s. *See* Dkt. No. 3759. Plaintiffs contend that they need to review all 1824s, including those that were filled out by prisoners who have not been identified as class members by Defendants and those that Defendants have deemed as non-disability-related, to effectively monitor whether Defendants are correctly identifying and accommodating disabilities as required by this Court's orders, the *Armstrong* Remedial Plan ("ARP"), the Americans with Disabilities Act ("ADA"), and Section 504. According to Plaintiffs, Defendants have failed in the past to correctly identify prisoners with disabilities as class members and to correctly identify disability-related requests in 1824s. Plaintiffs contend that the only way they can identify and get Defendants to correct those kinds of errors going forward is if they can review all 1824s. Plaintiffs further argue that their need for the 1824s for monitoring purposes outweighs any privacy interests under state law of prisoners who have not been identified as class members by Defendants, because those privacy interests will be adequately protected by the protective orders already in place in this litigation.

Defendants do not dispute Plaintiffs' characterization of their proposal to produce only a subset of the 1824s going forward, and they take no position on whether Plaintiffs' need for the 1824s outweighs the privacy interests at issue. *See* Dkt. No. 3761.

It is undisputed that a federal court presiding over a case arising out of federal law, such as this one, is not bound by state privileges and "can override these protections."

Godbold Decl., Ex. Y at 5; *see also Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974-75 (9th Cir. 2007). "In resolving privacy objections, courts balance the need for the requested information against the asserted privacy right." *Cordoba v. Pulido*, No. 12-CV-04857-SBA (SK), 2016 WL 11668862, at *4 & n.1 (N.D. Cal. Sept. 21, 2016).

Here, Plaintiffs have a strong need for the production of all 1824s. Under the Remedial and Monitoring Order, Plaintiffs must have "access to information sufficient to monitor" Defendants' compliance with the ARP, the ADA, Section 504, and this Court's orders. *See* Dkt. 158 at 5. If Plaintiffs do not have access to all 1824s, including those that were filled out by prisoners who have not been identified by Defendants as class members and those that Defendants deemed to be non-disability-related, Plaintiffs' ability to monitor Defendants' compliance with the ARP, ADA, and Section 504 would be impaired. If the Court permits Defendants to produce only 1824s that they have unilaterally identified as having been filled out by a class member or as being disability-related, as they have proposed, then Defendants will be required to screen the 1824s to determine which ones were filled out by class members and which raise disability-related issues. However, Plaintiffs represent, and Defendants do not dispute, that Defendants have a history of failing to correctly identify prisoners with disabilities as class members and to correctly identify disability-related requests in 1824s. In light of that history, it is very likely that Defendants will make similar errors going forward. Without access to all 1824s, Plaintiffs will not be able to know whether any such errors were made, and they will not be able to raise such errors to Defendants' and the Court's attention so that they can be corrected. Accordingly, the Court finds and concludes that Plaintiffs have a strong need for the production of all 1824s to be able to effectively assess and monitor (1) the accuracy of Defendants' determinations regarding whether 1824s were filled out by prisoners with disabilities and whether they raise a disability-related issue; and (2) whether the procedures that Defendants have implemented for processing 1824s comply with the ARP, ADA, Section 504, and this Court's orders. *See* Godbold Decl., Ex. X.

The Court further finds and concludes that any privacy interests that prisoners who have not been identified as class members may have under state law with respect to the information contained in the 1824s at issue are outweighed by Plaintiffs' strong need for the production of all 1824s. The production of all 1824s is essential to Plaintiffs' effective monitoring of Defendants' compliance with the ARP, ADA, and Section 504, as discussed above. On the other hand, the procedures and protective orders already in place adequately safeguard the privacy interests in question. *See, e.g.*, Modified Protective Order, Dkt. 1044. Plaintiffs review 1824s solely for the purpose of monitoring and, pursuant to the *Armstrong* protective orders, the forms cannot be used for other litigation not specified in the orders or for any other purpose. *See id.*

Accordingly, the Court GRANTS Plaintiffs' motion to compel the production of all 1824s for monitoring purposes. *See Marsh v. Cnty. of San Diego*, No. CIV. 05CV1568 JLS AJ, 2007 WL 3023478, at *3 (S.D. Cal. Oct. 15, 2007) (holding that the California Confidentiality of Medical Information Act "do[es] not present a bar to the release of [medical] records [of non-parties], since such records can be disclosed if compelled by a court order and the use of such records is limited by the protective order in this case"); *see also Soto v. City of Concord*, 162 F.R.D. 603, 617, 620-22 (N.D. Cal. 1995) (noting that "privacy interests may be sufficiently protected with the use of a 'tightly drawn' protective order," and ordering the disclosure of non-party citizens' complaints subject to a protective order).

Based on the foregoing and good cause appearing, the Court hereby ORDERS the following relief:

Defendants shall immediately resume production to Plaintiffs of all 1824s and CDCR's corresponding responses—consistent with longstanding practice prior to recent changes to the 1824 form—regardless of whether the person who submitted the 1824 has been identified by Defendants as an *Armstrong* class member, and regardless of whether the response was issued by the Reasonable Accommodation Panel ("RAP") or another department or area of responsibility.

1  This remedy is consistent with the Prison Litigation Reform Act's requirement that
2 the Court's orders be narrowly drawn, extend no further than necessary to correct the
3 violation of a federal right, and be the least intrusive means necessary to correct the
4 violation. *See* 18 U.S.C. § 3626(a)(1)(A). For the reasons discussed above, anything short
5 of this remedy will preclude Plaintiffs from being able to effectively and comprehensively
6 monitor Defendants' compliance with the ARP, the ADA, Section 504, and this Court's
7 orders.

8  IT IS SO ORDERED.

10 DATED: March 13, 2026

_____
Honorable Claudia Wilken